

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: October 31, 2020

October 31, 2020

**VIA CM/ECF & EMAIL**
The Honorable Victor Marrero (chambersnysdmarrero@nysd.uscourts.gov)
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re: *National Coalition on Black Civil Participation et al. v. Wohl et al.*, United States District Court, Southern District of New York, Case No. 1:20-cv-08668

Dear Judge Marrero:

      We write on behalf of Defendants to address the concerns referenced in Your Honor's October 31, 2020 Order filed at approximately 7:00 p.m. last night (the "Order"). As will be described in further detail herein, substantially all of the original "recipients" have now received the Court's Corrective Message.

      As a preliminary matter, out of an abundance of caution (*e.g.*, to avoid any allegations of impropriety in the instant matter and to ensure that our clients' constitutional rights are preserved), our office retained the services of the new robocall vendor, DialMyCalls (the "Vendor"), itself and undertook each of the steps outlined herein to comply with the Court's Order. While Defendants were apprised of and consented to our strategy, Defendants did not personally undertake any of the steps detailed herein and had absolutely no communication whatsoever with any of the telephone numbers listed in the August 26, 2020 Robocall ("August 26 Robocall") list.

**The Perceived Discrepancy**

      Based on the limited information our office had in its possession when we filed our our October 28, 2020 letter motion to the Court, our understanding was that although the total universe of calls was indeed 85,309, the total number of actual "recipients" was only 5,812. Once we received the data provided by the original robocall company, Messaging Communications, to the Michigan State prosecutor's office, it provided us with a more complete and detailed understanding of the data. Based on the full data set, we determined that the total number of "recipients" of the August 26 Robocall was 29,117 out of the 85,309 calls made. This explains any perceived discrepancy. Additionally, the Messaging Communications data contains only phone numbers; *this data did not contain any names, addresses, or other personally identifying information*.

Case 1:20-cv-08668-JGR Document 51 Filed 10/31/20 Page 1 of 4

**Understanding Who Qualifies As A "Recipient"**

According to Messaging Communications' data, an individual is only a "recipient" of an automated call if that person either answers the call or the call was received by a voicemail. According to Messaging Communications' data, answered calls were designated as "live answer" and voicemail calls were designated as "answering machine." The phone numbers which received the foregoing designations were the "recipients" of the August 26 Robocall.

If, however, an automated call is not answered on the first attempt and the individual has a voicemail that is either inactive or full, the automated program makes two additional attempts to reach that individual. If the automated system is unable to reach a live person or answering machine after three attempts, according to Messaging Communications' data, the system designates the call as "no answer" and the individual does not qualify as a "recipient" because the individual never received an automated message. Additionally, based on Message Communications' data, other non-"recipients" who do not receive an automated message are phone numbers that result in one of the following events/designations: 1) a busy signal, designated as "busy"; 2) a fax machine, designated as "fax"; 3) a disconnected line, designated as "disconnected"; or an otherwise unreachable number, designated as "no ring back." The phone numbers which received the foregoing designations were not "recipients" of the August 26 Robocall.

According to Messaging Communications' data, out of the 85,309 automated calls transmitted during the August 26 Robocall, only 29,117 yielded a "recipient."

**The Robocall Process**

**The Court's Directives**

Your Honor's Order issued on October 30, 2020 at approximately 1:30 p.m. (the "October 30 Order") stated, in pertinent part, that,

> Defendants would be in substantial compliance with its October 28, 2020 Decision and Order upon issuance of calls to all ***recipients*** of the prior robocalls stating: "At the direction of a United States district court, this call is intended to inform you that a federal court has found that the message you previously received regarding mail-in voting from Project 1599 contained false information that has had the effect of intimidating voters, and thus interfering with the upcoming presidential election, in violation of federal voting-rights laws." (Minute Entry for proceedings held before Judge Victor Marrero: Telephone Conference held on 10/30/2020) (emphasis added).

**Our Directives To The Robocall Vendor**

Consonant with Your Honor's October 30 Order, our office obtained and reviewed Messaging Communications' data reflecting the August 26 Robocall. As detailed above, this information confirmed that there were 29,117 "recipients" of the August 26 Robocall.

We also retained the Vendor's services and provided the Vendor with the requisite robocall message; namely, "At the direction of a United States district court, this call is intended to inform you that a federal court has found that the message you previously received regarding mail-in voting from Project 1599 contained false information that has had the effect of intimidating voters, and thus interfering with the upcoming presidential election, in violation of federal voting-rights laws." Additionally, we provided the Vendor with an audio recording of this message to be utilized during the automated calls. (Due to the constraints of the ECF system, our office will provide the audio file via email after filing this letter). We directed the Vendor to call all 29,117 "recipients" of the August 26 Robocall using the prerecorded audio message.

**The Robocall Process Implemented**

We implemented three rounds of automated calls. Each round of calls consisted of three automated call attempts. Once an automated call reached a "recipient," that individual did not receive any additional calls. Thus, if a transmission was ultimately unsuccessful at the end of all three rounds, a total of nine automated call attempts had been effectuated.

The first robocall was made to all 29,117 "recipients" of the August 26 Robocall. Of these automated calls, there were 27,222 "recipients" who received the transmission successfully. *See* Broadcast 1 Summary, annexed hereto as **Exhibits A**, and Broadcast 1 Excel Data, annexed hereto as **Exhibit B**.

The second robocall was made approximately one hour later to the remaining 1,895 "recipients" of the August 26 Robocall who had not successfully received the call during the first round. The second transmission yielded another 373 "recipients" who received the transmission successfully. *See* Broadcast 2 Summary, annexed hereto as **Exhibits C**, and Broadcast 2 Excel Data, annexed hereto as **Exhibit D**.

The third robocall was made approximately two hours later to the remaining 1,522 "recipients" of the August 26 Robocall who had not successfully received the calls during the first and second rounds. The third transmission yielded another 165 "recipients" who received the transmission successfully. *See* Broadcast 3 Summary, annexed hereto as **Exhibits E**, and Broadcast 3 Excel Data, annexed hereto as **Exhibit F**.

Therefore, after three rounds of automated calls (*i.e.*, a maximum total of nine potential phone calls per number), we successfully reached 27,760 out of the 29,117 total "recipients" of the August 26 Robocall. This equates to a success rate of 95.34%.

After three rounds of automated calls, we concluded that those calls which failed to reach a "recipient" were either no longer in service or simply unreachable. *See* Exhibits A-F, *supra*; *see also* Robocall Confirmations, annexed hereto as **Exhibits G-I**.

Accordingly, Defendants are in full compliance with the Court's October 30 Order.

Respectfully Submitted,

/s/  David M. Schwartz

/s/  Randy E. Kleinman


encl:   Exhibits A-I

cc:     All counsel of record (via ECF)

> Plaintiffs are hereby directed to respond to the matter set forth above by November 1, 2020 at 6:30 p.m.
>
> SO ORDERED.
> October 31, 2020
> DATE                    VICTOR MARRERO, U.S.D.J.