

December 7, 2020

**VIA ECF**

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

**orrick.com**

**Aaron J. Gold**

E  aaron.gold@orrick.com
D  +1 212 506 5179
F  +1 212 506 5151

Re: *National Coalition on Black Civic Participation et al. v. Wohl et al.*, No. 20-cv-8668

Dear Judge Marrero:

On behalf of Plaintiffs in the above-referenced action, we write pursuant to the Court's December 3, 2020 order calling for responses to Defendants' December 2, 2020 letter ("Letter") submitted in support of their motion to dismiss. *See* ECF No. 63 at 12. In their Letter, Defendants pad their prior arguments with legally irrelevant information. As set forth below, Defendants' arguments have no merit.

*As an initial matter*, Defendants ignore that "the Court, at the motion to dismiss stage, must accept the factual allegations as true." *Sotheby's, Inc. v. Stone*, 388 F. Supp. 3d 265, 276 (S.D.N.Y. 2019). Defendants' Letter is largely an improper attempt to dispute facts alleged, expand the record, and whitewash their intimidation tactics. ECF No. 62 at 2–7. These arguments are legally irrelevant at this stage of the case. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (reviewing a motion to dismiss "is generally limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference").

*Second*, the Court has now twice ruled that Plaintiffs allege sufficient facts to show that Defendants' robocalls are "true threats" and intimidation and thus do not enjoy First Amendment protection. *See* ECF No. 38 at 4, 36–56 & n.22; ECF No. 41 at 11. In asking this Court to dismiss the Complaint, Defendants now claim that their robocalls are "opinions," "hyperbole," and "truth-seeking," *see* ECF No. 62 at 2–5, but recharacterizing the robocalls as such does not transform them into protected speech. *Cf. Elonis v. United States*, 135 S. Ct. 2001, 2016 (2015) (Alito, J. concurring). (recognizing that "a communication containing a threat may include other statements that have value and are entitled to protection"—which the robocalls do not—but even so would "not justify constitutional protection for the threat").

*Third*, Defendants' blanket claim that "statements of mail-in voting are not actionable under the First Amendment" is simply wrong. *See* ECF No. 62 at 4–7 (Point II). The robocalls are punishable, not because they pertain to mail-in voting, but because they are threats and intimidation. They are punishable even if they did contain true statements (which they do not) because the purpose of prohibiting threats and intimidation is protecting people from "the disruption that fear engenders." *Virginia v. Black*, 538 U.S. 343, 344 (2003). Therefore, "[t]he speaker need not actually intend to carry out the threat," *id.*,—*i.e.*, the statement need not be true—because "the damage is the same" either way. *See Elonis*, 135 S. Ct. at 2016 (explaining the reasoning behind why threats are unprotected speech).

*Fourth*, Defendants confuse "threats" and "intimidation" of voters with "deterrence" and "dissuasion" from voting. *See* ECF No. 62 at 7–10. The plain text of the Voting Rights Act and the Ku Klux Klan Act outlaw *threats and intimidation* of voters and attempts to do so, and such acts are unlawful even if not a single voter is deterred. *See* 42 U.S.C. § 1985(3) (forbidding "conspirac[ies] to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote . . . ."); 52 U.S.C. § 10307(b) ("No person . . . shall intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person for voting or attempting to vote."). Plaintiffs plead threats and intimidation as well as attempts to threaten and intimidate. *See*, *e.g.*, ECF No. 1 ¶ 45 ("Ms. Winter's receipt of Defendants' robocall has intimidated her into changing plans" from voting by mail), ¶ 52 ("Ms. Slaven understood this call to be an attempt to scare her into not voting by mail."); *see also id.* ¶¶ 46–51, 53–54. That Plaintiffs may have voted—by mail or in person—has no bearing on Defendants' liability.[1]

*Fifth*, supposed compliance with FTC and FCC regulations is irrelevant because Plaintiffs have not, at this time, alleged a violation of those regulations. *See* ECF No. 62 at 11. Further, compliance with any such regulations would not immunize Defendants from their violations of the Voting Rights Act or Ku Klux Klan Act.

*Finally*, Plaintiffs seek "compensatory and punitive damages," ECF No. 1 at 21, so their claims are not moot. *See*, *e.g.*, *New York State Rifle & Pistol Ass'n, Inc. v. City of New York,* 140 S. Ct. 1525, 1536 (2020) (Alito, J. dissenting) ("[I]t is widely recognized that a claim for [even] nominal damages precludes mootness" and collecting cases from the Second, Fourth, Fifth, Ninth, and Tenth Circuits); *Crandell v. New York Coll. of Osteopathic Med.*, 87 F. Supp. 2d 304, 322 (S.D.N.Y. 2000) ("[W]here, as here, the complaint requests money damages . . . the mootness doctrine presents no barrier.").

---

[1] Although not entirely clear, Defendants seem to suggest that Plaintiff Gene Steinberg lacks standing because "he was not a recipient of the call." *See* ECF No. 62 at 9. Defendants are incorrect. Mr. Steinberg heard a voicemail recording of the robocall that was delivered to a phone number associated with a household member (a natural consequence of disseminating a robocall that is capable of being recorded on a voicemail) and was intimidated by it. ECF No. 1 ¶ 48. More than just "fairly traceable," Defendants' conduct is the direct cause of his injury, and thus, Mr. Steinberg has standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

- 3 -

\*     \*     \*

For the forgoing reasons, along with those stated in Plaintiffs' pre-motion letter and in the Court's prior decisions, the Court should deny Defendants' motion to dismiss.

                                                      Respectfully submitted,

                                                      /s/ *Aaron J. Gold*
                                                      Aaron J. Gold

CC:    All counsel of record (via ECF)