

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: January 19, 2021

January 15, 2021

**VIA EMAIL**
The Honorable Victor Marrero (chambersnysdmarrero@nysd.uscourts.gov)
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *National Coalition on Black Civil Participation et al. v. Wohl et al.*, United States District Court, Southern District of New York, Case No. 1:20-cv-08668

Dear Judge Marrero:

We write on behalf of Defendants Jacob Wohl, Jack Burkman, J.M., Burkman & Associates, LLC, and Project 1599 (collectively, "Defendants") to respectfully request a stay of discovery in the underlying action pending the outcome of Defendants Wohl and Burkman's criminal proceedings in both Michigan and Ohio, and an extension of Defendants' time to answer.

Consonant with Your Honor's Decision and Order dated October 29, 2020, the circumstances detailed herein demonstrate that Defendants' renewed motion for a stay and application to extend their time to answer is necessary as the "threat of imposition" is now imminent. *See* ECF Docket No. 45. Currently, Defendants' deadline to file an answer is January 26, 2021. Counsel for Plaintiff does not consent to either of our requests but has failed to provide a reason.

As Your Honor may recall, Mr. Burkman and Mr. Wohl's criminal attorneys, have expressed grave concerns about the constitutional ramifications of this case proceeding concurrent with the respective criminal matters, and supported our previous application and the instant one. With these criminal cases proceeding apace, it renders these concerns all the more pressing and acute.

**A. A Stay of the Instant Matter is Necessary to Protect Defendants' Fifth Amendment Rights and to Prevent Other Prejudice.**

"[I]t is undisputed that a district court has the discretion to issue [] a stay, upon consideration of the particular circumstances of the case." *United States v Certain Real Prop. & Premises*, 751 F. Supp 1060, 1062 (E.D.N.Y. 1989); *see also Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985) ("A stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter, and is even more appropriate when both actions are brought by the government.") (citations omitted); *United States v. $557,933.89, More or Less, in United States Funds*, 1998 US Dist. LEXIS 22252, at *11-12 (E.D.N.Y. 1998) (citations omitted) (holding that a stay of a civil proceeding pending the resolution of a related criminal matter is appropriate "when the interests of justice seem…to require such action.")



Reasons for granting a stay pending the resolution of a related criminal matter were articulated by the court in *Tolkow*, 109 F.R.D. at 116, *supra* (internal citations omitted and emphasis supplied):

> A stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter…**The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits** of Federal Rule of Criminal Procedure 16(b), **expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case. If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in deferring it**.

Moreover, granting a stay of a civil proceeding pending the resolution of a related criminal action is appropriate "when the interests of justice seem…to require such action." *$557,933.89, More or Less, in United States Funds*, 1998 US Dist. LEXIS at 11 (internal citations omitted). "In making this determination, the court should balance: (1) the private interest of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendant; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest." *Id.* at 11-12 (citing *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992).

The Second Circuit has repeatedly held that "it is clear that the fifth amendment's proscription of forced self-incrimination cannot be circumvented by the issuance of a Rule 26(c) protective order" and that "[o]nly a grant of statutory immunity can be used to abridge the fundamental fifth amendment rights of the deponent because only its protections are sufficiently co-extensive with the scope of the fifth amendment privilege." *Andover Data Servs., Div. of Players Computer, Inc. v Statistical Tabulating Corp.*, 876 F.2d 1080, 1083 (2d Cir. 1989); *see also Pillsbury Co. v. Conboy*, 459 U.S. 248 (1983) ("Unless the grant of immunity assures a witness that his incriminating testimony will not be used against him in a subsequent criminal prosecution, the witness has not received the certain protection of his Fifth Amendment privilege that he has been forced to exchange. No court has authority to immunize a witness.").

