

January 25, 2021

**VIA ECF**

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

**orrick.com**

**Aaron J. Gold**

**E** aaron.gold@orrick.com
**D** +1 212 506 5179
**F** +1 212 506 5151

Re:   *National Coalition on Black Civic Participation et al. v. Wohl et al.*, No. 20-cv-8668

Dear Judge Marrero:

On behalf of Plaintiffs in the above-referenced action, we write in response to Defendants' January 15, 2021 letter-motion requesting:  (i) a stay in this action until resolution of their pending criminal proceedings in Ohio and Michigan, and (ii) extension of their deadline to file an answer until resolution of their criminal proceedings.  *See* ECF No. 67 (the "Stay Motion").  Staying a civil case "to permit conclusion of a related criminal prosecution" is "an extraordinary remedy." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012).  As the Court observed in rejecting Defendants' motion for reconsideration, the Constitution "rarely, if ever" requires a stay.  *See* ECF No. 41 at 11 (quoting *Louis Vuitton*, 676 F.3d at 98); *id.* ("A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege.") (internal quotation marks and citation omitted).  The Constitution does not require one here, and the Court should deny Defendants' request.

*As an initial matter*, Defendants' argument that the instant case would "jeopardize" their Fifth Amendment rights is meritless as Defendants have waived their Fifth Amendment privilege for much of the conduct alleged by admitting to it before this Court.  *See, e.g.*, ECF No. 38 at 59 ("Both Wohl and Burkman have admitted to participating in the creation and distribution of the robocall message."); ECF No. 53 at 12:21–22 ("Mr. Burkman: Oh, yes, your Honor, yes. That is our call, yes, yes."); *see also OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 262 F. Supp. 2d 302, 308 (S.D.N.Y. 2003).

*Second*, even if Defendants had not already freely waived their Fifth Amendment rights, proceeding with the case will not unduly prejudice them.  *See* ECF No. 67 at 1–2.  Relying on nothing but boilerplate case law for generalized principles, Defendants fail to demonstrate with any specificity why a stay is needed in this case.  Defendants do not cite a single paragraph of the Complaint that would require them to invoke the Fifth Amendment in their Answer.  Likewise, proceeding with discovery will not infringe on their rights.  Plaintiffs plan to serve document

requests on Defendants.[1]  There is "no Fifth Amendment protection for the contents of [documents prepared prior to the issuance of a document request or subpoena]." *United States v. Fridman*, 974 F.3d 163, 174 (2d Cir. 2020) (citing *Fisher v. United States*, 425 U.S. 391, 401–11 (1976)). Plaintiffs also plan to serve subpoenas for documents and testimony on third parties.  Seeking such discovery will not prejudice Defendants' rights either because the "Fifth Amendment privilege" is "personal to the defendant[s]," and thus "does not extend to the testimony or statements of third parties." *United States v. Nobles*, 422 U.S. 225, 234 (1975).

*Third*, Defendants' fear that discovery will "expand rights of criminal discovery beyond [its] limits," or "expose the basis of the defense to the prosecution in advance of criminal trial," *see* ECF No. 67 at 2, is misguided.  The argument Defendants advance, and the caselaw on which they rely, relates primarily to the scenario where a government entity has brought a parallel civil case to a criminal one.  *See id.* at 1–3.  Plaintiffs are private actors vindicating their rights; the Constitutional concerns Defendants raise do not exist here.  And even so, a wholesale stay is unnecessary. An appropriate protective order may alleviate any concern Defendants might have about "expansive" civil discovery reaching their ongoing criminal proceedings.  In any event, Defendants misunderstand the notion of "expanding" criminal discovery; that concern pertains to defendants—not plaintiffs—obtaining more discovery than they would otherwise be entitled.  *See SEC v. Dawson*, 2007 WL 9711172, at *2 (E.D.N.Y. Feb. 2, 2007) ("The public has a strong interest in ensuring that the defendants do not improperly use the criminal discovery process to obtain documents.").

*Fourth*, Defendants disregard the damages sought when they mistakenly argue that staying the case imposes "[n]o material prejudice" on Plaintiffs. *See* ECF No. 67 at 3.  Mr. Burkman and Mr. Wohl admitted to engineering an intimidating robocall campaign.  Their own emails reveal their intent.  Plaintiffs deserve recourse.  Staying this case will both postpone recognition of the wrongs that Defendants wrought and could limit (or eliminate) any recovery Plaintiffs are ultimately able to collect on any judgment.

*Fifth*, although Defendants argue that their criminal cases may estop issues in this action, *see* ECF No. 67 at 3, there is little to estop:  Defendants have already admitted to the bulk of their conduct.  Therefore, any efficiencies (to the extent there are any) arising from a stay will be, at most, negligible.  Further, as Defendants have made clear in this case, their defense is that the First Amendment protects their conduct.  There is no doctrine, collateral estoppel or otherwise, that prevents this federal Court from interpreting federal law even where a state court may eventually do so as well.  And to the extent that Defendants' wish to contest their involvement in the alleged conduct, only guilty verdicts or guilty pleas may have estoppel effects; acquittals do not. *United States* v. *Ianniello*, 646 F. Supp. 1289, 1291 (S.D.N.Y. 1986) ("[T]he differing standards of proof in criminal and civil proceedings preclude giving collateral estoppel effect to an acquittal in a subsequent civil action."), *aff'd*, 824 F.2d 203 (2d Cir. 1987). Unless and until Defendants are

---

[1] Plaintiffs will also seek documents in Defendants' possession that did not originate from Defendants, such as all discovery received from Michigan and Ohio prosecuting authorities.  Such discovery obviously implicates no Fifth Amendment concerns.

- 3 -

convicted or plead guilty, nothing about the ongoing criminal proceedings will have preclusive effects in this case.  Defendants maintain their innocence.  There is no reason to wait.

*     *     *

For the forgoing reasons, the Court should deny Defendants' motion to stay the case.

Respectfully submitted,

/s/ *Aaron J. Gold*
Aaron J. Gold

CC:   All counsel of record (via ECF)