

January 26, 2021

**VIA EMAIL**
The Honorable Victor Marrero (chambersnysdmarrero@nysd.uscourts.gov)
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re: *National Coalition on Black Civil Participation et al. v. Wohl et al.*, United States District Court, Southern District of New York, Case No. 1:20-cv-08668

Dear Judge Marrero:

    We write on behalf of Defendants Jacob Wohl, Jack Burkman, J.M., Burkman & Associates, LLC, and Project 1599 (collectively, "Defendants") to respond to Plaintiffs' opposition to Defendants' request for a stay of discovery in the underlying action pending the outcome of Defendants Wohl and Burkman's criminal proceedings in both Michigan and Ohio, and an extension of Defendants' time to answer. As a threshold matter, Plaintiffs proffer no argument against extending Defendants' time to answer until the pendency of their criminal proceedings.

    As a further threshold matter, the notion that Defendants "waived" their Fifth amendment rights against self-incrimination at the original scheduling hearing is rejected. As Your Honor may recall, the Defendants at the initial hearing attempted to apprise the Court that they were in the process of engaging counsel and were present for the sole purpose of adjourning the matter. Defendants appeared by telephone merely to avoid being held in contempt and to apprise the Your Honor that they would presently have counsel: "Your Honor, this is Jack Burkman. Unfortunately, we have not yet been able to secure counsel. We did yesterday, and counsel will be available tomorrow…We have secured counsel by the name of David Schwartz…he is a civil litigator in New York City…and we have retained him." ECF Document No. 53: 2:24-25; 3:10-22

    If anything, under these described circumstances, any statements made by Defendants ostensibly against their interests should be suppressed. At the very least, such statements should not be construed as a knowing and voluntary waiver constituting an intentional relinquishment of a known right. Neither can same be construed as an express waiver, which would require a writing or a statement of waiver. Here, *both* Defendants have certainly not made an express waiver. Nor have *both* Defendants impliedly waived their right against self-incrimination as the act for an implied waiver must unequivocally indicate the desire to waive one's rights. *See, e.g., Rosenthal v. New York Life Ins. Co.*, 99 F.2d 578 (8th Cir. 1938).

# GERSTMAN SCHWARTZ LLP
ATTORNEYS AT LAW

     Given the circumstances—wherein Defendants were on a conference call with a Federal Court, which they believed to be for scheduling purposes only and did not have either their criminal defense counsel or their soon-to-be-retained civil defense counsel present—it is quite clear that the Defendants failed to comprehend the ramifications of speaking on the record. Defendants clearly did not understand that they could decline to answer a Federal Judge's questions in such a setting by asserting their Fifth Amendment privilege, nor were they apprised of same. (Because it was a civil setting, nobody was required to or charged with the responsibility of reading them a Miranda warning). Instead, Your Honor invited Defendants to give testimony as follows: "Let me then turn to the defendants and allow you an opportunity to say anything you wish to say on your behalf in responses to plaintiffs' allegations." ECF Document No. 53:10:23-25.

     Rather than advise Defendants that they might be better served to wait for counsel to enter an appearance and briefly adjourn the matter, the Plaintiffs participated in the hearing. Respectfully, both the forum and even the telephone medium wreaked havoc on Defendants' rights. One presumes that if Defendants were in a physical court, they might have had a physical reminder of the consequences. One imagines that if Defendants were asked to answer questions with their proverbial hand on the bible, as opposed to playing at being *pro se* attorneys arguing constitutional questions, they might have better understood the nature of the proceeding. Indeed, a fair reading of the colloque is just that Mr. Burkman proffered what he believed to be legal defenses rooted in law and a request for a stay.  This is not demonstrative of someone knowingly and intelligently waiving their Fifth Amendment privilege.

     With this in mind, an identifiable factor denying an individual of a "free choice to admit, to deny, or to refuse to answer," that is, if the assertion of the privilege is penalized so as to "foreclos[e] a free choice to remain silent, and therefore...compe[l]...incriminating testimony," *Garner v. United States*, 424 U.S. 648, 657 (1976), then an incriminating disclosure is considered compelled, despite a failure to claim the privilege. *Id.* at 656-57.

     As to Plaintiffs argument that Defendants must with specificity invoke which portions of the civil Complaint would require invocation when the Ohio and Michigan criminal matters clearly arise out of the same set of alleged facts, this is facially infirm and flies in the face of the purpose for the privilege. This is so because even a simple answer in a civil case can be used in a related criminal case as an admission.

     Simply stated, the Plaintiffs cavalierly pit the Defendants' liberty interests against their hope for monetary gain. Defendants will clearly be prejudiced if a stay is not granted as every answer and every response assuredly will resurface in Defendants' related Ohio and Michigan criminal proceedings.

<2009>



As Plaintiff's counsel noted at the original hearing, "[w]e do understand…the Michigan A.G.'s, Attorney General's, Office does have an active criminal investigation…Discovery is ongoing in that case…" ECF Document No. 53: 8:13-18. It follows that as the Michigan and Ohio cases progress, the Plaintiffs herein will invariably benefit and no prejudice will be had. On the other hand, providing Defendants with a stay of the instant civil action will in no way prejudice Plaintiffs thereafter.

Respectfully Submitted,

/s/

David M. Schwartz
Randy E. Kleinman

cc:     All counsel of record (via ECF)