IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

NATIONAL COALITION ON BLACK
CIVIC PARTICIPATION, MARY WINTER,
GENE STEINBERG, NANCY HART,
SARAH WOLFF, KAREN SLAVEN, KATE
KENNEDY, EDA DANIEL, and ANDREA
SFERES,

            Plaintiffs,

    v.

JACOB WOHL, JACK BURKMAN, J.M.
BURKMAN & ASSOCIATES, LLC,
PROJECT 1599, and JOHN and JANE DOES
1-10,

            Defendants.

Civil Action No. 20-cv-8668

**DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES**

      Defendants, JACOB WOHL ("Wohl"), JACK BURKMAN ("Burkman"), J.M. Burkman & Associates, LLC ("JMB Associates"), Project 1599 ("1599") (collectively, referred hereinafter as "Defendants"), by and through their attorneys, Gerstman Schwartz LLP, hereby submit their Answer and Affirmative Defenses to the Complaint filed by Plaintiffs National Coalition on Black Civic Participation ("NCBCP"), Mary Winter ("Winter"), Gene Steinberg ("Steinberg"), Nancy Hart ("Hart"), Sarah Wolff ("Wolff"), Karen Slaven ("Slaven"), Kate Kennedy ("Kennedy"), Eda Daniel ("Daniel"), and Andrea Sferes ("Sferes")(collectively, referred hereinafter as "Plaintiffs"), as follows:

## NATURE OF THE ACTION

1.    Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2.    Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 2 of the Complaint and therefore deny those allegations.

3.      Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.      Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants deny the allegations contained in Paragraph 6 of the Complaint.

**PARTIES**

7.      Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 7 of the Complaint and therefore deny those allegations.

8.      Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 8 of the Complaint and therefore deny those allegations.

9.      Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 9 of the Complaint and therefore deny those allegations.

10.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 10 of the Complaint and therefore deny those allegations.

11.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 11 of the Complaint and therefore deny those allegations.

12.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 12 of the Complaint and therefore deny those allegations.

13.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 13 of the Complaint and therefore deny those allegations.

14.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 14 of the Complaint and therefore deny those allegations.

15.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 15 of the Complaint and therefore deny those allegations.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.     Defendants admit that Defendant Project 1599 is a political organization but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 and therefore deny those allegations.

19.     Defendants admit that Defendant J.M. Burkman & Associates, LLC is a lobbyist firm founded by Burkman, with its headquarters located at 1530 Key Blvd., Apt. 1222, Arlington, Virginia but lack knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in Paragraph 19 and therefore deny those allegations.

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint.

## JURISDICTION & VENUE

21.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 21 of the Complaint and therefore deny those allegations.

22.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 22 of the Complaint and therefore deny those allegations.

## GENERAL ALLEGATIONS

23.     Defendants lack knowledge or information sufficient for form a belief to the extent that this allegation requires a response; this allegation calls for a conclusion of law and is referred to the Court.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 27 of the Complaint and therefore deny those allegations.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 38 of the Complaint and therefore deny those allegations.

39.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 39 of the Complaint and therefore deny those allegations.

40.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 40 of the Complaint and therefore deny those allegations.

41.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 41 of the Complaint and therefore deny those allegations.

42.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 42 of the Complaint and therefore deny those allegations.

43.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 43 of the Complaint and therefore deny those allegations.

44.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 44 of the Complaint and therefore deny those allegations.

45.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 45 of the Complaint and therefore deny those allegations.

46.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 46 of the Complaint and therefore deny those allegations.

47.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 47 of the Complaint and therefore deny those allegations.

48.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 48 of the Complaint and therefore deny those allegations.

49.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 49 of the Complaint and therefore deny those allegations.

50.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 50 of the Complaint and therefore deny those allegations.

51.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 51 of the Complaint and therefore deny those allegations.

52.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 52 of the Complaint and therefore deny those allegations.

53.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 53 of the Complaint and therefore deny those allegations.

54.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 54 of the Complaint and therefore deny those allegations.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.     Defendants admit they are facing criminal charges in Michigan and Ohio but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 58 and therefore deny those allegations.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint.

