

April 30, 2021

**VIA ECF**

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000
**orrick.com**

**Aaron J. Gold**

**E** aaron.gold@orrick.com
**D** +1 212 506 5179
**F** +1 212 506 5151

Re:    *National Coalition on Black Civic Participation et al.* v. *Wohl et al.*, No. 20-cv-8668

Dear Judge Marrero:

On behalf of all parties, we submit this joint letter in accordance with your Honor's March 29, 2021 Order.  ECF No. 88.

1. **A brief description of the case, including the factual and legal bases for the claim(s) and defense(s).**

Plaintiffs allege that Defendants targeted Plaintiffs and others with robocalls containing deceptive and/or intimidating statements about the effects of mail-in voting for the 2020 presidential election.  Plaintiffs further allege that Defendants sent these robocalls to areas with significant Black populations for the purpose of threatening and deterring these voters from voting by mail in the 2020 election.  Based on this conduct, Plaintiffs brought this action under both Section 11(b) of the Voting Rights Act (52 U.S.C. § 10307(b)) and Section 2 of the Ku Klux Klan Act (42 U.S.C. § 1985(3)).

Defendants have filed an Answer admitting, denying, or lacking knowledge of the allegations in the Complaint. Defendant has asserted various affirmative defenses, including, but not limited to (i) Plaintiff's failure to state a claim upon which relief can be granted; (ii) Plaintiffs have suffered no damages and/or have failed to mitigate their alleged damages; (iii) Plaintiffs' claims are barred because Plaintiffs failed to join a necessary party; (iv) Plaintiffs' claims are barred by the doctrine of waiver; (v) Plaintiffs' claims are barred by the doctrine of laches; (vi) Plaintiffs' claims are barred by the doctrine of estoppel; (vii) Plaintiffs' claims are barred because the damages, whether statutory or otherwise, are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained; (viii) Plaintiffs' claims are barred by the doctrine of abuse of process; (ix) Plaintiffs' claims are barred by the doctrine of unclean hands; (x) Plaintiffs' claims are barred to the extent that they violate Defendants' First Amendment Rights guaranteed to them under the United States Constitution; (xi) Plaintiffs' claims are barred by the doctrine of consent; (xii) Plaintiffs' claims are barred to the extent that any damages allegedly

sustained by Plaintiffs are the proximate result of the acts and/or omissions of independent third parties over which Defendants exercised no control; (xiii) Plaintiffs' claims are barred because at all times Defendants acted in good faith and in a commercially reasonable and lawful manner; (xiv) Plaintiffs' claims are barred by the doctrine of *de minimis non curat lex,* as any damages allegedly suffered by Plaintiffs have been *de minimis*; (xv) Plaintiffs' claims are barred because Plaintiffs lack standing to bring this suit; (xvi) Plaintiff's claims are barred because the matter is moot; (xvii) Plaintiff's claims are barred because 42 U.S.C. § 1985(3) is vague and overbroad and therefore unconstitutional; (xviii) Plaintiffs' claims are barred because Defendants are not "…person[s], whether acting under color of law or otherwise…" pursuant to 52 U.S.C. § 10307(b) (formerly codified as 42 U.S.C. § 1973i(b)); and (xix) Plaintiffs' claims are barred because 52 U.S.C. § 10307(b) (formerly codified as 42 U.S.C. § 1973i(b)) is vague and overbroad and therefore unconstitutional.

**2. Any contemplated motions.**

Plaintiffs anticipate filing discovery motions, including motions to compel the production of documents, a motion for summary judgment at the close of discovery, as well as motions in limine should the case proceed beyond summary judgment.

Defendants anticipate filing a motion for summary judgment and multiple future motions in limine as well.

**3. The prospects for settlement.**

Plaintiffs and Defendants had preliminary discussions about the possibility of settlement. It does not appear at this time that the case will settle.

**4. Whether the parties consent to proceed for all purposes before the Magistrate Judge designated for this action.**

Plaintiffs do not consent to proceed before a Magistrate Judge for all purposes in this action.

Defendants express willingness to proceed before a Magistrate Judge.

*       *       *

Respectfully submitted,

/s/ *Aaron J. Gold*            /s/ *Randy Kleinman*
Aaron J. Gold                 Randy Kleinman

*Counsel for Plaintiffs*       *Counsel for Defendants*