STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

EXECUTIVE DIVISION
212.416.6046

May 6, 2021

*By Electronic Submission*
Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *National Coalition on Black Civic Participation v. Jacob Wohl*,
              SDNY Case No. 20 Civ. 8668 (VM)(OTW)

Dear Judge Marrero:

      Pursuant to this Court's Individual Rule II(A), the Office of the New York State Attorney General ("NYAG" or "Office"), on behalf of the People of the State of New York, respectfully requests a pre-motion conference to file a motion to intervene in the above-captioned matter. Alternatively, NYAG requests that the Court treat this letter as a motion to intervene pursuant to Federal Rules of Civil Procedure 24(a)(2) and (b)(1)(B) and grant this request. The NYAG's proposed Complaint in Intervention is attached as Exhibit A along with a proposed Order attached hereto as Exhibit B.

      The NYAG brings this motion now to ensure that the Court has sufficient time to consider this request, while Defendants' interlocutory appeal to the Second Circuit is still pending.[1] ECF No. 81. Moreover, discovery is in a very preliminary stage and there has been no substantive motion practice seeking summary judgment on the merits of plaintiffs' case. Accordingly, the parties would not be burdened by the addition of NYAG to enforce and represent the rights of New York, in addition to the individual claims raised herein. On May 4, 2021, the NYAG notified the parties to this action about intervention and sought to obtain their consent. Plaintiffs consent to this motion; however, Defendants have indicated that they object to NYAG's intervention.

      In addition to the claims the NYAG has against the current Defendants in this litigation, the NYAG's proposed Complaint in Intervention includes two additional parties—Robert Mahanian and Message Communications, Inc.— as defendants in this action.

*Factual Background*

      This case is about a targeted effort to interfere with the rights of New Yorkers—and others—to exercise their franchise rights in a safe, lawful manner. This is about an attempt to prey

---

[1] Although this Court has already ordered the parties' case management plan, NYAG anticipates that it can work with the parties to adjust the schedule, only as necessary, to address the proposed complaint in intervention.

upon racial disparities and exploit the fears surrounding an unprecedented pandemic to disrupt a presidential election, in violation of several federal and New York laws

The NYAG has a substantial interest in safeguarding the rights of New Yorkers who are threatened by unlawful voter intimidation. The NYAG seeks to intervene in this action (i) to enforce the various voting protections provided by 42 U.S.C. § 1985(3) (the Klu Klux Klan Act of 1871), 52 U.S.C. § 10307(b) (the Voting Rights Act of 1965), 52 U.S.C. § 10101(b) (Section 131(b) of the Civil Rights Act of 1957), New York Civil Rights Law §§ 9, 40-c and 40-d, and otherwise prevent fraud and illegality, pursuant to New York Executive Law § 63(12), and (ii) ensure that Defendants are not permitted to repeat their discriminatory conduct.

The Court should permit intervention here. Federal Rule of Civil Procedure 24(a)(2) warrants the NYAG to intervene in this action as of right. Alternatively, the Court should permit the NYAG to intervene under Federal Rule of Civil Procedure 24(b)(1)(B).

*Argument*
### I. The NYAG Is Entitled to Intervene as of Right Pursuant to Federal Rule of Civil Procedure 24(a)(2).

In the Second Circuit, a court must grant a motion to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2) if "(1) the motion is timely; (2) the applicant has asserted an interest relating to. . . the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest;, and (4) the applicant's interest is not adequately represented by the other parties." *Mastercard Int'l Inc. v. Visa Int'l Service Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006).

### A. The NYAG's motion to intervene is timely.

Timeliness is evaluated based on the totality of the circumstances, including "(1) how long the applicant had notice of the interest before [he] made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001) (quoting *U.S. v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994) (citations omitted)). The NYAG's motion to intervene is timely as it is filed before any substantive motion practice, discovery disclosures, or depositions that may prejudice any party. See *United States ex rel. Preferred Masonry Restoration, Inc. v. Int'l Fid. Ins. Co.*, 2019 WL 4126473, at *3 (S.D.N.Y. Aug. 30, 2019). Further, the NYAG's request to intervene will not delay any proceedings or prejudice the original parties' rights.[2]

---

[2] Notably, NYAG sought to investigate these claims under its independent authority provided by the Executive Law; however, defendants Wohl, Burkman, and Burkman Associates have refused to respond to lawful, duly issued subpoenas. NYAG's investigation revealed substantial information about defendants' conduct in creating and disseminating the robocall, and while defendants refused to respond to the subpoenas, enforcing compliance would only further delay NYAG's ability to seek a remedy in the case. Accordingly, intervention would be the most efficient and productive way to enforce the rights of the State of New York.

