

May 12, 2021

**VIA CM/ECF & EMAIL**
The Honorable Victor Marrero (chambersnysdmarrero@nysd.uscourts.gov)
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re: *National Coalition on Black Civil Participation et al. v. Wohl et al.*, United States District Court, Southern District of New York, Case No. 1:20-cv-08668

Dear Judge Marrero:

We write in opposition to the Office of the New York State Attorney General's ("NYSA") letter requesting a pre-motion conference to file a motion to intervene pursuant to Federal Rules of Civil Procedure 24(a)(2) and (b)(1)(B).

The NYAG has not shown that it has a legally protectable interest in this action to establish its entitlement to intervention as of right. Nor should the Court grant permissive intervention at this juncture, because granting intervention would be severely prejudicial to Defendants and would cause a jury to conflate unrelated legal and factual issues.

**I.  The NYAG Is Not Entitled to Intervene as of Right Pursuant to FRCP24(a)(2).**

The Rule for intervention as of right establishes a four-prong test requiring the NYAG to establish: (1) it is timely made; *and* (2) it has either an interest in the property or the transaction that is the subject matter of the suit; *and* (3) its interest in the property will be impaired or impeded if it is not permitted to intervene; *and* (4) that no party presently in the action adequately represents its interests. *See New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2nd Cir. 1992) ("Intervention of right will not be allowed unless all requirements of the Rule are met") *quoting United States v. State of New York*, 820 F.2d. 554, 556 (2nd Cir. 1987).

    **A.  The NYAG's motion to intervene is not timely.**

The timeliness requirement under Fed. R. Civ. P. 24(a) essentially sets out a reasonableness standard; that is, a potential intervenor must be reasonably diligent in investigating, and reasonably prompt in acting upon, a lawsuit that might affect their rights. *See Floyd v. City of New York*, 302 F.R.D. 69, 86 (2014) ("In all cases, whether pre- or post-judgment, Rule 24(a) requires courts to measure timeliness from the moment when the applicant had actual or constructive notice of its unrepresented interest…"); *see also Heartwood, Inc. v. U.S. Forest Serv., Inc.*, 316 F.3d 694, 701

(7th Cir. 2003) ("The relevant inquiry in determining timeliness…[is] on the time between [movant's] knowledge that the suit could impact their interests and the motion to intervene.").

The NYAG was, or, in the exercise of reasonable diligence, should have been aware of the instant litigation when the Complaint was filed on October 16, 2020. *See* ECF Document No. 1. At the very least, the NYAG began investigating this matter in December of 2020, as evidenced by Assistant Attorney General Colleen Faherty's December 22, 2020 email attesting to same. *See* NYAG Email, annexed hereto as Exhibit A. However, the NYAG failed to seek intervention until *135 days later*, after the parties had already engaged in significant motion practice, set discovery deadlines, and commenced the discovery process. Indeed, the NYAG's lack of diligence is exemplified by the fact that it erroneously, concededly, and prejudicially miscited the robocall at issue, thus repeating the *same error* originally made by Plaintiffs, and further compounding the harm caused by same. *See* ECF Docket No. 98. The NYAG should not be rewarded for its patent lack of diligence and disregard for Defendants' due process rights.

### B. The NYAG Has Failed to Identify Any Interest in this Litigation.

To intervene as of right, a movant must have a "direct, substantial, and legally protectable" interest in the litigation. *See Person v. N.Y. State Bd. of Elec.*, 467 F.3d 141, 144 (2d Cir. 2006). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Washington Electric Coop. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990).

The NYAG's so-called "strong interest" is predicated on Defendants' purported efforts to "discourage mail-in-voting" (which, without conceding that Defendants engaged in this conduct, is undisputedly constitutionally protected political speech) that is "the type of persistent fraud and illegality New York's Executive Laws have empowered the NYAG to prevent." *See* ECF Docket No. 97. The NYAG, however, acknowledges that it does not seek relief against Defendants directly, but rather that it seeks to add additional defendants in order to address purported harms that fall well outside the scope of this litigation. Thus, the NYAG has no interest whatsoever in the instant matter.

### C. The NYAG has failed to articulate how its ability to ensure complete relief would be impeded by a resolution of this matter, or how existing parties cannot represent the NYAG's interests.

The NYAG has failed to articulate why its intervention is necessary here, but rather has alleged only that "*by contrast*, the NYAG seeks broad injunctive, declaratory, and other relief *that would additionally address the specific telecom provider—Message Communications and its owner, Robert Mahanian…*" *See* ECF Docket No. 97. Thus, the NYAG acknowledges, albeit tacitly, that it has no enforcement interest of any kind in this case or against any of the named Defendants. To the extent that the NYAG seeks relief against Message Communications and



Robert Mahanian, it can and should simply file a separate action. Indeed, the NYAG does not dispute this or even claim that it would be prejudiced by filing a separate action, but instead contends that a parallel lawsuit could result in "overlapping legal rulings and remedial orders." This is insufficient.

And although *some* of the legal and factual issues might overlap, many will not. Therefore, the risk of prejudice faced by Defendants resulting from a jury inevitably conflating these legal and factual distinctions far outweighs any alleged burden on the NYAG, whose considerable resources vastly exceeds those of Defendants.

Nor would the NYAG's enforcement interests by served by its intervention here. Although the NYAG broadly proclaims that it seeks to "cure the effects of Defendants' discriminatory conduct", it fails to specify how its belated intervention will achieve this goal or even what the nature of these alleged "effects" are. *See* ECF Docket No. 97. Insofar as there has been no evidence or allegation that additional robocalls were made after this lawsuit was filed—particularly in light of Your Honor's injunction prohibiting same—the NYAG's intervention at this juncture would serve no genuine or legitimate purpose and is purely—and obviously—political. This undermines and vitiates the NYAG's purported goal of "safeguarding the rights of New Yorkers who are threatened by unlawful voter intimidation", while rendering any prospective remedies entirely speculative.

II. **The NYAG Is Not Entitled to Intervene as of Right Pursuant to FRCP24(a)(2).**

For the foregoing reasons, the NYAG is not entitled to permissive intervention under Fed. R. Civ. P. 24(b)(1)(B). Not only has the NYAG failed to satisfy the criteria outlined in Section I, *supra*, but its alleged recourse is entirely distinct from the circumstances of this case and, therefore, better suited for a separate legal action. Because the NYAG's intervention would unduly prejudice Defendants, it should be denied as a matter of law.

                Respectfully Submitted,
                /s/ *David M. Schwartz*
                /s/ *Randy E. Kleinman*

cc: All counsel of record (via ECF)