

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

EXECUTIVE DIVISION  
212.416.6046

May 13, 2021

*By Electronic Submission*  
Honorable Victor Marrero  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, NY 10007

Re:   *National Coalition on Black Civic Participation, et al. v. Jacob Wohl, et al.*,  
SDNY Case No. 20 Civ. 8668 (VM)(OTW)

Dear Judge Marrero:

The People of the State of New York, through the Office of the Attorney General (NYAG), respectfully submit this brief reply to address two mischaracterizations in Defendants' response to our request to intervene. D.E. 99.

First, Defendants assert that the NYAG does not seek relief directly against them but only against the additional defendants named in our proposed complaint. *Id.* at 2–3. Not true. Each of NYAG's proposed causes of action are alleged against Defendants here—and we seek remedies above and beyond those already demanded in this litigation. D.E. 98-1. For example, under N.Y. Civil Rights Law §§ 40-c and 40-d, we seek fines of approximately $2,750,000 for Defendants' 5,500 instances of voter intimidation. *Id.* at ¶¶ 113–19. And under N.Y. Exec. Law § 63(12), we seek "restitution, disgorgement, and injunctive relief" against Defendants personally and their business interests for their pattern of persistent illegality. *Id.* at ¶¶ 130–42. The NYAG has a strong interest in using its unique authority to protect New York residents from unlawful voter intimidation, and to ensure its quasi-sovereign interests are enforced.

Second, Defendants assert that NYAG has unjustifiably delayed in filing this intervention, but any delay is attributable to Defendants' own failure to comply with lawful process. As identified in our pre-motion letter, NYAG has been investigating this case under the New York Executive Law, including by serving pre-filing subpoenas. After counsel refused service of certain subpoenas from this Office, *see* ECF No. 99-1 at Ex. A, the NYAG effected proper service through process agents, which Defendants Wohl, Burkman, and Burkman and Associates then ignored. After waiting in vain for a response, NYAG brought this intervention request in part to avoid further delay that would result from protracted subpoena compliance proceedings.

Hon. Victor Marrero
Page 2 of 2
May 13, 2021

      The NYAG respectfully requests that the Court grant its motion for intervention.

                Sincerely,

                */s/ Colleen K. Faherty*
                Colleen K. Faherty
                Assistant Attorney General
                Colleen.Faherty@ag.ny.gov

Encl.
cc: Counsel of record (via ECF and e-mail)