USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: May 28, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
NATIONAL COALITION ON BLACK CIVIC   :
PARTICIPATION, et al.,              :
                                    :
                    Plaintiffs,     :    20 Civ. 8668 (VM)
                                    :
     - against -                    :    **DECISION AND ORDER**
                                    :
JACOB WOHL, et al.,                 :
                                    :
                    Defendants.     :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

Plaintiffs National Coalition on Black Civic Participation ("NCBCP"), Mary Winter, Gene Steinberg, Nancy Hart, Sarah Wolff, Karen Slaven, Kate Kennedy, Eda Daniel, and Andrea Sferes (collectively, "Plaintiffs") filed this action against defendants Jacob Wohl ("Wohl"), Jack Burkman ("Burkman"), J.M. Burkman & Associates, LLC ("J.M. Burkman & Associates"), Project 1599, and John and Jane Does 1 through 10 (collectively, "Defendants"). Plaintiffs allege that Defendants sent robocalls containing false information intended to scare recipients from voting by mail, in violation of Section 11(b) of the Voting Rights Act ("VRA"), 52 U.S.C. § 10307(b), and Section 2 of the Ku Klux Klan Act ("KKK Act"), 42 U.S.C. § 1985(3). (See Complaint, Dkt. No. 1.)

Now before the Court is a motion and memorandum of law, submitted pro se by Towaki Komatsu ("Komatsu"), for permissive intervention under Federal Rule of Civil Procedure

1

24(b). ("Motion," Dkt. No. 109.) For the reasons set forth below, the Motion is DENIED.

## I. BACKGROUND

On May 6, 2021, Letitia James, Attorney General of the State of New York ("NY AG") acting on behalf of the People of the State of New York, submitted a letter requesting a premotion conference regarding her anticipated motion to intervene. (See "May 6 Letter," Dkt. No. 92.) On May 19, 2021, the Court construed the NY AG's letter as a motion to intervene and granted the motion.

On May 22, 2021, the instant Motion was filed by Komatsu. Komatsu seeks intervention to challenge what Komatsu describes is the NY AG's selective enforcement of voting rights laws and alleged misconduct in connection with the 2017 New York City government elections. Komatsu has separately brought suit against various defendants alleging misconduct surrounding this 2017 election. See Komatsu v. City of New York, No. 18 Civ. 3698 (S.D.N.Y. filed April 26, 2018).

## III. DISCUSSION

The Court is not persuaded that permissive intervention is appropriate here. Under Rule 24(b), the court may permit a timely application to intervene where the moving party "has a claim or defense that shares with the main action a common

2

question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "Permissive intervention is wholly discretionary with the trial court." Rosado v. Pruitt, No. 17 Civ. 4843, 2018 WL 262835, at *3 (E.D.N.Y. Jan. 2, 2018) (internal quotation marks omitted) (quoting U.S. Postal Serv. v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978)).

Komatsu has not identified any claim or defense he wishes to assert that shares a common question of law or fact with the main action. Komatsu's allegations lack any connection to the robocalls at issue in the instant suit, or even the 2020 presidential election. The NY AG's conduct that Komatsu complains of pertains only to the 2017 New York City government election and its aftermath. Komatsu instead argues that a "claim that I have that shares with this action a common question of law and perhaps fact is about the qualifications that the NY AG actually lacks and instead pretends to have that should have been a prerequisite that it needed to meet and prove it possessed in order to have been granted authorization to intervene in this case." (Motion at 110 ¶ 86.) But the NY AG's qualifications are not remotely relevant to the main action, which relates solely to Defendants' alleged conduct in issuing robocalls in connection with the 2020 presidential election. Therefore,

3

Komatsu's claims and the main action lack a common question of law or fact, and permissive intervention is unwarranted.

## II. ORDER

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that the motion filed by Towaki Komatsu to intervene in this action (Dkt. No. 109) is **DENIED.**

**SO ORDERED.**

Dated:   New York, New York
         28 May 2021

_____
Victor Marrero
U.S.D.J.