UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL COALITION ON BLACK CIVIC PARTICIPATION, MARY WINTER, GENE STEINBERG, NANCY HART, SARAH WOLFF, KAREN SLAVEN, KATE KENNEDY, EDA DANIEL, and ANDREA SFERES, | Civil Action No. 20-cv-8668 |
| Plaintiffs, | |
| -and- | **DEFENDANTS' ANSWER TO COMPLAINT IN INTERVENTION** |
| People of the STATE OF NEW YORK, by its attorney general, LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK | |
| Plaintiff-Intervenor, | |
| v. | |
| JACOB WOHL, JACK BURKMAN, J.M. BURKMAN & ASSOCIATES, LLC, PROJECT 1599, MESSAGE COMMUNICATIONS, INC., and ROBERT MAHANIAN, | |
| Defendants. | |

Defendants, JACOB WOHL ("Wohl"), JACK BURKMAN ("Burkman"), J.M. Burkman & Associates, LLC ("JMB Associates"), Project 1599 ("1599") (collectively, referred hereinafter as "Defendants"), by and through their attorneys, Gerstman Schwartz LLP, hereby submit their Answer and Affirmative Defenses to the Complaint filed by Plaintiff-Intervenor People of the State of New York, by its Attorney General, Letitia James, Attorney General of the State of New York, as follows:

## PRELIMINARY STATEMENT

1.  The allegations contained in Paragraph 1 of the Complaint constitute legal conclusions and questions of law to be determined solely by the Court and, therefore, no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint. Notwithstanding the foregoing, "deception" is not an element to any of the acts at issue in the instant action. Upon information and belief, there is no law that states "all eligible voters have the right to vote unimpeded by deception"[1].

2.  Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.  Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.  Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.  Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.  Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9.  The allegations contained in Paragraph 9 of the Complaint constitute legal conclusions and questions of law to be determined solely by the Court and, therefore, no response is required. To

---

[1] Senate Bill S-5758A from the 2019/2020 legislative session seeks to impose such a requirement. It would prohibit deceptive practices and "the suppression of voters" but, upon information and belief, to date, this bill has not been enacted into law.

the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. The allegations contained in Paragraph 10 of the Complaint constitute legal conclusions and questions of law to be determined solely by the Court and, therefore, no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. The allegations contained in Paragraph 11 of the Complaint constitute legal conclusions and questions of law to be determined solely by the Court and, therefore, no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

## **PARTIES**

12. The allegations contained in Paragraph 12 of the Complaint constitute legal conclusions and questions of law to be determined solely by the Court and, therefore, no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, except admit that Plaintiff-Intervenor is the People of the State of New York, by its attorney, Letitia James, Attorney General of the State of New York.

13. The allegations contained in Paragraph 13 of the Complaint constitute legal conclusions and questions of law to be determined solely by the Court and, therefore, no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. The allegations contained in Paragraph 14 of the Complaint constitute legal conclusions and questions of law to be determined solely by the Court and, therefore, no response is required.

To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. The allegations contained in Paragraph 15 of the Complaint constitute legal conclusions and questions of law to be determined solely by the Court and, therefore, no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendants admit that Jacob Wohl ("Wohl") is a resident of Los Angeles, California and a businessperson, but deny the remaining allegation is Paragraph 16 that he is a "conspiracy theorist."

17. Defendants admit that Jack Burkman ("Burkman") is a resident of Arlington, Virginia and a lobbyist, but deny the remaining allegations in Paragraph 17 that he is an "attorney, and conspiracy theorist."

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, except admit that Defendant J.M. Burkman & Associates, LLC ("Burkman & Associates") is a lobbying firm founded by Burkman, with its headquarters located at 1530 Key Blvd., Apt. 1222, Arlington, Virginia.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

## FACTUAL BACKGROUND

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint regarding discussing "their goal of interfering with the upcoming election", but admit to commentary on "this boring election."

35. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations Contained in Paragraph 49 of the Complaint that "Wohl and Burkman—[are] two individuals known for spreading conspiracy theories and other disinformation", and further deny knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 49.

50. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint stating that Wohl and Burman "direct[ed] the robocall message to specific communities based on race", and further deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63.

64. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint.

65. The allegations contained in Paragraph 65 of the Complaint constitute legal conclusions and questions of law to be determined solely by the Court and, therefore, no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint's characterization of "Defendants' illegal robocall", and further deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66.

67.  Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

69. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendants, upon information and belief, admit the allegations contained in Paragraph 73 of the Complaint.

