# THE LAW OFFICE OF RUSSELL D. MORRIS PLLC

11 BROADWAY<br>
SUITE 615<br>
NEW YORK, NY 10004<br>
<br>
TEL: (212) 380-1619<br>
FAX: (212) 380-3326

<u>Via CM/ECF and Via E-Mail</u>

July 26, 2021

Colleen K. Faherty, Esq.
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, NY  10005

Re:     <u>National Coalition on Black Civic Participation v. Wohl</u>
          (S.D.N.Y. No. 20-cv-08668-VM)

Dear Ms. Faherty:

      Defendants Robert Mahanian and Message Communications, Inc. (collectively, "Message Communications") have retained this Firm in the above-named action.  I write to you, pursuant to Rule II(B)(1) of Judge Marrero's Individual Practices, to address the reasons why the Complaint in Intervention filed by the Attorney General's Office should be dismissed with respect to the claims asserted against Message Communications.

      As your Office may know from its investigation, Message Communications provides a low-cost internet platform at www.messagecommunications.com.  The platform allows users to broadcast prerecorded messages via voice over internet protocol ("VoIP").  Users of the Message Communications platform have included religious and civic groups and politicians across the political spectrum.  Users create and upload their own message to the website and manage their own calls from the platform.  Message Communications does not vet or otherwise screen the messages uploaded by users.

      In late June 2019, Jack Burkman and Jacob Wohl contacted Message Communications to set up an account and paid $150.  In 2020, Burkman and Wohl pre-paid an additional $2,000 to Message Communications (two payments of $1,000 each).  Thereafter, on August 26, 2020, Burkman and Wohl proceeded to send out their recorded messages that are the subject of this lawsuit.  On August 27, 2020, Message Communications received a "traceback," indicating potentially problematic activity.  The same day, within an hour of receiving the traceback notice, Message Communications decided, unilaterally, to terminate Burkman and Wohl's access to the platform.

      Your Office apparently contends Message Communications was obligated from the start to pre-screen the content of Burkman and Wohl's message in order to ensure that all

Colleen K. Faherty, Esq.
July 26, 2021
Page 2

outgoing messages complied with federal law. Your Office contends this obligation to pre-screen arises from section 227(d) of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227(d). Respectfully, Section 227(d) does <u>not</u> require Message Communications to pre-screen messages.

In fact, Section 227(d) governs the use of an Automatic Telephone Dialing System ("ATDS") and provides that it is unlawful "for any person . . . to make any telephone call using any automatic telephone dialing system, that does not comply with the technical and procedural standards prescribed under this <u>subsection</u>." 47 U.S.C. § 227(d)(1) (emphasis added). <u>See</u> also <u>Ashland Hosp. Corp. v. Serv. Emps. Int'l Union, Dist. 1199 WV/KY/OH</u>, 708 F.3d 737, 745 (6th Cir. 2013) ("the plain language of § 227(d) applies the mandatory standards to any call made 'using any automatic telephone dialing system.'"); <u>Maryland v. Universal Elections</u>, 787 F. Supp. 2d 408, 413 (D. Md. 2011) ("All calls made using an 'automatic telephone dialing system,' not just calls made for a commercial purpose, must satisfy § 227(d).").

Earlier this year, the United States Supreme Court clarified the definition of an ATDS: "To qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." <u>Facebook, Inc. v. Duguid</u>, 141 S. Ct. 1163, 1167 (2021).

The Complaint in Intervention does not allege that Message Communications uses an ATDS. Nor could it do so in good faith. Message Communications does <u>not</u> utilize an ATDS. <u>See</u>, e.g., <u>Barry v. Ally Fin., Inc.</u>, No. 20-12378, 2021 WL 2936636, at *7 (E.D. Mich. July 13, 2021) ("[T]he Court finds that Plaintiff's Complaint fails to plausibly plead that Defendant's dialing system used a random or sequential number generator to make calls to her, or even any facts that infer that the system had the capacity to make such calls, and therefore dismisses Plaintiff's Complaint with prejudice." (emphasis omitted)).

Moreover, the Complaint in Intervention alleges entirely the opposite: that the recipients of the calls in this case were <u>intentionally</u> targeted and were not called by a random number generator. (See, e.g., Complaint in Intervention ¶¶ 86, 141, 142.) <u>See</u> <u>Duguid v. Facebook, Inc.</u>, No. 15-CV-00985-JST, 2017 WL 635117, at *4 (N.D. Cal. Feb. 16, 2017) ("where a plaintiff's own allegations suggest direct targeting that is inconsistent with the sort of random or sequential number generation required for an ATDS, courts conclude that the allegations are insufficient to state a claim for relief under the TCPA" (internal quotes and cites omitted)), <u>rev'd and remanded</u>, 926 F.3d 1146 (9th Cir. 2019), <u>rev'd and remanded</u>, 141 S. Ct. 1163, 209 L. Ed. 2d 272 (2021). Accordingly, Section 227(d) of the TCPA – the purported underpinning of the claims against Message Communications – supports no such claim.

Second, the very premise of the allegations in the Complaint in Intervention is that the contents of the recorded message from Burkman and Wohl should be imputed to Message Communications as the platform provider. This premise is separately barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1). Section 230 provides

Colleen K. Faherty, Esq.
July 26, 2021
Page 3

that no "provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." Id. The policy reason for this is simple: the messenger may not be shot for the contents of the message. (Had Burkman and Wohl sent their messages by next day delivery, your Office would not have filed a case against UPS or FedEx.)

The Message Communications website is a provider of an "interactive computer service" ("ICS"). The website "enables computer access by multiple users to a computer server." See 47 U.S.C. § 230(f)(2) (defining "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server"); see also Batzel v. Smith, 333 F.3d 1018, 1030 n. 16 (9th Cir. 2003) (recognizing that courts have concluded that a website meets the definition of an "interactive computer service") (superseded by statute on other grounds). Users of the Message Communications website can log in, upload an audio file and – for a fee – broadcast that message to others over VoIP.

The recorded messages uploaded by Burkman and Wohl to the Message Communications website are "information" that originated from "another content provider." The content here was from Burkman and Wohl, not Message Communications. See 47 U.S.C. § 230(f)(2); see also Chicago Lawyers' Comm. For C.R. Under The L., Inc. v. Craigslist, Inc., 461 F. Supp. 2d 681, 688 (N.D. Ill. 2006) ("Near-unanimous case law holds that Section 230(c) affords immunity to ICSs against suits that seek to hold an ICS liable for third-party content."). A platform such as Message Communications cannot be held liable as the speaker for such third-party content published by Burkman and Wohl. See id. at 699 ("Because to hold Craigslist liable . . . would be to treat Craigslist as if it were the publisher of third-party content, the plain language of Section 230(c)(1) forecloses [the] cause of action.").

Respectfully, for these reasons, the claims against Message Communications in the Complaint in Intervention are fatally defective and should be dismissed.

Very truly yours,

Russell D. Morris

cc. Hon. Victor Marrero (via CM/ECF)
    David B. Felsenthal, Esq., Los Angeles, California (via e-mail)