

August 3, 2021

**VIA ECF**

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000
**orrick.com**

**Aaron J. Gold**

**E** aaron.gold@orrick.com
**D** +1 212 506 5179
**F** +1 212 506 5151

Re:   _National Coalition on Black Civic Participation et al._ v. _Wohl et al._, No. 20-cv-8668

Dear Judge Marrero:

Pursuant to Rule III of the Court's Individual Practices, the private Plaintiffs and the Defendants in the above-referenced action submit this joint letter concerning disagreements over requests included in Plaintiffs' First Set of Requests for Production of Documents to Defendants (the "Requests"). (_See_ Ex. A.) Plaintiffs served the Requests on March 9, 2021. Defendants served their responses and objections on April 29, 2021 (the "Responses"). (_See_ Ex. B.) Plaintiffs disagreed with Defendants' Responses and informed them by letter on May 14, 2021. (_See_ Ex. C.) Defendants replied on May 17, 2021. (_See_ Ex. D.) The parties met and conferred on June 4, 2021. The parties' positions remain materially unchanged and seek resolution from the Court.

**I.     Plaintiffs' Position.**

Plaintiffs request that this Court order Defendants to produce documents responsive to Requests No. 3, 5, 6, 7, 10, 11, 12, 13, 16, 17, 18, 19, 20.[1]

**A.     The Fifth Amendment Privilege Against Self-Incrimination Does Not Apply to Any Requested Documents.**

Defendants' invoke and primarily rely on the Fifth Amendment to evade Requests No. 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 18, and 20,[2] yet this Court already explained that "there [is] no Fifth Amendment protection for the contents" of "documents voluntarily prepared prior to the issuance of a summons" because they are "not compelled testimony." (ECF No. 77 at 9–10 (quoting _United States_ v. _Fridman,_ 974 F.3d 163, 174 (2d Cir. 2020)).) Each of these Requests seek documents

---

[1] Plaintiffs reserve their rights to seek the Court's view on remaining Requests as the needs of the action require.

[2] Request No. 20 seeks, in part, all documents "produced by the government . . . in all criminal proceedings commenced against Defendants" (Ex. A at 9–10), production of which cannot be "testimonial" under the Fifth Amendment.

created before March 8, 2021; they are not testimonial and Defendants therefore must produce responsive documents in their possession.

Both Plaintiffs and the Court *know* that responsive documents exist.  For example, Request No. 3 ("Documents concerning Defendants' plan(s) or attempt(s) to interfere with or otherwise affect the outcome of the 2020 election") and Request No. 7 ("Documents Concerning the Robocalls").  (*See* Ex. A at 6.)  Defendants admitted before this Court that they orchestrated the Robocall campaign.  (*See* ECF No. 53 at 12:23–19:13 ("THE COURT: You don't deny that you caused this call to be made and that you -- MR. BURKMAN: No."); ECF No. 38 at 59 ("Both Wohl and Burkman have admitted to participating in the creation and distribution of the robocall message.").)  Plaintiffs' October 30, 2020 letter attached various emails (reattached here as Ex. E) that Defendants sent to each other both planning the Robocall campaign and subsequently gloating over it.  (*See* ECF No. 46 at 2.) (recounting text from Defendants' own Gmail accounts concerning their plot to "HIJACK" the "boring" 2020 Presidential Election).  Those emails were produced by Google, in response to a search warrant, accompanied by a sworn affidavit from the records custodian at Google, confirming the emails' authenticity.  (*See* Ex. F at 1.) The Fifth Amendment does not shield these documents from production.

### B.    Defendants' Response to Request No. 12 Is Inadequate.

Request No. 12 seeks "[a]ll [d]ocuments [c]oncerning the Defendants' assertion that the 'Statement [of the Robocalls] does not target the Black community[,]' as claimed in [Defendants'] December 2, 2020 letter filed with the court at ECF No. 62."  (*See* Ex. A at 8.)  Defendants responded: "the records produced pursuant to Court Order for the purposes of the corrective call are devoid of any indication of racial qualifiers whatsoever" and referred to their response to Request No. 8, and the list of phone numbers from their incomplete production.  (*See* Ex. B at 17.)  This assertion  is non-responsive because (i) Request No. 12 plainly seeks information regarding Defendants' robocall campaign, not the Court-ordered curative call, and (ii) Defendants' own emails prove that the robocall targeted blacks.  (*See* Ex. E ("We should send it to black neighborhoods" and that the "black robo was a great jw idea.").)  Defendants must produce responsive documents.

