# Exhibit C



May 14, 2021

**BY EMAIL**

David M. Schwartz
Randy K. Kleinman
Gerstman Schwartz LLP
1399 Franklin Avenue, Suite 200
Garden City, NY 11530

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000
**orrick.com**

**Aaron J. Gold**

**E** aaron.gold@orrick.com
**D** +1 212 506 5179
**F** +1 212 506 5151

Re:     *National Coalition on Black Civic Participation, et al.* v. *Wohl, et al.*, No. 20-cv-8668

Counsel:

On behalf of Plaintiffs in the above-referenced action, I write to address Defendants' Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents, dated April 29, 2021 (the "Responses"). Defendants are refusing to produce *any* documents in response to *any* of the Requests but one (Request No. 8), and even as to Request No. 8, Defendants' production appears incomplete. As further detailed below, Defendants' Responses are rife with meritless objections and provable inaccuracies.

***First***, Defendants' assertions that "there are no documents" responsive to Request Nos. 1, 3, 4, 5, 9, 10, 16, 17, 18, and 21 are not credible. For instance, my October 30, 2020 letter to the Court attaches copies of emails between Defendants Wohl and Burkman—including those documenting, in Defendants' own words, their plot to "HIJACK" the "boring" 2020 Presidential Election—from their personal Gmail accounts. *See* ECF No. 46 at 2. This email, and others like it, is plainly responsive to Plaintiffs' Request No. 3 seeking: "All Documents Concerning Defendants' plan(s) or attempt(s) to interfere with or otherwise affect the outcome of the 2020 election." Defendants similarly maintain that there are "no documents" responsive to Request No. 5, which seeks documents regarding Mr. Wohl "plotting ways to discredit Democrats in the 2020 election with lies and other disinformation," despite Mr. Wohl's public statements to the contrary.[1] The same media reports disproving your response to Request No. 5 also undermine your assertion regarding Request No. 10, which calls for "[a]ll Documents Concerning any attempts (other than the Robocalls) by Defendants to engage in direct mass communications with potential voters, including but not limited to online advertisements, direct mail campaigns, TV or

---

[1] Christal Hayes and Gus Garcia-Roberts, *This is How Jacob Wohl Created a Sexual Harassment Accusation Against Robert Mueller*, USA Today (Feb. 26, 2019), *available at* http://www.usatoday.com/story/news/politics/2019/02/26/robert-mueller-hoax-how-jacob-wohl-created-sexual-harassment-plot/2993799002/.

radio advertisements, billboard advertisements, call campaigns, or live in-person events." These are merely examples; such inaccuracies pervade Defendants' Responses.

*Second*, Request No. 12 seeks "[a]ll Documents Concerning the Defendants' assertion that the 'Statement [of the Robocalls] does not target the Black community[,]' as claimed in your December 2, 2020 letter filed with the court at ECF No. 62." Your response to this Request states that "the records produced pursuant to Court Order for the purposes of the corrective call are devoid of any indication of racial qualifiers whatsoever." This is not a valid response. Moreover, your deficient production in response to Request No. 8 (relating to the curative call) is meaningless and irrelevant, particularly since it contained nothing but phone numbers. Request No. 12 clearly concerns your assertion about the *original* Robocall, not the curative robocall, as is obvious from your December 2, 2020 letter. *See* ECF No. 62 at 3. I remind you that my October 30, 2020 letter to the Court attaches email correspondence between Defendants Wohl and Burkman stating that "[w]e should send it to black neighborhoods" and that the "black robo was a great jw idea." *See* ECF No. 46 at 1–2. Documents responsive to Request No. 12 therefore plainly exist and Plaintiffs are entitled to them.

*Third*, Request No. 13 seeks documents concerning "Defendants' assertion that the contents of the Robocalls are not false and/or misleading, as claimed in your October 28, 2020 letter." *See* ECF No. 40. Defendants' Response that "a plain reading of the purported transcription of the robocall speaks for itself" is not a valid answer. The discovery request is for documents in your clients' possession, custody or control, and therefore an answer pointing to the interpretation of the transcription is non-responsive. Pursuant to Request No. 13, Defendants must produce responsive documents to the extent they have any in their possession, custody or control. If Defendants do not have any such responsive documents, please confirm this in writing.

*Fourth*, your objections to Request No. 19, which seeks documents concerning the Arlington Center for Political Intelligence (the "Arlington Center") are meritless. That the Arlington Center is a non-party is not relevant, and Defendants' other objections similarly lack merit. Such documents are plainly relevant to Defendants' efforts to influence the 2020 election, which are at issue in this case, and the funding Defendants received to finance their political activities, as are documents sought in Request Nos. 15, 16, 17, 18. Accordingly, Defendants must produce documents responsive to Request No. 19 to the extent they have any in their possession, custody or control. If Defendants do not have any such responsive documents, please confirm this in writing.

*Finally*, "there [is] no Fifth Amendment protection" over documents responsive to Request Nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 18, 20 or 21 (or any other Request) because—*as the Court has already explained*—"documents voluntarily prepared prior to the issuance of a summons [are] not compelled testimony." ECF No. 77 at 9–10 (quoting *United States* v. *Fridman*, 974 F.3d 163, 174 (2d Cir. 2020)). Asserting the Fifth Amendment over any requested documents is frivolous and cannot justify withholding any responsive material.

*     *     *

    Again, the foregoing are only a few examples of deficiencies in the Responses.  In effort to avoid motion practice, we request that defense counsel participate in a meet-and-confer call with us on Wednesday, May 19, 2021 to discuss the deficient Responses.  Please let us know what time(s) you are available.

Sincerely,

/s/ *Aaron J. Gold*
Aaron J. Gold