

August 11, 2021

**VIA ECF**

The Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

orrick.com

Aaron J. Gold

E aaron.gold@orrick.com
D +1 212 506 5179
F +1 212 506 5151

Re:   *National Coalition on Black Civic Participation et al.* v. *Wohl et al.*, No. 20-cv-8668

Dear Judge Wang:

Plaintiffs in the above-referenced action write pursuant to Local Civil Rule 37.2 and Rule II.b of the Court's Individual Practices to request a pre-motion conference and/or an order compelling Defendants to produce materials sought by several requests included in Plaintiffs' First Set of Requests for Production of Documents to Defendants (the "Requests," attached hereto as Ex. A), specifically Requests No. 3, 5, 6, 7, 10, 11, 12, 13, 16, 17, 18, 19, 20.

Plaintiffs served the Requests on March 9, 2021. Defendants served their responses and objections on April 29, 2021 (the "Responses") (*see* Ex. B), lodging meritless objections and refusing all but *one* of Plaintiffs' Requests (Request No. 8). Plaintiffs explained these deficiencies to Defendants by letter on May 14, 2021. (*See* Ex. C.) Defendants replied on May 17, 2021 (*See* Ex. D.) The parties met and conferred via telephone on June 4, 2021. The parties' positions remain materially unchanged and they submitted a joint letter to the Court under Rule III of Judge Marrero's Individual Practices on August 3, 2021. (*See* ECF No. 128.)

I.   **The Fifth Amendment Privilege Against Self-Incrimination Does Not Apply to Any Requested Documents.**

Defendants' invoke and primarily rely on the Fifth Amendment to evade Requests No. 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 18, and 20,[1] yet Judge Marrero already explained that "there [is] no Fifth Amendment protection for the contents" of "documents voluntarily prepared prior to the issuance of a summons" because they are "not compelled testimony." (ECF No. 77 at 9–10 (quoting *United States* v. *Fridman,* 974 F.3d 163, 174 (2d Cir. 2020)).) Each of these Requests

---

[1] Request No. 20 seeks, in part, all documents "produced by the government . . . in all criminal proceedings commenced against Defendants" (Ex. A at 9–10), production of which cannot be "testimonial" under the Fifth Amendment.

seek documents created before March 8, 2021; they are not testimonial and Defendants therefore must produce responsive documents in their possession.

Both Plaintiffs and the Court *know* that responsive documents exist.  For example, Request No. 3 ("Documents concerning Defendants' plan(s) or attempt(s) to interfere with or otherwise affect the outcome of the 2020 election") and Request No. 7 ("Documents Concerning the Robocalls").  (*See* Ex. A at 6.)  Defendants admitted before this Court that they orchestrated the Robocall campaign.  (*See* ECF No. 53 at 12:23–19:13 ("THE COURT: You don't deny that you caused this call to be made and that you -- MR. BURKMAN: No."); ECF No. 38 at 59 ("Both Wohl and Burkman have admitted to participating in the creation and distribution of the robocall message.").)  Plaintiffs' October 30, 2020 letter attached various emails (reattached here as Ex. E) that Defendants sent to each other both planning the Robocall campaign and subsequently gloating over it.  (*See* ECF No. 46 at 2.) (recounting text from Defendants' own Gmail accounts concerning their plot to "HIJACK" the "boring" 2020 Presidential Election).  Those emails were produced by Google, in response to a search warrant, accompanied by a sworn affidavit from the records custodian at Google, confirming the emails' authenticity.  (*See* Ex. F at 1.)  The Fifth Amendment does not shield these documents from production.

## II.     Defendants' Response to Request No. 12 Is Inadequate.

Request No. 12 seeks "[a]ll [d]ocuments [c]oncerning the Defendants' assertion that the 'Statement [of the Robocalls] does not target the Black community[,]' as claimed in [Defendants'] December 2, 2020 letter filed with the court at ECF No. 62."  (*See* Ex. A at 8.)  Defendants responded: "the records produced pursuant to Court Order for the purposes of the corrective call are devoid of any indication of racial qualifiers whatsoever" and referred to their response to Request No. 8, and the list of phone numbers from their incomplete production.  (*See* Ex. B at 17.)  This assertion is non-responsive because (i) Request No. 12 plainly seeks information regarding Defendants' robocall campaign, not the Court-ordered curative call, and (ii) Defendants' own emails prove that the robocall targeted blacks.  (*See* Ex. E ("We should send it to black neighborhoods" and that the "black robo was a great jw idea.").)  Defendants must produce responsive documents.

## III.    Defendants Must Produce Documents Responsive to Request No. 19.

Request No. 19 seeks documents concerning "the Arlington Center for Political Intelligence" (the "ACPI"). (See Ex. A at 9.)  As reported in the news media, Defendant Jacob Wohl, created the ACPI, an ostensible "political intelligence and advocacy organization."  (*See* Ex. G at 2.)  ACPI's fundraising documents outline its aim to "make shit up," such as "sensational, extreme, scandalous, trending, or hate triggering" and directly states an intention to (i) "[b]uild up left-wing online properties with large following, only to have those properties direct followers to NOT vote come election day," and (ii) "Run[] Agents of Penetration Inside Democrat Campaigns." (See Ex. G at 2–3, 7–10.)  Defendants' Responses do not deny that responsive documents exist.  (See Ex. B at 22.)  These materials are probative of Mr. Wohl's intent when orchestrating the Robocall campaign and Plaintiffs are entitled to any documents "that bear[] on,

or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *See Shukla* v. *Deloitte Consulting LLP*, 2021 WL 2418841, at *2 (S.D.N.Y. June 14, 2021). As is plain from publicly available information indicating that Mr. Wohl created the ACPI, Mr. Wohl "ha[s] the right, authority, or practical ability to obtain the documents" responsive to Request No. 19, and thus Defendants must produce them. *See Gruss* v. *Zwirn*, 296 F.R.D. 224, 230 (S.D.N.Y. 2013).

### IV. Defendants Stance That No Responsive Documents Exist for Various Requests Are Not Credible.

Defendants' continual representation that there are "no documents responsive" to Requests No. 3, 5, 10, 16, or 17, are inaccurate, undermined by publicly available information, or contradicted by other responses. Emails submitted to this Court prove there are documents responsive to Request No. 3 (documents concerning Defendants attempts "to interfere with or otherwise affect the outcome of the 2020 election"). *See supra* at 1–2. Moreover, Defendants do not deny existence of documents responsive to Request No. 7, which also encompasses information sought in Request No. 3. *Id.* The ACPI fundraising documents—outlining plans to "make shit up" such as "planting stories in mainstream and alternative media outlets"—demonstrate responsive documents exist for Requests No. 5 (documents concerning their attempts "to discredit Democrats in the 2020 election with lies and other disinformation"), Request No. 16 (documents concerning "any fundraising efforts Defendants undertook in connection with the . . . 2020 election[]), and Request No. 17 (documents concerning "any financial contributions Defendants received in connection with activities related to the . . . or 2020 election[]."). (*See* Ex. A at 5, 8–9.) Given this confirmation that responsive material exists, Defendants' denial that such documents exist is not credible. Plaintiffs are entitled to these documents as well.

\* \* \*

For the forgoing reasons, Plaintiffs respectfully request that the Court order Defendants to produce all documents responsive to Requests No. 3, 5, 6, 7, 10, 11, 12, 13, 16, 17, 18, 19, and 20.

Respectfully submitted,

/s/ *Aaron J. Gold*
Aaron J. Gold

CC:   All counsel of record (via ECF)