# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL COALITION ON BLACK CIVIC PARTICIPATION, MARY WINTER, GENE STEINBERG, NANCY HART, SARAH WOLFF, KAREN SLAVEN, KATE KENNEDY, EDA DANIEL, and ANDREA SFERES,<br><br>Plaintiffs,<br><br>v.<br><br>JACOB WOHL, JACK BURKMAN, J.M. BURKMAN & ASSOCIATES, LLC, PROJECT 1599, and JOHN and JANE DOES 1-10,<br><br>Defendants. | Civil Action No.:  20-cv-8668-VM |

**PLAINTIFFS' FIRST REQUEST FOR**
**PRODUCTION OF DOCUMENTS TO DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Local Rule 26 and any other applicable rules or governing law (collectively, the "Applicable Rules"), Plaintiffs National Coalition on Black Civic Participation, Mary Winter, Gene Steinberg, Nancy Hart, Sarah Wolff, Karen Slaven, Kate Kennedy, Eda Daniel, and Andrea Sferes (collectively, "Plaintiffs") hereby demand, by and through their undersigned attorneys that Defendants Jacob Wohl, Jack Burkman, J.M. Burkman & Associates, LLC, and Project 1599 (collectively, "Defendants") produce the documents described herein for inspection and copying at the offices of Orrick, Herrington & Sutcliffe LLP, 51 West 52nd Street, New York, New York 10019, within 30 days, or at such other time and place as may be mutually agreed, in the manner prescribed by the Federal Rules and the Local Rules, and in accordance with the Definitions and Instructions set forth below.

## DEFINITIONS

1. All terms used in these Document Requests (the "Requests"), including but not limited to the terms "document," "communication," "identify," "person" and "concerning," have the broadest meaning accorded to them under Fed. R. Civ. P. 34 and Local Rule 26.3, and all documents and information should be produced in accordance with the Applicable Rules.

2. "Action" shall mean the above-captioned action.

3. "Arlington Center for Political Intelligence" or "ACPI," refers to the organization previously referenced by Defendant Wohl, as well as all related entities.[1]

4. "Complaint" shall mean the Complaint, dated October 16, 2020, filed in this Action.

5. "Defendants," "you," or "your," shall mean Jacob Wohl, Jack Burkman, J.M. Burkman & Associates LLC, and Project 1599, and, where applicable, their predecessors, successors, assigns, subsidiaries, employees, managers, officers, agents, and/or representatives, including without limitation any person(s) or entity(ies) presently or formerly acting or purporting to act on their behalf.

6. "Message Communications" means Message Communications, Inc.

7. "Plaintiffs" shall mean Plaintiffs National Coalition on Black Civic Participation, Mary Winter, Gene Steinberg, Nancy Hart, Sarah Wolff, Karen Slaven, Kate Kennedy, Eda Daniel, and Andrew Sferes and, where applicable, their predecessors, successors, assigns, subsidiaries, employees, managers, officers, agents, and/or representatives, including without

---

[1] *See* Manuel Roig-Franzia and Beth Reinhard, *Meet the GOP Operatives Who Aim To Smear the 2020 Democrats – But Keep Bungling It*, Washington Post (June 4, 2019), *available at* https://www.washingtonpost.com/lifestyle/style/meet-the-gop-operatives-who-aim-to-smear-the-2020-democrats--but-keep-bungling-it/2019/06/04/5b70f000-7691-11e9-bd25-c989555e7766_story.html.

limitation any person(s) or entity(ies) presently or formerly acting or purporting to act on their behalf.

8. "Political Action Committee" shall mean any organization that raises and spends funds for the purpose of influencing an election.

9. The terms "Refer," "Relate," "Pertain," "Reflect," and all forms of these terms, shall mean, without limitation, analyzing, concerning, consisting of, describing, discussing, embodying, evidencing, identifying, including, pertaining to, memorializing, mentioning, naming, negating, recording, reflecting, showing, supporting, summarizing, or having any logical or factual connection with the matter discussed.

10. "Robocall" or "Robocalls" shall mean telephone calls, the transcript of which is set forth in Paragraph 29 of the Complaint.

## INSTRUCTIONS

1. In responding to these Requests, you are required to produce all documents described below that are in your possession, custody, or control.

2. Each Request is independent of any other Request, unless specifically noted, and each Request is not meant to and does not limit or define any other Request.

3. For the purpose of reading, interpreting or construing the scope of these Requests, the terms used shall be given their most expansive and inclusive interpretation.

4. Unless instructed otherwise, each Request shall be construed independently and not by reference to any other Request for the purpose of limitation or exclusion, except that each Request shall not be construed to call for documents that are called for by previous Requests.

