# **Exhibit B**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| NATIONAL COALITION ON BLACK CIVIC PARTICIPATION, MARY WINTER, GENE STEINBERG, NANCY HART, SARAH WOLFF, KAREN SLAVEN, KATE KENNEDY, EDA DANIEL, and ANDREA SFERES,<br><br>Plaintiffs,<br><br>    v.<br><br>JACOB WOHL, JACK BURKMAN, J.M. BURKMAN & ASSOCIATES, LLC, PROJECT 1599, and JOHN and JANE DOES 1-10,<br><br>Defendants. | Civil Action No.: 20-cv-8668-VM |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Defendants Jacob Wohl, Jack Burkman, J.M., Burkman & Associates, LLC, and Project 1599 (collectively, "Defendants" or "Responding Party") hereby answer, object, and otherwise respond to Plaintiffs National Coalition on Black Civic Participation, Mary Winter, Gene Steinberg, Nancy Hart, Sarah Wolff, Karen Slaven, Kate Kennedy, Eda Daniel, and Andrea Sferes' (collectively, "Plaintiffs" or "Propounding Party") Requests for Production of Documents as follows:

## PRELIMINARY STATEMENT

1.     Defendants have not completed their investigation relating to this action, have not completed discovery in this action and have not completed preparation for trial. All of the responses contained herein are based only upon such information and documents as are

presently available to and specifically known by these Responding Parties. The following responses are given without prejudice to Responding Parties' right to produce evidence of any subsequently discovered fact(s) at the time of trial. These responses are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known, but should in no way be to the prejudice of the Responding Parties in relation to further discovery. To the extent that any Request seeks documents that are also sought by or identified pursuant to any other Request, Defendants decline to produce or identify multiple copies of such documents, and states that each document produced or identified pursuant to any Request is also produced pursuant to every other Request to which it is or may be responsive.

2.     To the extent that any Request seeks documents that have already been produced, or which have been identified as exhibits to any depositions in this action, Defendant declines to produce or identify such documents.

3.     To the extent that any Request seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity, Defendant declines to produce such documents, which would include and would not be limited to:

    a.   All documents that constitute or record correspondence or other communications between counsel for Defendant or its agents or employees and Defendant or its agents or employees regarding this action;

    b.   All documents prepared for use in this litigation including notes, memoranda, draft pleadings and correspondence prepared by, at the direction of, or for review by counsel for Defendant; and

    c.   All documents that constitute or record correspondence or other communications between Defendant and counsel for Defendant regarding this action.

4.     Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## DEFENDANTS' GENERAL OBJECTIONS TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

1.     Defendants object to the instructions and definitions contained in Plaintiffs' Requests to the extent that they exceed the permissible scope of discovery under the Federal Rules of Civil Procedure and Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Defendants will respond to these Requests in accordance with Fed. R. Civ. P. 34 and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York Rule 26.3.

2.     Defendants object to these Requests to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence relevant to the claim or defense of any party.

3.     Defendants object to these Requests to the extent that they are vague and ambiguous, overbroad, or unduly burdensome. *See* Civ. Pro. Rule 26(c).

4.     Defendants object to these Requests to the extent they seek information that is protected under the attorney-client privilege, the work product doctrine, or is subject to any other privilege.

5.     Defendants object to Plaintiffs' Requests in their entirety to the extent that they seek private or confidential commercial, financial, and/or proprietary business information.

6.     Defendants object to these Requests to the extent that they seek all responsive documents for each person or document because discovery is ongoing and has not yet been completed in this action. If additional information becomes available, Defendants will supplement his responses to the extent required under the Federal Rules of Civil Procedure.

