# THE LAW OFFICE OF RUSSELL D. MORRIS PLLC

11 BROADWAY
SUITE 615
NEW YORK, NY 10004

TEL: (212) 380-1619
FAX: (212) 380-3326

Via CM/ECF

August 13, 2021

Hon. Victor Marrero
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street – Courtroom 15B
New York, NY 10007-1312

Re:   National Coalition on Black Civic Participation v. Wohl
      (S.D.N.Y. No. 20-cv-08668-VM)

Dear Judge Marrero:

   This Firm represents Defendants Robert Mahanian and Message Communications, Inc. (collectively, "Message Communications"). We write, pursuant to Rule II(B)(2) of Your Honor's Individual Practices, to request a pre-motion conference in advance of a motion to dismiss all counts of the Complaint in Intervention filed by the Attorney General's Office against Message Communications.

   As we explained our July 26, 2021, letter to the Attorney General's Office, a copy of which is attached hereto as Exhibit A, Message Communications provides a low-cost internet platform at www.messagecommunications.com. The platform allows users to broadcast prerecorded messages via voice over internet protocol ("VoIP"). Users of the Message Communications platform have included religious and civic groups and politicians across the political spectrum. Users create and upload their own message to the website and manage their own calls from the platform. Message Communications does not vet or otherwise screen the messages uploaded by users.

   In late June 2019, Jack Burkman and Jacob Wohl contacted Message Communications to set up an account and paid $150. In 2020, Burkman and Wohl pre-paid an additional $2,000 to Message Communications (two payments of $1,000 each). Thereafter, on August 26, 2020, Burkman and Wohl proceeded to send out their prerecorded messages that are the subject of this lawsuit. On August 27, 2020, Message Communications received a "traceback," indicating potentially problematic activity. The same day, within an hour of receiving the traceback notice, Message Communications decided, unilaterally, to terminate Burkman and Wohl's access to the platform.

Hon. Victor Marrero
August 13, 2021
Page 2

      The Attorney General's Office brought the Complaint in Intervention against Message Communications based on the premise that Message Communications was required by 47 U.S.C. § 227(d), the Telephone Consumer Protection Act (the "TCPA"), to pre-screen the messages sent by Burkman and Wohl – and therefore knowledge of the content of those calls could be imputed to Message Communications. The motion seeking to intervene said:

> [T]he NYAG seeks broad injunctive, declaratory, and other relief that would additionally address the specific telecom provider—Message Communications and its owner, Robert Mahanian—who had an obligation to ensure any robocall campaigns complied with federal regulations. See, e.g., [47] U.S.C. § 227(d).

(DE 92 at 3.) And the Complaint in Intervention said the same:

> Federal law prescribes the technical and procedural standards for systems that are used to transmit artificial or prerecorded voice messages via telephone, including the requirement that such messages state certain information such as the identity of the calling entity. 47 U.S.C. § 227(d)(3)(A). <u>Based on these federal requirements</u>, to ensure that a robocall message complied with federal law, Message Communications <u>knew or should have known</u> the content of the Wohl and Burkman robocall message.

(DE 102 ¶ 65 (emphasis added).)

      In our July 26 letter to the Attorney General's Office, we explained that they had misread the TCPA, ignoring binding precedent from the Supreme Court. (Ex. A at 2.) Because Message Communications did <u>not</u> know about the content of Burkman and Wohl's messages – and because the TCPA did <u>not</u> oblige Message Communications to otherwise pre-screen such messages – we asked the Attorney General's Office to discontinue their claims. (Id. at 3.)

      In their letter dated August 2, 2021, a copy of which is attached hereto as <u>Exhibit B</u>, the Attorney General's Office declined our request to dismiss their claims. And instead of acknowledging that they had misread the TCPA, the Attorney General's Office changed their theory of the case. In their August 2 letter, the AG now argues – without any basis whatsoever – that Message Communications "*knew* the contents of the message" before it was sent (Ex. B at 2 (emphasis in original)) and "*actively conspired*" with Burkman and Wohl. (Id. at 1 (emphasis in original)).

      The Attorney General's Office is not allowed to make such bald claims without some basis in fact. Looking at the words of the Complaint in Intervention – as opposed to the AG's revisionist letter of August 2 – the only paragraphs even intimating that Message Communications had advance knowledge of the contents of the message are plead "upon information and belief." (See, e.g., D.E. 102 ¶ 32.) While at the same time, the Complaint in

Hon. Victor Marrero
August 13, 2021
Page 3

Intervention also suggests the exact opposite – that Message Communications failed to familiarize itself with the message before it was sent out:

> Upon information and belief, Message Communications did not perform <u>any</u> due diligence or make <u>any</u> effort to determine whether the robocall provided to him by Wohl and Burkman – two individuals known for spreading conspiracy theories and other disinformation – constituted voter intimidation.

(D.E. 102 ¶ 49 (emphasis added).)  This mishmash does not suffice to state a claim against Message Communications.  See, e.g., <u>In re Richartz, Fliss, Clark & Pope, Inc.</u>, No. 08-13919, 2010 WL 4502038, at *3 (Bankr. S.D.N.Y. Nov. 1, 2010) ("Where an allegation in the complaint conflicts with other allegations . . . the court is neither obligated to reconcile the pleadings with the other matter nor accept the allegation in the pleadings as true in deciding a motion to dismiss.").

The Attorney General's original theory – that the TCPA required Message Communications to pre-screen the messages before they were sent out – is legally infirm.  The Attorney General's revised theory – that Message Communications knew the contents of the messages before they were sent out – is not properly pled in the Complaint in Intervention.  Nor could it be plead in good faith by the Attorney General's Office, because it is <u>not</u> true.

We look forward to speaking with Your Honor in advance of motion practice.

Respectfully submitted,

Russell D. Morris

Encls.