

## GERSTMAN SCHWARTZ LLP
### ATTORNEYS AT LAW

August 13, 2021

**VIA EMAIL**
The Honorable Ona T. Wang
United States Magistrate Judge
United States District Court (Southern District of New York)
500 Pearl Street
New York, New York 10007

  Re: *National Coalition on Black Civil Participation et al. v. Wohl et al.*, United States District Court, Southern District of New York, Case No. 1:20-cv-08668

Dear Judge Wang:

  Defendants write pursuant to Local Civil Rule 37.2 and Rule II.b of Your Honor's Individual Practices in response to Plaintiffs' request for a pre-motion conference and/or an order compelling Defendants to produce materials sought by the Requests. As this Court may already know, Defendants Wohl and Burkman ("Mr. Wohl" and "Mr. Burkman," respectively, or, collectively "Defendants") are currently facing criminal proceedings in two different states; namely, *State of Michigan v. Burkman and Wohl*, No. 20-004637 FH (Wohl) 20-004636 FH (Burkman), (Mich. Cir. Ct., Wayne County 2021), and *State of Ohio v. Burkman and Wohl*, No. 654013-20-CR (Ohio Criminal Division, Cuyahoga County, 2021) (collectively, the "Criminal Proceedings"), which arise from the same facts as the instant matter.

### I. The Fifth Amendment Privilege Against Self-Incrimination Unequivocally Applies

  Plaintiffs assiduously endeavor to violate Defendants' constitutional rights by arguing that there is no Fifth Amendment privilege to alleged documents prepared by Defendants before this lawsuit was filed. This is patently false, and Plaintiffs' argument is all the disingenuous insofar as they purport to rely on *United States v. Friedman*, despite the fact that the Second Circuit in *Friedman* articulated a clear distinction between the privilege as it relates to the "*contents* of these such records … [and the] privilege against the *act* of production." 974 F.3d 163, 174 (2d Cir. 2020) (emphasis in original). Indeed, "because producing documents 'tacitly concedes the existence of the papers demanded and their possession or control by the [defendant] . . . [as well as] the [defendant's] belief that the papers are those described in the subpoena' … [and that] that the act of production could, in some cases, communicate incriminatory statements and thus may fall under the Fifth Amendment's protection against self-incrimination." *Friedman*, 974 F.3d at 174, citing *Fisher v. United States*, 425 U.S. 391, 410-11 (1976).

  Here, where Plaintiffs seek, *inter alia*, "[a]ll Documents Concerning Defendants' plan(s) or attempt(s) to *interfere with* or otherwise affect the outcome of the 2020 election"[1], Plaintiffs are very clearly asking Defendants to discern between documents that could effectively contribute to

---

[1] Plaintiffs' Ex. A, Request 3.

"*a link in the chain of their own criminal prosecution*", which violates their Fifth Amendment privilege. *See Friedman*, 974 F.3d at 174, citing, *United States v. Hubbell*, 530 U.S. 27, 42-43 (2000) (emphasis supplied) ("**when a defendant must 'make extensive use of the contents of his own mind in identifying the hundreds of documents responsive to the requests in the subpoena,' he or she contributes to a 'link in the chain' of their prosecution in violation of the Fifth Amendment privilege**."). The same is true for Request numbers 5, 6, 7, 10, 11, 12, 13, 18, and , which seek documents and information that might undermine Defendants Wohl and Burkman's privilege against self-incrimination and, consequently, their ability to equitably—and therefore adequately—defend the criminal charges.[2] *See Kastigar v. United States*, 406 U.S. 441, 44-45 (1972) (the power to compel testimony is not absolute and the Fifth Amendment privilege against compulsory self-incrimination "reflects a complex of our fundamental values and aspirations, and marks an important advance in the development of our liberty. It can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used."). Similarly, while Plaintiffs argue that Defendants' position that no responsive documents exist for various requests is incredible, Plaintiffs' argument is improperly predicated on requiring Defendants to discern between documents that could potentially contribute to their criminal prosecution their Fifth Amendment privilege. *See Friedman*, 974 F.3d at 174.

