THE LAW OFFICE OF RUSSELL D. MORRIS PLLC

11 BROADWAY
SUITE 615
NEW YORK, NY 10004

TEL: (212) 380-1619
FAX: (212) 380-3326

<u>Via CM/ECF</u>

September 10, 2021

Hon. Victor Marrero
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street – Courtroom 15B
New York, NY 10007-1312

Re:  <u>National Coalition on Black Civic Participation v. Wohl</u>
      (S.D.N.Y. No. 20-cv-08668-VM)

Dear Judge Marrero:

       This Firm represents Defendants Robert Mahanian and Message Communications, Inc. (collectively, "Message Communications"). We submit this letter in response to Your Honor's September 7, 2021 Order. (D.E. 134.)

       Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1) ("Section 230"), bars the Complaint in Intervention against Message Communications. Section 230 provides: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Section 230 further provides that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3).

       To determine whether Section 230 bars a plaintiff's claims, courts "engage in a three part inquiry . . . [i] whether Defendant is a provider of an interactive computer service; [ii] if the postings at issue are information provided by another information content provider; and [iii] whether Plaintiff's claims seek to treat Defendant as a publisher or speaker of third party content." <u>Gibson v. Craigslist, Inc.</u>, No. 08 CIV. 7735, 2009 WL 1704355, at *3 (S.D.N.Y. June 15, 2009) (internal citations and quotations omitted). Here, the answer to all three questions is "Yes." Section 230 bars the Attorney General's claims against Message Communications.

       1.    <u>Message Communications Is a Provider of an Interactive Computer Service</u>

       As to the first prong, Message Communications falls within Section 230's expansive definition of an "interactive computer service," which is:

> [A]ny information service, <u>system</u>, or <u>access software provider</u> that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet . . . .

47 U.S.C. § 230(f)(2) (emphasis added). In turn, "access software provider" is broadly defined as "a provider of software (including client or server software), or <u>enabling tools</u> that do any one or more of the following . . . <u>transmit</u>, receive, display, <u>forward</u>, cache, search, subset, organize, reorganize, or translate <u>content</u>." 47 U.S.C. § 230(f)(4)(C) (emphasis added).

   Message Communications' service performs these exact functions. Users visit its website – messagecommunications.com – to upload their own messages to the Message Communications server. This user-created content is transmitted to telephone recipients via voice over internet protocol ("VoIP"). In short, it is a system and enabling tool that transmits and forwards audio content. (D.E. 102 ¶ 20 (Message Communications "hosts a telecommunication broadcasting platform, which broadcasts robocalls."); see also <u>In re Zoom Video Commc'ns Inc. Priv. Litig.</u>, No. 20-CV-02155, 2021 WL 930623, at *6 (N.D. Cal. Mar. 11, 2021) ("In general, courts interpret the term interactive computer service expansively." (internal citations and quotations omitted)).

   That the content is transmitted via VoIP to individual end-recipients – as opposed to being broadcast to the internet at large – has no import. See <u>In re Zoom</u>, 2021 WL 930623, at *7 ("Section 230 immunity can also bar claims predicated on a defendant's transmission of nonpublic messages." (citations and emphasis omitted)); see also <u>Zango, Inc. v. Kaspersky Lab, Inc.</u>, 568 F.3d 1169, 1175 (9th Cir. 2009) ("[plaintiff] proposes a gloss on 'interactive computer service' that would construe a computer service as 'interactive' only if it enables people to access the Internet or access content found on the Internet. We decline to read the statute so narrowly."). Accordingly, the first prong is satisfied.[1]

  2.  <u>The Messages Were Provided by Another Information Content Provider</u>

   As to the second prong of the test, the messages at issue were clearly "provided by another information content provider." 47 U.S.C. § 230(c)(1). The AG specifically alleges that the messages were created by Defendants Burkman and Wohl. (D.E. 102 ¶ 3 ("Wohl and

---

[1]   Defendants are not aware of any reported decision deciding that a so-called "robocalling" platform meets the first prong of the Section 230 test. The one case that addressed the question left it unanswered, as Section 230 immunity was inapplicable to the particular claims in that action. See <u>Cunningham v. Montes</u>, 378 F. Supp. 3d 741, 750 (W.D. Wis. 2019) ("Even if § 230(c)(1) were available to telemarketing providers . . . ."). Nevertheless, the expansive definition set forth in Section 230 says exactly what it says. Cf. <u>Cunningham</u>, 378 F. Supp. 3d at 750 n.3 ("The statute defines interactive computer service broadly." (internal quotes and cites omitted)).

Burkman created a robocall recording" (emphasis added)); id. ¶ 29 ("Wohl and Burkman planned, funded, and executed a concerted effort" to send the robocall (emphasis added)). Burkman and Wohl then uploaded their messages to the Message Communications website. (D.E. 102 ¶ 49 ("the robocall provided to [Message Communications] by Wohl and Burkman").)

The AG might argue that Message Communications somehow co-created the message by allowing its customers to "curate" the geographic areas to which messages were sent (see D.E. 127 at 2). That argument fails on its face. Like many distribution platforms, Message Communications allows its customers to select where to send their messages. In fact, the U.S. Postal Service likewise provides services to allow businesses and political campaigns to micro-target specific ZIP codes. See usps.com/business/every-door-direct-mail.htm.

Providing geographic functionality does not turn Message Communications into the creator of the content. (D.E. 102 ¶ 3 ("Wohl and Burkman created a robocall recording" (emphasis added)); see also Universal Commc'n Sys., Inc. v. Lycos, Inc., 478 F.3d 413, 420 (1st Cir. 2007) (holding plaintiff did not properly allege that defendant was responsible for the creation of the content: "At best, [plaintiff's] allegations establish that [defendant's] conduct may have made it marginally easier for others to develop and disseminate misinformation. That is not enough to overcome Section 230 immunity."); see also id. at 420 ("It is, by now, well established that notice of the unlawful nature of the information provided is not enough to make it the service provider's own speech.").

3. The Complaint in Intervention Seeks to Punish Message Communications for Content Provided By Another

As to the third prong of the test, the Complaint in Intervention against Message Communications requires this Court "to treat the defendant as the publisher or speaker of content provided by another." In re Zoom, 2021 WL 930623, at *9 (emphasis added and internal cites and punctuation omitted). The AG's claims under the Voting Rights Act, the KKK Act, the New York Civil Rights Law and the New York Executive Law all rest on the specific words contained in the message created by Burkman and Wohl. (See D.E. 102 ¶ 29 ("Wohl and Burkman planned, funded, and executed a concerted effort to intimidate and threaten voters through a nationwide robocall.").) But the contents of that message cannot be imputed to Message Communications. See In re Zoom, 2021 WL 930623, at *7 ("Plaintiffs cannot hold Zoom liable for injuries stemming from the heinousness of third-party content.").

Accordingly, in addition to the reasons previously asserted (D.E. 132), the claims against Message Communications are barred by Section 230 and should be dismissed.

Respectfully submitted,

Russell D. Morris