

November 10, 2021

**VIA ECF**

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

**orrick.com**

**Julie Gorchkova**

E  jgorchkova@orrick.com
D  +1 212 506 3759
F  +1 212 506 5151

Re:   *National Coalition on Black Civic Participation et al. v. Wohl et al.*, No. 20-cv-8668

Dear Judge Marrero:

      We represent Plaintiffs National Coalition on Black Civic Participation, Mary Winter, Gene Steinberg, Nancy Hart, Sarah Wolff, Karen Slaven, Kate Kennedy, Eda Daniel, and Andrea Sferes (collectively "NCBCP Plaintiffs") in the above-referenced matter.  Pursuant to this Court's Individual Rule II(A), the NCBCP Plaintiffs respectfully request a pre-motion conference to file a motion for leave to file a First Amended Complaint namely to assert claims against defendants Robert Mahanian and Message Communications, Inc. (together, "Mahanian Defendants")—parties that were joined as additional Defendants in this action by Plaintiff-Intervenor, New York State Attorney General ("NYAG"), after the NCBCP Plaintiffs had filed their original Complaint.  Alternatively, the NCBCP Plaintiffs request that the Court treat this letter as a motion for leave to amend its Complaint pursuant to Federal Rules of Civil Procedure 15(a) and grant this request.  The NCBCP Plaintiffs' proposed First Amended Complaint is attached as Exhibit A (in clean and red-lined against the original Complaint).

      On November 5, 2021, the NCBCP Plaintiffs notified all parties of their intent to file the First Amended Complaint and sought to obtain their consent.  NYAG consents to this motion.  The Mahanian Defendants have not provided a response.  Defendants Jacob Wohl, Jack Burkman, J.M. Burkman & Associates, LLC, and Project 1599 (the "Wohl-Burkman Defendants") object to the relief sought.  When the NCBCP Plaintiffs asked for the basis of their objection, Wohl-Burkman Defendants' counsel stated that they "rely on all arguments previously asserted in our pleadings, correspondences, and motions including, but not limited to, our Answers with affirmative defenses."  Wohl-Burkman Defendants' previously asserted arguments already have been rejected by this Court (more than once), and they, in any event, cannot serve as the basis for denial of leave to amend.  Accordingly, for the reasons detailed below, the NCBCP Plaintiffs respectfully submit that "the leave sought should, as the rules require, be 'freely given'" here.  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

By way of background, the NCBCP Plaintiffs commenced this action against the Wohl-Burkman Defendants for violations of Section 11(b) of the Voting Rights Act, 52 U.S.C. § 10307(b), and Section 2 of the Ku Klux Klan Act, 42 U.S.C. § 1985(3). This Court is familiar with the background facts giving rise to this dispute–namely, Defendants' dissemination during the Corona virus pandemic of false robocalls telling people that voting by mail could lead to debt collection, arrests, or forced vaccinations, in violation of voting rights laws. The NCBCP Plaintiffs simultaneously moved for immediate injunctive relief, which the Court granted. ECF No. 38. Wohl-Burkman Defendants then sought leave to file a motion to dismiss NCBCP Plaintiffs' claims, which largely rehashed arguments already rejected by the Court. ECF No. 58. After construing the Wohl-Burkman Defendants' letter as a motion to dismiss, the Court denied it in full in a 35-page Decision and Order. ECF No. 66. More recently, on May 5, 2021, NYAG sought permission to intervene in this case for purposes of asserting federal and state law claims against the Wohl-Burkman Defendants, as well as to add Mahanian Defendants as defendants in this case. ECF No. 92. The Court granted the NYAG's motion over the Wohl-Burkman Defendants' objection. ECF No. 101. The Mahanian Defendants then sought leave to file a motion to dismiss (ECF No. 126), which the Plaintiffs opposed. After construing the Mahanian Defendants' letter as a motion to dismiss, the Court denied the motion in full in a 30-page Decision and Order. ECF No. 140.

Through this letter, the NCBCP Plaintiffs seek leave to file a First Amended Complaint in order to add claims for violations of Section 11(b) of the Voting Rights Act, 52 U.S.C. § 10307(b), and Section 2 of the Ku Klux Klan Act, 42 U.S.C. § 1985(3), against the Mahanian Defendants. Rule 15 of the Federal Rules of Civil Procedure requires "the opposing party's written consent or the court's leave" to amend a pleading. Fed. R. Civ. P. 15(a)(2). Under the federal rules, "courts 'should freely give leave [to amend] when justice so requires.'" Kroshnyi v. U.S. Pack Courier Servs., Inc., 771 F.3d 93, 109 (2d Cir. 2014) (quoting Fed. R. Civ. P. 15(a)(2) (alteration in original)). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment, etc.— the leave sought should, as the rules require, be 'freely given.'" Foman, 371 U.S. at 182.

None of the substantial reasons for denying the leave to amend is present here. First, the NCBCP Plaintiffs have not unduly delayed; they are seeking to add claims against the Mahanian Defendants based on information that came to light after the filing of their Complaint. Moreover, discovery is in a preliminary stage,[1] and there have not been any dispositive summary judgment motions adjudicating the NCBCP Plaintiffs' claims. Second, the Defendants are not prejudiced by the filing of an amendment, nor can they be surprised by it. It does not add new parties or claims. Rather, as set forth above, the NCBCP Plaintiffs intend to add to its lawsuit

---

[1] An initial case management plan was put in place on May 4, 2021. ECF No. 90. Those discovery deadlines were then stayed by the Court on May 19, 2021 to give the newly added Mahanian Defendants time to respond to Complaint in Intervention. ECF No. 101. On August 11, 2021, the NCBCP Plaintiffs filed a letter motion to compel production of documents from the Wohl-Burkman Defendants (ECF No. 151), which they opposed (ECF No. 153). That motion is pending before Magistrate Judge Ona T. Wang.

the federal law claims that have already been filed against the Mahanian Defendants by the NYAG, and which are based largely on the same factual allegations.  Moreover, the proposed amendment will not broaden the scope of discovery, nor delay the conclusion of this case.  Finally, Defendants cannot show the proposed amendment is futile.  The newly added allegations, which focus on the conduct of the Mahanian Defendants and echo the allegations in the NYAG's Complaint in Intervention, have already survived a motion to dismiss.  ECF No. 140.  Where, as here, a proposed amended complaint would not be subject to dismissal pursuant to Rule 12(b)(6), it cannot be deemed futile.

*     *     *

For the forgoing reasons, the NCBCP Plaintiffs respectfully seek permission to file a First Amended Complaint, in the form attached hereto as Exhibit A.

Respectfully submitted,

/s/ Julie Gorchkova
Julie Gorchkova

CC:    All counsel of record (via ECF)