UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

NATIONAL COALITION ON BLACK CIVIL
PARTICIPATION et al.

        Plaintiffs,

        -against-

JACOB WOHL et al.,

        Defendants.

------------------------------------------------------------x

20-CV-8668 (VM) (OTW)

**ORDER**

**ONA T. WANG**, **United States Magistrate Judge**:

The Court is in receipt of Plaintiffs' request for a pre-motion conference and/or an order to compel Defendants to produce all documents responsive to Plaintiffs' First Set of Requests for Production of Documents to Defendants ("Requests"), and Defendants' opposition. (ECF 131, 133). Defendants object to producing most documents Plaintiffs seek by arguing that the *act* of production violates Defendants' Fifth Amendment right. (ECF 133 at 1). Relying on *United States v. Fridman*, 974 F.3d 163 (2d Cir. 2020),[1] Defendants contend that they could not possibly comply with Plaintiffs' Requests without undermining their privilege against self-incrimination. This privilege, however, is largely inapplicable to Defendants. Plaintiffs' Motion to Compel is **GRANTED in part and DENIED in part.**

---

[1] Improperly cited to as "Friedman" throughout Defendants' submission.

1

I.  **Background**

Plaintiffs allege that Defendants violated Section 11(b) of the Voting Rights Act (52 U.S.C. § 10307(b)) and Section 2 of the Ku Klux Klan Act (42 U.S.C. § 1985(3)) by orchestrating and funding a "large-scale robocall campaign aimed at suppressing votes through intimidation and falsehoods." (ECF 11, Plaintiffs' Complaint, hereinafter "Compl." ¶¶ 1-4). On October 22, 2020, Plaintiffs sought a TRO and permanent injunction prohibiting Defendants from engaging in telephonic communications with potential voters about mail-in voting prior to the 2020 national election. (ECF 12, 13). On October 26, 2020, Judge Marrero held a telephonic hearing to discuss Plaintiffs' motion. (ECF 27). Following the hearing, Judge Marrero gave Defendants, who appeared *pro se* at the conference, an opportunity to submit supplemental materials. (ECF 53, the October 26, 2020 Hearing Transcript, hereinafter "Tr." at 24:23-25:4). The next day, Defendants filed an opposition through counsel David M. Schwartz, arguing, *inter alia*, that Plaintiffs had no standing to sue; there was no injury for the Court to redress; and Plaintiffs had failed demonstrate a likelihood of success on the merits. (ECF 36). Judge Marrero summarily rejected each of Defendants' objections and granted Plaintiffs' motion for a TRO, finding that "contemporary means of voter intimidation may be more detrimental to free elections than the approaches taken for that purpose in past eras, and hence call for swift and effective judicial relief." (ECF 38, October 28, 2020 Order, hereinafter "Order" at 3).

Defendants have conceded the following facts throughout this litigation:

- Defendants prepared a Robocall message about mail-in voting and caused it to be sent to a subset of the public. (Tr. at 12:9-13:3; 14:20-24.)

- That Robocall message stated:

  > "Hi, this is Tamika Taylor from Project 1599, the civil rights organization founded by Jack Burkman and Jacob Wohl. Mail-in voting sounds great, but did you know that if you vote by mail, your personal information will be part of a public database that will be used by police departments to track down old warrants and be used by credit card companies to collect outstanding debts? The CDC is even pushing to use records for mail-in voting to track people for mandatory vaccines. Don't be finessed into giving your private information to the man, stay safe and beware of vote by mail." (Order at 6).

- 85,309 calls were placed with this message. (ECF 50 at 1). There were 29,117 recipients[2] of this call. (*Id.*)

- Defendants shared the Robocall with a non-party in California, Messaging Communications, with instructions to disseminate the message to various people in various places. (Tr. at 13:14-14:9; 14:20-24; ECF 50 at 1).

In addition, Plaintiffs represent that they obtained authentic emails that Defendants sent to each other about the Robocall campaign.[3] The District Court has recognized that Defendants have also made a number of public statements about the Robocalls. *See, e.g.*, Order at 5 ("Wohl has boasted to journalists of his and Burkman's plans to influence politics through disinformation campaigns.") (referencing a February 26, 2019 article in USA Today, in which Wohl told reporters that he and Burkman were planning "ways to discredit Democrats in the 2020 election with lies and other disinformation, using his large following on social media to cause disarray similar to what Russians did during the 2016 election").

