Case 1:20-cv-08668-JSR Document 152 Filed 12/06/21 Page 1 of 6

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/6/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

NATIONAL COALITION ON BLACK CIVIC PARTICIPATION, et al.,

                Plaintiffs,

      -against-

JACOB WOHL, et al.,

               Defendants.

------------------------------------------------------------x

No. 1:20-cv-08668 (VM) (OTW)

### REPORT OF RULE 26(f) MEETING AND PROPOSED CASE MANAGEMENT PLAN

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on **December 3, 2021** and exchanged communications thereafter, and submit the following report of their meeting for the court's consideration:

1. **Summary of Claims, Defenses, and Relevant Issues**

**Plaintiff:**
Please refer to Response #1 in the attached document, "20-cv-8668 Scheduling Order Responses."

**Defendant:**
Please refer to Response #1 in the attached document.

2. **Basis of Subject Matter Jurisdiction: Federal Question**

*Revised: March 8, 2018*

3. **Subjects on Which Discovery May Be Needed**

Plaintiff:
Please refer to Response #3 in the attached document, "20-cv-8668 Scheduling Order Responses."

Defendant:
Please refer to Response #3 in the attached document.

4. **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Plaintiff(s) on **November 12, 2021**. In addition, on _____, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be disclosed by Defendant(s) **by December 15, 2021**. In addition, on _____, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

5. **Formal Discovery**

The parties jointly propose to the Court the following discovery plan:

a. All fact discovery must be completed by **March 14, 2022**.

b. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court,

---

* Before OAG's intervention, the original parties—Plaintiffs National Coalition on Black Civic Participation, Mary Winter, Gene Steinberg, Nancy Hart, Sarah Wolff, Kate Kennedy, Karen Slaven, Eda Daniel, & Andrea Sferes, and Defendants Wohl, Burkman, Project 1599, and Burkman & Associates—exchanged Rule 26(a)(1) disclosures on April 29, 2021.

provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above.

    i. <u>Depositions</u>: Depositions shall be completed by **March 14, 2022** and limited to no more than _____ depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    ii. <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before **December 15, 2021**. All subsequent interrogatories must be served no later than 30 days before the discovery deadline.

    iii. <u>Requests for Admission</u>: Requests for admission must be served on or before **May 16, 2022**.

    iv. <u>Requests for Production</u>: Initial requests for production were/will be exchanged on **December 15, 2021** and responses shall be due on _____. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

    v. <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6. **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

   None at this time.

7. **Amendments to Pleadings**

    a. Are there any amendments to pleadings anticipated? **Not currently.**

    b. Last date to amend the Complaint: **March 14, 2022**

Case 1:20-cv-08668-JSR Document 154 Filed 12/06/21 Page 3 of 6

Case 1:20-cv-08668-JSR Document 154 Filed 12/06/21 Page 4 of 5
Case 1:20-cv-08668-JSR Document 152 Filed 12/06/21 Page 4 of 6

*Revised: March 8, 2018*

8. **Expert Witness Disclosures**

At this time, the parties do/do not (circle one) anticipate utilizing experts. Expert discovery shall be completed by **May 16, 2022**.

9. **Electronic Discovery and Preservation of Documents and Information**

    a. Have the parties discussed electronic discovery? **No.**

    b. Is there an electronic discovery protocol in place? If not, when the parties except to have one in place? **No.**

    c. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference? **No.**

10. **Anticipated Motions**

    Both Plaintiffs and Defendants anticipate moving for summary judgment.

11. **Early Settlement or Resolution**

The parties have/have not (circle one) discussed the possibility of settlement. The parties request a settlement conference by no later than **June 6, 2022**. The following information is needed before settlement can be discussed:

Plaintiffs are open to reasonable settlement discussions at any time.
Message Communications requests that the Court refer this case (or at least the portion of this case relating to the claims against Message Communications) to the Southern District of New York Mediation Program.

12. **Trial**

    a. The parties anticipate that this case will be ready for trial by **August 16, 2022.**

4

    b.    The parties anticipate that the trial of this case will require **7** days.

    c.    The parties do,/(do not) (circle one) consent to a trial before a Magistrate Judge at this time.

    d.    The parties request a (jury)/bench (circle one) trial.

13.    **Other Matters**

_____
_____
_____

Respectfully submitted this __4th__ day of __December__, 2021.

| ATTORNEYS FOR PLAINTIFF(S): | ATTORNEYS FOR DEFENDANT(S): |
|---|---|
| /s/Rick Sawyer | /s/ Randy Kleinman |
| /s/David Brody | /s/Russell D. Morris |



Plaintiffs are _____ directed to respond by __December 9__, by letter not to exceed __1__ pages, to the matter set forth above by Message Communications, specifically the request for referral to the Court's mediation program.

SO ORDERED.

12/6/2021

DATE    VICTOR MARRERO, U.S.D.J.

Case 1:20-cv-08668-VM-OTW Scheduling Order Responses

**Response #1: Summary of Claims, Defenses, and Relevant Issues**

All Plaintiffs allege that Defendants Wohl, Burkman, J.M. Burkman & Associates, LLC, and Project 1599 (collectively, "Original Defendants"), conspired to intimidate voters and depress voter turnout in the 2020 presidential election through a robocall campaign. Original Defendants sent robocalls that targeted Black communities and interfered with New York State's efforts to administer its elections. Plaintiff-intervenors New York State (People) have pled additional claims against Defendants Mahanian and Message Communications, who aided Original Defendants in the dissemination of the robocall. The conduct of the Defendants violates the Voting Rights Act of 1965, Section 2 of the Ku Klux Klan Act of 1871, Section 131(b) of the Civil Rights Act of 1957, New York Civil Rights Law § 9, and New York Civil Rights Law § 40-c.

Defendants Jacob Wohl, Jack Burkman, J.M. Burkman & Associates, LLC, and Project 1599 deny the material allegations in Plaintiffs' respective Complaints, and refer to, and incorporate by reference herein, all defenses contained in their previously filed pleadings and motions.

Defendants Message Communications Inc. and Robert Mahanian (together, "Message Communications") deny the material allegations in Plaintiffs' respective Complaints, and refer to, and incorporate by reference herein, all defenses contained in their previously-filed Answer and Motions.

**Response #3: Subjects on Which Discovery May Be Needed**

Communications by and between the Defendants; Digital content created or posted by the Defendants; Documents or communications concerning financial transactions relevant to the claims brought in this lawsuit; Documents or communications related to the creation of audio and digital content relevant to the claims brought in this lawsuit.

Defendants Jacob Wohl, Jack Burkman, J.M. Burkman & Associates, LLC, and Project 1599 intend to seek all documents and information related to each of Plaintiffs' allegations and claims contained Plaintiffs' respective Complaints including, but not limited to, proof that each of the respective Plaintiffs' received the alleged robocall, proof of residence, operative phone numbers, phone records and bills, proof of voter registration status during the relevant time period, and proof of alleged damages.

Message Communications intends to seek documents and information related to each of the allegations against Message Communications contained in Plaintiffs' respective Complaints including, but not limited to, documents relating to the recorded message that is the subject of this Action.