IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL COALITION ON BALCK CIVIC PARTICIPATION, MARY WINTER, GENE STEINBERG, NANCY HART, SARAH WOLF, KAREN SLAVEN, KATE KENNEDY, EDA DANIEL, and ANDREA SFERES, | |
| Plaintiffs, | Civil Action No.: 20-cv-8668-(VM)(OTW) |
| -and- | |
| People of the STATE OF NEW YORK, by its attorney general, LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK, | **DEFENDANT JACOB WPHL, JACK BURKMAN, J.M. BURKMAN & ASSOCIATES, LLC, and PROJECT 1599's ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| v. | |
| JACOB WOHL, JACK BURKMAN, J.M. BURKMAN & ASSOCIATES, LLC, PROJECT 1599, MESSAGE COMMUNICATIONS, INC., ROBERT MAHANIAN, and JANE DOES 1-10, | |
| Defendants. | |

Defendants, JACOB WOHL ("Wohl"), JACK BURKMAN ("Burkman"), J.M. Burkman & Associates, LLC ("JMB Associates"), Project 1599 ("1599") (collectively, referred hereinafter as "Defendants"), by and through their attorneys, Gerstman Schwartz LLP, hereby submit their Answer and Affirmative Defenses to the Complaint filed by Plaintiffs National Coalition on Black Civic Participation ("NCBCP"), Mary Winter ("Winter"), Gene Steinberg ("Steinberg"), Nancy Hart ("Hart"), Sarah Wolff ("Wolff"), Karen Slaven ("Slaven"), Kate Kennedy ("Kennedy"), Eda Daniel ("Daniel"), and Andrea Sferes ("Sferes")(collectively, referred hereinafter as "Plaintiffs"), as follows:

**NATURE OF THE ACTION**

1.      Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2.      Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 2 of the Complaint and therefore deny those allegations.

3.      Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.      Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants deny the allegations contained in Paragraph 6 of the Complaint.

**PARTIES**

7.      Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 7 of the Complaint and therefore deny those allegations.

8.      Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 8 of the Complaint and therefore deny those allegations.

9.      Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 9 of the Complaint and therefore deny those allegations.

10.      Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 10 of the Complaint and therefore deny those allegations.

11.      Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 11 of the Complaint and therefore deny those allegations.

12.      Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 12 of the Complaint and therefore deny those allegations.

13.      Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 13 of the Complaint and therefore deny those allegations.

14.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 14 of the Complaint and therefore deny those allegations.

15.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 15 of the Complaint and therefore deny those allegations.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.     Defendants admit that Defendant Project 1599 is a political organization but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 and therefore deny those allegations.

19.     Defendants admit that Defendant J.M. Burkman & Associates, LLC is a lobbyist firm founded by Burkman, with its headquarters located at 1530 Key Blvd., Apt. 1222, Arlington, Virginia but lack knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in Paragraph 19 and therefore deny those allegations.

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint.

## JURISDICTION & VENUE

21.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 21 of the Complaint and therefore deny those allegations.

22.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 22 of the Complaint and therefore deny those allegations.

## GENERAL ALLEGATIONS

23.     Defendants lack knowledge or information sufficient for form a belief to the extent that this allegation requires a response; this allegation calls for a conclusion of law and is referred to the Court.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint and specifically deny that Defendants have ever expressed any intention to interfere with voter's rights and deny the quote attributed to Defendant Wohl is accurate and further deny that discrediting Democrats is equivalent to or synonymous with voter suppression as discrediting politicians of either party is by definition protected political free speech.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 27 of the Complaint including but not limited to whether any purported recipients of any purported robocalls were lawfully registered and expressly deny that dissuading registered voters from voting by mail versus voting in person would constitute "interfering" with individual voting rights or would be violative of federal law as the act of dissuading or persuading with regard to voting is protected political speech  and expressing an opinion that voting by mail is less reliable and subject to fraud or tampering is a commonly expressed political opinion that a significant plurality of voters clearly agree with and as such Defendants deny these allegations.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint but admit that Defendants were publicity hounds but deny they sought to interfere with the election's outcome.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 38 of the Complaint and therefore deny those allegations.

39.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 39 of the Complaint and therefore deny those allegations.

40.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 40 of the Complaint and therefore deny those allegations.

41.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 41 of the Complaint and therefore deny those allegations.

42.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 42 of the Complaint and therefore deny those allegations.

43.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 43 of the Complaint and therefore deny those allegations.

44.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 44 of the Complaint and therefore deny those allegations.

45.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 45 of the Complaint and therefore deny those allegations.

46.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 46 of the Complaint and therefore deny those allegations.

47.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 47 of the Complaint and therefore deny those allegations.

48.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 48 of the Complaint and therefore deny those allegations.

