

February 18, 2022

**VIA ECF**

The Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

**orrick.com**

Aaron J. Gold

E aaron.gold@orrick.com
D +1 212 506 5179
F +1 212 506 5151

Re:   *National Coalition on Black Civic Participation, et al.* v. *Wohl, et al.*, No. 20-cv-8668

Dear Judge Wang:

On behalf of all Plaintiffs in the above-referenced action, we write in response to Defendants Wohl and Burkman's February 15, 2022 letter-motion. *See* ECF No. 170 (the "Stay Motion"). For the fourth time, Defendants seek to stay this case indefinitely until resolution of their pending criminal proceedings in Ohio and Michigan. *See* ECF No. 77 ("Decision") at 13–14 n.3. Judge Marrero has *thrice* denied Defendants' attempts to stay the case on this same ground— including a year ago when Defendants filed a letter-motion *nearly identical* to the Stay Motion. *Compare* ECF No. 67 (January 2021 motion to stay) *with* the Stay Motion. In his well-reasoned decision denying that prior motion, Judge Marrero explained that a stay is an "extraordinary remedy" which "the Constitution rarely, if ever, requires," and held that it is not required here based on the pending criminal proceedings. *See* Decision at 6 (quoting *Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012)). As discussed below, the Stay Motion repeats the same arguments with the same case citations as that prior motion but does not address any of the reasons Judge Marrero provided for rejecting those arguments.

I.   **PERMITTING DISCOVERY WILL NOT PREJUDICE DEFENDANTS**

Defendants cannot "carry their burden of demonstrating prejudice," Decision at 13–14, to their Fifth Amendment rights by repeating the same arguments a year later. Indeed, the only new information that Defendants offer is one sentence noting that depositions have been noticed. *See* Stay Motion at 1. However, as before, Defendants do not attempt to explain what prejudice they will suffer from the depositions. Judge Marrero explained at length why "merely rely[ing] on speculation" advanced in the prior motion does not show prejudice at all, much less enough to derail discovery. Decision at 13–14 (denying Defendants' stay because their speculatory prejudices did not suffice to demonstrate actual prejudice)); *see Capak* v. *Epps*, 2018 WL 6726553, at *4 (S.D.N.Y. Dec. 21, 2018) ("[T]he Court will not base a stay solely on speculative and uncertain risks to Defendant's interests.").

Had they even tried, Defendants could not show the necessary prejudice. Simply sitting for depositions does not imperil their Fifth Amendment rights as they "are free to make specific [Fifth Amendment] challenges," Decision at 10, and it is well established that Fifth Amendment objections must be "on a question-by-question basis," *United States* v. *Bowen*, 511 F. Supp. 3d 441, 454 (S.D.N.Y. 2021). Moreover, as Judge Marrero already noted, "since depositions have not yet taken place, there is no way of measuring with any precision what questions defendants may refuse to answer, or what damage may be done to their position in the civil case by any assertions of privilege they might choose to make." Decision at 9 (quoting *Sterling Nat'l Bank* v. *A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 578 (S.D.N.Y 2001)). And to be clear, choosing between "testifying or asserting [their] Fifth Amendment privilege[s], and, in turn, either risking self-incrimination or adverse inferences . . . will not alone justify a stay of civil discovery." *Mandell* v. *Reeve*, 2011 WL 4585248, at *9 n.6 (S.D.N.Y. Oct. 4, 2011) (quoting *Citibank, N.A.* v. *Hakim*, 1993 WL 481335, at *2 (S.D.N.Y. Nov. 18, 1993)), *aff'd*, 510 F. App'x 73 (2d Cir. 2013).

In any case, Defendants need not worry that testifying here will disadvantage them in their criminal proceedings because (i) they have already admitted to orchestrating the robocalls, ECF No. 38 at 59; (ii) the Court has entered a protective order allowing either party to mark discovery documents as confidential and prevent access to them by parties not directly involved in the civil litigation, ECF No. 163; and (iii) Defendants have publicly asserted their sole defense: that their actions were protected by the First Amendment, Decision at 10–11.

