

March 11, 2022

**VIA ECF**

The Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

**orrick.com**

**Aaron J. Gold**

E  aaron.gold@orrick.com
D  +1 212 506 5179
F  +1 212 506 5151

Re:   *National Coalition on Black Civic Participation, et al.* v. *Wohl, et al.*, No. 20-cv-8668

Dear Judge Wang:

On behalf of all Plaintiffs in the above-referenced action, I write pursuant to Rule I.e of the Court's Individual Practices to request an extension of the fact discovery deadline, currently set for March 14, 2022 (*see* ECF No. 154 at 2), until April 30, 2022, so that the parties may complete anticipated depositions. Counsel for defendants Jacob Wohl, Jack Burkman, J.M. Burkman & Associates, LLC, and Project 1599 (collectively "Defendants"), concur that an extension is necessary, but insist that a longer extension to May 15, 2022, is warranted.[1] This is Plaintiffs' first request for an extension of fact discovery.

Although the Court must address Defendants' interference with voting rights "without delay," (ECF No. 77 at 13), Plaintiffs have no choice but to seek this extension because of the numerous delays caused by Defendants discussed below. However, Plaintiffs believe that there is no credible reason Defendants cannot appear for deposition between now and the end of April 2022, and thus an extension through April 30 is sufficient without causing additional unnecessary delay. Thus, there is "good cause" to grant *Plaintiffs'* requested extension. *See Zhao* v. *U.S. Dep't of Homeland Sec.*, 2008 WL 123933, at *3 (W.D.N.Y. Jan. 10, 2008) (good cause existed "from the delays in [non-moving party's] production and the timing [of its] authorizations for further discovery" for granting motion to extend).

***Defendants File Frivolous Stay Motions***. Defendants have sought to stay the case *four* times, including with their latest stay motion currently pending before this Court. (*See* ECF No.

---

[1] Robert Manhanian and Message Communications, Inc. do not object to extending the discovery deadline as between Plaintiffs and the other Defendants but would object to a general extension of fact discovery that would include them. To be clear, Plaintiffs do not seek an extension of fact discovery involving Mr. Mahanian and Message Communications.

170 (requesting yet another stay); ECF No. 171 (explaining why Defendants' latest motion for a stay is nearly identical to their previous motion, is just as frivolous, and should be denied again).

***Defendants' Discovery Responses Have Been Untimely***.  Defendants refused to serve *every single* discovery response on time, and only served responses after prompting from Plaintiffs.[2]  For instance:

- Plaintiffs served their First Request for Production of Documents on March 9, 2021, with responses thus due on April 8, 2021.  (*See* ECF No. 131-1.)  Defendants did not serve their responses until April 29, 2021, after Plaintiffs requested the responses multiple times.

- Plaintiffs served their First Set of Interrogatories on November 23, 2021 (the "First Interrogatories"), with responses thus due on December 23, 2021.  Unlike the Mr. Mahanian and Message Communications, the Defendants never asked for an extension on the response date.  They did not serve their responses until January 12, 2022, and again only did so after Plaintiffs followed up.

- Because Defendants refused to answer certain questions in the First Interrogatories, Plaintiffs served their Second Set of Interrogatories on Defendants on January 20, 2022 (the "Second Interrogatories"), with responses thus due on February 21, 2022.  Again, Defendants missed the deadline and served their responses a week late, only after Plaintiffs solicited the responses.

Defendants have no credible explanation for their delayed responses.  For example, in the Second Interrogatories, they claimed—for the first time on March 9, 2022—that "an exhaustive inquiry" yielded no responsive information to the Second Interrogatories within J.M. Burkman & Associates, LLC's possession.  This excuse is dubious; the Second Interrogatories are narrow, focusing only on the identity and contact information of "Tamika Taylor," narrator of the robocall.  Common sense dictates that an "exhaustive" search for one person's name and contact information (who is connected only to discrete events in August 2020) does not take 48 days.

***Defendants Have Forced Motions To Compel Discovery***.  Further, as this Court is aware, Defendants refused to produce any documents concerning the Robocalls (including permutations of documents already on the docket) until this Court granted Plaintiffs' motion to compel.[3]  Plaintiffs served those document requests on March 9, 2021, the Court granted Plaintiffs' motion on November 29, 2021, and Defendants did not begin producing the ordered documents until December 2021.  Defendants' obstructionism on this point alone delayed discovery proceedings for nearly nine months.

---

[2]  The delays noted herein are memorialized in email correspondence that can be provided to the Court.

[3]  Until this Court compelled production of documents, the only documents that Defendants would produce were those relating to the curative robocall that Judge Marrero ordered, nearly all of which had been publicly filed in the fall of 2020.

***Defendants Continue Delaying Depositions***.  On January 25, 2022, Plaintiffs noticed Defendants' depositions, to take place from March 4 to March 11, 2022 (today).  Defendants stated they were unable to sit for depositions on those appointed days.[4]  When the Parties conferred on February 10 and March 4, 2022, Defendants represented that Mr. Wohl and Mr. Burkman would be available for depositions in April.  However, the following week, Defendants asserted they were unavailable until May, citing "various"—unspecified—"criminal proceedings and other personal matters."  In fact, Defendants' criminal proceedings in Michigan are stayed pending appeal, *see People of MI* v. *John Macauley Burkman*, Case No. 20-004636-01-FH, Docket No. 357430 (Nov. 10, 2021), and their criminal trials in Ohio are not slated to begin for months.[5]  Defendants have simply provided no reason that they cannot appear for deposition between now and the end of April 2022.

*       *       *

As Judge Marrero observed when denying Defendants' January 2021 stay motion, "[b]y the time Defendants' criminal proceedings have concluded, countless elections may have taken place."  (ECF No. 77 at 13.)  Defendants have dragged this case out by days, weeks, and months whenever they can.  That must stop.  This is one of, if not the, first cases to apply the Voting Rights Act and Ku Klux Klan Act to electronic means of voter intimidation.  With the midterm elections approaching in November of this year, resolution of this case will provide guidance to election officials, campaigns, and law enforcement, and most crucially, protect citizens' right to vote.  Accordingly, Plaintiffs must depose Defendants as soon as possible so that they may seek judgment in this case.

For these reasons, Plaintiffs respectfully request that the Court extend the deadline for fact discovery until April 30, which will allow the parties to complete the contemplated depositions without causing further undue delay.

Respectfully submitted,

/s/ *Aaron J. Gold*
Aaron J. Gold

CC:   All counsel of record (via ECF)

---

[4] Furthermore, information available online shows that Defendants were present at a protest in Hagerstown, Maryland on March 5, 2022, a day after Mr. Wohl was noticed for his deposition.  *See People's Convoy Calls Jacob Wohl and Jack Burkman Federal "Paid Actors" in Ignorant Outburst*, https://www.youtube.com/watch?v=eJznbvNCsEw (last accessed March 11, 2022).  Beginning at the 30-second mark, the Defendants are clearly depicted amidst hostile interactions with protesters.

[5] *See State of Ohio* v. *John Burkman*, Case No. CR-20-654013-A, https://cpdocket.cp.cuyahogacounty.us/CR_CaseInformation_Docket.aspx?q=3XzHqTqWSmGboVLFxr6Rtw2 (last accessed March 11, 2022); *State of Ohio* v. *Jacob Wohl*, Case No. CR-20-654013-B, https://cpdocket.cp.cuyahogacounty.us/CR_CaseInformation_Docket.aspx?q=KgYu6h8B64lkzNWJ53RPbA2 (last accessed March 11, 2022).