

March 14, 2022

**VIA ECF**

The Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

**orrick.com**

**Aaron J. Gold**

E  aaron.gold@orrick.com
D  +1 212 506 5179
F  +1 212 506 5151

Re:  *National Coalition on Black Civic Participation, et al.* v. *Wohl, et al.*, No. 20-cv-8668

Dear Judge Wang:

Plaintiffs in the above-referenced action write pursuant to Local Civil Rule 37.2 and Rule II.b of the Court's Individual Practices to request a pre-motion conference and/or an order compelling Jacob Wohl, Jack Burkman, J.M. Burkman & Associates, LLC, and Project 1599 ("Defendants") to answer interrogatories propounded in Plaintiffs' Second Set of Interrogatories (the "Interrogatories,"; Ex. A).

Plaintiffs served the Interrogatories on January 20, 2022.  Defendants served their responses (the "Responses"; Ex. B) late, and only after prompting from Plaintiffs' counsel, on February 28, 2022 (although dated February 24 and 25, 2022).  Defendants lodged Fifth Amendment objections to all Interrogatories[1] and objected under Local Civil Rule 33.3 to Interrogatory Nos. 2–5.  (*See* Ex. B.)  The parties met and conferred on March 4, 2022, during which Defendants withdrew their Local Civil Rule 33.3 objections to Interrogatory Nos. 3–5 while maintaining all other objections.  After the parties' discussion, in effort to avoid this motion, Plaintiffs provided authority demonstrating that Defendants' Fifth Amendment objections and remaining Local Civil Rule 33.3 objections are meritless.  In their response, Defendants ignored those cases entirely, called the Interrogatories "a fishing expedition," and stated that, after an "an exhaustive inquiry, there are no corporate records or information responsive" to the Interrogatories, while refusing to actually answer the Interrogatories.[2]

---

[1] Defendants' meritless objections further prove why there is no need to stay this action (*see* ECF No. 170 (Defendants' motion for a stay); ECF No. 171 (explaining why the rehashed motion for a stay is meritless.)  Defendants are perfectly capable of lodging Fifth Amendment objections (however fanciful) to specific questions as they arise, undermining any need to further delay the case.

[2] The exchanges noted herein are memorialized in email correspondence that can be provided to the Court.

### I. The Fifth Amendment Does Not Excuse *Any* Defendant From Answering The Interrogatories

*First*, Defendant J.M. Burkman & Associates, LLC ("JMBA") is a corporate entity and "[c]orporations do not have a Fifth Amendment right against self-incrimination." *Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, 676 F.3d 83, 92 n.2 (2d Cir. 2012). That Mr. Burkman may be the sole owner, or employee for that matter, of JMBA is of no moment, as even "a one-person corporation cannot avail itself of the Fifth Amendment." *In re Grand Jury Subpoena Issued June 18, 2009*, 593 F.3d 155, 158 (2d Cir. 2010); *see also Louis Vuitton*, 676 F.3d at 92 n.5.

*Second*, remaining Defendants cannot hide behind the Fifth Amendment either. All Interrogatories varyingly seek the identity and contact information of the person self-identifying as "Tamika Taylor," (*see* Ex. A) who narrated the at-issue robocall on behalf of "Project 1599, the civil rights organization founded by Jack Burkman and Jacob Wohl," (ECF No. 149 ¶ 51).[3] As this Court has recognized, "Defendants openly admitted that they orchestrated the Robocall campaign." (ECF No. 151 at 5; ECF No. 38 at 59 ("Both Wohl and Burkman have admitted to participating in the creation and distribution of the robocall message."); *see* ECF No. 53 at 12:23–19:13 ("THE COURT: You don't deny that you caused this call to be made and that you -- MR. BURKMAN: No.").) Defendants do not deny knowledge of Tamika Taylor's identity and contact information, and nor could they; atop their admissions, all record evidence—including what little Defendants have produced—further proves that Defendants devised, paid for, and disseminated the Robocall. (*See* ECF No. 131-5.) Because Defendants have "explicitly testified to their involvement in and orchestration of the Robocall campaign" and the documents prove they did, it is a "foregone conclusion" that they know the identity of "Tamika Taylor." (*See* ECF No. 151 at 6.) Nothing about disclosing Tamika Taylor's identity will "incriminate" Defendants.

