# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL COALITION ON BLACK CIVIC PARTICIPATION, MARY WINTER, GENE STEINBERG, NANCY HART, SARAH WOLFF, KAREN SLAVEN, KATE KENNEDY, EDA DANIEL, and ANDREA SFERES,<br><br>-and-<br><br>People of the STATE OF NEW YORK, by its attorney general, LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK<br><br>Plaintiffs,<br><br>v.<br><br>JACOB WOHL, JACK BURKMAN, J.M. BURKMAN & ASSOCIATES, LLC, PROJECT 1599, MESSAGE COMMUNICATIONS, INC., ROBERT MAHANIAN, and JOHN and JANE DOES 1-10,<br><br>Defendants. | Civil Action No. 20-cv-8668 (VM)(OTW) |

**PLAINTIFFS' SECOND SET OF
<u>INTERROGATORIES  TO WOHL AND BURKMAN DEFENDANTS</u>**

Pursuant to Federal Rules of Procedure 26 and 33 and Rule 33.3 of the Local Rules of the United States District Courts for the Southern Districts of New York and any other applicable rules or governing law (collectively, the "Applicable Rules"), Plaintiffs National Coalition on Black Civic Participation, Mary Winter, Gene Steinberg, Nancy Hart, Sarah Wolff, Karen Slaven, Kate Kennedy, Eda Daniel, and Andrea Sferes (collectively, "Plaintiffs") hereby demand, by and through their undersigned attorneys, Orrick, Herrington & Sutcliffe LLP, that Defendants Jacob Wohl, Jack Burkman, J.M. Burkman & Associates, LLC, and Project 1599 answer in writing and

under oath each of the following interrogatories within 30 days of service hereof. Each of the Interrogatories is to be read in accordance with the Definitions and Instructions set forth below.

## DEFINITIONS

1. All terms used in these Document Requests (the "Requests"), including but not limited to the terms "document," "electronically stored information," "communication," "identify," "person" and "concerning," have the broadest meaning accorded to them under Fed. R. Civ. P. 34 and Local Rule 26.3, and all documents and information should be produced in accordance with the Applicable Rules.

2. "Action" refers to the above-captioned action pending in the United States District Court for the Southern District of New York.

3. "Complaint" means the First Amended Complaint, dated November 22, 2021, filed in this Action. (*See* ECF No. 149.)

4. "Plaintiffs" shall mean Plaintiffs National Coalition on Black Civic Participation, Mary Winter, Gene Steinberg, Nancy Hart, Sarah Wolff, Karen Slaven, Kate Kennedy, Eda Daniel, and Andrew Sferes and, where applicable, their predecessors, successors, and assigns, subsidiaries, employees, managers, officers, agents, and/or representatives, including without limitation any person(s) or entity(ies) presently or formerly acting or purporting to act on their behalf.

5. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including any contact, oral or documentary, formal or informal, at any time or place, under any circumstances whatsoever, whereby information of any nature was transmitted or transferred.

6. "Concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

7. "Contact Information" shall mean any information used by the Defendants, or anyone acting on their behalf, to communicate with the Person self-identified as "Tamika Taylor" on the Robocalls.

8. "Defendants," shall mean Jacob Wohl, Jack Burkman, J.M. Burkman & Associates LLC, Project 1599, Robert Mahanian, and Message Communications and, where applicable, their predecessors, successors, and assigns, subsidiaries, employees, managers, officers, agents, and/or representatives, including without limitation any person(s) or entity(ies) presently or formerly acting or purporting to act on their behalf.

9. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), including writings, drawings, graphs, charts, photographs, sound recordings, images, emails, texts, voicemails, voice memos, electronic notes, communications or posts on WhatsApp, Facebook, Twitter, Gab, Parler, YouTube, Instagram, Tumblr, TikTok, Reddit, or any other social media platform or application, and other data or data compilations —stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

10. "Identify" with respect to a person means to give, to the extent known, the person's (a) full name; (b) present or last known address; and (c) current or last known place of employment.

11. "Identify" with respect to a document means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s),

addressee(s), and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Rule 33 of the Federal Rules of Civil Procedure.

12. "Identify" with respect to communications means to give, to the extent known, (a) a description of the substance of the communication; (b) the form of the communication (e.g., telephone, facsimile, email, etc.); (c) the identity of all parties to and/or present at the time of the communication, as well as the full name, present or last known address, and the current or last known place of employment of each person; (d) the identity of the person whom you contend initiated the communication; and (e) the time, date, and place of the communication.

13. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity, organization, or association.

14. "Robocall" or "Robocalls" shall mean telephone calls, the transcript of which is set forth in Paragraph 51 of the Complaint.

15. "You," or "your," refer to Jacob Wohl, Jack Burkman, J.M. Burkman & Associates LLC, and Project 1599, and, where applicable, their predecessors, successors, and assigns, subsidiaries, employees, managers, officers, agents, and/or representatives, including without limitation any person(s) or entity(ies) presently or formerly acting or purporting to act on their behalf.

16. The terms "and" and "or" shall each be both conjunctive and disjunctive; the words "any" and "all" each mean "any and all"; the word "including" means including without limitation.

## INSTRUCTIONS

1. If You are unable to answer any of these Interrogatories fully after exercising due diligence to secure the necessary information, You must answer them to the fullest extent possible and explain the inability to answer the remainder.

2. If You are unable to answer or object to a portion of any Interrogatory, or to any subpart thereof, the remainder of the Interrogatory, or the non-objected to subparts, must nonetheless be answered fully and completely.

3. When an Interrogatory asks for precise information and the precise information requested is unknown to You, You must answer with Your best approximation and state the basis for Your approximation.

4. If You object to any Interrogatory or part thereof on the basis of attorney/client or work-product privilege, identify the privilege claimed, as well as each statement or communication for which such privilege is claimed, together with the following information with respect to each such statement or communication: (a) the date made; (b) the names of persons present; (c) the subject matter; and (d) the basis on which the privilege is claimed.

5. These Interrogatories are continuing in nature, such that a supplemental response is requested if and when You discover, obtain or recollect other or further information responsive to any Interrogatory. In addition, You must amend the answer to any Interrogatory if and when You discover or ascertain that the answer was incorrect when made or that the answer is no longer correct.

## INTERROGATORIES

1. Identify the legal name and any aliases for the Person self-identified as "Tamika Taylor" on the Robocalls.

2. Identify the address(es), email address(es), phone number(s), and Contact Information for the Person self-identified as "Tamika Taylor" on the Robocalls.

3. Identify documents—whether produced or responsive documents in forthcoming productions—evincing any agreements with or any payments made or consideration provided to the person self-identified as "Tamika Taylor" on the Robocalls.

4. Identify all Persons with information about agreements with or payments made or consideration provided to the person self-identified as "Tamika Taylor" on the Robocalls.

5. Identify all Persons with knowledge, documents, or information about the person self-identified as "Tamika Taylor" on the Robocalls or about communications made between any Defendants and the person self-identified as "Tamika Taylor" on the Robocalls.

| | |
|---|---|
| Dated: January 20, 2022<br>New York, NY | /s/ *Aaron J. Gold*<br>Amy Walsh<br>Franklin Monsour<br>Rene Kathawala<br>Aaron J. Gold<br>ORRICK HERRINGTON & SUTCLIFFE LLP<br>51 West 52nd Street<br>New York, NY  10019-6142<br>(212) 506-5000<br>awalsh@orrick.com<br>fmonsour@orrick.com<br>rkathawala@orrick.com<br>aaron.gold@orrick.com<br><br>David Brody (admitted *pro hac vice*)<br>LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW<br>1500 K St. NW, Suite 900<br>Washington, DC 20005<br>(202) 662-8600<br>dbrody@lawyerscommittee.org<br><br>John F. Libby<br>MANATT, PHELPS & PHILLIPS, LLP<br>72049 Century Park East, Suite 1700<br>Los Angeles, CA 90067<br>(310) 312-4342<br>jlibby@manatt.com<br><br>*Counsel for Plaintiffs* |

## CERTIFICATE OF SERVICE

I, Aaron J. Gold, hereby certify that on January 20, 2022, I caused to be served upon the following, by electronic mail, a true and correct copy of the foregoing Second Set of Interrogatories to Wohl and Burkman Defendants:

>David M. Schwartz, Esq.
>Randy K. Kleinman, Esq.
>Gerstman Schwartz LLP
>1399 Franklin Avenue, Suite 200
>Garden City, NY 11530
>dschwartz@gerstmanschwartz.com
>rkleinman@gerstmanschwartz.com

*/s/ Aaron J. Gold*
Aaron J. Gold