# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL COALITION ON BLACK CIVIC PARTICIPATION, MARY WINTER, GENE STEINBERG, NANCY HART, SARAH WOLFF, KAREN SLAVEN, KATE KENNEDY, EDA DANIEL, and ANDREA SFERES, <br><br> Plaintiffs, <br><br> -and- <br><br> People of the STATE OF NEW YORK, by its attorney general, LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK, <br><br> v. <br><br> JACOB WOHL, JACK BURKMAN, J.M. BURKMAN & ASSOCIATES, LLC, PROJECT 1599, MESSAGE COMMUNICATIONS, INC., ROBERT MAHANIAN, and JOHN and JANE DOES 1-10, <br><br> Defendants. | Civil Action No.: 20-cv-8668-(VM)(OTW) |

**DEFENDANTS' RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**

Defendants Jacob Wohl, Jack Burkman, J.M., Burkman & Associates, LLC, and Project 1599 (collectively, "Defendants" or "Responding Party"), by their attorneys, Gerstman Schwartz LLP, as and for its Responses to Plaintiffs' National Coalition on Black Civic Participation, Mary Winter, Gene Steinberg, Nancy Hart, Sarah Wolff, Karen Slaven, Kate Kennedy, Eda Daniel, and Andrea Sferes (collectively, "Plaintiffs") Second Set of Interrogatories, while specifically

reserving all of its rights under the Federal Rules of Civil Procedure, state the following, under oath:

## GENERAL STATEMENT AND OBJECTIONS

A.  Plaintiffs seek information which, in many instances, is contained in numerous files and records. Defendants further state that the answer to many of the Plaintiffs' interrogatories may, in substantial part, be derived or ascertained from the Defendants' records as well as documents produced. Further, certain requests may call for the collection of information from various locations. Therefore, Defendants respond on the basis of information now available.

B.  Defendants reserve all objections as to the competency, relevancy, materiality, privilege and admissibility of the Demands propounded by Plaintiffs in these responses, including as to their use as evidence for any purpose in this proceeding.

C.  Defendants object to the Demands to the extent they seek production protected by the attorney-client privilege and/or attorney work product.

D.  Defendants object to the Demands to the extent they seek production developed and/or prepared in anticipation of litigation or for trial.

E.  Defendants object to the Demands to the extent they seek confidential information.

F.  Defendants object to the Demands to the extent they seek the production of items not in the possession, custody, or control of the Plaintiff.

G.  Defendants object to the Demands to the extent they seek the production of items not already in the possession, custody, or control of Plaintiffs.

H.  Defendants reserve the right to make additional objections to the Demands at any time, including but not limited to objections as to the competency, relevancy, materiality, privilege,

and admissibility of the Demands propounded by Plaintiffs and these responses, and to move for an appropriate protective order.

I. Defendants object to the extent the Demands request the production of documents dated, prepared, sent, or received outside the applicable statute of limitations.

J. Defendants object to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent they seek to impose burdens or obligations on Defendants that are broader than, inconsistent with or not authorized under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, other applicable rules or laws, or any order entered by the Court in, or applicable to, this case (the "Applicable Rules"). Subject to and without waiving any Objections, in responding to the Interrogatories, Plaintiffs will construe the Requests in accordance with the Applicable Rules.

K. Defendants object to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they seek information that is overly broad, unduly burdensome, not relevant to any claim or defense in this Action, and not proportional to the needs of this Action in contravention of Federal Rule of Civil Procedure 26.

L. Defendants object to the definition of "Identify," including any Interrogatories, Definitions, or Instructions that incorporate that definition, to the extent that it imposes obligations beyond those imposed by the Applicable Rules, including Local Civil Rule 26.3.

M. The responses to the Demands set forth herein are based on Defendants' present knowledge, information, and belief currently available and shall be deemed continuing. Defendants reserve the right to supplement these responses after further discovery and investigation and based upon such additional information as may be revealed or discovered up to and including the time of trial. In addition, to the extent documents provided in discovery or

testimony taken at depositions or trial provide further responses to the Demands, the responses herein shall be deemed amended.

N.   Defendants reserve the right to conform these responses to the proof adduced up to and at the trial of this action and to conform the pleadings to the proof.

O.   Any answer or objection or lack thereof by Defendants in response to any request by Plaintiff does not constitute admission of, acquiescence to, or agreement with any statement or allegation made by Plaintiff in the request.

