

# GERSTMAN SCHWARTZ LLP
### ATTORNEYS AT LAW

March 15, 2022

**VIA CM/ECF**
The Honorable Ona T. Wang (Wang_NYSDChambers@nysd.uscourts.gov)
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

     Re: *National Coalition on Black Civil Participation et al. v. Wohl et al.*, United States District Court, Southern District of New York, Case No. 1:20-cv-08668

Dear Judge Wang:

     We write on behalf of the Defendants Jacob Wohl, Jack Burkman, J.M. Burkman & Associates, LLC, and Project 1599 (collectively, "Defendants") in the above-referenced matter to address Plaintiffs' March 11, 2022 correspondence.

     Plaintiffs apparently believe it is productive to involve the Court in a pedantic quibble over the additional *15 days* Defendants have requested past the April 30 fact discovery deadline Plaintiffs propose. But Plaintiffs' letter is both unnecessary and riddled with extraneous inaccuracies. Indeed, despite Plaintiffs' accusations, Defendants have not capriciously avoided discovery deadlines. Rather, Defendants have objected to certain discovery requests on constitutional grounds, several of which Your Honor sustained on Fifth Amendment grounds. (ECF No. 151). Zealous advocacy and constitutional protections are a far cry from obstructionism. Plaintiffs also omit that fact that Defendants have already produced volumes of discovery. Indeed, Plaintiffs' speculative and conclusory statement about the length of time it may take to provide a definitive answer to an inquiry given that Defendants are contending with two criminal cases arising out of the same set of facts, and the challenges associated with their preparation and participation in same, is specious.

     In any event, Plaintiffs are entirely mistaken about Defendants' upcoming criminal schedules conflicting with the instant case. Specifically, Mr. Wohl has an upcoming trial scheduled in an unrelated criminal matter on April 16, 2022 (which could potentially be moved April 9, 2022), in Riverside County, California, which is anticipated to last two weeks. Mr. Wohl will therefore be traveling to California on March 21, 2022, to begin preparing with his attorneys for this trial. Additionally, Mr. Burkman will be in Ohio next week meeting with his attorney to discuss and plan for matters concerning his Ohio criminal case, which will take approximately two weeks to complete.

     Plaintiffs' acknowledgment that this is the first case to endeavor to apply the Voting Rights Act and Ku Klux Klan Act to a robocall is irrelevant and has absolutely nothing to do with providing guidance or protecting citizens' right to vote. There is no pendency with regard to the

# GERSTMAN SCHWARTZ LLP
ATTORNEYS AT LAW

2020 elections as this Court has already issued a corrective call. Conversely, this only further proves that the speech at issue here has been historically protected by the First Amendment, further establishing that Plaintiffs' complaints are overwrought and lacking in context.

It remains that Judge Marrero, even in denying Defendants' initial stay, recognized that a stay might be appropriate at a later date based on the "threat of imposition", channeling relevant case law to order a stay or tailor another remedy. (ECF No. 45). Thus, our attempts to zealously protect our clients' fundamental liberty interests, given the obvious tensions in trying a civil case arising out of the same set of facts simultaneously with two criminal cases, is beyond obvious and cries for consideration. Plaintiffs' desire to create new law so that they have a cudgel to silence those whose political opinions they disagree with must be secondary to our clients' constitutional right to a fair trial both here and elsewhere.

Finally, Plaintiffs' spurious contention that Defendants have dragged this case out is pure histrionics. In fact, Plaintiffs noted that in initially denying Defendants' January 2021 stay motion, Judge Marrero observed that "[b]y the time Defendants' criminal proceedings have concluded, countless elections may have taken place." (ECF No. 77 at 13). Exactly. There is no special urgency here to expedite a civil case that arises from complaints about irreverent free speech employed in the 2020 election cycle when this Court has already precluded Defendants from making any similar expressions. (ECF No. 38). Plaintiffs' desire to take Defendants out to the woodshed before the "midterm elections approaching in November" merely illustrates the actual reasons this case is being pursued in the first place.

Based on the foregoing, Defendants respectfully request an extension of the deadline for fact discovery until May 15.

                               Respectfully Submitted,
                               /s/ *David M. Schwartz*
                               /s/ *Randy E. Kleinman*

cc:     All counsel of record (via ECF)