

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

CIVIL RIGHTS BUREAU
212.416.8637

April 6, 2022

*By ECF*
Honorable Ona T. Wang
United States District Court
Southern District of New York

Re: *National Coalition on Black Civic Participation v. Jacob Wohl*,
SDNY Case No. 20 Civ. 8668 (VM)(OTW)

Dear Judge Wang:

Plaintiffs move for a Local Rule 37.2 conference concerning Defendants' failure to identify and produce documents responsive to the OAG's RFPs served nearly five months ago, Private Plaintiffs' RFPs served over a year ago, or to comply with the Court's November 29, 2020 order. *See* D.E. 151.[1] The parties have met and conferred four times concerning these issues—with multiple follow-up emails. Despite conceding that the documents at issue should be produced, Defendants have given us only piecemeal responses, omitting key documents we know to exist. Defendants' dilatory tactics are consistent with their overall strategy in this litigation: to delay by any means necessary, including repeatedly filing frivolous stay motions based on a Fifth Amendment privilege the Court ruled is "largely inapplicable." D.E. 151 at 1.

Because these documents are necessary for Defendants' depositions, which start April 25, Plaintiffs seek the Court's immediate intervention to compel production of responsive documents. Plaintiffs also seek resolution of the pending motion to compel Defendants to identify an integral witness—the voice actress heard in the robocall at issue—so that we may interview and depose her, if necessary, before the May 15 close of discovery. *See* D.E. 174.

I.   **Despite repeated opportunities, Defendants have withheld many key documents.**

On November 12, 2021, the OAG served Defendants with 24 targeted requests for production concerning our allegations that Jacob Wohl, Jack Burkman, and J.M. Burkman & Associates (JMBA) conspired to intimidate New York voters—particularly Black voters—using an unlawful robocall filled with Russian-style disinformation. After an agreed-upon extension, Defendants responded on January 10, 2022, with a production consisting almost entirely of material previously filed on the docket in this case or publicly filed in the State of Michigan's ongoing criminal prosecution of the same misconduct.

---

[1] This motion is brought by the New York Office of the Attorney General (OAG) on behalf of all Plaintiffs. "Defendants" refers only to Jacob Wohl, Jack Burkman, J.M. Burkman & Associates, and Project 1599. Defendants Robert Mahanian and Message Communications are not parties to this dispute.

Honorable Ona T. Wang
Page 2 of 4
April 6, 2022

  Defendants produced no documents for whole categories of self-evidently relevant requests, including documents concerning Defendants' financial relationships, statements of Defendants' net worth, social media postings and media appearances, and non-privileged communications concerning the robocall. We met and conferred by phone concerning those discrepancies on February 4 and 10, and defense counsel agreed to revisit those categories with their clients and produce statements of net worth and other relevant documents by March 10. We received a supplemental production on March 4, consisting mostly of the criminal discovery the Court ordered produced back in November, *see* D.E. 151 at 7–8, and further pushing back the deadline for remaining material until March 15. That date came and went without further production, and the OAG followed up with emails on March 16 and March 28.

  When we did receive the Defendants' final supplement on March 31—three weeks after it was originally promised and nearly five months after our requests were made—it was woefully deficient. The entire production consisted of two IRS Form 1099s issued by Defendant JMBA to Defendant Wohl, and over 1,000 pages of mostly irrelevant Facebook searches. The production continued to lack any documents concerning the contractual relationship between Wohl and JMBA, the financial relationships between Burkman and JMBA, the agreed-upon statements of net worth, Wohl and Burkman's social media posts, and non-privileged communications concerning the robocall. Nor did Defendants produce a privilege log accounting for the missing documents. The parties met and conferred again on April 4.

  Over a year ago, on March 9, 2021, Private Plaintiffs served 21 RFPs, and moved to compel responses to 13 of them on August 11, 2021. D.E. 131. The Court granted the motion in part on November 9, and compelled production of responsive documents by December 10, 2021. D.E. 151 at 4. Defendants' supplemental productions failed to include *any* documents in response to several requests to which the Court compelled Defendants to respond, including RFPs 3, 6, 7, 16, 18; and few (if any) responsive documents to other critical RFPs, including RFPs 5, 6, 17, 19. Plaintiffs raised these issues by phone on December 3, 2021, and February 2, February 10, and April 4, 2022. We now file this motion.

