

# GERSTMAN SCHWARTZ LLP
### ATTORNEYS AT LAW

April 14, 2022

**VIA CM/ECF**
The Honorable Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *National Coalition on Black Civil Participation et al. v. Wohl et al.*, United States District Court, Southern District of New York, Case No. 1:20-cv-08668

Dear Judge Wang:

We write on behalf of the Defendants Jacob Wohl, Jack Burkman (collectively, "Individual Defendants"), J.M. Burkman & Associates, LLC ("JMBA"), and Project 1599 (collectively, "Defendants") in the above-referenced matter to address Your Honor's Order dated April 8, 2022. As a preliminary matter, with regard to Plaintiffs' April 6 letter [Doc. No. 182], pursuant to Fed.R.Civ.P.26(b)(1), Defendants have now exchanged all nonprivileged, discoverable matter responsive to Plaintiffs' respective requests. Specifically, Defendants have exchanged 1) all material concerning Defendants' financial interrelationships and nonprivileged communications; 2) the statements of net worth; 3) relevant social media data; and 4) non-privileged communications among the Defendants concerning the robocall.[1]

### A. The Fifth Amendment Applies To The Individual Defendants

With regard to Plaintiffs' interrogatories seeking information about Tamika Taylor, respectfully, and notwithstanding any unsworn statements made by the Individual Defendants, Your Honor's statement that Tamika Taylor is "the woman they [Defendants] hired to record the robocalls", is predicated on facts not established by the record. Indeed, as stated in Defendants' March 17 letter, even assuming, *arguendo*, the Individual Defendants admitted to *participating* in the creation of the robocall, this does not invariably establish their knowledge about each and every aspect of the robocall. [Doc. No. 177]. Thus, insofar as Plaintiffs' interrogatories seek to establish this very connection, *i.e.*, information related to the identity to Tamika Taylor, it violates the Individual Defendants' Fifth Amendment privilege against self-incrimination.[2]

"Whether the constitutional privilege protects the answers to such questions, or protects the act of production itself, is a question that is distinct from the question whether the unprotected contents of the documents themselves are incriminating." *U.S. v. Hubbell*, 530 U.S. 27, 36 (2000).

---

[1] Defendants have not included the supplemental discovery as an attachment due to its sheer volume.
[2] At this Court is aware, Mr. Wohl and Mr. Burkman have criminal proceedings pending in both Ohio, *State of Ohio v. Burkman and Wohl*, No. 654013-20-CR (Ohio Criminal Division, Cuyahoga County, 2021), and Michigan, *State of Michigan v. Burkman and Wohl*, No. 20-004637 FH (Wohl) 20-004636 FH (Burkman).

GERSTMAN SCHWARTZ LLP
ATTORNEYS AT LAW

"To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *U.S. v. Hoffman*, 341 U.S. 479, 486-87 (1951). "[I]n order to be testimonial, an accused's communication must itself, explicitly or implicitly, relate a factual assertion or disclose information." *Doe v. United States*, 487 U.S. 201, 210 (1988). "To be self-incriminating, evidence obtained from a defendant must (1) tend to prove the defendant's guilt of any criminal offense, and (2) be admissible as substantive evidence of guilt against the defendant." *United States v. Rechnitzer*, 2007 U.S. Dist. LEXIS 13616 (N.D.N.Y. 2007) (citing *United States v. Griffith*, 385 F.3d 124, 126 (2d Cir. 2004)). A disclosure is afforded Fifth Amendment protection if it is being sought because of its content rather than some other aspect of the communication. *See Pennsylvania v. Muniz*, 496 U.S. 582, 598-599 (1990) (respondent's answer to the "birthday question" was protected because the "content of his truthful answer supported an inference that his mental faculties were impaired"); *Doe v. United States,* 487 U.S. 201, 211, n. 10 (1988) ("The content itself must have testimonial significance."). When exercising its discretion to consider whether the Individual Defendants have met their burden, the Court must bear in mind that the Fifth Amendment privilege is liberally construed and that any doubt regarding the validity of their claim of privilege must be resolved in their favor. *Hoffman*, 341 U.S. at 486.

