STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

CIVIL RIGHTS BUREAU
212.416.8637

April 22, 2022

*By ECF*
Honorable Ona T. Wang
United States District Court
Southern District of New York

Re:  *National Coalition on Black Civic Participation v. Jacob Wohl*,
SDNY Case No. 20 Civ. 8668 (VM)(OTW)

Dear Judge Wang:

On April 14, 2022, Defendants produced an additional tranche of documents and then claimed to this Court that they have produced all responsive nonprivileged materials. D.E. 186. Contrary to Defendants' representations in their response to our pre-motion letter, Plaintiffs still lack entire categories of responsive documents we know to exist. Defendants offer no argument to excuse their failure to produce. And Defendants have still yet to produce a privilege log to account for any missing documents; Plaintiffs consequently lack the ability to challenge improper withholdings. Plaintiffs respectfully request an order compelling Defendants to produce all responsive documents and a privilege log immediately.[1]

**Defendants' production continues to lack key responsive documents.**

Even after Defendants' April 14 production, Plaintiffs lack entire categories of documents. Plaintiffs still seek disclosure of:

- **Complete production of Defendants' social media.** Defendants' April 14 production included only one of Burkman's Facebook accounts and it clearly is not his primary account. The account produced ("jack.burkman.524") had almost no content at all. Meanwhile, Burkman has at least two other Facebook accounts ("jack.burkman.5" and "jack.burkman.31"), the latter of which is more likely his primary account as it has about 500 friends. Defendants did not produce these accounts yet claimed to the Court they had produced all responsive materials. Defendants also have not turned over metadata for Burkman's other accounts, metadata for Wohl's OnlyFans account, or any *content* at all from any social media source—including responsive posts, draft posts, or direct messages.[2]

---

[1] NYAG files this reply on behalf of all Plaintiffs.
[2] These documents are responsive to Private Plaintiffs RFPs 3, 7, 9, and 10, and NYAG RFPs 9 and 10.

Honorable Ona T. Wang
Page 2 of 3
April 22, 2022

- **Complete records of Defendants' financial interrelationships.** Defendants' supplemental disclosure included only a single $10,000 invoice from Defendant Jacob Wohl to Defendant J.M. Burkman & Associates (JMBA) in 2020, and two invoices totaling $44,100 in 2021. Those invoices do not come close to accounting for the $51,423 JMBA paid Wohl in 2020 and the $167,037 it paid him in 2021, according to IRS Forms 1099-NEC. Nor does it account for the $12,427.35 Wohl paid to JMBA in 2020 based on JMBA's bank records. Defendants have also not given a complete accounting of payments between JMBA and Defendant Jack Burkman, its sole proprietor. Plaintiffs are entitled to know more than just the sums exchanged by Defendants; we are also entitled to all documents concerning those payments. It is implausible that Defendants exchanged hundreds of thousands of dollars for no documented reason.[3]

- **A statement of net worth for Defendant JMBA.** Defendants disclosed statements of net worth for Wohl and Burkman, but they must still do so for JMBA.[4]

- **Complete production of communications.** Using phone records obtained through subpoena, Plaintiffs have identified at least 118 SMS text messages Wohl and Burkman exchanged during the relevant time period, but Defendants have not produced any of those messages. It is a foregone conclusion that they occurred and were sent and received by the Defendants; they are not privileged from production.[5] Nor have Defendants produced any messages exchanged through apps such as Telegram, WhatsApp, or Signal. Defendants also have failed to comprehensively produce their communications with third parties—such as the voice actress who portrayed "Tamika Taylor"—concerning the robocall. Defendants similarly have not produced all emails and other documents exchanged between Wohl, Burkman, and JMBA regarding the robocall (or a privilege log if materials are withheld).[6]

Plaintiffs raised these deficiencies with Defendants' counsel over email following the incomplete April 14 disclosure and received no response.

## CONCLUSION

Defendants' supplemental production has not addressed Plaintiffs' concerns regarding Defendants' noncompliance with our discovery requests. We seek an order compelling complete production of (1) a privilege log; (2) a complete production of Defendants' social media, including responsive posts and direct messages; (3) complete records of Defendants' financial interrelationships; (4) a statement of net worth for Defendant JMBA; and (5) a complete production of Defendants' non-privileged communications concerning the robocall.[7]

---

[3] These documents are responsive to Private Plaintiffs RFPs 3, 7, 9, 11, and 18, and NYAG RFPs 15, 16, and 17.
[4] These documents are responsive to NYAG RFP 12.
[5] Defendants have produced a small subset of text messages that Burkman sent or received, but only for August 26-31, 2020. These include a text on August 30, 2020, from Burkman to Wohl, "Found a new better robo guy".
[6] These documents are responsive to Private Plaintiffs RFPs 3, 7, 9, 11, 18, and NYAG RFPs 2, 5, 6, 8, and 21.
[7] The Private Plaintiffs will address the Court's question concerning the motion to compel an interrogatory response in a separate filing.

Honorable Ona T. Wang
Page 3 of 3
April 22, 2022

                                                                                                                    Respectfully,

                                                                                                                    <u>/s/ Rick Sawyer</u>

                                                                                                                    Rick Sawyer
Special Counsel
New York State
Office of the Attorney General

cc: Honorable Victor Marrero (via ECF)
     All counsel of record (via ECF)