

April 22, 2022

**VIA ECF**

Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000
**orrick.com**


**Aaron J. Gold**

**E** aaron.gold@orrick.com
**D** +1 212 506 5179
**F** +1 212 506 5151

The Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:     _National Coalition on Black Civic Participation et al._ v. _Wohl et al._, No. 20-cv-8668

Dear Judge Wang:

On behalf of the Private Plaintiffs in the above-referenced action, we reply to Defendants' assertions that the Fifth Amendment excuses them from answering interrogatories about "Tamika Taylor"—the voice actress heard in the robocall at issue.  _See_ ECF No. 177; ECF No. 186.

**I.      The Fifth Amendment Does Not Shield Defendants From Identifying Tamika Taylor**

Disclosing "Tamika Taylor['s]" identity and contact information does not violate Wohl and Burkman's Fifth Amendment rights,  and Defendants' letters does not explain _how and why_ identifying her would prejudice their rights.  Nor could they so explain, because "[a] witness who fails to invoke the Fifth Amendment against questions as to which he could have claimed it is deemed to have waived his privilege respecting all questions on the same subject matter."  _In re Donald Sheldon & Co., Inc._, 93 F. Supp. 2d 503, 505 (S.D.N.Y. 2000) (quoting _United States_ v. _O'Henry's Film Works, Inc._, 598 F.2d 313, 317 (2d Cir.1979)).  Wohl and Burkman admitted in open court that they orchestrated the Robocalls.  ECF No. 38 at 59 ("Both Wohl and Burkman have admitted to participating in the creation and distribution of the robocall message."); ECF No. 53 at 12:21–22 ("Mr. BURKMAN: Oh, yes, your Honor, yes. That is our call, yes, yes."); ECF No. 38 at 59 ("Both Wohl and Burkman have admitted to participating in the creation and distribution of the robocall message."); ECF No. 53 at 15:14–21 ("THE COURT: . . . Mr. Wohl, you indicated that you echo all of what Mr. Burkman said. Does that include acknowledgment that you participated in the preparation of the content of the message and its communication to plaintiffs through the entity in California?  MR. WOHL: Yes, your Honor, as to Mr. Burkman's specific representation, yes, yes").  Any Fifth Amendment privileges concerning the Robocalls which Wohl and Burkman may have enjoyed are waived.  They must respond to interrogatories.

It is beyond dispute that Wohl and Burkman orchestrated the Robocalls; not only did they admit doing so, they have produced emails documenting their planning and celebration of the

Robocall.  *See, e.g.*, Ex. A (August 25, 2020 email from Wohl attaching a file entitled  "1599 Vote By Mail Robo Call.wav" and stating "[a]ttached is the audio file for the robo call. We should send it to black neighborhoods in Milwaukee, Detroit, Philadelphia, Charlotte, Richmond, Atlanta and Cleveland"); Ex. B (emails between Wohl, Burkman, and Message Communications discussing uploading, targeting, paying for, and sending the robocall); Ex. C (Burkman writing that "win or lose the black robo was a great jw [Jacob Wohl] idea").  Wohl and Burkman *know* who "Tamika Taylor" is and providing her identity and contact information in this *civil lawsuit* does not violate their Fifth Amendment rights.[1]

The information that Plaintiffs seek adds little or nothing to what the government already knows:  that Defendants created and distributed the robocall and understood it as their own.

## II.    J.M. Burkman & Associates, LLC Must Respond To The Interrogatories.

Plaintiffs' interrogatories to J.M. Burkman & Associates, LLC ("JMBA")—which paid for the robocall—and subsequent motions to compel seek discrete information, the identity of "Tamika Taylor" and how to contact her.  ECF No. 174 at 2.  Burkman (and Wohl) have that information.  Defendants admit that Burkman is the "sole proprietor" of JBMA.  ECF No. 186 at 3.  As Burkman owns JBMA, Tamika Taylor's identity and contact information is known to JMBA because the "knowledge of a director, officer, sole shareholder or controlling person of a corporation is imputable to that corporation."  *Battino* v. *Cornelia Fifth Ave., LLC*, 861 F. Supp. 2d 392, 405 (S.D.N.Y. 2012) (quoting *Baker* v. *Latham Sparrowbush Assocs.*, 72 F.3d 246, 255 (2d Cir. 1995) ("Where the organizer and promoter of a corporation is also its sole owner, his or her knowledge is its knowledge.")).  A "reasonable inquiry" requires asking Burkman (or Wohl) so that the corporation can respond.  JBMA must take that "reasonable" step and answer the Interrogatories.

