

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

CIVIL RIGHTS
BUREAU
212.416.8250

July 11, 2022

Honorable Ona T. Wang
United States District Court
Southern District of New York

Re:   *National Coalition on Black Civic Participation v. Jacob Wohl*,
      SDNY Case No. 20 Civ. 8668 (VM)(OTW)

Dear Judge Wang:

Plaintiffs move to compel Defendants to respond to straightforward requests for admission ("RFAs") we served on them before the discovery deadline in order to "streamline the presentation of evidence at trial." *T. Rowe Price Small-Cap Fund, Inc.,* 174 F.R.D. 38, 43 (S.D.N.Y. 1997). The RFAs would substantially narrow the issues to be decided at trial, and, because they are facts distilled directly from discovery materials, Defendants could easily admit or deny them. *See* Ex. 1 (RFAs). But Defendants refuse to engage in this useful practice, arguing instead that the RFAs, as discovery devices, were untimely. *See* Ex. 2 (letter from defense counsel). This argument is without merit; the RFAs, filed during the discovery period, were properly served on time despite Defendants' numerous delays. But perhaps more to the point, answering the RFAs would serve the Court's and the parties' interests in justice and judicial economy without prejudicing the Defendants in any way. We respectfully move for an order requiring Defendants to either respond or deem the RFAs admitted under Rule 36. The parties met and conferred by phone on this issue.

### I.   Defendants can expedite trial by easily admitting or denying Plaintiffs' narrowly-tailored RFAs.

Defendants refuse to partake in the simple process of admitting or denying Plaintiffs' RFAs, even though they are uncontroverted facts drawn from the discovery record that are tailored "to narrow the issues…for trial when those issues can be narrowed…by removing essentially undisputed issues, thereby avoiding time, trouble and expense." *Securities and Exchange Commission v. Rayat,* 2022 WL 1606953, at *2 (S.D.N.Y. May 19, 2022) (quoting *Diederich v. Dep't of Army,* 132 F.R.D. 614, 616 (S.D.N.Y. 1990)). The requests should be easy for Defendants to review and answer. They are all straightforward statements of fact derived directly from documentary evidence and deposition testimony produced by Defendants in recent months. Mostly, the RFAs call for Defendants to admit the contents and dates of specific e-mails sent and received by Defendants,[1] the details of transactions conducted by and between

---

[1] *See, e.g.,* RFA 6, "On August 24, 2020, using the email account nextcapitalmanagement@gmail.com, Wohl hired Jana Hunt to record the robocall."

Defendants,[2] and details about the content and drafting process of the robocall at issue in this case, which Defendants have admitted to sending.[3] None of the requests seek to elicit any new information whatsoever. Further, Defendants have not introduced *any* evidence or testimony during discovery that would contradict our RFAs. Of course, they are expressly allowed an opportunity to do so, or to assert that they do not know enough to admit or deny any of our requests, during the 30-day answer period FRCP 36(a)(1)(4) guarantees. Defendants have no reason not to answer these properly served RFAs.

**II.   Plaintiffs' RFAs were timely, and Defendants should be compelled to respond.**

Plaintiffs timely served their RFAs, but Defendants base their refusal to respond solely on the meritless argument that Plaintiffs' RFAs, served during the discovery period, were untimely. Defendants' argument is incorrect both legally and factually. Although there is some disagreement in courts across the country, this Court has consistently reiterated since the 2001 *Revlon* case cited by Defendants that RFAs are not a discovery device. *See, e.g. Jacobson Warehouse Co., Inc. v. Prestige Brands, Inc.,* 2022 WL 1617711, at *6 (S.D.N.Y. May 23, 2022) ("Rule 36 is not a discovery device."). *See also In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, 2020 WL 6290584, at *4 (S.D.N.Y. Oct. 27, 2020). Nonetheless, Plaintiffs did in fact serve our requests during the discovery period (on May 29, 2022, the date of the extended discovery deadline). Defendants unconvincingly analogize this case to a number of cases in which this Court issued protective orders shielding parties from responding to RFAs filed long after the discovery deadline passed.[4] Those cases serve only to illustrate the rule that our case follows: RFAs filed long after the discovery deadline may not necessitate a response. RFAs filed during the discovery period do.

**III.   Plaintiffs' RFAs do not prejudice Defendants, and Defendants should be compelled to respond.**

Even if Plaintiffs' RFAs are found to be untimely, the Court should order Defendants, who are in no way prejudiced by RFAs properly served at the end of a discovery process unnecessarily drawn out by Defendants' dilatory tactics, to respond.[5] *Brett v. 44th Street Restaurant LLC,* 2016 WL 11774304, at *3 (S.D.N.Y. Oct. 13, 2016) ("The Court has discretion to compel a response to an untimely request for admissions."). This Court has required responses

---

[2] *See, e.g.,* RFA 17, "On August 24, 2020, Wohl received the audio recording of the robocall from Jana Hunt. On August 24, 2020, Burkman paid Jana Hunt $250 to record the robocall."

