

June 7, 2022

**VIA EMAIL**

Richard Sawyer (richard.sawyer@ag.ny.gov)
New York State Office of the Attorney General, Civil Rights Bureau
28 Liberty Street
New York, NY 10005

Dear Mr. Sawyer:

    We write on behalf of Defendants in response to the Plaintiff-Intervenor People of the State of New York by its Attorney General Letitia James' ("OAG") Request for Admissions ("Request") issued pursuant to Rule 36 of the Federal Rules of Civil Procedure and dated May 29, 2022. As explained herein, Defendants reject your Request on the ground that it is untimely, and that Defendants have no obligation to provide a response.

    Requests for admission issued pursuant to Fed. R. Civ. P. 36 are a discovery device. As the court explained in *Revlon Consumer Prods. Corp. v. Estee Lauder Cos.*, 2001 WL 521832, at *1 (S.D.N.Y. May 16, 2001):

> [t]here should be no doubt that Requests for Admissions pursuant to Fed.R.Civ.P. 36 are a discovery device, from (1) the placement of Rule 36 in the section of the Federal Rules of Civil Procedure labeled "V. Depositions and Discovery," (2) the provision in Rule 36 that Requests for Admissions "may not be served before the time specified in Rule 26(d)," which section is entitled "Timing and Sequence of Discovery," (3) language in the Advisory Committee Notes to Rule 36 (1970 and 1993 Amendments) that makes clear that Rule 36 is part of "discovery procedures" and "discovery rules," and (4) the ability to impose sanctions under Rule 37 (entitled "Failure to Make Disclosure or Cooperate in Discovery") for violations of Rule 36. Clearly, Requests for Admissions are a discovery device and are covered by the discovery cut-off date.

Accord, *Gluck v. Ansett Australia Ltd.*, 204 F.R.D. 217, 219 (D.D.C. 2001).

    As discovery devices, requests for admission are subject to fact discovery deadlines. *See Onrat Keawsri v. Ramen-Ya Inc.*, 2022 U.S. Dist. LEXIS 81993 (S.D.N.Y. May 5, 2022); *Fournier v. Erickson*, 242 F.Supp.2d 338, 344 (S.D.N.Y. 2003) ("Requests for admissions pursuant to Rule 36 of the Federal Rules of Civil Procedure are generally bound by fact discovery deadlines."). *Brett v. 44th Street Restaurant, LLC*, 2016 WL 11774304, at *4 (S.D.N.Y. Oct. 13, 2016). Requests for admission served after the close of discovery are untimely, and no response is

required. *Walker v. Carter*, 2016 WL 5390893, at *13 n. 8 (S.D.N.Y. Sept. 26, 2016). If a party serves requests for admission for which response will be required after close of discovery, a court will issue a protective order or deny a motion to compel. *Joseph L. v. Connecticut Department of Children and Families*, 225 F.R.D. 400 (D. Conn. 2005) (defendant granted protective order where Plaintiff served RFAs one day before court-ordered deadline for completion of discovery); *Cagle v. United States*, 738 Fed. Appx. 623, 636 (11th Cir, 2018) (trial court did not abuse discretion in denying motion to compel responses to interrogatories and RFAs for which responses would have been due after close of discovery).

    Here, the OAG served the Requests on Defendants on the date of the discovery expiration deadline, May 29, 2022. Moreover, pursuant to the parties' June 3, 2022 joint letter to Judge Wang, "Plaintiff's position is that discovery in this case is complete", and Plaintiffs further believe they already have enough evidence to move for summary judgment. [Docket No. 197]. Thus, insofar as Defendants' responses are due 30 days *after* the expiration of the discovery deadline, and Plaintiff's concede that discovery is complete, the OAG's Requests are untimely, and Defendants have no obligation to provide a response.

                                            Sincerely,

                                            /s/Randy E. Kleinman

cc:      All counsel of record (via email)