

July 14, 2022

**VIA CM/ECF & EMAIL**
The Honorable Ona T. Wang (Wang_NYSDChambers@nysd.uscourts.gov)
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re: *National Coalition on Black Civil Participation et al. v. Wohl et al.*, United States District Court, Southern District of New York, Case No. 1:20-cv-08668

Dear Judge Wang:

    We write on behalf of the Defendants Jacob Wohl, Jack Burkman, J.M. Burkman & Associates, LLC, and Project 1599 (collectively, "Defendants") in the above-referenced matter to address Plaintiffs' letter motion seeking to compel Defendants to respond to its so-called "straightforward requests for admission" ("RFAs)." [Docket No. 199]. Indeed, the RFAs actually seek to vitiate Defendants' defenses and bypass summary judgment by forcing Defendants to concede liability on critical issues.

    For example, Plaintiffs RFAs include the following: Burkman and Wohl caused the robocall to be sent; Burkman and Wohl prepared the contents of the robocall; Burkman Wohl advertised on Craigslist seeking a "black female voice over" to record the robocall; Burkman contributed to the draft of the robocall script; and Wohl contributed to the draft of the robocall script; On August 26, 2020, Burkman and Wohl had no evidence or information supporting the claim that the act of voting by mail would cause a voter's information to be part of a public database that would be used by police departments to track down old warrants; On August 26, 2020, Burkman and Wohl had no evidence or information supporting the claim that the act of voting by mail would cause a voter's information to be part of a public database that would be used by credit card companies to collect outstanding debts; On August 26, 2020, Burkman and Wohl had no evidence or information supporting the claim that the CDC was pushing to use records for mail-in voting to track people for mandatory vaccines. [Docket No. 199]

    Candidly, Plaintiffs' claim that the RFAs would not "*prejudice[e] Defendants in any way*" and that that "*[m]ostly, the RFAs call for Defendants to admit the contents and dates of specific e-mails sent and received by Defendants, the details of transactions conducted by and between Defendants, and details about the content and drafting process of the robocall at issue in this case, which Defendants have admitted to sending*" is beyond disingenuous, it is risible. [Docket No.

# GERSTMAN SCHWARTZ LLP
ATTORNEYS AT LAW

199]. Defendants have never admitted to any of the foregoing and, in fact, have repeatedly asserted their Fifth Amendment right against self-incrimination in response to an overwhelming majority of Plaintiffs' substantive deposition questions. Moreover, Plaintiffs seeks to shift the burden of proof by claiming that "Defendants have not introduced *any* evidence or testimony during discovery that would contradict our RFAs." But this is not the standard; Defendants do not have to *disprove* anything, and, to the extent that Plaintiffs have established the content within any of its RFAs, they can move for summary judgment on these issues and/or argue same in front of the jury.

None of the foregoing—or any of the RFAs for that matter—however, constitute a "foregone conclusion" abrogating Defendants' Fifth Amendment rights. *See U.S. v. Fridman*, 974 F.3d 163, 174. Accordingly, the act of answering could communicate incriminatory statements and provide a "link in the chain" to further criminal prosecution. *Id.* (citing *U.S. v. Hubbel*, 530 U.S. 27, 42-43) (2000)).

Regardless, requests for admission issued pursuant to Fed. R. Civ. P. 36 are a discovery device. As Judge Peck explained in *Revlon Consumer Prods. Corp. v. Estee Lauder Cos.*, 2001 WL 521832, at *1 (S.D.N.Y. May 16, 2001):

> [t]here should be no doubt that Requests for Admissions pursuant to Fed.R.Civ.P. 36 are a discovery device, from (1) the placement of Rule 36 in the section of the Federal Rules of Civil Procedure labeled "V. Depositions and Discovery," (2) the provision in Rule 36 that Requests for Admissions "may not be served before the time specified in Rule 26(d)," which section is entitled "Timing and Sequence of Discovery," (3) language in the Advisory Committee Notes to Rule 36 (1970 and 1993 Amendments) that makes clear that Rule 36 is part of "discovery procedures" and "discovery rules," and (4) the ability to impose sanctions under Rule 37 (entitled "Failure to Make Disclosure or Cooperate in Discovery") for violations of Rule 36. Clearly, Requests for Admissions are a discovery device and are covered by the discovery cut-off date.

Accord, *Gluck v. Ansett Australia Ltd.*, 204 F.R.D. 217, 219 (D.D.C. 2001).

As discovery devices, requests for admission are subject to fact discovery deadlines. *See Onrat Keawsri v. Ramen-Ya Inc.*, 2022 U.S. Dist. LEXIS 81993 (S.D.N.Y. May 5, 2022); *Fournier v. Erickson*, 242 F.Supp.2d 338, 344 (S.D.N.Y. 2003) ("Requests for admissions pursuant to Rule 36 of the Federal Rules of Civil Procedure are generally bound by fact discovery deadlines."). *Brett v. 44th Street Restaurant, LLC*, 2016 WL 11774304, at *4 (S.D.N.Y. Oct. 13, 2016).



Requests for admission served after the close of discovery are untimely, and no response is required. *Walker v. Carter*, 2016 WL 5390893, at *13 n. 8 (S.D.N.Y. Sept. 26, 2016). If a party serves requests for admission for which response will be required after close of discovery, a court will issue a protective order or deny a motion to compel. *Joseph L. v. Connecticut Department of Children and Families*, 225 F.R.D. 400 (D. Conn. 2005) (defendant granted protective order where Plaintiff served RFAs one day before court-ordered deadline for completion of discovery); *Cagle v. United States*, 738 Fed. Appx. 623, 636 (11th Cir, 2018) (trial court did not abuse discretion in denying motion to compel responses to interrogatories and RFAs for which responses would have been due after close of discovery).

Here, the OAG served the Requests on Defendants *on the date of the discovery expiration deadline*, May 29, 2022. Moreover, pursuant to the parties' June 3, 2022 joint letter to Judge Wang, "Plaintiff's position is that discovery in this case is complete", and Plaintiffs further believe they already have enough evidence to move for summary judgment. [Docket No. 197]. Thus, insofar as Defendants' responses are due 30 days *after* the expiration of the discovery deadline, and Plaintiff's concede that discovery is complete, the OAG's Requests are untimely, and Defendants have no obligation to provide a response. Moreover, to the extent Plaintiffs blame Defendants purported "dilatory tactics" for its belated RFAs, this is a meritless red herring. Defendants cannot be punished for seeking to protect and vindicate their rights.

Plaintiffs' RFAs are prejudicial, untimely, and improper. Defendants should not be compelled to respond.

Respectfully Submitted,
/s/ David M. Schwartz
/s/ Randy E. Kleinman

cc:     All counsel of record (via ECF)