

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

EXECUTIVE DIVISION  
212.416.6046

July 21, 2022

**By Electronic Submission**  
Honorable Victor Marrero  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, NY 10007

      Re: *National Coalition on Black Civic Participation v. Jacob Wohl*,  
           SDNY Case No. 20 Civ. 8668 (VM)(OTW)

Dear Judge Marrero:

      This Office (NYAG) writes on behalf of Plaintiff-Intervenor, People of the State of New York in the above-captioned case. As the Court is aware, the parties will be submitting cross-briefs seeking summary judgment on July 29, 2022, pursuant to the Court's scheduling order (ECF No. 198) ("Order") and consistent with the parties' representations to Judge Wang, (ECF No. 197, joint status letter) ("Plaintiffs anticipate moving for summary judgment…Defendants anticipate moving for 'partial summary judgment'"). Although Your Honor has specific individual rules concerning the page limits of motions submitted to the Court, I write on behalf of all plaintiffs to respectfully request the Court extend the page limit for Plaintiffs' joint-brief to a maximum of 35-pages. The circumstances of this case, as stated below, warrant the additional pages. Defendants' counsel consents to this request, and reciprocally requested the same extension for Defendants' moving brief to span 35 pages. Plaintiffs have no objection to that request.

      The National Coalition of Black Civic Participation and eight individuals (the "NCBCP Plaintiffs") initiated this case by the filing of a summons and complaint in October 2020, alleging two causes of action pursuant to Section 11(b) of the Voting Rights Act (VRA) and Section 2 of the Klu Klux Klan Act (KKK Act). ECF No. 11. In May 2021, this Court permitted this Office to intervene, ECF No. 101, and on behalf of the People of the State of New York, NYAG filed its complaint-in-intervention alleging six federal and state law causes of action against Defendants[1], including claims pursuant to 11(b) of the VRA and section 2 of the KKK Act, as well as section 131(b) of the Civil Rights Act and several New York State law claims. ECF No. 102.

      In the spirit of efficiency and cooperation, NCBCP Plaintiffs and NYAG are drafting one joint brief for summary judgment purposes. While similar to NYAG, the NCBCP Plaintiffs have alleged two causes of action pursuant to the VRA and KKK Act, NYAG has four other claims to address that concern the Civil Rights Act, as well as certain state law claims. In order to avoid

---

[1] NYAG also included two newly-added defendants to the case; however, all claims raised against defendants Robert Mahanian and Message Communications have been resolved after mediation. *See* ECF Nos. 194, 196.

28 LIBERTY, 18TH FLOOR, NEW YORK, NY 10005 ● PHONE (212) 416-6046 ● WWW.AG.NY.GOV

Honorable Victor Marrero
Page 2 of 2
May 5, 2021

having multiple briefs—potentially totaling 50 pages, given the 25 page allotment—combining both plaintiff groups into one submission spanning no more than 35 pages, will be more efficient for defendants, having to respond to only one brief, will avoid the duplicity of repeating similar relevant facts for redundant claims. Moreover, Plaintiffs believe that a slightly longer brief will allow both NCBCP Plaintiffs and NYAG to fully set forth the pertinent facts and legal arguments in a manner that will be most helpful to the Court in resolving their joint-motion.

Concerning Defendants' request, counsel asserts the basis for his request mirrors Plaintiffs' position: "we are addressing all parties' claims in a single motion for judicial economy, including the AG's additional four claims." This is the first application for an extension to the Court's page limit rule. We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Colleen K. Faherty*
Colleen K. Faherty
Assistant Attorney General
Colleen.Faherty@ag.ny.gov

Encl.
cc: Counsel of record (via ECF)



Request **GRANTED**.
```
Plaintiffs may file one joint motion for
summary judgment with a thirty-five page
limit.
```
**SO ORDERED.**

7/22/2022
DATE         VICTOR MARRERO, U.S.D.J.