# EXHIBIT 54

# STATE OF MICHIGAN
## IN THE WAYNE CIRCUIT COURT

_____

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff,

v

JOHN MACAULEY BURKMAN

and

JACOB ALEXANDER WOHL,

    Defendants.

_____

Hon. Margaret M. Van Houten

Circuit Court Nos.   20-004636-01-FH
                                  20-004637-01-FH

## DEFENDANTS' BRIEF IN
## SUPPORT OF MOTION TO QUASH

GRABEL & ASSOCIATES
Scott A. Grabel (P53310)
Timothy A. Doman (P77811)
Attorneys for Burkman
124 W. Allegan, Ste. 636
Lansing, MI 48933
(800) 342-7896

MCMANUS & AMADEO PLLC
William C. Amadeo (P76194)
Attorney for Wohl
2500 Packard St., Ste. 106
Ann Arbor, MI 49104
(800) 392-7311

CONFIDENTIAL

DEF003310

# TABLE OF CONTENTS

INTRODUCTION ..........................................................................................................................1

STATEMENT OF FACTS ............................................................................................................1

ARGUMENT ..................................................................................................................................4

   I. STATUTORY INTERPRETATION ARGUMENTS........................................................4

      A. The robocall was not "menacing," which requires a threat of physical assault. ............5

      B. A robocall disseminating a person's opinion cannot be a "corrupt means or device." 5

      C. A robocall disseminating plausibly true information cannot be a "corrupt means or device." ..................................................................................................................................7

      D. A robocall disseminating false information cannot be a "corrupt means or device." ..7

      E. The robocall did not deter any voter from "giving his or her vote," it only deterred one *method* of voting...................................................................................................................11

      F. The prosecution has not provided any evidence that Burkman and Wohl *knew* that the information in the robocall was false. .................................................................................11

      G. At best, whether Burkman and Wohl's conduct falls within the statute is ambiguous, and this Court should apply the rule of lenity......................................................................12

   II. CONSTITUTIONAL ARGUMENTS .............................................................................12

      A. FACIAL CHALLENGES .................................................................................................13

         1. MCL 168.932(a) is void for vagueness because "other corrupt means or device" is insufficiently defined. .............................................................................................................13

         2. MCL 168.932(a) is overbroad because even false speech is constitutionally protected. ................................................................................................................................14

      B. AS-APPLIED CHALLENGES .........................................................................................17

CONFIDENTIAL

DEF003311

    1. The robocall contain opinions, and opinions cannot beget criminal liability............17

    2. The statements in the robocall are plausibly true, and the First Amendment does not countenance prosecutions for conveying plausibly true facts. ................................18

    3. Even if the robocall was knowingly false, the statements in the call are still constitutionally protected.................................................................................................18

RELIEF REQUESTED ...........................................................................................................19

CONFIDENTIAL

DEF003312

**INTRODUCTION**

A couple months before the November 2020 election, Burkman and Wohl, two conservative provocateurs, disseminated a robocall in the 313-area code. Their aim—taking the evidence from the preliminary examination in the light most favorable to the prosecution—was to dissuade Blacks in the Detroit area from voting by mail. "Reprehensible," the district court judge called it. This Court might agree.

Whether it was criminal, though, is a much different question. The Attorney General has charged Burkman and Wohl under MCL 168.932(a), which criminalizes deterring voters through "bribery, menace, or other corrupt means or device." Square peg, meet round hole. The prosecution of Burkman and Wohl is a political stunt, in line with other political stunts the Attorney General's office has recently staged. This Court should end it.

**STATEMENT OF FACTS**

Burkman and Wohl are charged with four felonies, the latter three being derivative of the first charge of bribing or menacing an elector under MCL 168.932(a), which provides as follows:

> A person shall not attempt, by means of bribery, menace, or other corrupt means or device, either directly or indirectly, to influence an elector in giving his or her vote, or to deter the elector from, or interrupt the elector in giving his or her vote at any election held in this state.

The charges emanate from a "robocall" that Burkman and Wohl disseminated in the 313-area code. The call states as follows:

> Hi, this is Tamika Taylor from Project 1599, a civil rights organization founded by Jack Burkman and Jacob Wohl. Mail-in voting sounds great, but did you know that if you vote by mail your personal information will be part of a public

1

Second, the prosecution has not shown any actual harm achieved by the robocall. The only "victim" here indicated that he believed the statements in the robocall were false, and he alerted the media, which subsequently derided the robocall as false. The prosecution has presented no one who was actually deterred from voting.[8] To be sure, it appears that Detroit voters are savvier than the prosecution gives them credit for. To suggest that they would take the claims in a robocall at face value without scrutinizing them is insulting and infantilizing.

## RELIEF REQUESTED

The defense asks the Court to quash all charges in this case.

Respectfully submitted,

/s/ Scott A. Grabel
GRABEL & ASSOCIATES
Scott A. Grabel (P53310)
Timothy A. Doman (P77811)
Attorneys for Burkman
124 W. Allegan, Ste. 636
Lansing, MI 48933
(800) 342-7896

/s/ William C. Amadeo
MCMANUS & AMADEO PLLC
William C. Amadeo (P76194)
Attorney for Wohl
2500 Packard St., Ste. 106
Ann Arbor, MI 49104
(800) 392-7311

---

[8] They did, however, fly two investigators to California at the taxpayers' expense to confirm that Burkman and Wohl sent the robocall, a point the defense stipulated to since it was so obvious. (PE Tr, 77, 80-81, 103).

19

DEF003331