# EXHIBIT 63

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.

UNITED STATES OF AMERICA,  )
        Plaintiff )
         )
v. )
         )    CONSENT DECREE
NORTH CAROLINA REPUBLICAN PARTY; )
HELMS FOR SENATE COMMITTEE; )
JEFFERSON MARKETING, INC.; COMPUTER )
OPERATIONS AND MAILING )
PROFESSIONALS, INC.; DISCOUNT PAPER )
BROKERS, INC.; CAMPAIGN MANAGEMENT, )
INC.; EDWARD LOCKE; DOUGLAS )
DAVIDSON, )
        Defendants. )

## I. INTRODUCTION

The United States filed this action to enforce provisions of the Civil Rights Act of 1957 and the Voting Rights Act of 1965 that prohibit the intimidation of voters, 42 U.S.C. 1971(b) and 42 U.S.C. 1973i(b). The United States alleges that the defendants, North Carolina Republican Party ("NCGOP"), Helms for Senate Committee, et al, conducted a postcard mailing in connection with the November 6, 1990 general election in North Carolina for the purpose of intimidating black voters and discouraging them from participating in the November 6, 1990 election, and that the postcard mailing had the effect of intimidating such voters. Defendants admit that an independent contractor of the Defendant NCGOP, Defendant Edward Locke, conducted a postcard mailing in connection with the November 6, 1990 general election but deny that the mailing had either the intent or effect of intimidating black voters or

discouraging them from participating in the election or otherwise violated any state of federal law. Defendants also deny that the disputed mailing was "conducted" by any of the other defendants.

Following the notice to the defendants of the United States' decision to file this lawsuit, the parties engaged in good-faith negotiations in an effort to resolve the claims raised in the complaint without resort to costly and protracted litigation. The decree shall not be construed as an admission by the defendants of any of the allegations in the complaint. Nor shall the decree be construed as an admission of any wrongdoing or liability by any of the defendants. The decree is final and binding on all parties to this action, including all principals, agents and successors in interest of defendants, as well as any person acting in concert with any of the defendants.

II. JOINT STIPULATION OF THE PARTIES

For purposes of this action only, the parties stipulate to the following statements:

1. "Ballot security" effort means all activities, programs or other efforts to prevent or remedy voter fraud or which otherwise are intended to inform voters of their eligibility to participate in an election and/or to inform voters of the penalties which attend voter fraud. Ballot security programs shall not include:

(a) Activities encouraging citizens to register or to vote to the extent that such activities do not form the

basis in whole or in part of an effort to challenge or cause to be challenged registered voters; or

(b) Poll observer activities permitted and/or authorized by state law, to the extent that such activities do not involve the use of any information obtained from any other ballot security effort.

2. In October and November, 1990, a ballot security program was conducted in connection with the November 6, 1990 general election in North Carolina. Approximately 125,000 postcards were mailed to selected voters throughout the State of North Carolina through two separate mailings, a bulk-rate mailing and a first-class mailing.

3. The text of the postcard reads as follows:

> If you moved from your old precinct over 30 days ago, contact the County Board of Elections for instructions for voting on Election Day.
>
> When you enter the voting enclosure, you will be asked to state your name, residence and period of residence in that precinct. <u>You must have lived in that precinct for at least the previous 30 days or you will not be allowed to vote</u>.
>
> It is a Federal crime, punishable by up to five years in jail, to knowingly give false information about your name, residence, or period of residence to an Election Official.

4. N.C. Gen. Stat. Section 163-72.3 states, "a registered voter who has moved from one precinct to another within the same county more than thirty days before a primary or general election but who has not submitted a change of address report. . . nevertheless may vote" under the procedures set forth in N.C. Gen. Stat. 163-72.3.

3

5. Under Article VI, Section 2 of the Constitution of the State of North Carolina, "[r]emoval from one precinct, ward, or other election district to another in this State shall not operate to deprive any person of the right to vote in that precinct, ward, or other election district from which that person has moved until 30 days after the removal."

6. Pursuant to N.C. Gen. Stat. Section 163-150, "a person seeking to vote shall enter the voting enclosure at the voting place through the appropriate entrance and shall at once state his name and place of residence to one of the judges of the election."

