

GERSTMAN SCHWARTZ LLP

ATTORNEYS AT LAW

August 4, 2022

**By Electronic Submission**
Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     National Coalition on Black Civic Participation v. Jacob Wohl,
          SDNY Case No. 20 Civ. 8668 (VM)(OTW)

Dear Judge Marrero,

We represent the Defendants Jacob Wohl, Jack Burkman, J.M. Burkman & Associates, LLC, and Project 1599 (collectively, "Defendants") in the above-referenced matter. On July 29, 2022, we filed Defendant's Motion for Summary Judgment, along with its supporting papers. Regrettably, our Rule 56.1 Statement was inadvertently omitted. We apologize to the Court for this error.

Respectfully submitted,
/s/ Randy E. Kleinman, Esq.
Randy E. Kleinman, Esq.
Attorney for Defendants
Gerstman Schwartz LLP

Encl.
cc: Counsel of record (via ECF)

GERSTMANSCHWARTZ.COM

1399 Franklin Avenue, Suite 200, Garden City, N.Y. 11530   OFFICE: 516.880.8170   FAX: 516.880.8171

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NATIONAL COALITION ON BLACK CIVIC PARTICIPATION, MARY WINTER, GENE STEINBERG, NANCY HART, SARAH WOLFF, KAREN SLAVEN, KATE KENNEDY, EDA DANIEL,and ANDREA SFERES, | Civil Action No. 20-cv-08668-VM-OTW |

Plaintiffs,
-and-

People of the STATE OF NEW YORK, by its attorney general, LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK

Plaintiff-Intervenor,

v.

JACOB WOHL, JACK BURKMAN, J.M. BURKMAN & ASSOCIATES, LLC, PROJECT 1599, MESSAGE COMMUNICATIONS, INC., and ROBERT MAHANIAN,

Defendants.

**DEFENDANTS' LOCAL CIVIL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Civil Rule 56.1 of the United States District Court for the Southern

District of New York, Defendants Jacob Wohl, Jack Burkman, J.M. Burkman & Associates, LLC,

and Project 1599 (collectively "Defendants") respectfully submit, in support of their Motion for

Summary Judgment, this statement of material facts as to which there is no genuine issue to be tried.

1.   On August 26, 2020, Message Communications, Inc. transmitted a robocall from an account to an estimated 85,000 phone numbers across the United States. A far smaller number of recipients are believed to have received the call live or on their answering machines. *See* Docket No. 49, establishing that there were 29,117 recipients (*i.e*, live or answering machine) versus the 85,303 transmitted.  *See also* Docket Nos. 50 and 52, demonstrating approximately 27,760 corrective calls were received versus 29,117.

2.   Plaintiffs assert that approximately 5,494 calls were transmitted into New York area codes although the exact number of calls *received* has never been established. Notwithstanding same, assuming the same effective rate for the 85,303, a simple proportion suggests as many as 1,400 calls may have been received in New York State.

3.   The robocall contained the following message:

> Hi, this is Tamika Taylor from Project 1599, the civil rights organization founded by Jack Burkman and Jacob Wohl. Mail-in voting sounds great, but did you know that if you vote by mail, your personal information will be part of a public database that will be used by police departments to track down old warrants and be used by credit card companies to collect outstanding debts? The CDC is even pushing to use records for mail-in voting to track people for mandatory vaccines. Don't be finessed into giving your private information to the man, stay safe and beware of vote by mail.

4.   Project 1599 is a fictitious political entity Burkman and Wohl supported consonant with their trademark political buffoonery.

5.   Jacob Wohl and Jack Burkman are "*lobbyists*" and "*political*" provocateurs. FAC at §§ 15-16. That their actions are "political," and that Plaintiffs find their activities "odious" or offensive, is uncontested. FAC at §§ 15-16.

6.   That each and every Individual Plaintiff is white is undisputed. Ex. A at 12:2-4; Ex. B at 14:17-19; Ex. D at 10:1-2; Ex. E at 12:10-11; Ex. F at 11:22-24; Ex. G at 15:25-16:1; Ex. H at 13:7-8; Ex. I at 78:12-79:1.

7.   That each and every Plaintiff concedes they were *not* personally harmed is irrefutable. Ex. A at 53:19-54:3; Ex. B at 54:25-55:12; 59:1-7; Ex. D at 80:10-13; Ex. E at 83:24-84:10; Ex. F at 55:23-56:10; Ex. G at 86:12-15; Ex. H at 48:14-23.

8.   That Plaintiff National Coalition on Black Civic Participation ("NCBCP") did not view the robocall as an attempt to suppress the Black vote, but rather saw it as an attempt to have "Black voters … tricked" into voting *in person* is undisputed. FAC at § 72.