Here, this action and the Michigan and Ohio criminal proceedings against Mr. Wohl and Mr. Burkman unequivocally arise from the same facts as the instant matter. Thus, there is a significant likelihood that if this matter is not deferred, it will undermine Mr. Wohl and Mr. Burkman's Fifth Amendment privilege against self-incrimination, unfairly expand the rights of criminal discovery, and expose the basis of their respective defenses to the prosecution in advance of criminal trial. *See Tolkow*, 109 F.R.D. at 116. "While a stay…may cause some inconvenience and delay to the [Plaintiffs], protection of defendants[s'] constitutional rights against self-



incrimination is the more important consideration." *Certain Real Prop. & Premises*, 751 F. Supp at 1063 (citations omitted) (alterations in original and supplied). Moreover, the Plaintiffs "can always move to vacate the stay if a change in circumstances makes this appropriate." *Id.*; *see also Arden Way Associates*, 660 F. Supp. 1494, 1500 (S.D.N.Y. 1987) (court may reevaluate deferral of civil discovery "if and when the balance of burdens, and private public interests so requires.").

Additionally, a prior determination in either of the pending criminal matters "could have collateral estoppel effect in this action, thereby simplifying the issues*." Mook v Homesafe Am., Inc.*, 144 A.D.3d 1116, 1117 (2d Dep't 2016); *see also SEC v Penn*, 225 F. Supp. 3d 225, 233 (S.D.N.Y. 2016) ("Under New York law, a conviction—whether based on a trial or a guilty plea—is "conclusive proof of the underlying facts upon which it rests and the defendant is estopped from relitigating those facts in any future proceeding.").

In light of the foregoing, Defendants respectfully request a stay of the instant matter until the pendency of the Ohio and Michigan criminal proceedings.

### B. Defendants' Time to File an Answer Should be Extended Pending the Resolution of the Respective Criminal Matters.

At the very least, an extension of time to answer pending the resolution of the respective criminal matters is an absolute necessity because "[f]acts admitted in an answer, as in any pleading, are judicial admissions that bind the defendant throughout this litigation." *Gibbs v. CIGNA Corp.*, 440 F.3d 571 (2d Cir. 2006); *see also Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118 (2d Cir. 1990) (holding that a fact admitted by the defendant in its answer was thereby conclusively established against the defendant); *Bellefonte Re Ins. Co. v Argonaut Ins. Co.*, 757 F2d 523, 528 (2d Cir. 1985) ("A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding.").

Therefore, because a judicial admission could likewise jeopardize Defendants' Fifth Amendment privilege against self-incrimination, unfairly expand the rights of criminal discovery, and expose the basis of their respective defenses to the prosecution in advance of criminal trial, an extension of Defendants' time to answer the Complaint until after the resolution of the pending criminal proceedings is warranted. *See Tolkow*, 109 F.R.D. at 116.

### Conclusion

We implore Your Honor, in order to protect the constitutional rights of the Defendants, to grant a stay and/or extension. We note Your Honor's October 28, 2020 decision was in part guided by *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83 (2d Cir. 2012), in which the Second Circuit wrestled with a balancing test. Here, we would argue that when weighing the equities, prudence would counsel the grant of a stay or, at the very least, an extension of Defendants' time to answer the Complaint. No material prejudice would befall the Plaintiffs should Your Honor in your discretion grant such a stay or extension. In the intervening period, if the Defendants are



prosecuted, it certainly will not make it any more difficult for the Plaintiffs to prove their case. Added to which, the record made in those criminal trials will no doubt aid in their discovery. With this in mind, proceeding in the instant civil matter can only prejudice the Defendants.

Thank you for your consideration this application.

Respectfully Submitted,

/s/

David M. Schwartz
Randy E. Kleinman

cc: All counsel of record (via ECF)

> Plaintiffs are hereby directed to respond to Defendants' renewed motion for a stay and extension of the time to answer within five days.
>
> **SO ORDERED.**
> January 19, 2021
> DATE — VICTOR MARRERO, U.S.D.J.

4