## COUNT 1

### (Violation of Section 11(b) of the Voting Rights Act)

63.     Defendants repeat and incorporate by reference its responses to the allegations contained in Paragraphs 1 through 62 of the Complaint as if fully set forth herein.

64.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 64 of the Complaint and therefore deny those allegations.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint.

## COUNT 2

### (Violation of Section 2 of the Ku Klux Klan Act)

70.    Defendants repeat and incorporate by reference its responses to the allegations contained in Paragraphs 1 through 69 of the Complaint as if fully set forth herein.

71.    Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 71 of the Complaint and therefore denies those allegations.

72.    Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.    Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.    Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.    Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.    Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.    Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.    Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.    Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.    Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.    Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 81 of the Complaint and therefore deny those allegations.

### DEMAND FOR RELIEF

Defendants do not believe that Plaintiffs are entitled to any of the relief sought in their Demand for Relief. Defendants request that the Court dismiss Plaintiffs' claims with prejudice, award Defendants their attorneys' fees and costs, and enter such further relief as is just and appropriate.

## AFFIRMATIVE DEFENSES

Without altering the burden of proof, Defendants assert the defenses set forth below. These defenses are asserted by Defendants based upon an investigation of the asserted allegations that is not complete and pending the results of discovery.

Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defense, at law or equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have suffered no damages and/or have failed to mitigate their damages, if any.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs failed to join a necessary party.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the damages, whether statutory or otherwise, are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of abuse of process.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that they violate Defendants' First Amendment

Rights guaranteed to them under the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of consent.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that any damages allegedly sustained by

Plaintiffs are the proximate result of the acts and/or omissions of independent third parties over

which Defendants exercised no control.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because at all times Defendants acted in good faith and in a

commercially reasonable and lawful manner.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of *de minimis non curat lex,* as any damages

allegedly suffered by Plaintiffs have been *de minimis*.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs lack standing to bring this suit.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the matter is moot.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because 42 U.S.C. § 1985(3) is vague and overbroad and therefore unconstitutional.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendants are not "…person[s], whether acting under color of law or otherwise…" pursuant to 52 U.S.C. § 1037(b) (formerly codified as 42 U.S.C. § 1973i(b)).

## NINTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because 52 U.S.C. § 1037(b) (formerly codified as 42 U.S.C. § 1973i(b) is vague and overbroad and therefore unconstitutional.

**WHEREFORE**, having answered, Defendants request judgment or relief against Plaintiffs as follows:

1. That the action against Defendants is dismissed with prejudice and that the Plaintiffs are granted no relief; and

2. That Defendants be awarded their costs and disbursements incurred in defending this matter; and

3. Such other and further relief, including declaratory, equitable relief and damages, to which Defendants are entitled.

Respectfully Submitted,

**GERSTMAN SCHWARTZ, LLP**
By: _/s/ David M. Schwartz_
    David M. Schwartz, Esq.
    Randy E. Kleinman, Esq.
    1399 Franklin Avenue, Suite 200
    Garden City, New York 11530
    Tel. No.: (516) 880 – 8170
    dschwartz@gerstmanschwartz.com
    rkleinman@gerstmanschwartz.com

_Attorneys for Defendants_

## CERTIFICATE OF SERVICE

I hereby certify that on <u>January 26, 2021</u>, I caused a true and accurate copy of the foregoing document entitled DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES to be filed with the Clerk of the Court using the Court's CM/ECF system, which will send electronic notice of the same to all counsel of record.


Dated: January 26, 2021

*/s/ David M. Schwartz*
David M. Schwartz, Esq.
Randy E. Kleinman, Esq.
1399 Franklin Avenue, Suite 200
Garden City, New York 11530
Tel. No.: (516) 880 – 8170
DSchwartz@GerstmanSchwartz.com
RKleinman@GerstmanSchwartz.com

*Attorneys for Defendants Jacob Wohl,*
*Jack Burkman, J.M. Burkman & Associates,*
*LLC, and Project 1599*