### B. The NYAG has a strong interest in this litigation.

This Court has held that a moving party's interest is cognizable by Rule 24(a)(2) if it is "direct, substantial, and legally protectable." *Louis Berger Grp., Inc. v. State Bank of India*, 802 F. Supp. 2d 482, 487 (S.D.N.Y. 2011) (Marrero, J.). The NYAG seeks to intervene in this action because of the Defendants' predatory conduct to disseminate misinformation, targeting specific demographics, in order to discourage mail-in voting. Such conduct was in violation of the VRA, the Civil Rights Act of 1957, the KKK act, and various New York laws. Indeed, Defendants' actions—in connection with proposed defendants Robert Mahanian and Message Communications Inc—are the type of persistent fraud and illegality New York's Executive Laws have empowered the NYAG to prevent and clearly constitutes a strong interest in this litigation.

### C. Resolution of this action would impede the NYAG's ability to ensure that complete relief is granted, and existing parties cannot represent NYAG's interests.

Any resolution of the instant case would significantly affect the NYAG's ability to seek broad and systemic remedies to cure the effects of Defendants' discriminatory conduct, and similar bad actors who use targeted robocalls to intimidate New York State voters. Under Rule 24(a)(2), a proposed intervenor need only show that the disposition of an action "may as a practical matter impair or impede the movant's ability to protect its interest." *Pitney Bowes*, 25 F.3d at 69-70 (quoting Fed. R. Civ. P. 24(a)(2)). The NYAG's enforcement interests are not sufficiently represented by Plaintiffs in the underlying action because the NYAG seeks relief that is broader in scope than that requested by Plaintiffs. Plaintiffs have requested relief as to solely Defendants' actions stemming from the August 26 Project 1599 call. However, Defendants have demonstrated a predatory scheme using telecom providers to execute their intimidation tactics and so, by contrast, the NYAG seeks broad injunctive, declaratory, and other relief that would additionally address the specific telecom provider—Message Communications and its owner, Robert Mahanian—who had an obligation to ensure any robocall campaigns complied with federal regulations. *See, e.g.*, 747 U.S.C. § 227(d). Given the scope of relief and the additional claim of persistent fraud and illegality in violation of New York's Executive Law, the NYAG's intervention seeks relief otherwise unresolved and unaddressed by plaintiffs in the underlying action. Moreover, judicial economy would be best served by granting the NYAG's motion to intervene. A parallel lawsuit brought by the NYAG concerning many of the same legal and factual issues in this action could lead to overlapping legal rulings or remedial orders.

### II. Alternatively, NYAG Requests Permissive Intervention Under Rule 24(b)(1)(B).

In the alternative, this Office respectfully requests the Court grant the NYAG permissive intervention under Fed. R. Civ. P. 24(b)(1)(B). In deciding whether to permit intervention, courts consider "substantially the same factors" as for interventions of right. *Kaliski v. Bacot (In re Bank of N.Y. Derivative Litig.)*, 320 F.3d 291, 300 n.5 (2d Cir. 2003). The discussion in Section I, *supra*, demonstrates that the NYAG has satisfied these criteria. Moreover, it is clear that the NYAG's claims of voter intimidation "share with the main action a common question of law and fact," which renders permissive intervention appropriate under the circumstances in this matter. Fed. R. Civ. P. 24(b)(1)(B). Therefore, permissive intervention under Rule 24(b)(1)(B) is warranted here.

Honorable Victor Marrero
Page 4 of 4
May 6, 2021

    For the foregoing reasons, the NYAG respectfully requests leave to intervene in this action as allowed under Federal Rules of Civil Procedure 24(a)(2) or, alternatively, under 24(b)(1)(B).

Sincerely,

/s/ Colleen K. Faherty
Colleen K. Faherty
Assistant Attorney General
Colleen.Faherty@ag.ny.gov

Encl.
cc: Counsel of record (via ECF and email);
    Message Communications; and
    Robert Mahanian