74. Defendants admit the allegations contained in Paragraph 74 of the Complaint that "Plaintiffs in this case sought a temporary restraining order and preliminary injunction", but deny the remaining allegations contained in Paragraph 74.

75. Defendants admit the allegations contained in Paragraph 75 of the Complaint.

76. The allegations contained in Paragraph 76 of the Complaint constitute legal conclusions and questions of law and fact to be determined solely by the Court and/or the trier of fact and, therefore, no response is required. To the extent a response is required, Defendants admit that a hearing was held on October 26, 2020, in which Defendants appeared *pro se*, but deny Plaintiff-Intervenor's interpretation thereof.

77. The allegations contained in Paragraph 77 of the Complaint constitute legal conclusions and questions of law and fact to be determined solely by the Court and/or the trier of fact and, therefore, no response is required. To the extent a response is required, Defendants admit that a hearing was held on October 26, 2020, in which Defendants appeared *pro se*, but deny Plaintiff-Intervenor's interpretation thereof.

78. Defendants admit the allegations contained in Paragraph 78 of the Complaint.

79. Defendants admit the allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint.

## CAUSES OF ACTION

### COUNT I
### Violation of Section 11(b) of the Voting Rights Act of 1965
### (Against All Defendants)

90. Defendants repeat and reiterate each and every response to the allegations contained in Paragraphs 1 through 89 with the same force and effect as though fully set forth herein.

91. The allegations contained in Paragraph 91 of the Complaint constitute legal conclusions and questions of law to be determined solely by the Court and, therefore, no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of the Complaint.

## COUNT II
### Violation of Section 2 of the Ku Klux Klan Act
### (Against All Defendants)

97. Defendants repeat and reiterate each and every response to the allegations contained in Paragraphs 1 through 96 with the same force and effect as though fully set forth herein.

98. The allegations contained in Paragraph 98 of the Complaint constitute legal conclusions and questions of law to be determined solely by the Court and, therefore, no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100.   Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101.  Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102.  Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103.  Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.  Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105.  Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106.  Defendants deny the allegations contained in Paragraph 106 of the Complaint.

## COUNT III
### Violation of Section 131(b) of the Civil Rights Act of 1957
### (Against Defendants Wohl, Burkman, Project 199, and Burman & Associates)

107. Defendants repeat and reiterate each and every response to the allegations contained in Paragraphs 1 through 106 with the same force and effect as though fully set forth herein.

108.  The allegations contained in Paragraph 108 of the Complaint constitute legal conclusions and questions of law to be determined solely by the Court and, therefore, no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint.

109.  Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110.  Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111.  Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112.  Defendants deny the allegations contained in Paragraph 112 of the Complaint.

**COUNT IV**
**Violation of Section 40-c and 40-d of the New York Civil Rights Law**
**(Against all Defendants)**

113.  Defendants repeat and reiterate each and every response to the allegations contained in Paragraphs 1 through 112 with the same force and effect as though fully set forth herein.

114.  The allegations contained in Paragraph 114 of the Complaint constitute legal conclusions and questions of law to be determined solely by the Court and, therefore, no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint.

115.  The allegations contained in Paragraph 115 of the Complaint constitute legal conclusions and questions of law to be determined solely by the Court and, therefore, no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint.

116.  Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117.  Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118.  Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119.  Defendants deny the allegations contained in Paragraph 119 of the Complaint.

**COUNT V**
**Violation of Section 9 of the New York Civil Rights Law**
**(Against Defendants Wohl, Burkman, Project 199, and Burman & Associates)**

120.   Defendants repeat and reiterate each and every response to the allegations contained in Paragraphs 1 through 119 with the same force and effect as though fully set forth herein.

121.   The allegations contained in Paragraph 121 of the Complaint constitute legal conclusions and questions of law to be determined solely by the Court and, therefore, no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint.

122.   Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123.   Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124.   Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125.   Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126.   Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127.   Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128.   Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129.   Defendants deny the allegations contained in Paragraph 129 of the Complaint.

**COUNT VI**
**Violation of Section 63(12) of the New York Executive Law**
**(Against all Defendants)**

130.   Defendants repeat and reiterate each and every response to the allegations contained in Paragraphs 1 through 129 with the same force and effect as though fully set forth herein.

131.   The allegations contained in Paragraph 131 of the Complaint constitute legal conclusions and questions of law to be determined solely by the Court and, therefore, no response is required.

To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Complaint.

132. The allegations contained in Paragraph 132 of the Complaint constitute legal conclusions and questions of law to be determined solely by the Court and, therefore, no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Complaint.

133. The allegations contained in Paragraph 133 of the Complaint constitute legal conclusions and questions of law to be determined solely by the Court and, therefore, no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Complaint.