### C.    Defendants Must Produce Documents Responsive to Request No. 19.

Request No. 19 seeks documents concerning "the Arlington Center for Political Intelligence" (the "ACPI"). (See Ex. A at 9.)  As reported in the news media, Defendant Jacob Wohl, created the ACPI, an ostensible "political intelligence and advocacy organization." (*See* Ex. G at 2.)  ACPI's fundraising documents outline its aim to "make shit up," such as "sensational, extreme, scandalous, trending, or hate triggering" and directly states an intention to (i) "[b]uild up left-wing online properties with large following, only to have those properties direct followers to NOT vote come election day," and (ii) "Run[] Agents of Penetration Inside Democrat Campaigns." (See Ex. G at 2–3, 7–10.)  Defendants' Responses do not deny that responsive documents exist. (See Ex. B at 22.)  These materials are probative of Mr. Wohl's intent when orchestrating the Robocall campaign and Plaintiffs are entitled to any documents "that bear[] on,

or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *See Shukla* v. *Deloitte Consulting LLP*, 2021 WL 2418841, at *2 (S.D.N.Y. June 14, 2021). As is plain from publicly available information indicating that Mr. Wohl created the ACPI, Mr. Wohl "ha[s] the right, authority, or practical ability to obtain the documents" responsive to Request No. 19, and thus Defendants must produce them.  *See Gruss* v. *Zwirn*, 296 F.R.D. 224, 230 (S.D.N.Y. 2013).

> ### D.    Defendants Stance That No Responsive Documents Exist for Various Requests Are Not Credible.

Defendants' position that there are "no documents responsive" to Requests No. 3, 5, 10, 16, or 17, are inaccurate, undermined by publicly available information, or contradicted by other responses.  Emails submitted to this Court prove there are documents responsive to Request No. 3 (documents concerning Defendants attempts "to interfere with or otherwise affect the outcome of the 2020 election").  *See supra* at 1–2.  Moreover, Defendants do not deny existence of documents responsive to Request No. 7, which also encompasses information sought in Request No. 3.  *Id.* The ACPI fundraising documents—outlining plans to "make shit up" such as "planting stories in mainstream and alternative media outlets"—demonstrate responsive documents exist for Requests No. 5 (documents concerning their attempts "to discredit Democrats in the 2020 election with lies and other disinformation"), Request No. 16 (documents concerning "any fundraising efforts Defendants undertook in connection with the . . . 2020 election[]), and Request No. 17 (documents concerning "any financial contributions Defendants received in connection with activities related to the . . . or 2020 election[].") (*See* Ex. A at 5, 8–9.)   Given this confirmation that responsive material exists, Defendants' denial that such documents exist is not credible.  Plaintiffs are entitled to these documents as well.

## II.    Defendants' Position.

Plaintiffs object to Defendants' responses to Requests numbers 3, 5, 6, 7, 10, 11, 12, 13, 16, 17, 18, 19, and 20; however, these Requests seek documents that either do not exist or the disclosure of which would violate Defendants Wohl and Burkman's Fifth Amendment privilege against self-incrimination. *See United States v. 4003-4005 5th Ave.*, 55 F.3d 78, 80 (2d Cir. 1995) (emphasis supplied) ("While U.S. Const. amend. V states only that no person shall be compelled in any criminal case to be a witness against himself, there is no question that an individual is entitled to invoke the privilege against self-incrimination during a civil proceeding. And this means that a civil litigant may legitimately use the U.S. Const. amend. V to avoid having to answer inquiries during any phase of the discovery process.").

As an initial matter, as Defendants stated in their Responses, there are no documents responsive to Requests 3, 5, 10, 16, 17, and 18. Ex. B. Defendants once again confirmed this point during the parties' meet and confer on June 4, 2021. That Plaintiffs are apparently dissatisfied with this result is unfortunate; however, it does not change the fact that Defendants cannot provide what Defendants do not have.

Moreover, as this Court is aware, Defendants Wohl and Burkman are currently facing criminal proceedings in two different states; namely, *State of Michigan v. Burkman and Wohl*, No. 20-004637 FH (Wohl) 20-004636 FH (Burkman), (Mich. Cir. Ct., Wayne County 2021), and *State of Ohio v. Burkman and Wohl*, No. 654013-20-CR (Ohio Criminal Division, Cuyahoga County, 2021) (collectively, the "Criminal Proceedings"), which arise from the same facts as the instant matter. To this end, Requests numbers 3, 5, 6, 7, 10, 11, 12, 13, 18, and 20 each seek documents and information that might undermine Defendants Wohl and Burkman's privilege against self-incrimination and, consequently, their ability to equitably—and therefore adequately—defend the criminal charges.