5. If you withhold any document, or any portion of any document, under a claim of privilege, immunity or protection, including the attorney-client privilege or work product doctrine,

you shall provide a written privilege log that sets forth the information required by Rule 26 of the Federal Rules of Civil Procedure and Rule 26.2 of the Local Civil Rules.

6. If information is redacted or otherwise withheld from a document produced in response to a Request, you shall identify the redaction or otherwise withheld information by stamping the word "Redacted" on the document at each place from which information has been redacted or otherwise withheld and separately log each such redaction on the privilege log.

7. The documents must be produced in the format agreed to by the parties for production of documents. If no such agreement on format exists at the time of production, the documents must be produced as they are kept in the usual course of business or organized and labeled to correspond with the Request number to which the documents are responsive.

8. If a copy of a requested document is not identical to any other copy of the same document in your possession, custody or control, all non-identical copies shall be produced.

9. Unless otherwise indicated, these Requests pertain to the period of January 1, 2016 to the present.

## DOCUMENT REQUESTS

1. All Documents Concerning the genesis of Mr. Wohl and Mr. Burkman's relationship and association.

2. All Documents Concerning Mr. Burkman and Mr. Wohl's political and advocacy activities.

3. All Documents Concerning Defendants' plan(s) or attempt(s) to interfere with or otherwise affect the outcome of the 2020 election.

4. All Documents Concerning Defendants plan(s) or attempt(s) to interfere with or otherwise affect the outcome of the 2016 election.

5. All Documents Concerning Defendants' "plot[s] . . . to discredit Democrats in the 2020 election with lies and other disinformation[,]" as previously stated by Defendant Wohl. *See* Christal Hayes and Gus Garcia-Roberts, This is How Jacob Wohl Created a Sexual Harassment Accusation Against Robert Mueller, USA TODAY (Feb. 26, 2019), *available at* https://www.usatoday.com/story/news/politics/2019/02/26/robert-mueller-hoax-how-jacob-wohl-created-sexual-harassment-plot/2993799002/.

6. All Documents Concerning Project 1599, including, but not limited to:

    a. All Documents Concerning the formation of Project 1599;

    b. All Documents Concerning Defendants' selection of the name "Project 1599" for their initiative, including all Documents Concerning other possible names for their initiative;

    c. All Documents Concerning the activities of Project 1599;

    d. All Documents Concerning the finances of Project 1599, including, but not limited to, income, expenditures, and donations;

    e. All Documents Concerning personnel who worked, whether paid or not, for Project 1599;

    f. All Documents Concerning individuals and entities who provided support, whether financial or otherwise, for Project 1599;

    g. All Documents Concerning any filings with any regulatory agency, including, but not limited to, the Federal Election Commission and the Securities and Exchange Commission; and

  h. All Documents Concerning the promotion, marketing and advertising of and by Project 1599 regarding its activities and goals, including, but not limited to, mailing lists, subscriber lists, and donor lists.

7. All Documents Concerning the Robocalls, including, but not limited to:

  a. All Documents Concerning the conception and planning of the Robocalls, including Defendants' intention for initiating the Robocalls;

  b. All Documents Concerning the criteria, methodologies, and/or processes used to identify and select the telephone numbers that the Robocalls would be sent to;

  c. All Documents Concerning the development of the Robocalls' message and content, including but not limited to all information considered in developing the message and content of the Robocalls, regardless of whether such information ultimately was included in or omitted from the message and content of the Robocalls;

  d. All Documents Concerning the selection of Robocall recipients, including but not limited to who the intended recipients were, where they resided, and why those areas or recipients were selected;

  e. All Documents Concerning the telephone numbers of Robocall recipients, including but not limited to any Documents identifying whether a recipient telephone number is for a landline or wireless subscriber, as well as whether a recipient telephone number is on the federal Do Not Call registry;

  f. All Communications between Defendants and any outside vendor or any other Persons Defendants interacted with for purposes of potentially hiring

    them in connection with the Robocalls, including, but not limited to Message Communications and the person self-identified on the Robocall as Tamika Taylor;

  g. All Communications between Defendants and Robert Mahanian of Message Communications;

  h. All Communications with any other third parties regarding the Robocalls, including but not limited to, Robocall recipients, advocacy groups, media organizations, government officials, relatives of government officials, agents of government entities, candidates for political office or agents of a candidate's political campaign, Political Action Committees, or Persons or entities located outside the United States;

  i. All Communications among and between any of the Defendants regarding the Robocalls, the actual or intended recipients of the Robocalls, or any desired or actual effect on the actual or intended recipients of the Robocall; and

  j. All Communications among and between any of the Defendants about sending, attempting to send, or desiring to send Robocalls related to voting, elections, candidates for elected office, or public officials prior to the Robocalls.