7.     Defendants object to Plaintiffs' Requests in their entirety to the extent that they seek documents, the disclosure of which would constitute an unwarranted invasion of the Defendants' constitutional Fifth Amendment privilege against self-incrimination. The Fifth Amendment privilege protects the person asserting the privilege from compelled self-incrimination. *See*, *e.g.*, *United States v. Doe*, 465 U.S. 605, 610 (1984); *Fisher v. United States*, 425 U.S. 391, 396 (1976).  It is beyond cavil that the shield of the Fifth Amendment, though framed in terms of a criminal defendant, extends to protect a litigant in the civil arena. *See United States v. 4003-4005 5th Ave.*, 55 F.3d 78, 80 (2d Cir. 1995) (emphasis supplied) ("While U.S. Const. amend. V states only that no person shall be compelled in any criminal case to be a witness against himself, **there is no question that an individual is entitled to invoke the privilege against self-incrimination during a civil proceeding. And this means that a civil litigant may legitimately use the U.S. Const. amend. V to avoid having to answer inquiries during any phase of the discovery process**.").  It is well-settled that the constitutional privilege against self-incrimination "protects a mere witness as fully as it does one who is also a party defendant." *McCarthy v. Arndstein*, 266 U.S. 34, 40 (1924).  A valid assertion of the Fifth Amendment privilege exists where a "witness has reasonable cause to apprehend danger [of incrimination] from a direct answer." *Hoffman v. United States*, 341 U.S. 479, 486 (1951); *see also United States v. Van Rossem*, 164 F.3d 620, 620 (2d Cir. 1998). "To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Hoffman*, 341 U.S. at 486-87.

8.     Plaintiffs are willing to discuss their objections and attempt in good faith to resolve

them, or narrow the Parties' differences, if any.

9.      All General Objections are incorporated by reference into each Response as though

set forth in full therein.

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

### DOCUMENT REQUEST NO. 1

All Documents Concerning the genesis of Mr. Wohl and Mr. Burkman's relationship and

association.

### RESPONSE TO DOCUMENT REQUEST NO. 1

Defendants object to this Request on the grounds that it is vague and ambiguous as to

"genesis" and "relationship and association." Defendants further object to this Request on the

grounds that it is overbroad as to time and scope as to be an unwarranted annoyance,

embarrassment, and unduly burdensome, and to comply with this Request would be an undue

burden and expense on the Defendants. Defendants further object to this Request on the grounds

that it seeks information that is not relevant to the subject matter of this litigation and is not

reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection, there are no documents responsive to this

Request.

### DOCUMENT REQUEST NO. 2

All Documents Concerning Mr. Wohl's political and advocacy activities.

### RESPONSE TO DOCUMENT REQUEST NO. 2

Defendants object to this Request on the grounds that it is vague and ambiguous as to

"political and advocacy activities." Defendants further object to this Request on the grounds that

it is overbroad as to time and scope as to be an unwarranted annoyance, embarrassment, and unduly

burdensome, and to comply with this Request would be an undue burden and expense on the Defendants. Defendants further object to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

## DOCUMENT REQUEST NO. 3

All Documents Concerning Defendants' plan(s) or attempt(s) to interfere with or otherwise affect the outcome of the 2020 election.

## RESPONSE TO DOCUMENT REQUEST NO. 3

Defendants object to this Request on the grounds that it is vague and ambiguous as to "interfere" and "or otherwise affect." Defendants further object to this Request on the grounds that it is overbroad as to time and scope as to be an unwarranted annoyance, embarrassment, and unduly burdensome.

Defendants further object to this Request on the grounds that it seeks information that relates directly to the criminal proceedings commenced against Defendants Wohl and Burkman, namely, *People of the State of Michigan v. Burkman and Wohl*, No. 20-004637 FH (Wohl) 20-004636 FH (Burkman), (Mich. Cir. Ct., Wayne County 2021), and *State of Ohio v. Burkman and Wohl*, No. 654013-20-CR (Ohio Criminal Division, Cuyahoga County, 2021), which arise from the same facts as the instant matter, and, therefore, present an imminent threat of violating Defendants Wohl and Burkman's Fifth Amendment privilege against self-incrimination. *See United States v. 4003-4005 5th Ave., 55 F.3d 78, 80 (2d Cir. 1995)*.

Subject to and without waiving this objection, there are no documents responsive to this Request.

**DOCUMENT REQUEST NO. 4**

All Document Concerning Defendants plan(s) or attempt(s) to interfere with or otherwise affect the outcome of the 2016 election.