## II. The Defendants' So-Called "Admissions" Violate Their Constitutional Rights

Plaintiffs' claim that Defendants "admitted before this Court that they orchestrated the Robocall campaign" is an utter canard. At the initial hearing, Defendants expressly apprised the Court that they were in the process of engaging counsel and were present for the sole purpose of adjourning the matter. Defendants appeared by telephone merely to avoid being held in contempt and to apprise Judge Marrero that they would presently have counsel: "Your Honor, this is Jack Burkman. Unfortunately, we have not yet been able to secure counsel. We did yesterday, and counsel will be available tomorrow…We have secured counsel by the name of David Schwartz…he is a civil litigator in New York City…and we have retained him." [ECF No. 53 at 2:24-25; 3:10-22].[3] Here, *neither* Mr. Wohl nor Mr. Burkman provided an express waiver, which requires a writing or statement, nor an implied waiver, which must unequivocally express a desire to waive one's rights. *See, e.g.*, *Rosenthal v. New York Life Ins. Co.*, 99 F.2d 578 (8th Cir. 1938).

Given the circumstances—wherein Defendants were on a conference call with a federal judge, *which they believed to be for scheduling purposes only and were not represented by an attorney, despite the pending Criminal Proceedings*—Defendants failed to comprehend the ramifications of speaking on the record, and clearly did not understand that they could decline to answer the Court's inquiries in such a setting by asserting their Fifth Amendment privilege, nor were they apprised of same. Instead, Judge Marrero effectively compelled Defendants to provide testimony as follows: "Let me then turn to the defendants and allow you an opportunity to say anything you wish to say on your behalf in responses to plaintiffs' allegations." [ECF No. 53 at 10:23-25]. Despite Mr. Burkman having apprised the Court that "[w]e have secured counsel …

---

[2] *See, e.g.*, Request number 7, which seeks, among other things, "[a]ll Documents Concerning the Robocalls, including, but not limited to: All Documents Concerning the conception and planning of the Robocalls, *including Defendants' intention for initiating the Robocalls*." Plaintiffs' Ex. A.

[3] At best, under these described circumstances, any statements made by Defendants ostensibly against their interests should be suppressed and we will seek to do so at the appropriate juncture.

We rushed as fast as we could to get a lawyer, and we have secured him as of yesterday, and he will be available on the case literally within 24 hours or so", [*id.* at 3:10-16], and despite the Court's knowledge of the pending and prospective Criminal Proceedings, the Court required Defendants to proceed *pro se*. Respectfully, this wreaked havoc on Defendants' constitutional rights and simply cannot be countenanced. The tenor of the foregoing exchange validates Defendants' belief that they had no choice but to "present their case pro se", "make their case", and "respon[d] to the plaintiffs' allegations", which, of course, is false. [ECF No. 53 at 4:3-8; 10:22-25]. Moreover, Mr. Burkman proffered what he believed to be both valid legal defenses and an express request for an adjournment. This is not demonstrative of an individual who knowingly and intelligently waived his Fifth Amendment privilege, but, rather, of someone who was unconstitutionally compelled to testify. *Garner v. United States*, 424 U.S. 648, 656-657 (1976) (An incriminating disclosure is considered compelled, despite a failure to claim the privilege, if an individual is denied of a "free choice to admit, to deny, or to refuse to answer," that is, if the assertion of the privilege is penalized so as to "foreclos[e] a free choice to remain silent, and therefore ... compe[l] ... incriminating testimony.").

### III. A Stay Of This Matter Is Warranted

In light of the foregoing, Defendants respectfully renew their previous requests for a stay of the instant matter pending the outcome of the Criminal Proceedings and adopts by reference each of the arguments contained therein. [*See* ECF Doc. Nos. 67 and 70]. Each of Mr. Burkman and Mr. Wohl's criminal attorneys have consistently expressed grave concerns about the constitutional ramifications of such disclosure and have therefore supported our repeated efforts to stay this matter until the Criminal Proceedings are resolved. We obviously share in these concerns, which are now further compounded by the New York State Attorney General's Office's ("Attorney General") recent intervention as a Plaintiff. *See Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985) (emphasis supplied). ("A stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter, **and is even more appropriate when both actions are brought by the government**.")

Consonant with Judge Marrero's Decision and Order dated October 29, 2020, the circumstances detailed herein demonstrate that Defendants' renewed motion for a stay is necessary as the "threat of imposition" is now imminent. [*See* ECF Docket No. 45]. Given the nature and context of Plaintiffs' Requests, along with the Attorney General's participation as a Plaintiff, a failure to defer the instant matter would not only undermine Defendant Wohl and Burkman's Fifth Amendment privilege against self-incrimination, but will improperly "expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." *Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985). Thus, because a delay in the instant proceedings will not seriously injure the public interest or prejudice the Plaintiffs, a stay is warranted. *Tolkow*, 109 F.R.D. at 116.

Respectfully Submitted,
/s/
David M. Schwartz
Randy E. Kleinman

CC:   All counsel of record (via ECF)