---

[2] Defendants define "recipient" as an individual who answered the call or who received the call by voicemail. (ECF 50 at 2).

[3] Plaintiffs represent that these emails were produced by Google in response to a search warrant, and were accompanied by a sworn affidavit from the records custodian at Google that confirm the emails' authenticity. (ECF 131 at 2, Ex. F). Exhibit F is blank and does not include a sworn affidavit. (*Id.*)

## II. Legal Standard

The Fifth Amendment provides that "no person shall be compelled in a criminal case to be a witness against himself." *United States v. Fridman*, 974 F.3d 163, 174 (2d Cir. 2020). This privilege does not apply to "documents voluntarily prepared prior to the issuance of a summons." *Id.* (citing *Fisher v. United States*, 425 U.S. 391, 409-11 (1976). Because such documents are "not compelled testimony," there is "no Fifth Amendment protection for the *contents* of these records."[4] *Id.* (citing *Fisher*, 425 U.S. at 410-11).

The Supreme Court has recognized, however, a "narrow" privilege for the act of production because producing documents may "tacitly concede[ ] the existence of the papers demanded and their possession or control" by the person turning them over. *Id.* A determination of whether the act of production communicates an incriminatory statement, and is accordingly protected by the Fifth Amendment, depends on the "facts and circumstances of particular cases." *Fridman*, 974 F.3d at 174.

An exception to this narrow privilege is the foregone conclusion doctrine. *See Fridman*, 974 F.3d at 174 (explaining that where an individual's production would acknowledge that they possess the requested documents, but would add little or nothing to what the government already knows, the implied testimony is a "foregone conclusion," and compelling it does not violate the Fifth Amendment) (citing *Fisher*, 425 U.S. at 411). For the foregone conclusion doctrine to apply, the movant must establish "with reasonable particularity" their knowledge as

---

[4] Defendants do not dispute that the documents Plaintiffs seek were voluntarily prepared before March 9, 2021 (the date of Plaintiffs' Request). Accordingly, the content of the documents is not testimonial for purposes of a Fifth Amendment self-incrimination analysis. *Fridman*, 974 F.3d at 174. Defendants' contention is that the *act* of production is a violation of the Fifth Amendment. (ECF 133 at 1-2).

4

to (1) existence of the documents, (2) the defendant's possession or control of the documents and (3) the authenticity of the documents. *Id.* (quoting *United States v. Greenfield*, 831 F.3d 106, 115 (2d Cir. 2016)); *see, e.g., Knopf v. Esposito*, 517 F. Supp. 3d 187, 190-91 (S.D.N.Y. 2021) (finding no Fifth Amendment privilege applied where plaintiff established that the existence, control, and authenticity of subpoenaed records were a foregone conclusion). The movant is not required to have "specific knowledge of every document that is responsive to the Summons." *Fridman,* 974 F.3d at 177; *see also Greenfield*, 831 F.3d at 119-121. If a plaintiff establishes all three prongs of the foregone conclusion doctrine, a defendant's act of production would not be testimonial, and would not serve as an implicit admission. *See Fisher*, 425 U.S. at 411.

### III. Analysis

#### 1. *Robocall Material*

Plaintiffs have described with reasonable particularity that the documents they seek with respect to Defendants' Robocall campaign exist, are in Defendants' possession and control, and are authentic. (ECF 131 at 1-2). As Plaintiffs point out, Defendants openly admitted that they orchestrated the Robocall campaign at issue in this case. (ECF 131 at 2; Tr. at 12:23-19:13; Order at 59 ("Both Wohl and Burkman have admitted to participating in the creation and distribution of the robocall message.")). Plaintiffs have also submitted materials confirming Defendants' involvement in the Robocall campaign. *See e.g.*, ECF 131, Ex. E (Defendants' emails about the 2020 Robocall). Further, Defendants' Responses to Plaintiffs' Requests do not deny that responsive documents exist. (ECF 131, Ex. B). Accordingly, Plaintiffs have established "with reasonable particularity" the existence of the Robocall documents they request, and that

5

Defendants have custody and control over that information. Finally, since Defendants have already conceded to orchestrating the Robocalls, and Plaintiffs have furnished the Court with a sample of material relating to that activity, there is no legitimate concern of implicit authentication.[5] *See United States v. Fox*, 721 F.2d 32, 38 (2d Cir. 1983) (explaining that implicit authentication occurs when an individual responds to a request for a production of documents thereby "implicitly testif[ying] that he owns or at least possesses the documents."). Defendants here already explicitly testified to their involvement in and orchestration of the Robocall campaign to which the requested documents will relate. *See* Tr. 12:17-14:17.