49.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 49 of the Complaint and therefore deny those allegations.

50.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 50 of the Complaint and therefore deny those allegations and specifically deny anything is necessarily false as law enforcement, warrant squads and others use all available public records to track down missing offenders as do creditors and government authorities have developed all manner of systems to enforce mandates, many of which have been fiercely litigated .

51.     Admit that this looks to be an accurate rendition unlike the one originally pled.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint and deny a statement of opinion regarding government's use of public data is false per se or that disseminating a political educated opinion can be legally injurious.

53.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 53 of the Complaint and therefore deny those allegations but admit that this paragraph appears to generally reflect the political opinions of the various plaintiffs.

54.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 54 of the Complaint and therefore deny those allegations but admit that this paragraph appears to generally reflect the political opinions of the various plaintiffs.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint but admit that this paragraph appears to generally reflect the political opinions of the various plaintiffs.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint but admit that this paragraph appears to generally reflect the political opinions of the various plaintiffs but admit that this paragraph appears to generally reflect the political opinions of the various plaintiffs but admit that this paragraph appears to generally reflect the political opinions of the various plaintiffs.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint but admit that this paragraph appears to generally reflect the political opinions of the various plaintiffs.

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint but admit that this paragraph appears to generally reflect the political opinions of the various plaintiffs.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in Paragraph 60 of the Complaint but admit that this paragraph appears to generally reflect the political opinions of the various plaintiffs.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint and specifically deny that the Defendants have any racial animus but admit that this paragraph appears to generally reflect the political opinions of the various plaintiffs. Defendant admit to being political provocateurs who have routinely garnered publicity and attention to themselves with different stunts but deny any racial animus.

62.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 62.

63.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 63.

64.     Defendants deny the allegations contained in Paragraph 64

65.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations in P 65

66.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations in P 66

67.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations in P 67

68.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations in P 68

69.     For P 69 Deny it was illegal and deny it reached 85,000 potential voters.

70.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 70 of the Complaint and therefore denies those allegations.

71.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 71 of the Complaint and therefore denies those allegations.

72.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 72 of the Complaint but admit that the purpose of the call was to cause all voters to lose trust in voting by mail and instead vote in person which is by definition voter NOT voter suppression but rather a preference for traditional in person voting. It is common knowledge that Republican voters, by and large prefer personal voting. Therefore encouraging

inner city voters to vote in person like most Republicans do is neither racist nor voter suppression. It is merely a statement of preference or opinion.

73.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 73 of the Complaint but note that if NCBCP chose to alter its actions as described to counter a political opinion it disagreed with to promote a political means it preferred that is politicking even if it felt that the statement was noxious or deceptive or wrong and therefore no injury – even if NCBCP's actions as a not-for-profit were permissible.

74.     Defendants deny the allegations contained in Paragraph 74 of the Complaint. NCBCP knows there were no subsequent robocalls and could be none.

75.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 75 of the Complaint and therefore denies those allegations.

76.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 76 of the Complaint and therefore denies those allegations.

77.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 77 of the Complaint and therefore denies those allegations but admit that what is described is neither intimidation nor voter suppression.

78.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 78 of the Complaint and therefore denies those allegations but admit that what is described is neither intimidation nor voter suppression

79.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 79 of the Complaint and therefore denies those allegations.

80.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 80 of the Complaint and therefore denies those allegations but

admit that what is described is neither intimidation nor voter suppression and note that upon information and belief all individual Plaintiffs are not Black and therefore their opinions about how Black voters might be impacted should they receive a robocall would be affected is purely speculative.

81.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 81 of the Complaint and therefore denies those allegations.

82.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 82 of the Complaint and therefore denies those allegations.

83.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 83 of the Complaint and therefore denies those allegations.

84.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 84 of the Complaint and therefore denies those allegations.

85.     Deny the allegations contained in Paragraph 85 of the Complaint

86.     Deny the allegations contained in Paragraph 86 of the Complaint.

87.     Deny the allegations contained in Paragraph 87 of the Complaint.

88.     Deny the allegations contained in Paragraph 88 of the Complaint.

89.     Deny the allegations contained in Paragraph 89 of the Complaint

90.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 90 of the Complaint.

91.     Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 91 of the Complaint and therefore denies those allegations.

92.     Deny the allegations contained in Paragraph 92 of the Complaint.

93.     Deny the allegations contained in Paragraph 93 of the Complaint

94.     Deny the allegations contained in Paragraph 94 of the Complaint.

95.     Admit.

96.     Admit.

97.     Admit

98.     Deny the allegations contained in Paragraph 98 of the Complaint.

99.     Deny the allegations contained in Paragraph 99 of the Complaint.

100.    Deny the allegations contained in Paragraph 100 of the Complaint.

101.    Deny the allegations contained in Paragraph 101 of the Complaint and specifically deny having to vote in person constitutes an impairment.