## II. PLAINTIFFS', THE COURT'S, AND THE PUBLIC'S INTERESTS ALL WEIGH AGAINST STAYING THE CASE

As previously held, all Plaintiffs have a significant interest in resolving this case as swiftly as possible because delays could "jeopardize their ability to recover from Defendants" and frustrate discovery as "witnesses becom[e] unavailable or suffer[] from fading memories." *See* Decision at 7–8. Compounding this risk is that Defendants seek in substance an indefinite stay; there is no telling when their criminal cases will conclude, *id.* at 8, and this is particularly true because Defendants' criminal case in Michigan is stayed pending their appeals, *see People of MI* v. *John Macauley Burkman*, Case No. 20-004636-01-FH, Docket No. 357430 (Nov. 10, 2021). Defendants have dragged this case out for months by refusing to produce documents, *see* ECF No. 151 (granting Plaintiffs' motion to compel documents related to the known robocall campaign), and filing frivolous appeals in trying to shirk their discovery obligations, *see, e.g.*, Decision at 4 n.2 (noting Defendants' appeal of the Court's non-appealable denial of their motion to dismiss). Plaintiffs need not endure further delays because Defendants also face criminal exposure for their conduct. *See Paine, Webber, Jackson & Curtis Inc.* v. *Malon S. Andrus, Inc.*, 486 F. Supp. 1118, 1119 (S.D.N.Y. 1980) ("That defendant's conduct also resulted in a criminal charge against him should not be availed of by him as a shield against a civil suit and prevent plaintiff from expeditiously advancing its claim.").

The Court's own interest also disfavors a stay. Defendants again repeat the same previously rejected argument: if they are criminally convicted, collateral estoppel may apply. *See* Stay Motion at 3. As already explained, not only do the Defendants contend that they are

innocent—an outcome for which there would be no estoppel—even if they are ultimately convicted in the criminal proceedings, "[c]ollateral estoppel might apply, at most, only to a subset of issues necessary to resolve" this case because this matter and the criminal proceedings arise from different statutes. Decision at 12.

The public has immense interest in a speedy resolution of this case because it is the first to apply the Voting Rights Act to voter intimidation occurring through electronic communications and the midterm elections are rapidly approaching. "The importance of the right to vote requires that this Court address alleged interference with that right without delay." Decision at 13. Indeed, Judge Marrero observed a year ago that "[b]y the time Defendants' criminal proceedings have concluded, countless elections may have taken place." *Id*. Resolution of Plaintiffs' claims "will further clarify the acceptable bounds of election-related conduct for activists, voters, and other interested parties, thereby promoting the integrity of future elections." *Id*. In an increasingly online society, the swift resolution of this case will provide great benefit to the public, political candidates and campaigns, election officials, voter protection organizations, and law enforcement agencies. "Because of the vastly greater population [Defendants] can reach instantly with false and dreadful information, contemporary means of voter intimidation may be more detrimental to free elections than the approaches taken for that purpose in past eras, and hence call for swift and effective judicial relief." ECF No. 38 at 3.

### III. WOHL AND BURKMAN WAIVED THEIR FIFTH AMENDMENT RIGHTS AS TO THE ROBOCALLS

Finally, as Plaintiffs explained in their last opposition, Defendants waived their Fifth Amendment rights against self-incrimination when they admitted to their conduct in open court. *See, e.g.*, ECF No. 38 at 59 ("Both Wohl and Burkman have admitted to participating in the creation and distribution of the robocall message."); ECF No. 53 at 12:21–22 ("Mr. Burkman: Oh, yes, your Honor, yes. That is our call, yes, yes."). Defendants cannot "use the Fifth Amendment as both a shield and a sword, answering some questions related to a particular topic in a given proceeding and avoiding others, as dictated by whim or self-interest." *OSRecovery, Inc.* v. *One Groupe Int'l, Inc.*, 262 F. Supp. 2d 302, 307 (S.D.N.Y. 2003) (citing *Mitchell* v. *United States*, 526 U.S. 314, 321 (1999)). This reasoning alone is dispositive of the Stay Motion.

\* \* \*

For the foregoing reasons, the Court should deny Defendants Wohl and Burkman's motion to stay the case.

Respectfully submitted,

/s/ *Aaron J. Gold*
Aaron J. Gold

CC: All counsel of record (via ECF)