### II. Information About Tamika Taylor Is Within JMBA's Possession

Defendants' representation that JMBA possesses no "records or information responsive" to the Interrogatories is an obvious attempt to focus solely on documents at the exclusion of the company's knowledge. Mr. Burkman owns JMBA and "knowledge of a director, officer, sole shareholder or controlling person of a corporation is imputable to that corporation." *Battino* v. *Cornelia Fifth Ave., LLC*, 861 F. Supp. 2d 392, 405 (S.D.N.Y. 2012) (quoting *Baker* v. *Latham Sparrowbush Assocs.*, 72 F.3d 246, 255 (2d Cir. 1995) ("Where the organizer and promoter of a corporation is also its sole owner, his or her knowledge is its knowledge.")). JMBA—which paid for the robocall (*see* Ex. C) must "make a reasonable inquiry concerning the information sought in interrogatories." *Shim-Larkin* v. *City of New York*, 2020 WL 5534928, at *14 (S.D.N.Y. Sept. 14, 2020). A "reasonable," not even an "exhaustive," inquiry entails asking Mr. Burkman—

---

[3] Even though Project 1599 has been a defendant in this action since October 2020 (*see* ECF No. 1) Defendants' counsel now asserts that Project 1599 is merely a "meme" and not a "civil rights organization" as the robocall represented. However, Defendants' counsel neglects that Project 1599 (i) has been a defendant for over 15 months (*see* ECF No. 1), (ii) has never moved to dismiss the allegations against it on any grounds concerning its status as an entity, and (iii) in fact has answered the original, amended, and intervenor complaints filed in this action (*see* ECF Nos. 71, 120, and 166).

or Mr. Wohl, who has lobbied for JMBA in the past[4]—for the information, which they can provide. Any Fifth Amendment rights Mr. Burkman *or* Mr. Wohl may personally enjoy do not protect JMBA, nor excuse JMBA from answering through a corporate representative. *Louis Vuitton*, 676 F.3d at 92 n.5, 102 (noting "a corporation may not refuse to submit to a Rule 30(b)(6) deposition . . . on the grounds that such acts may tend to incriminate it," it may designate other individuals to act as 30(b)(6) witnesses); *see Martinez* v. *Majestic Farms, Inc.*, 2008 WL 239164, at *3 (S.D. Fla. Jan. 28, 2008) ("If there is no person presently associated with [a corporation] with sufficient knowledge, [the corporation] must retain a person not previously associated with the corporation so that person can answer the questions. If the retained corporate representative has limited or no knowledge, [the corporation] must provide him with sufficient knowledge . . . .").

### III. Defendants' Local Civil Rule 33.3 Objection to Interrogatory No. 2 Is Meritless and They Must Answer The Interrogatory

Interrogatory No. 2 seeks Tamika Taylor's "contact information," namely her phone number, address, and email address. (*see* Ex. A at 6.) Local Civil Rule 33.3(a) permits interrogatories to identify witnesses, which includes contact information. Even ignoring that logic, under Local Civil Rule 33.3(b), Interrogatory No. 2 is a "more practical" way to learn *one person's* contact information: a "simple response[]" that does not require "long narrative explanations." *E*Trade Fin. Corp.* v. *Deutsche Bank, AG*, 2006 WL 3267267, at *1 (S.D.N.Y. Nov. 13, 2006); *see Pratt* v. *Atalian Glob. Servs. Inc.*, 2021 WL 1234253, at *3 (S.D.N.Y. Apr. 2, 2021) (interrogatories are "more practical" under Local Civil Rule 33.3(b) when seeking lists of individuals and agreements, even those "which may in some cases be quite lengthy and concern events that took place many years ago"); *Marano* v. *Aaboe*, 2007 WL 631348, at *2 (S.D.N.Y. Feb. 27, 2007) (interrogatories are "more practical" when they are "narrow in scope and ask discrete questions"). It is "more practical"—and far more sensible—for Defendants to "provide a list" of Tamika Taylor's contact information than for them to "commit [that information] to memory and provide such a list through deposition testimony." *Roelcke* v. *Zip Aviation, LLC*, 2020 WL 5752228, at *2 (S.D.N.Y. Sept. 25, 2020).

\*   \*   \*

For the foregoing reasons, Plaintiffs respectfully request that the Court order Defendants to answer the Interrogatories.

Respectfully submitted,

/s/ *Aaron J. Gold*
Aaron J. Gold

CC:   All counsel of record (via ECF)

---

[4] See lobbying registrations filed last week on behalf of JBMA. (Ex. D; *available at* https://lda.senate.gov/filings/public/filing/d8f0a11e-e3a1-44b4-89fc-e98de485c01d/print/ (last visited Mar. 14, 2022).)