P.   Defendants object to Plaintiffs' Requests in their entirety to the extent that they seek documents, the disclosure of which would constitute an unwarranted invasion of the Defendants' constitutional Fifth Amendment privilege against self-incrimination. The Fifth Amendment privilege protects the person asserting the privilege from compelled self-incrimination. *See*, *e.g.*, *United States v. Doe*, 465 U.S. 605, 610 (1984); *Fisher v. United States*, 425 U.S. 391, 396 (1976). It is beyond cavil that the shield of the Fifth Amendment, though framed in terms of a criminal defendant, extends to protect a litigant in the civil arena. *See United States v. 4003-4005 5th Ave.*, 55 F.3d 78, 80 (2d Cir. 1995) (emphasis supplied) ("While U.S. Const. amend. V states only that no person shall be compelled in any criminal case to be a witness against himself, **there is no question that an individual is entitled to invoke the privilege against self-incrimination during a civil proceeding. And this means that a civil litigant may legitimately use the U.S. Const. amend. V to avoid having to answer inquiries during any phase of the discovery process**."). It is well-settled that the constitutional privilege against self-incrimination "protects a mere witness as fully as it does one who is also a party defendant." *McCarthy v. Arndstein*, 266 U.S. 34, 40 (1924). A valid assertion of the Fifth Amendment privilege exists where a "witness has reasonable cause to apprehend danger [of incrimination] from a direct answer."

*Hoffman v. United States*, 341 U.S. 479, 486 (1951); *see also United States v. Van Rossem*, 164 F.3d 620, 620 (2d Cir. 1998). "To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Hoffman*, 341 U.S. at 486-87.

## SPECIFIC OBJECTIONS AND RESPONSES

### Interrogatory No. 1

Identify the legal name and any aliases for the Person self-identified as "Tamika Taylor" on the Robocalls.

### Response to Interrogatory No. 1

Defendants incorporate the foregoing General Objections, and object further to this Interrogatory on the grounds that it seeks information that relates directly to the criminal proceedings commenced against Defendants Wohl and Burkman, namely, *People of the State of Michigan v. Burkman and Wohl*, No. 20-004637 FH (Wohl) 20-004636 FH (Burkman), (Mich. Cir. Ct., Wayne County 2021), and *State of Ohio v. Burkman and Wohl*, No. 654013-20-CR (Ohio Criminal Division, Cuyahoga County, 2021), which arise from the same facts as the instant matter, and, therefore, present an imminent threat of violating Defendants Wohl and Burkman's Fifth Amendment privilege against self-incrimination. *See United States v. 4003-4005 5th Ave., 55 F.3d 78, 80 (2d Cir. 1995)*.

### Interrogatory No. 2

Identify the address(es), email address(es), phone number(s), and Contact Information for the Person self-identified as "Tamika Taylor" on the Robocalls.

**Response to Interrogatory No. 2**

Defendants incorporate the foregoing General Objections, and object further to this Interrogatory on the grounds that it seeks information that relates directly to the criminal proceedings commenced against Defendants Wohl and Burkman, namely, *People of the State of Michigan v. Burkman and Wohl*, No. 20-004637 FH (Wohl) 20-004636 FH (Burkman), (Mich. Cir. Ct., Wayne County 2021), and *State of Ohio v. Burkman and Wohl*, No. 654013-20-CR (Ohio Criminal Division, Cuyahoga County, 2021), which arise from the same facts as the instant matter, and, therefore, present an imminent threat of violating Defendants Wohl and Burkman's Fifth Amendment privilege against self-incrimination. *See United States v. 4003-4005 5th Ave., 55 F.3d 78, 80 (2d Cir. 1995)*. Defendants further object to this Interrogatory on the grounds that it exceeds permissible scope of discovery under Local Rule 33.3 (b), which states that interrogatories other than those seeking names of witnesses with knowledge of relevant information, computation of damages, and descriptions of documents are not permitted unless ordered by the court or unless they are "a more practical method of obtaining the information sought than a request for production or a deposition."

**Interrogatory No. 3**

Identify documents—whether produced or responsive documents in forthcoming productions—evincing any agreements with or any payments made or consideration provided to the person self-identified as "Tamika Taylor" on the Robocalls.

**Response to Interrogatory No. 3**

Defendants incorporate the foregoing General Objections, and object further to this Interrogatory on the grounds that it seeks information that relates directly to the criminal proceedings commenced against Defendants Wohl and Burkman, namely, *People of the State of*

*Michigan v. Burkman and Wohl*, No. 20-004637 FH (Wohl) 20-004636 FH (Burkman), (Mich. Cir. Ct., Wayne County 2021), and *State of Ohio v. Burkman and Wohl*, No. 654013-20-CR (Ohio Criminal Division, Cuyahoga County, 2021), which arise from the same facts as the instant matter, and, therefore, present an imminent threat of violating Defendants Wohl and Burkman's Fifth Amendment privilege against self-incrimination. *See United States v. 4003-4005 5th Ave., 55 F.3d 78, 80 (2d Cir. 1995)*. Defendants further object to this Interrogatory on the grounds that it exceeds permissible scope of discovery under Local Rule 33.3 (b), which states that interrogatories other than those seeking names of witnesses with knowledge of relevant information, computation of damages, and descriptions of documents are not permitted unless ordered by the court or unless they are "a more practical method of obtaining the information sought than a request for production or a deposition."