**II.**  **Plaintiffs are entitled to documents concerning financial interrelationships.**

  The OAG's request for production (RFP) 15 sought documents concerning the financial relationships between JMBA and the other parties to this litigation. *See* Ex. 1. Defendants do not dispute that such relationships exist or that such documents are relevant. They conceded both points by producing two IRS Form 1099s reflecting $218,460 JMBA paid Wohl for contract work in 2020 and 2021. But Defendants produced nothing else. No copy of any contract between JMBA and Wohl or anything reflecting what Wohl did to earn that money. No documents at all concerning JMBA's financial relationship with Burkman himself. And even though Wohl paid JMBA $12,427.35 in 2020—including $2,427.35 in June 2020 just before JMBA bought $2,000 in robocalls—Defendants produced no documents concerning those transactions. But those documents are relevant to establish how the illegal robocall was bankrolled and to our conspiracy claim. Plaintiffs are entitled to know how, when, and why Defendants were exchanging money before and shortly after the events in this case. In addition, as Defendants already agreed, Plaintiffs are entitled to a statement of their net worth. *See, e.g.*, *TVT Records v. Island Def Jam Music Grp.*, 257 F. Supp. 2d 737, 745 (S.D.N.Y. 2003) (holding statement of net worth relevant to punitive damages).

**III.     Plaintiffs are entitled to documents reflecting Wohl and Burkman's social media.**

Wohl and Burkman are notorious conspiracy theorists with active presences on the internet. Self-consciously inspired by Russian disinformation campaigns, they regularly spread the type of misinformation included in their robocall through other channels, including social media, internet TV programs, and newsletters. The OAG's RFP 10 requested relevant material from those sources, and Private Plaintiffs' RFPs 3 and 5 encompass social media material related to the robocall and the 2020 election. To facilitate the review of Defendants' copious body of fraud, the parties agreed on a list of targeted search terms to identify only the most relevant posts. What Plaintiffs got instead was over 1,000 mostly blank pages of searches defense counsel's team apparently performed using the search bar of Jack Burkman's Facebook account. Defense counsel did not provide a single post authored by Wohl or Burkman or anything at all from any platform or account other than Burkman's personal Facebook. But Plaintiffs have evidence that Wohl and Burkman have posted and continue to post on sites as diverse as Twitter, Gab, Censored.TV, Substack, and OnlyFans. And Burkman has a separate Facebook account, "Jack Burkman Radio," featuring video monologues on political topics. Not only did Defendants fail to turn over a single post from any of those sources, but defense counsel represented that they didn't run searches on them either. According to defense counsel, Wohl and Burkman represented that Burkman's Facebook account was one of the only social media accounts they could still access—a falsehood that would have been exposed by five minutes of Googling. Responsive documents from these sources must be found and disclosed.

**IV.     Defendants must disclose non-privileged communications concerning the robocall.**

In November 2021, the Court ordered Defendants to produce documents responsive to the Private Plaintiffs' RFP 3, 5, and 7—documents and communications concerning the robocall. *See* D.E. 151 at 5–6.[2] To date, such communications have come to Plaintiffs only piecemeal—primarily through the criminal discovery from Michigan and Ohio. To our knowledge, and in violation of the Court's Order, defense counsel has made no attempt to search their clients' text message or email history for responsive documents. We know, however, that such documents are likely to exist. Plaintiffs have evidence from criminal discovery that Wohl and Burkman exchanged nearly 100 messages in the weeks before and after the robocall. Because the Court has already ruled that "Robocall material" does not enjoy Fifth Amendment protection, *id.*, Defendants have no excuse to withhold this material.

## CONCLUSION

Plaintiffs continue to be prejudiced by Defendants' persistent noncompliance with the Court's orders and Plaintiffs' discovery requests. We respectfully seek an order compelling the production of: (1) documents concerning Defendants' financial interrelationships; (2) the statements of net worth Defendants agreed to provide; (3) relevant social media posts; and (4) non-privileged communications among the Defendants concerning the robocall. We ask that the materials be ordered produced no later than April 15, 2022, so that we do not have to reschedule the depositions beginning April 25. We also seek resolution of the pending motion to compel an interrogatory response identifying a key witness. *See* D.E. 174.

---

[2] The Order's reference to RFP 8 appears to be a typo; Plaintiffs moved on RFP 7 but not 8. *See* D.E. 131 at 3, 151 at 6. The OAG's RFPs 1–5 also called for similar non-privileged communications.

Honorable Ona T. Wang
Page 4 of 4
April 6, 2022

        Respectfully,

        /s/ Rick Sawyer

        Rick Sawyer
        Special Counsel
        New York State
        Office of the Attorney General

Encl.
cc: Honorable Victor Marrero (via ECF)
    All counsel of record (via ECF)