Here, given the broad subpoena powers of the respective state prosecutors' offices, as well as the volume of discovery they have obtained from Defendants, the fact that none of the prosecutors' offices have the information regarding Tamika Taylor sought by the interrogatories herein establishes that this information either *does not exist* or is protected from individual disclosure by the Fifth Amendment. Even assuming the Individual Defendants have this information (which we do not concede), the government actors in the contemporaneous criminal proceedings cannot use this civil lawsuit to sidestep constitutional proscriptions and compel testimony that can be used to incriminate them criminally. *See Hubbell*, 530 U.S. at 36-37 (internal citations omitted) ("the act of producing documents in response to [demands] may have a compelled testimonial aspect…the act of production itself may implicitly communicate statements of fact. By producing documents in compliance with a [demand], the witness would admit that the papers existed, were in his possession or control, and were authentic."). Forcing the Individual Defendants to answer interrogatories, which are inherently testimonial, seeking a multitude of identifying information about Tamika Taylor, who was ostensibly integral to the robocall campaign, has a compelled testimonial aspect because even the mere acknowledgment by the Individual Defendants that they are in possession of this information would—at the very least—support an inference of criminal culpability, and would therefore be tantamount to a tacit admission. *See Muniz,* 496 U.S. at 598-599; *see also Pallante v. Those Certain Underwriters at Lloyd's Londonon* 2019 U.S. Dist. LEXIS 66001 (E.D.PA. 2019) (holding Fifth Amendment privilege against self-incrimination safeguarded the respondent from being compelled to answer certain interrogatories). This flies in the face of the Fifth Amendment's privilege against self-incrimination and would necessarily contribute to "*a link in the chain of their own criminal*

# GERSTMAN SCHWARTZ LLP
ATTORNEYS AT LAW

*prosecution*", constituting a patent violation of their Fifth Amendment privilege against self-incrimination. *See United States v. Friedman*, 974 F.3d 163, 174 (2d Cir. 2020) (citing *Hubbell*, 530 U.S. at 42-43 (emphasis supplied)

### B.    JMBA

"[F]or the foregone conclusion exception to apply, [the requesting party] must establish with reasonable particularity its knowledge as to (1) the existence of the documents, (2) the [responding party's] possession or control of the documents and (3) the authenticity of the documents." *Friedman*, 974 F.3d at 174 (citations omitted). Plaintiffs "**must know, and not merely infer**, that the sought documents exist, that they are under the control of defendant…" *U.S. v. Greenfield*, 831 F.3d 106, 117 (2d Cir. 2016) (emphasis supplied). But Plaintiffs' argument that it is a "foregone conclusion" that Defendants "know the identity of 'Tamika Taylor'" because they made certain unsworn statements regarding their alleged participation in the robocall is wholly speculative. Defendants did not assert in these statements, or anywhere else, that they have such knowledge. [Docket No. 53]. Nor does Defendants' alleged involvement alone dispositively establish the existence, knowledge, or custody of information regarding Tamika Taylor, let alone that such information passed through JMBA. *See Freidman*, 974 F.3d at 178 (holding that the government established defendant had control of the account statements sought because defendant had previously provided account statements or other bank records to the IRS and the bank account was held individually in his name). By relying solely on Defendants' unsworn statements, Plaintiffs cannot prove "with reasonable particularity" that they *know* Defendants have possession or control of any of the information requested. *Id*. at 174.

As Plaintiffs concede, Mr. Burkman, the sole proprietor of JMBA, responded that after an exhaustive search of JMBA's corporate records, there are no corporate records or information (documents, information, or otherwise) responsive to the requests. Plaintiffs' argument that a reasonable "inquiry entails [JMBA] asking Mr. Burkman—or Mr. Wohl…for the information, which they can provide" is not only circular, but evokes the same Fifth Amendment concerns discussed above; namely, that the Fifth Amendment privilege against self-incrimination protects the Individual Defendants from being compelled to provide any such information. *See Hubbell*, 530 U.S. 27. Once again, that Plaintiffs are dissatisfied with this response is irrelevant, and they may certainly question JMBA's corporate representative about its knowledge at the company's deposition.

Respectfully Submitted,
/s/
David M. Schwartz

Randy E. Kleinman

Cc:    All counsel of record (via ECF)

3