Like all corporations, JMBA "do[es] not have a Fifth Amendment right against self-incrimination.  *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 92 n.5 (2d. Cir. 2012).  This rule "applies in equal force to 'small or solely owned corporations.'"  *Chase Bank USA, N.A.* v. *M. Harvey Rephen & Assocs., P.C.*, 2019 WL 13046982, at *3 (S.D.N.Y. Aug. 16, 2019) (quoting *Louis Vuitton*, 676 F.3d at 92 n.5).  The Fifth Amendment therefore does not excuse JMBA from answering.  Even if Burkman (or Wohl) had not waived their Fifth Amendment privilege concerning the Robocall (and they have), their ostensible Fifth Amendment rights do not excuse JBMA from answering.  *Braswell* v. *United States*, 487 U.S. 99, 109–10 (1988) ("Any claim of Fifth Amendment privilege asserted by the [corporate] agent would be tantamount to a claim of privilege by the corporation—which of course possesses no such privilege.").

Further, JMBA may answer the interrogatories without *any* testimonial admissions from Wohl or Burkman as "Rule 33(a) allows any agent of the corporation, even its attorney, to answer

---

[1] Defendants' argument that since the information has not been produced in their criminal cases it "either does not exist or is protected by the Fifth Amendment" is a false dichotomy and wholly speculative.  ECF No. 186 at 2.  There could be many reasons a prosecutor does not possess certain information.

interrogatories on behalf of a corporation."  *In re 650 Fifth Ave.*, 2012 WL 363118, at *3 n.1 (S.D.N.Y. Feb. 2, 2012) (quoting Wright & Miller, 8 FED. PRAC. & PROC. CIV. § 2018 (3d ed.)); *see, e.g.*, *Parlin Funds LLC* v. *Gilliams*, 2012 WL 5265554, at *3 (S.D.N.Y. June 15, 2012) ("[T]he fact that Mr. Gilliams faces criminal charges cannot shield the corporate documents or corporate information even if he is the sole owner of TL Gilliams. In that status, he is required to produce the documents and answer interrogatories (either by himself or through an intermediary) irrespective of whether their contents are potentially inculpatory of him."), *report and recommendation adopted*, 2012 WL 5258984 (S.D.N.Y. Oct. 23, 2012); *S.E.C.* v. *Oxford Cap. Sec., Inc.*, 794 F. Supp. 104, 108 (S.D.N.Y. 1992) ("[C]orporation[s] cannot avoid responding to interrogatories based on an individual's assertion of his Fifth Amendment privilege."); *Brock* v. *Tolkow*, 109 F.R.D. 116, 118 (E.D.N.Y. 1985) ("To allow the corporation to avoid responding to the interrogatories by invoking the self-incrimination privilege of the individual officers would secure for the corporation the benefits of a privilege it does not have."); *Apache Corp.* v. *McKeen*, 529 F. Supp. 459, 463 (W.D.N.Y. 1982) ("By appointment of a corporate agent to respond to interrogatories propounded by the plaintiffs, discovery may be more effectively accomplished concerning the corporations in question, while the fifth amendment privilege of officers . . . will remain protected."); *Consol. Edison Co. of New York* v. *DiNapoli*, 1971 WL 528, at *4 (S.D.N.Y. May 5, 1971)  (the court may require JBMA "to appoint an agent who could answer and sign the interrogatories without fear of self-incrimination" and "no genuine Fifth Amendment problem is presented because the person who answers for the corporation does not need to have personal knowledge," and even "[t]he corporation's attorney will do").

*    *    *

Nothing prevents any defendant from answering the interrogatories.  For the foregoing reasons, the Court should grant Plaintiffs' Second Motion to Compel.  Plaintiffs must learn Tamika Taylor's identity so that she can be deposed before the close of discovery and, if appropriate, held accountable as a co-defendant.

Respectfully submitted,

/s/ *Aaron J. Gold*
Aaron J. Gold

CC:    All counsel of record (via ECF)