[3] *See, e.g.,* RFA 3, "Burkman and Wohl prepared the contents of the robocall."

[4] In all five Southern District cases Defendants use to argue that our RFAs are untimely, the RFAs were served after the discovery deadline. In four of them, they were served many months after discovery ended: twenty months after the deadline in *Onrat Keawsri v. Ramen-Ya Inc.*, 2022 U.S. Dist. LEXIS 81993 (S.D.N.Y. May 5, 2022), more than twelve months late in *Walker v. Carter*, 2016 WL 5390893, at *13 n. 8 (S.D.N.Y. Sept. 26, 2016) and *Fournier v. Erickson*, 242 F.Supp.2d 318 (S.D.N.Y. Jan 21, 2003), and more than six months after the RFA deadline (and 6 weeks after the discovery cutoff) in *Brett v. 44th Street Restaurant LLC*, 2016 WL 11774394 (S.D.N.Y. Oct. 13, 2016). As we discuss below, the Court compelled responses in the fifth S.D.N.Y. case Defendants cite.

[5] Even assuming Plaintiffs had served this request outside of the discovery period, there are Courts around the country that would compel Defendants to answer them. *See O'Neill v. Medad,* 166 F.R.D. 19, 21 (E.D. Mich. 1996); *Turner v. Liberty National Life Insurance Company*, 2007 WL 9782981, at *2 (M.D. Tenn. July 11, 2007); *Hurt v. Coyne Cylinder Co.*, 124 F.R.D. 614, 615 (W.D. Tenn. Feb. 15, 1989); *Kershner v. Beloit Corp.*, 106 F.R.D. 498 (D. Me. June 24, 1985).

Honorable Ona T. Wang
Page 3 of 3
July 11, 2022

to RFAs even when they were filed after the discovery deadline, as long as the late filing was not prejudicial to the RFA recipients. In determining prejudice, the Court looks to whether the delayed RFAs require the recipient party to respond without any reasonable limitation: for example, how long after the discovery deadline were the RFAs served, or how close to the trial date? *See Revlon Consumer Prods. Corp.* 2001 WL 521832 (finding that RFAs that were "untimely by a day or two" would not prejudice the recipients, and they were required to respond "in the interest of justice"); *Brett*, 2016 WL 11774304, at *3 (no order to compel response to a months-late RFA was required "considering the late stage at which Plaintiffs brought their motion and the impending trial date"). Each of these factors mitigates in favor of requiring a response here. In our case, the RFAs were filed during the discovery period and the trial date has yet to be set. Moreover, Plaintiffs have sought three discovery extensions to accommodate Defendants' delays. Clearly, Defendants are not prejudiced in the slightest by responding to these reasonable RFAs within the 30-day answer period.[6]

Moreover, Plaintiffs served these requests promptly even though Defendants' dilatory tactics left us little time to do so before the discovery deadline. Plaintiffs served our RFAs as soon as we were aware of all of the facts established by the discovery materials. *See Ohio Casualty Insurance Company v. Twin City Fire Insurance Company*, 2020 WL 1698593 (E.D.N.Y. Apr. 8, 2020) (quoting *T. Rowe Price Small-Cap Fund, Inc.*, at *43 (S.D.N.Y. 1997)) ("Requests for admission "are extremely useful tools, *particularly at the conclusion of discovery*, because 'their sole purpose is to streamline the presentation of evidence at trial.'") (emphasis added). Defendants pushed us right up to the deadline: they failed to prepare for depositions, and, after months of delays, produced hundreds of documents and Interrogatories on May 13th, after this Court ordered them to do so at penalty of possible sanctions. Two days later, the OAG moved for a modest, two-week discovery extension that would allow Plaintiffs to finish the discovery process without further delaying trial and summary judgment deadlines. As expected, we spent that time finishing depositions, reviewing these hundreds of new documents, and, ultimately, preparing these RFAs. Defendants should not be allowed to sidestep this crucial tool of efficient litigation by attempting to run out the discovery clock with unnecessary delays.

## CONCLUSION

Defendants cannot justify their decision not to respond to Plaintiffs' timely, reasonable, non-prejudicial RFAs. Plaintiffs respectfully seek an order compelling Defendants to respond to our RFAs in accordance with FRCP 36 and, as necessary, Local Rule 26.2.

Respectfully,
/s/ Rick Sawyer
Rick Sawyer
Special Counsel
New York State Office of the
Attorney General

cc:  All counsel of record (via ECF)

---

[6] Courts denying RFAs filed long after discovery deadlines rightly cite the concern that permitting parties to file RFAs without limitation could "potentially generate discovery disputes right up to the trial date." Of course, a clear limitation does exist where the RFAs are filed before discovery ends.