Based upon the stipulated facts and the consent of the parties, it is hereby ORDERED, ADJUDGED and DECREED that:

1. The defendants, their officers, agents, employees, successors in interest, and persons acting in concert with any of the defendants, are enjoined from engaging in any activity or program which is designed, in whole or in part, to intimidate, threaten, coerce, deter, or otherwise interfere with a qualified voter's lawful exercise of the franchise or which, based on objective factors, would reasonably be expected to have that effect.

This provision does not apply to activities solely designed to promote or sell a service or product unrelated to voting.

2. The defendants, their officers, agents, employees, successors in interest, and persons acting in concert with

4

any of the defendants, are enjoined from engaging in any ballot security program directed at qualified voters in which the racial minority status of some or all of such voters is a factor in the decision to target those voters.

3. The defendants, their officers, agent, employees, successors in interest, and any persons acting in concert with defendants, shall not engage in any ballot security program unless and until such program has been determined by this Court to comply with the provisions of this decree and applicable federal law. Applications by any of the defendants for review of a proposed ballot security effort by this Court shall be made following twenty days notice to the Department of Justice. Such notice shall include a complete description of the proposed ballot security program, including the basis for selecting persons to receive any communication related to ballot security, the purpose(s) to be served by the program, and the reasons the program complies with this decree and other applicable federal law.

4. For purposes of this decree, "ballot security program" shall mean all activities, programs or other efforts to prevent or remedy voter fraud or which otherwise are intended to inform voters of their eligibility to participate in an election and/or to inform voters of the penalties which attend voter fraud. Ballot security programs shall not include:

5

(a) Activities encouraging citizens to register or to vote to the extent that such activities do not form the basis in whole or in part of an effort to challenge or cause to be challenged registered voters; or

(b) Poll observer activities permitted and/or authorized by state law, to the extent that such activities do not involve the use of any information obtained from any other ballot security effort.

5. The defendants shall have a continuing obligation to take all reasonable steps to advise their officers, agents, employees, successors in interest and all persons acting in concert with them of the provisions of this decree.

6. The Court shall retain jurisdiction of this action to enforce provisions of this decree until December 1, 1996, at which time this decree and all of its provisions shall be terminated, unless the Court determines it is necessary to extend any of the requirements imposed by this decree, in which case those specific requirements shall be extended.

ENTERED the 27th day of FEBRUARY, 1992.

s/ JAMES C. FOX
UNITED STATES DISTRICT JUDGE

AGREED AND CONSENTED TO:

FOR THE PLAINTIFF UNITED STATES:
JOHN R. DUNNE
Assistant Attorney General

*[signature]*

STEVEN H. ROSENBAUM

*[signature]*

LEE H. RUBIN
Attorneys, Voting Section
Civil Rights Division
Department of Justice
P.O. Box 66128
Washington, D.C.  20035-6128
(202) 514-6347

FOR THE DEFENDANT NORTH CAROLINA
REPUBLICAN PARTY:

*[signature]*

JOE THOMAS KNOTT, III
McNamara, Pipkin & Knott
2626 Glenwood Ave., Suite 500
Raleigh, N.C.  27608
(919) 783-5900

MICHAEL A. CARVIN
Shaw, Pittman, Potts & Trowbridge
2300 North Street, N.W.
Washington, D.C.  20037
(202) 663-8346

FOR THE DEFENDANT HELMS
FOR SENATE COMMITTEE:

*[signature]*

ROBERT A. VALOIS

*[signature]*

THOMAS A. FARR
Maupin, Taylor, Ellis & Adams
Highwoods Tower One
3200 Beechleaf Court, Suite 500
Raleigh, N.C.  27619-2764
(919) 981-4000

7

FOR THE DEFENDANTS JEFFERSON
MARKETING, INC.; COMPUTER
OPERATIONS AND MAILING PRO-
FESSIONALS, INC.; DISCOUNT
PAPER BROKERS, INC.; CAMPAIGN
MANAGEMENT, INC.

_____
JERRY ALVIS
Young, Moore, Henderson & Alvis
P.O. Box 31627
Raleigh, N.C.  27622
(919) 782-6860

FOR THE DEFENDANT DOUGLAS DAVIDSON:

_____
PALMER SUGG
Broughton, Wilkins & Webb, P.A.
P.O. Box 2387
Raleigh, N.C.  27602
(919) 833-2752

8

FOR THE DEFENDANT EDWARD LOCKE:

*[signature]*

KENNETH P. ANDRESEN
Caudle & Spears, P.A.
1600 Interstate Tower
121 West Trade Street
Charlotte, North Carolina  28202
Telephone:  (704) 377-1200