9.   That all Individual Plaintiffs merely speculated that others would be confused or deterred by the Robocall but were not personally deterred from voting is undisputed. Ex. A at 12:24-13:7; 45:15-47:3; Ex. B at 15:21-24; 50:16-52:18; Ex. C at 21:2-7; Ex. D at 11:2-10; 24:22-25:10; 46:15-20; 38:3-13; Ex. E at 35:22-36:3, 68:4-69:7; 13:1-8; Ex. F at 12:15-19; 40:4-6; Ex. G at 16:15-18; 42:7-18; Ex. H at 14:24-15:4; 37:9-38:12, 40:7-11; Ex. I at 93:6-13.

10. NCBCP, a nonpartisan, nonprofit organization describes itself as dedicated to increasing civic engagement and voter participation in Black and underserved communities. NCBCP and its affiliates conceded that NCBCP never received that Robocall. Ex I at 47:1-24; 85:3-25.

11. NCBCP conceded that it did not investigate the accuracy of the Robocall. Ex I.

12. Plaintiff Mary Winter attested she voted in person because she felt it was the more secure way of voting, and because she was afraid mail-in voting might be subjected to partisan tampering. Ex. F at 12:15-19, 30:23-25, 31:1-6.

13. Plaintiff Gene Steinberg conceded that he never received the Robocall, but rather that his then live-in girlfriend played it for him. He also testified that he did not find the Robocall

intimating or threatening at the time but did not like finding out that voting records are public records, which he finds upsetting. He also voted in-person to be certain that his vote would be counted.  Ex. C at 21:2-17.

14.  Plaintiff Eda Daniel testified that the Robocall did not deter her from voting, that she did not know or speak to any member of the Black community who received the call, and that she did not find the Robocall intimidating or threatening. Ex B at 15:21-24, 50:12-15; 59:1-10.

15. Plaintiff Andrea Sferes testified that the Robocall did not deter her from voting, that she did not know or speak to any member of the Black community who received the call, and that she did not find the Robocall intimidating or threatening. Ex A.at 13:1, 28:19-22; 22:4-25:1.

16. Plaintiff Karen Slaven testified that the Robocall did not deter her from voting, that she did not know or speak to any member of the Black community who received the call, and that she did not find the Robocall intimidating or threatening. Ex E at 13:1-8; 27:7-9; 36:18-25; 37:16-21; 43:18-24; 47:3-8.

17. Plaintiff Kate Kennedy testified that the Robocall did not deter her from voting, that she did not know or speak to any member of the Black community who received the call, and that she did not find the Robocall intimidating or threatening. Ex D at 11:2-10; 25:11-14.

18. Plaintiff Sarah Wolff testified that the Robocall did not deter her from voting, that she did not know or speak to any member of the Black community who received the call, and that she did not find the Robocall intimidating or threatening. Ex. H at 14:24-25; 45:17-19; 42:9-16

19. Plaintiff Nancy Hart testified that the Robocall did not deter her from voting, that she did not know or speak to any member of the Black community who received the call, and that she did not find the Robocall intimidating or threatening. Ex. G 16:15-18; 43:6-11, 53:1-2.

20. All Plaintiffs found the call annoying or offensive but voted and speculated that other voters might be intimated by it even though they were not personally intimated by it.

21. All concede Mr. Burkman and Mr. Wohl are two conservative political provocateurs, although though Plaintiffs bandy about many more derogatory adjectives to describe the satirical antics of this pair of political muckrakers and publicity hounds.

22. Defendants have illustrated innumerable examples of databases relied upon by investigators and others to locate fugitives and debtors that abstract from Boards of Election records including New York State Board of Election records. Ex J at 7.

23.  In the months preceding the 2020 Election, officials in New York,[1] Michigan,[2] and Ohio[3] confirmed that voting in-person could be undertaken safely and all other relevant states put out information that it was in fact safe to vote in person provided voters followed CDC guidelines.

**GERSTMAN SCHWARTZ LLP**

By: /s/ *Randy E. Kleinman*
Randy E. Kleinman
David M. Schwartz
1399 Franklin Avenue, Suite 200
Garden City, New York 11530
Telephone: (516) 880-8170
Facsimile: (516) 880-8171
rkleinman@gerstmanschwartz.com
dschwartz@gerstmanschwartz.com

*Attorneys for Defendants*

---

[1] *See* https://www1.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-voting.pdf.
[2] *See* https://www.michigan.gov//media/Project/Websites/coronavirus/Folder14/Recommendations_for_Poll_Workers_and_Election_Officials.pdf?rev=45b773d17ba8442c91c0a2979ec55329
[3] *See* https://www.ohiosos.gov/globalassets/elections/directives/2020/2020-09-25.pdf