134. The allegations contained in Paragraph 134 of the Complaint constitute legal conclusions and questions of law to be determined solely by the Court and, therefore, no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint.

135. Defendants deny the allegations contained in Paragraph 135 of the Complaint.

136. Defendants deny the allegations contained in Paragraph 136 of the Complaint.

137. Defendants deny the allegations contained in Paragraph 137 of the Complaint.

138. Defendants deny the allegations contained in Paragraph 138 of the Complaint.

139. Defendants deny the allegations contained in Paragraph 139 of the Complaint.

140. Defendants deny the allegations contained in Paragraph 140 of the Complaint.

141. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Complaint.

142. Defendants deny the allegations contained in Paragraph 142 of the Complaint.

143.  Defendants deny the allegations contained in Paragraph 143 of the Complaint.

144.  Defendants deny the allegations contained in Paragraph 144 of the Complaint.

145.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of the Complaint.

146.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have suffered no damages and/or have failed to mitigate their damages, if any.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs failed to join a necessary party.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the damages, whether statutory or otherwise, are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of abuse of process.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that they violate Defendants' First Amendment Rights guaranteed to them under the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of consent.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that any damages allegedly sustained by Plaintiffs are the proximate result of the acts and/or omissions of independent third parties over which Defendants exercised no control.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because at all times Defendants acted in good faith and in a commercially reasonable and lawful manner.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of *de minimis non curat lex,* as any damages allegedly suffered by Plaintiffs have been *de minimis*.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs lack standing to bring this suit.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the matter is moot.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because 42 U.S.C. § 1985(3) is vague and overbroad and therefore unconstitutional.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendants are not "…person[s], whether acting under color of law or otherwise…" pursuant to 52 U.S.C. § 1037(b) (formerly codified as 42 U.S.C. § 1973i(b)).

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because 52 U.S.C. § 1037(b) (formerly codified as 42 U.S.C. § 1973i(b) is vague and overbroad and therefore unconstitutional.

## TWENTIETH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action asserted therein, is barred in whole or in part by Defendants' constitutional Fifth Amendment privilege against self-incrimination. The Fifth Amendment privilege protects the person asserting the privilege from compelled self-incrimination. *See, e.g.*, *United States v. Doe*, 465 U.S. 605, 610 (1984); *Fisher v. United States*, 425 U.S. 391, 396 (1976).  It is beyond cavil that the shield of the Fifth Amendment, though framed in terms of a criminal defendant, extends to protect a litigant in the civil arena. *See United States v. 4003-4005 5th Ave.*, 55 F.3d 78, 80 (2d Cir. 1995) (emphasis supplied) ("While U.S. Const. amend. V states only that no person shall be compelled in any criminal case to be a witness against himself, there is no question that an individual is entitled to invoke the privilege against self-incrimination during a civil proceeding. And this means that a civil litigant may legitimately use the U.S. Const. amend. V to avoid having to answer inquiries during any phase of the discovery process."). It is well-settled that the constitutional privilege against self-incrimination "protects a

mere witness as fully as it does one who is also a party defendant." *McCarthy v. Arndstein*, 266 U.S. 34, 40 (1924). A valid assertion of the Fifth Amendment privilege exists where a "witness has reasonable cause to apprehend danger [of incrimination] from a direct answer." *Hoffman v. United States*, 341 U.S. 479, 486 (1951); *see also United States v. Van Rossem*, 164 F.3d 620, 620 (2d Cir. 1998). "To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Hoffman*, 341 U.S. at 486-87.

      **WHEREFORE**, Defendants respectfully request judgment as follows:

a. That this action be dismissed with prejudice;

b. That Defendants recover costs of suit and attorneys' fees reasonably incurred; and

c. For such other relief this Court may deem just and proper.

Dated: Garden City, New York
      June 15, 2021

                **GERSTMAN SCHWARTZ, LLP**
                By: */s/ David M. Schwartz*
                    David M. Schwartz, Esq.
                    Randy E. Kleinman, Esq.
                    1399 Franklin Avenue, Suite 200
                    Garden City, New York 11530
                    Tel. No.: (516) 880 – 8170
                    dschwartz@gerstmanschwartz.com
                    rkleinman@gerstmanschwartz.com
                    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 15th day of June, 2021, a true and correct copy of the foregoing

Answer was filed electronically. Notice of this filing will be electronically served on all counsel

of record through the Court's CM/ECF system.


Dated: Garden City, New York
        June 15, 2021

                                        By:    /s/ Randy E. Kleinman_____
                                               Randy E. Kleinman