For example, Request number 3 seeks "[a]ll Documents Concerning Defendants' plan(s) or attempt(s) to *interfere with* or otherwise affect the outcome of the 2020 election." Ex. A. Notwithstanding that this Request is vague and ambiguous as to which "2020 election" Plaintiffs are requesting documents about, the term "interfere with" (in addition to also being vague and ambiguous) in this context would require Defendants Wohl and Burkman to provide documents in this civil matter that would necessarily inculpate them in the Criminal Proceedings. Indeed, the *intent* of Defendants Wohl and Burkman to commit the charged acts is a critical element the respective prosecutors must prove in order to obtain convictions in the Criminal Proceedings. Thus, assuming, *arguendo*, that such documents exist (they do not) and Defendants Wohl and Burkman were required to provide them, doing so would be tantamount to an admission and therefore a *per se* violation of the Fifth Amendment. Plaintiffs' claims to the contrary are nothing short of risible.[3]

It is axiomatic that the power to compel testimony is not absolute and the Fifth Amendment privilege against compulsory self-incrimination "reflects a complex of our fundamental values and aspirations, and marks an important advance in the development of our liberty. It can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; *and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used*." *Kastigar v. United States*, 406 U.S. 441, 44-45 (1972). Here, Defendants Wohl and Burkman's belief that the requested disclosures can—and will—be used in the Criminal Proceedings is reasonable and their reliance on the Fifth Amendment privilege against self-incrimination is justified. Respectfully, this Court should be "zealous [in] safeguard[ing] the values that underlie the privilege." *Id*. at 445.

In light of the foregoing, Defendants respectfully renew its previous requests for a stay of the instant matter pending the outcome of the Criminal Proceedings and adopts by reference each of the arguments contained therein. [ECF Doc. Nos. 67 and 70]. Recall that Mr. Burkman and Mr. Wohl's criminal attorneys have consistently expressed grave concerns about the constitutional ramifications of such disclosure and have therefore supported our repeated efforts to stay this

---

[3] Similarly, among the myriad of Plaintiffs' improper Requests, another example is Request number 7 which seeks, among other things, "[a]ll Documents Concerning the Robocalls, including, but not limited to: All Documents Concerning the conception and planning of the Robocalls, *including Defendants' intention for initiating the Robocalls*." Ex. A.

matter until the Criminal Proceedings are resolved. We obviously share in these concerns, which have been further compounded by the New York State Attorney General's Office's ("Attorney General") recent intervention as a Plaintiff. *See Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985) ("A stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter, **and is even more appropriate when both actions are brought by the government**.") (Emphasis supplied).

Consonant with Your Honor's Decision and Order dated October 29, 2020, the circumstances detailed herein demonstrate that Defendants' renewed motion for a stay is necessary as the "threat of imposition" is now imminent. [ECF Docket No. 45]. Given the nature and context of Plaintiffs' Requests, along with the Attorney General's participation as a Plaintiff, a failure to defer the instant matter would not only undermine Defendant Wohl and Burkman's Fifth Amendment privilege against self-incrimination, but will improperly "expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." *Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985). "While a stay…may cause some inconvenience and delay to the [Plaintiffs], protection of defendants[s'] constitutional rights against self-incrimination is the more important consideration." *Certain Real Prop. & Premises*, 751 F. Supp 1060, 1063 (E.D.N.Y.) (citations omitted) (alterations in original and supplied). Thus, because a delay in the instant proceedings will not seriously injure the public interest or prejudice the Plaintiffs, a stay is warranted. *Tolkow*, 109 F.R.D. at 116.

Lastly, with regard to Request number 19, Plaintiffs seek "[a]ll Documents Concerning the Arlington Center for Political Intelligence." Ex. A. Defendants object to this Request on the grounds that it is overbroad insofar as it calls for the production of *every single record of a nonparty company*. As such, the Request seeks documents that are neither relevant to the issues in dispute in this action nor reasonably calculated to lead to the discovery of admissible evidence. *See Groper v. David Ellis Real Estate, L.P.*, 2014 WL 518234.

*     *     *

Respectfully submitted,

/s/ *Aaron J. Gold*          /s/ *Randy Kleinman*
Aaron J. Gold          Randy Kleinman

*Counsel for Plaintiffs*          *Counsel for Defendants*

CC:     All counsel of record (via ECF)