8. All Documents Concerning the curative robocall ordered by the Court in this Action, including, but not limited to, the selection of, and communications with, the vendor that executed the curative robocall.

9. All Documents Concerning any other attempts by Defendants to send additional robocalls relating to the 2020 election.

10. All Documents Concerning any attempts (other than the Robocalls) by Defendants to engage in direct mass communications with potential voters, including but not limited to online advertisements, direct mail campaigns, TV or radio advertisements, billboard advertisements, call campaigns, or live in-person events.

11. All Documents evidencing any payments made in connection with the Robocalls, including but not limited to payments to the Person(s) hired by Defendants to deliver the Robocall and the person self-identified as "Tamika Taylor" on the Robocalls.

12. All Documents Concerning the Defendants' assertion that the "Statement [of the Robocalls] does not target the Black community[,]" as claimed in your December 2, 2020 letter filed with the court at ECF No. 62.

13. All Documents Concerning the Defendants' assertion that the contents of the Robocalls are not false and/or misleading, as claimed in your October 28, 2020 letter filed with the Court at ECF No. 40.

14. All Documents Concerning any regulatory filings Mr. Burkman has made, or has considered making, in connection with his status as a registered lobbyist.

15. All Documents Concerning any warnings, admonishments, investigations, disciplinary proceedings, or punishments related to any regulatory body, including but not limited to the Arizona Corporation Commission and the Securities and Exchange Commission.

16. All Documents Concerning any fundraising efforts Defendants undertook in connection with the 2016 or 2020 elections.

17. All Documents Concerning any financial contributions Defendants received in connection with activities related to the 2016 or 2020 elections.

18. All Documents Concerning any funds that any Defendant received, from any source, in response to the Robocalls.

19. All Documents Concerning the Arlington Center for Political Intelligence, including, but not limited to:

    a. All Documents Concerning the formation of the Arlington Center for Political Intelligence;

    b. All Documents Concerning the Arlington Center for Political Intelligence plan;

    c. All Documents Concerning the activities of the Arlington Center for Political Intelligence, to the extent they relate to the 2020 election.

    d. All Documents Concerning any fundraising or pitches to potential investors in connection with the Arlington Center for Political Intelligence.

    e. All Documents Concerning the finances of the Arlington Center for Political Intelligence, such as income, expenditures, and donations;

    f. All Documents Concerning personnel and staffing of the Arlington Center for Political Intelligence; and

    g. All Documents Concerning the promotion, marketing and advertising of and by the Arlington Center for Political Intelligence regarding its activities and goals, including, but not limited to mailing lists, subscriber lists, donor lists.

20. All Documents produced by the government or Defendants in all criminal proceedings commenced against Defendants Wohl and Burkman in connection with the Robocalls, including but not limited to the following matters:

      a. The criminal proceeding in the *People of the State of Michigan v. Burkman and Wohl*, No. 20-004637 FH (Wohl) 20-004636 FH (Burkman), (Mich.Cir.Ct., Wayne County 2021);

      b. The criminal proceeding in the *State of Ohio v. Burkman and Wohl*, No. 654013-20-CR (Ohio Criminal Division, Cuyahoga County, 2021); and

      c. New York Attorney General's office subpoena in connection with the Robocalls.

21. All communications and documents exchanged with the Federal Communications Commission concerning the Robocalls.

Dated: March 9, 2021  
    New York, NY

/s/ Julie Gorchkova  
Amy Walsh  
Rene Kathawala  
Julie Gorchkova  
Aaron J. Gold  
Aisling Vaughan  
ORRICK HERRINGTON & SUTCLIFFE LLP  
51 West 52nd Street  
New York, NY 10019-6142  
(212) 506-5000  
awalsh@orrick.com  
rkathawala@orrick.com  
jgorchkova@orrick.com  
aaron.gold@orrick.com  
avaughan@orrick.com


Jon Greenbaum*  
Ezra Rosenberg*  
John Libby  
David Brody*  
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW  
1500 K St. NW, Suite 900  
Washington, DC 20005  
(202) 662-8600  
jgreenbaum@lawyerscommittee.org  
erosenberg@lawyerscommittee.org  
jlibby@lawyerscommittee.org  
dbrody@lawyerscommittee.org  
*Application Pro Hac Vice Forthcoming

*Counsel for Plaintiffs*