**RESPONSE TO DOCUMENT REQUEST NO. 4**

Defendants object to this Request on the grounds that it is vague and ambiguous as to "interfere," "or otherwise affect," and "election." Defendants further object to this Request on the grounds that it is overbroad as to time and scope as to be an unwarranted annoyance, embarrassment, and unduly burdensome. Defendants further object to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to this Request on the grounds that it seeks information that relates directly to the criminal proceedings commenced against Defendants Wohl and Burkman, namely, *People of the State of Michigan v. Burkman and Wohl*, No. 20-004637 FH (Wohl) 20-004636 FH (Burkman), (Mich. Cir. Ct., Wayne County 2021), and *State of Ohio v. Burkman and Wohl*, No. 654013-20-CR (Ohio Criminal Division, Cuyahoga County, 2021), which arise from the same facts as the instant matter, and, therefore, present an imminent threat of violating Defendants Wohl and Burkman's Fifth Amendment privilege against self-incrimination. *See United States v. 4003-4005 5th Ave., 55 F.3d 78, 80 (2d Cir. 1995)*.

Subject to and without waiving this objection, there are no documents responsive to this Request.

**DOCUMENT REQUEST NO. 5**

All Documents concerning Defendants' "plot[s] . . . to discredit Democrats in the 2020 election with lies and other disinformation[,]" as previously stated by Defendant Wohl. *See*

Christal Hayes and Gus Garcia-Roberts, This is How Jacob Wohl Created a Sexual Harassment Accusation Against Robert Mueller, USA Today (Feb. 26, 2019), *available at* http://www.usatoday.com/story/news/politics/2019/02/26/robert-mueller-hoax-how-jacob-wohl-created-sexual-harassment-plot/2993799002/.

**RESPONSE TO DOCUMENT REQUEST NO. 5**

Defendants object to this Request on the grounds that it is vague and ambiguous as to "plots," "discredit," "lies and other disinformation," and election. Defendants further object to this Request on the grounds that it is overbroad as to time and scope as to be an unwarranted annoyance, embarrassment, unduly burdensome and prejudicial.

Defendants further object to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to this Request on the grounds that it seeks information that relates directly to the criminal proceedings commenced against Defendants Wohl and Burkman, namely, *People of the State of Michigan v. Burkman and Wohl*, No. 20-004637 FH (Wohl) 20-004636 FH (Burkman), (Mich. Cir. Ct., Wayne County 2021), and *State of Ohio v. Burkman and Wohl*, No. 654013-20-CR (Ohio Criminal Division, Cuyahoga County, 2021), which arise from the same facts as the instant matter, and, therefore, present an imminent threat of violating Defendants Wohl and Burkman's Fifth Amendment privilege against self-incrimination. *See United States v. 4003-4005 5th Ave., 55 F.3d 78, 80 (2d Cir. 1995)*.

Subject to and without waiving these objections, there are no documents responsive to this Request.

**DOCUMENT REQUEST NO. 6**

All Documents Concerning Project 1599, including, but not limited to:

a. All Documents Concerning the formation of Project 1599;

b. All Documents Concerning Defendants' selection of the name "Project 1599" for their initiative, including all Documents Concerning other possible names for their initiative;

c. All Documents Concerning the activities of Project 1599;

d. All Documents Concerning the finances of Project 1599, including, but not limited to, income, expenditures, and donations;

e. All Documents Concerning personnel who worked, whether paid or not, for Project 1599;

f. All Documents Concerning individuals and entities who provided support, whether financial or otherwise, for Project 1599;

g. All Documents Concerning any filings with any regulatory agency, including, but not limited to, the Federal Election Commission and the Securities and Exchange Commission; and

h. All Documents Concerning the promotion, marketing and advertising of and by Project 1599 regarding its activities and goals, including, but not limited to, mailing lists, subscriber lists, and donor lists.