Plaintiffs have established with reasonable particularity that these documents exist, are in Defendants' possession and control, and are authentic. Accordingly, the foregone conclusion doctrine applies. As such, it is unnecessary for the Court to determine whether the production of Robocall materials would be self-incriminatory since the act of production will be non-testimonial. *See Fox*, 721 F.2d 32 at 40 (holding that an act of production must be both testimonial and incriminatory before the act will be protected by the Fifth Amendment). Plaintiffs' Motion to Compel for Requests 3 (as it relates to the October 2020 Robocall), 5, 8, 11, 12, 13 and 18 is **GRANTED**.

2. *Other Robocall or Communication Attempts*

Plaintiffs also seek "any other attempts by Defendants to send additional robocalls" and "any attempts (other than the Robocalls) . . . to engage in direct mass communications with potential voters." (ECF 131, Ex. A (Requests 9 and 10)). Plaintiffs have not established

---

[5] This is particularly true where Plaintiffs have represented to this Court that the emails already furnished to the Court were authenticated. (ECF 131 at 2).

knowledge of the existence of these materials. To the extent Defendants have engaged in such conduct and have not already admitted to the conduct, as they have with the Robocall orchestration, the act of production could communicate incriminatory statements, and perhaps provide a "link in the chain" to further criminal prosecution of Defendants. *Fridman*, 974 F.3d at 174 (citing *United States v. Hubbell*, 530 U.S. 27, 42-43 (2000)); *see Fisher*, 425 U.S. at 409-11.

Since Plaintiffs have not shown "any prior knowledge of either the existence or the whereabouts" of documents related to other hypothetical robocalls or other attempts by Defendants to engage in mass communication with voters, compelling production of documents related to such conduct could confirm the conduct itself. *Hubbell*, 530 U.S. at 45. Since the Fifth Amendment protects an individual "from being compelled to answer questions designed to elicit information about the existence of sources of potentially incriminating evidence," *id.* at 43, Plaintiffs' Motion to Compel with respect to Requests 9 and 10 is **DENIED** at this time.

3. *Request 20*

In Request 20, Plaintiffs seek "[a]ll Documents produced by the government or Defendants in all criminal proceedings commenced against Defendants Wohl and Burkman in connection with the Robocalls . . . ." (ECF 131, Ex. A, Request 20). Defendants do not assert any reason for why they cannot produce that information, and Plaintiffs properly contend that the production of the information cannot be testimonial under the Fifth Amendment. "To be testimonial, an accused's communication must itself, explicitly or implicitly, relate a factual assertion or disclose information." *Doe v. United States*, 487 U.S. 201, 210 (1988). Plaintiffs seek documents already in the Government's possession. (ECF 131). Producing the same documents

7

to Plaintiffs does not relate a factual assertion or disclose information that the Government does not already have. Accordingly, Plaintiffs' Motion to Compel with respect to Request 20 is **GRANTED.**

   IV.   **Conclusion**

The parties are directed to meet and confer by December 4, 2021, and submit a proposed Protective Order by December 9, 2021. Defendants are directed to produce documents as directed in this Order by December 10, 2021. The parties are directed to file a **signed**, joint proposed case management plan by December 4, 2021.

The parties are directed to appear for an in-person status conference on **Tuesday, December 14, 2021 at 3:00 p.m.** in Courtroom 20D, 500 Pearl Street, New York, NY 10007. The parties are directed to file a joint status letter in accordance with my Individual Practices, available at:

https://www.nysd.uscourts.gov/sites/default/files/practice_documents/OTW%20Wang%20Individual%20Practices%20In%20Civil%20Cases%2007232021.pdf Section II.e.

The Clerk of Court is respectfully directed to close ECF 131.

   **SO ORDERED.**


                                                          _s/ Ona T. Wang_____
Dated: November 29, 2021                                  **Ona T. Wang**
       New York, New York                                 United States Magistrate Judge

8