102.    Defendants repeat and incorporate by reference its responses to the allegations contained in Paragraphs 1 through 101 as if fully set forth herein.

103.    Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 103 of the Complaint and therefore denies those allegations.

104.    Deny the allegations contained in Paragraph 104 of the Complaint.

105.    Deny the allegations contained in Paragraph 105 of the Complaint.

106.    Deny the allegations contained in Paragraph 106 of the Complaint.

107.    Deny the allegations contained in Paragraph 107 of the Complaint.

108.    Deny the allegations contained in Paragraph 108 of the Complaint.

109.    Deny the allegations contained in Paragraph 109 of the Complaint.

110.    Deny the allegations contained in Paragraph 110 of the Complaint.

111.    Deny the allegations contained in Paragraph 111 of the Complaint.

112.    Deny the allegations contained in Paragraph 112 of the Complaint.

113.     Defendants repeat and incorporate by reference its responses to the allegations contained in Paragraphs 1 through 113 as if fully set forth herein.

114.     Deny the allegations contained in Paragraph 114 of the Complaint.

115.     Deny the allegations contained in Paragraph 115 of the Complaint.

116.     Deny the allegations contained in Paragraph 116 of the Complaint.

117.     Deny the allegations contained in Paragraph 117 of the Complaint.

118.     Deny the allegations contained in Paragraph 118 of the Complaint.

119.     Deny the allegations contained in Paragraph 119 of the Complaint.

120.     Deny the allegations contained in Paragraph 120 of the Complaint.

121.     Deny the allegations contained in Paragraph 121 of the Complaint.

122.     Deny the allegations contained in Paragraph 122 of the Complaint.

123.     Deny the allegations contained in Paragraph 123 of the Complaint.

124.     Deny the allegations contained in Paragraph 124 of the Complaint.

125.     Deny the allegations contained in Paragraph 125 of the Complaint.

## **DEMAND FOR RELIEF**

Defendants do not believe that Plaintiffs are entitled to any of the relief sought in their Demand for Relief. Defendants request that the Court dismiss Plaintiffs' claims with prejudice, award Defendants their attorneys' fees and costs, and enter such further relief as is just and appropriate.

## **AFFIRMATIVE DEFENSES**

Without altering the burden of proof, Defendants assert the defenses set forth below. These defenses are asserted by Defendants based upon an investigation of the asserted allegations that is not complete and pending the results of discovery.

Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defense, at law or equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have suffered no damages and/or have failed to mitigate their damages, if any.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs failed to join a necessary party.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the damages, whether statutory or otherwise, are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of abuse of process.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that they violate Defendants' First Amendment Rights guaranteed to them under the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of consent.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that any damages allegedly sustained by Plaintiffs are the proximate result of the acts and/or omissions of independent third parties over which Defendants exercised no control.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because at all times Defendants acted in good faith and in a commercially reasonable and lawful manner.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of *de minimis non curat lex,* as any damages allegedly suffered by Plaintiffs have been *de minimis*.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs lack standing to bring this suit.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the matter is moot.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because 42 U.S.C. § 1985(3) is vague and overbroad and therefore unconstitutional.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendants are not "…person[s], whether acting under color of law or otherwise…" pursuant to 52 U.S.C. § 1037(b) (formerly codified as 42 U.S.C. § 1973i(b)).

## NINTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because 52 U.S.C. § 1037(b) (formerly codified as 42 U.S.C. § 1973i(b) is vague and overbroad and therefore unconstitutional.

**WHEREFORE**, having answered, Defendants request judgment or relief against Plaintiffs as follows:

1.   That the action against Defendants is dismissed with prejudice and that the Plaintiffs are granted no relief; and

2.   That Defendants be awarded their costs and disbursements incurred in defending this matter; and

3.   Such other and further relief, including declaratory, equitable relief and damages, to which Defendants are entitled.

Dated: Garden City, New York
December 13, 2021

**GERSTMAN SCHWARTZ, LLP**
By:  */s/ David M. Schwartz*
David M. Schwartz, Esq.
Randy E. Kleinman, Esq.
1399 Franklin Avenue, Suite 200
Garden City, New York 11530
Tel. No.: (516) 880 – 8170
dschwartz@gerstmanschwartz.com
rkleinman@gerstmanschwartz.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 13th day of December, 2021, a true and correct copy of the foregoing Answer was filed electronically. Notice of this filing will be electronically served on all counsel of record through the Court's CM/ECF system.

Dated: Garden City, New York
        December 13, 2021

By:    /s/ Randy E. Kleinman_____
       Randy E. Kleinman