**Interrogatory No. 4**

Identify all Persons with information about agreements with or payments made or consideration provided to the person self-identified as "Tamika Taylor" on the Robocalls.

**Response to Interrogatory No. 4**

Defendants incorporate the foregoing General Objections, and object further to this Interrogatory on the grounds that it seeks information that relates directly to the criminal proceedings commenced against Defendants Wohl and Burkman, namely, *People of the State of Michigan v. Burkman and Wohl*, No. 20-004637 FH (Wohl) 20-004636 FH (Burkman), (Mich. Cir. Ct., Wayne County 2021), and *State of Ohio v. Burkman and Wohl*, No. 654013-20-CR (Ohio Criminal Division, Cuyahoga County, 2021), which arise from the same facts as the instant matter, and, therefore, present an imminent threat of violating Defendants Wohl and Burkman's Fifth Amendment privilege against self-incrimination. *See United States v. 4003-4005 5th Ave., 55 F.3d*

78, 80 (2d Cir. 1995). Defendants further object to this Interrogatory on the grounds that it exceeds permissible scope of discovery under Local Rule 33.3 (b), which states that interrogatories other than those seeking names of witnesses with knowledge of relevant information, computation of damages, and descriptions of documents are not permitted unless ordered by the court or unless they are "a more practical method of obtaining the information sought than a request for production or a deposition."

**Interrogatory No. 5**

Identify all Persons with knowledge, documents, or information about the person self-identified as "Tamika Taylor" on the Robocalls or about communications made between any Defendants and the person self-identified as "Tamika Taylor" on the Robocalls.

**Response to Interrogatory No. 5**

Defendants incorporate the foregoing General Objections, and object further to this Interrogatory on the grounds that it seeks information that relates directly to the criminal proceedings commenced against Defendants Wohl and Burkman, namely, *People of the State of Michigan v. Burkman and Wohl*, No. 20-004637 FH (Wohl) 20-004636 FH (Burkman), (Mich. Cir. Ct., Wayne County 2021), and *State of Ohio v. Burkman and Wohl*, No. 654013-20-CR (Ohio Criminal Division, Cuyahoga County, 2021), which arise from the same facts as the instant matter, and, therefore, present an imminent threat of violating Defendants Wohl and Burkman's Fifth Amendment privilege against self-incrimination. *See United States v. 4003-4005 5th Ave., 55 F.3d 78, 80 (2d Cir. 1995)*. Defendants further object to this Interrogatory on the grounds that it exceeds permissible scope of discovery under Local Rule 33.3 (b), which states that interrogatories other than those seeking names of witnesses with knowledge of relevant information, computation of damages, and descriptions of documents are not permitted unless ordered by the court or unless

they are "a more practical method of obtaining the information sought than a request for production or a deposition."

Dated: Garden City, New York
 February 24, 2022

                                                **AS TO OBJECTIONS:**

                                                **GERSTMAN SCHWARTZ LLP**

By:    */s/ Randy E. Kleinman*
       Randy Kleinman, Esq.
       1399 Franklin Avenue, Suite 200
       Garden City, New York 11530
       Tel. No.: (516) 880 – 8170
       *Attorneys for Defendants*

## VERIFICATION

I have read the foregoing Responses, which are based on a diligent and reasonable effort by me to obtain information currently available. I reserve the right to make changes in or additions to any of these answers if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available. Subject to these limitations, these Responses are true to the best of my present knowledge, information, and belief.

Subscribed and sworn to under the pains and penalties of perjury this ___ day of February, 2022.

*Jacob Wohl*     2/25/2022

JACOB WOHL

## VERIFICATION

I have read the foregoing Responses, which are based on a diligent and reasonable effort by me to obtain information currently available. I reserve the right to make changes in or additions to any of these answers if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available. Subject to these limitations, these Responses are true to the best of my present knowledge, information, and belief.

Subscribed and sworn to under the pains and penalties of perjury this ___ day of February, 2022.

*[DocuSigned by: Jack Burkman]* 2/25/2022

JACK BURKMAN