**RESPONSE TO DOCUMENT REQUEST NO. 6**

Defendants object to this Request on the grounds that it is vague and ambiguous as to "finances" and "activities." Defendants further object to this Request on the grounds that it is overbroad, arguably calls for the production of every single record of the company, and thereby

seeks documents that are neither relevant to the issues in dispute in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to this Request on the grounds that it seeks information that relates directly to the criminal proceedings commenced against Defendants Wohl and Burkman, namely, *People of the State of Michigan v. Burkman and Wohl*, No. 20-004637 FH (Wohl) 20-004636 FH (Burkman), (Mich. Cir. Ct., Wayne County 2021), and *State of Ohio v. Burkman and Wohl*, No. 654013-20-CR (Ohio Criminal Division, Cuyahoga County, 2021), which arise from the same facts as the instant matter, and, therefore, present an imminent threat of violating Defendants Wohl and Burkman's Fifth Amendment privilege against self-incrimination. *See United States v. 4003-4005 5th Ave., 55 F.3d 78, 80 (2d Cir. 1995)*.

## DOCUMENT REQUEST NO. 7

All Documents Concerning the Robocalls, including, but not limited to:

    i.   All Documents Concerning the conception and planning of the Robocalls, including Defendants' intention for initiating the Robocalls;

    j.   All Documents Concerning the criteria, methodologies, and/or processes used to identify and select the telephone numbers that Robocalls would be sent to;

    k.   All Documents Concerning the development of the Robocalls' message and content, including but not limited to all information considered in developing the message and content of the Robocalls, regardless of whether such information ultimately was included in or omitted from the message and content of the Robocalls;

l.  All Documents Concerning the selection of Robocall recipients, including but not limited to who the intended recipients were, where they resided, and why those areas or recipients were selected;

m.  All Documents Concerning the telephone numbers of Robocall recipients, including but not limited to any Documents identifying whether a recipient telephone number is on the federal Do Not Call registry;

n.  All Communications between Defendants and any outside vendor or any other Persons Defendants interacted with for purposes of potentially hiring them in connection with the Robocalls, including, but not limited to Message Communications and the person self-identified on the Robocall as Tamika Taylor;

o.  All Communications between Defendants and Robert Mahanian of Message Communications;

p.  All Communications with any other third parties regarding the Robocalls, including but not limited to, Robocall recipients, advocacy groups, media organizations, government officials, relatives of government officials, agents of government entities, candidates for political office or agents of a candidate's political campaign, Political Action Committees, or Persons or entities located outside the United States;

q.  All Communications among and between any of the Defendants regarding the Robocalls, the actual or intended recipients of the Robocalls, or any desired or actual effect on the actual or intended recipients of the Robocalls; and

r. All Communications among and between any of the Defendants about sending, attempting to send, or desiring to send Robocalls related to voting, elections, candidates for elected office, or public officials prior to the Robocalls.

**RESPONSE TO DOCUMENT REQUEST NO. 7**

Defendants object to this Request on the grounds that it is vague and ambiguous as to "conception and planning," "criteria, methodologies, and/or processes," "development," "selection," "communications," and "recipients." Defendants further object to this Request on the grounds that it is overbroad as to time and scope as to be an unwarranted annoyance, embarrassment, and unduly burdensome. Defendants further object to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to this Request on the grounds that it seeks information that relates directly to the criminal proceedings commenced against Defendants Wohl and Burkman, namely, *People of the State of Michigan v. Burkman and Wohl*, No. 20-004637 FH (Wohl) 20-004636 FH (Burkman), (Mich. Cir. Ct., Wayne County 2021), and *State of Ohio v. Burkman and Wohl*, No. 654013-20-CR (Ohio Criminal Division, Cuyahoga County, 2021), which arise from the same facts as the instant matter, and, therefore, present an imminent threat of violating Defendants Wohl and Burkman's Fifth Amendment privilege against self-incrimination. *See United States v. 4003-4005 5th Ave.*, 55 F.3d 78, 80 (2d Cir. 1995).

**DOCUMENT REQUEST NO. 8**

All Documents Concerning the curative robocall ordered by the Court in this Action, including, but not limited to, the selection of, and communications with, the vendor that executed the curative robocall.

**RESPONSE TO DOCUMENT REQUEST NO. 8**

Defendants object to this Request on the grounds that it is overbroad as to scope as to be an unwarranted annoyance, embarrassment, unduly burdensome, and subject to the attorney-client privilege. Defendants further object to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to this Request on the grounds that it seeks information that relates directly to the criminal proceedings commenced against Defendants Wohl and Burkman, namely, *People of the State of Michigan v. Burkman and Wohl*, No. 20-004637 FH (Wohl) 20-004636 FH (Burkman), (Mich. Cir. Ct., Wayne County 2021), and *State of Ohio v. Burkman and Wohl*, No. 654013-20-CR (Ohio Criminal Division, Cuyahoga County, 2021), which arise from the same facts as the instant matter, and, therefore, present an imminent threat of violating Defendants Wohl and Burkman's Fifth Amendment privilege against self-incrimination. *See United States v. 4003-4005 5th Ave., 55 F.3d 78, 80 (2d Cir. 1995)*.

Subject to and without waiving this objection, Defendants hereby produce the November 1, 2020 letter regarding the curative robocall, filed in the instant matter under ECF Docket Number 52 pursuant to Judge Marrero's October 31, 2020 Order, along with the accompanying exhibits including broadcast summaries, broadcast data, call confirmation, and an electronic copy of the message, which are Bates-Stamped D000001—D001315.

Subject to and without waiving these objections, Defendants maintain their right to assert their Fifth Amendment privilege with regard to the information contained in Bates-Stamped D000001—D001315.

**DOCUMENT REQUEST NO. 9**

All Documents Concerning any other attempts by Defendants to send additional robocalls relating to the 2020 election.

**RESPONSE TO DOCUMENT REQUEST NO. 9**

Defendants object to this Request on the grounds that it is vague and ambiguous as to "additional" and "election." Defendants further object to this Request on the grounds that it is overbroad as to time and scope as to be an unwarranted annoyance, embarrassment, and unduly burdensome. Defendants further object to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to this Request on the grounds that it seeks information that relates directly to the criminal proceedings commenced against Defendants Wohl and Burkman, namely, *People of the State of Michigan v. Burkman and Wohl*, No. 20-004637 FH (Wohl) 20-004636 FH (Burkman), (Mich. Cir. Ct., Wayne County 2021), and *State of Ohio v. Burkman and Wohl*, No. 654013-20-CR (Ohio Criminal Division, Cuyahoga County, 2021), which arise from the same facts as the instant matter, and, therefore, present an imminent threat of violating Defendants Wohl and Burkman's Fifth Amendment privilege against self-incrimination. *See United States v. 4003-4005 5th Ave., 55 F.3d 78, 80 (2d Cir. 1995)*.

Subject to and without waiving these objections, there are no documents responsive to this Request.

**DOCUMENT REQUEST NO. 10**

All Documents Concerning any attempts (other than the Robocalls) by Defendants to engage in direct mass communications with potential voters, including but not limited to online

advertisements, direct mail campaigns, TV or radio advertisements, billboard advertisements, call campaigns, or live in-person events.

## RESPONSE TO DOCUMENT REQUEST NO. 10

Defendants object to this Request on the grounds that it is vague and ambiguous as to "mass communications," and "potential voters." Defendants further object to this Request on the grounds that it is overbroad as to time and scope as to be an unwarranted annoyance, embarrassment, and unduly burdensome. Defendants further object to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to this Request on the grounds that it seeks information that relates directly to the criminal proceedings commenced against Defendants Wohl and Burkman, namely, *People of the State of Michigan v. Burkman and Wohl*, No. 20-004637 FH (Wohl) 20-004636 FH (Burkman), (Mich. Cir. Ct., Wayne County 2021), and *State of Ohio v. Burkman and Wohl*, No. 654013-20-CR (Ohio Criminal Division, Cuyahoga County, 2021), which arise from the same facts as the instant matter, and, therefore, present an imminent threat of violating Defendants Wohl and Burkman's Fifth Amendment privilege against self-incrimination. *See United States v. 4003-4005 5th Ave., 55 F.3d 78, 80 (2d Cir. 1995)*.

Subject to and without waiving these objections, there are no documents responsive to this Request.

## DOCUMENT REQUEST NO. 11

All Documents evidencing any payments made in connection with the Robocalls, including but not limited to payments to the Person(s) hired by Defendants to deliver the Robocall and the person self-identified as "Tamika Taylor" on the Robocalls.

15

**RESPONSE TO DOCUMENT REQUEST NO. 11**

Defendants object to this Request on the grounds that it is vague and ambiguous as to "payments." Defendants further object to this Request on the grounds that it is overbroad as to time and scope as to be an unwarranted annoyance, embarrassment, and unduly burdensome. Defendants further object to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to this Request on the grounds that it seeks information that relates directly to the criminal proceedings commenced against Defendants Wohl and Burkman, namely, *People of the State of Michigan v. Burkman and Wohl*, No. 20-004637 FH (Wohl) 20-004636 FH (Burkman), (Mich. Cir. Ct., Wayne County 2021), and *State of Ohio v. Burkman and Wohl*, No. 654013-20-CR (Ohio Criminal Division, Cuyahoga County, 2021), which arise from the same facts as the instant matter, and, therefore, present an imminent threat of violating Defendants Wohl and Burkman's Fifth Amendment privilege against self-incrimination. *See United States v. 4003-4005 5th Ave., 55 F.3d 78, 80 (2d Cir. 1995)*.

**DOCUMENT REQUEST NO. 12**

All Documents Concerning the Defendants' assertion that the "Statement [of the Robocalls] does not target the Black community[,]" as claimed in your December 2, 2020 letter filed with the court at ECF No. 62.

**RESPONSE TO DOCUMENT REQUEST NO. 12**

Defendants object to this Request on the grounds that it seeks information that is protected under the attorney-client privilege, the work product doctrine, or is subject to any other privilege.

Defendants further object to the extent that Plaintiffs impermissibly seek to shift the burden of proof.

Defendants further object to this Request on the grounds that it seeks information that relates directly to the criminal proceedings commenced against Defendants Wohl and Burkman, namely, *People of the State of Michigan v. Burkman and Wohl*, No. 20-004637 FH (Wohl) 20-004636 FH (Burkman), (Mich. Cir. Ct., Wayne County 2021), and *State of Ohio v. Burkman and Wohl*, No. 654013-20-CR (Ohio Criminal Division, Cuyahoga County, 2021), which arise from the same facts as the instant matter, and, therefore, present an imminent threat of violating Defendants Wohl and Burkman's Fifth Amendment privilege against self-incrimination. *See United States v. 4003-4005 5th Ave., 55 F.3d 78, 80 (2d Cir. 1995)*.

Subject to and without waiving these objections, the records produced pursuant to Court Order for the purposes of the corrective call are devoid of any indication of racial qualifiers whatsoever. *See* Response to Document Demand No. 8, *supra*.

## DOCUMENT REQUEST NO. 13

All Documents Concerning the Defendants' assertion that the contents of the Robocalls are not false and/or misleading, as claimed in your October 28, 2020 letter filed with the Court at ECF No. 40.

## RESPONSE TO DOCUMENT REQUEST NO. 13

Defendants object to this Request on the grounds that it seeks information that is protected under the attorney-client privilege, the work product doctrine, or is subject to any other privilege. Defendants further object to the extent that Plaintiffs impermissibly seek to shift the burden of proof.

Defendants further object to this Request on the grounds that it seeks information that relates directly to the criminal proceedings commenced against Defendants Wohl and Burkman, namely, *People of the State of Michigan v. Burkman and Wohl*, No. 20-004637 FH (Wohl) 20-004636 FH (Burkman), (Mich. Cir. Ct., Wayne County 2021), and *State of Ohio v. Burkman and Wohl*, No. 654013-20-CR (Ohio Criminal Division, Cuyahoga County, 2021), which arise from the same facts as the instant matter, and, therefore, present an imminent threat of violating Defendants Wohl and Burkman's Fifth Amendment privilege against self-incrimination. *See United States v. 4003-4005 5th Ave., 55 F.3d 78, 80 (2d Cir. 1995)*.

Subject to and without waiving these objections, a plain reading of the purported transcription of the robocall speaks for itself.

## DOCUMENT REQUEST NO. 14

All Documents Concerning any regulatory filings Mr. Burkman has made, or has considered making, in connection with his status as a registered lobbyist.

## RESPONSE TO DOCUMENT REQUEST NO. 14

Defendants object to this Request on the grounds that it is overbroad as to time and scope as to be an unwarranted annoyance, embarrassment, and unduly burdensome. Defendants further object to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that this is public information readily available to Plaintiffs.

**DOCUMENT REQUEST NO. 15**

All Documents Concerning any warnings, admonishments, investigations, disciplinary proceedings, or punishments related to any regulatory body, including but not limited to the Arizona Corporation Commission and the Securities and Exchange Commission.

**RESPONSE TO DOCUMENT REQUEST NO. 15**

Defendants object to this Request on the grounds that the entire Request is vague and ambiguous. Defendants further object to this Request on the grounds that it is overbroad as to time and scope as to be an unwarranted annoyance, embarrassment, and unduly burdensome. Defendants further object to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 16**

All Documents Concerning any fundraising efforts Defendants undertook in connection with the 2016 or 2020 elections.

**RESPONSE TO DOCUMENT REQUEST NO. 16**

Defendants object to this Request on the grounds that it is vague and ambiguous as to "fundraising" and "elections." Defendants further object to this Request on the grounds that it is overbroad as to time and scope as to be an unwarranted annoyance, embarrassment, and unduly burdensome. Defendants further object to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, there are no documents responsive to this Request.

**DOCUMENT REQUEST NO. 17**

All Documents Concerning any financial contributions Defendants received in connection with activities related to the 2016 or 2020 elections.

**RESPONSE TO DOCUMENT REQUEST NO. 17**

Defendants object to this Request on the grounds that it is vague and ambiguous as to "financial contributions," "activities," and "elections." Defendants further object to this Request on the grounds that it is overbroad as to time and scope as to be an unwarranted annoyance, embarrassment, and unduly burdensome. Defendants further object to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, there are no documents responsive to this Request.

**DOCUMENT REQUEST NO. 18**

All Documents Concerning any funds that any Defendant received, from any source, in response to the Robocalls.

**RESPONSE TO DOCUMENT REQUEST NO. 18**

Defendants object to this Request on the grounds that it is vague and ambiguous as to "funds," and "in response to." Defendants further object to this Request on the grounds that it is overbroad as to time and scope as to be an unwarranted annoyance, embarrassment, and unduly burdensome. Defendants further object to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to this Request on the grounds that it seeks information that relates directly to the criminal proceedings commenced against Defendants Wohl and Burkman, namely, *People of the State of Michigan v. Burkman and Wohl*, No. 20-004637 FH (Wohl) 20-004636 FH (Burkman), (Mich. Cir. Ct., Wayne County 2021), and *State of Ohio v. Burkman and Wohl*, No. 654013-20-CR (Ohio Criminal Division, Cuyahoga County, 2021), which arise from the same facts as the instant matter, and, therefore, present an imminent threat of violating Defendants Wohl and Burkman's Fifth Amendment privilege against self-incrimination. *See United States v. 4003-4005 5th Ave., 55 F.3d 78, 80 (2d Cir. 1995)*.

Subject to and without waiving this objection, there are no documents responsive to this Request.

**DOCUMENT REQUEST NO. 19**

All Documents Concerning the Arlington Center for Political Intelligence, including, but not limited to:

a. All Documents Concerning the formation of the Arlington Center for Political Intelligence plan;

b. All Documents Concerning the Arlington Center for Political Intelligence plan;

c. All Documents Concerning the activities of the Arlington Center for Political Intelligence, to the extent they relate to the 2020 election.

d. All Documents Concerning any fundraising or pitches to potential investors in connection with the Arlington Center for Political Intelligence.

e. All Documents Concerning the finances of the Arlington Center for Political Intelligence, such as income, expenditures, and donations;

f.  All Documents Concerning personnel and staffing of the Arlington Center for Political Intelligence; and

g.  All Documents Concerning the promotion, marketing and advertising of and by the Arlington Center for Political Intelligence regarding its activities and goals, including, but not limited to mailing lists, subscriber lists, donor lists.

## RESPONSE TO DOCUMENT REQUEST NO. 19

Defendants object to this Request on the grounds that it is vague and ambiguous as to "activities," "fundraising or pitches to potential investors," and "finances." Defendants further object to this Request on the grounds that it is overbroad, arguably calls for the production of every single record of a nonparty company, and thereby seeks documents that are neither relevant to the issues in dispute in this action nor reasonably calculated to lead to the discovery of admissible evidence.

## DOCUMENT REQUEST NO. 20

All Documents produced by the government or Defendants in all criminal proceedings commenced against Defendants Wohl and Burkman in connection with the Robocalls, including but not limited to the following matters:

h.  The criminal proceeding in the People of the State of Michigan v. Burkman and Wohl, No. 20-004637 FH (Wohl) 20-004636 FH (Burkman), (Mich. Cir. Ct., Wayne county 2021);

i.  The criminal proceeding in the State of Ohio v. Burkman and Wohl, No. 654013-20-CR (Ohio Criminal Division, Cuyahoga County, 2021); and

j.  New York Attorney General's office subpoena in connection with the Robocalls.

**RESPONSE TO DOCUMENT REQUEST NO. 20**

Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome. Defendants further object to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation, outside the scope of this litigation, not reasonably calculated to lead to the discovery of admissible evidence, and subject to the attorney-client privilege. Defendant further objects on the grounds that these documents are publicly available.

Defendants further object to this Request on the grounds that it seeks information that relates directly to the criminal proceedings commenced against Defendants Wohl and Burkman, namely, *People of the State of Michigan v. Burkman and Wohl*, No. 20-004637 FH (Wohl) 20-004636 FH (Burkman), (Mich. Cir. Ct., Wayne County 2021), and *State of Ohio v. Burkman and Wohl*, No. 654013-20-CR (Ohio Criminal Division, Cuyahoga County, 2021), which arise from the same facts as the instant matter, and, therefore, present an imminent threat of violating Defendants Wohl and Burkman's Fifth Amendment privilege against self-incrimination. *See United States v. 4003-4005 5th Ave.*, 55 F.3d 78, 80 (2d Cir. 1995).

**DOCUMENT REQUEST NO. 21**

All communications and documents exchanged with the Federal Communications Commission concerning the Robocalls.

**RESPONSE TO DOCUMENT REQUEST NO. 21**

Defendants object to this Request on the grounds that it is vague and ambiguous as to "communications and documents." Defendants further object to this Request on the grounds that it is overbroad as to time and scope as to be an unwarranted annoyance, embarrassment, and unduly burdensome. Defendants further object to this Request on the grounds that it seeks information

23

that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to this Request on the grounds that it seeks information that relates directly to the criminal proceedings commenced against Defendants Wohl and Burkman, namely, *People of the State of Michigan v. Burkman and Wohl*, No. 20-004637 FH (Wohl) 20-004636 FH (Burkman), (Mich. Cir. Ct., Wayne County 2021), and *State of Ohio v. Burkman and Wohl*, No. 654013-20-CR (Ohio Criminal Division, Cuyahoga County, 2021), which arise from the same facts as the instant matter, and, therefore, present an imminent threat of violating Defendants Wohl and Burkman's Fifth Amendment privilege against self-incrimination. *See United States v. 4003-4005 5th Ave., 55 F.3d 78, 80 (2d Cir. 1995).*

Subject to and without waiving this objection, there are no documents responsive to this Request.

Dated:  April 29, 2021  
    Garden City, NY

/s/ Randy E. Kleinman  
Randy E. Kleinman  
David M. Schwartz  
GERSTMAN SCHWARTZ LLP  
1399 Franklin Avenue, Suite 200  
Garden City, NY 11530  
(516) 841-7277  
rkleinman@gerstmanschwartz.com  
dschwartz@gerstmanschwartz.com  

*Attorneys for Defendants*