

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/8/2022
```

*VIA ECF*

August 5, 2022

Honorable Victor Marrero
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *National Coalition on Black Civic Participation, et al. v. Wohl et al.*, No. 1:20-cv-8668

Dear Judge Marrero:

      The New York Civil Liberties Union (the "NYCLU") respectfully moves through this letter for leave to submit an amicus curiae brief in support of neither party with respect to the People of the State of New York's motion for summary judgment as to liability concerning its claim under Section 9 of the New York Civil Rights Law.[1]  ECF No. 213 at 23-24.  Plaintiffs and Plaintiff-Intervenor consent to this motion.  Defendants object to this motion.

      Given that there is no applicable rule of civil procedure governing amicus curiae briefs, "[d]istrict courts have broad discretion to permit or deny an appearance as amicus curiae in a case." *In GLG Life Tech Corp. Securities Litigation*, 287 F.R.D. 262, 265 (S.D.N.Y. Nov. 9, 2012) (internal quotation marks omitted).  "The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties." *Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey*, No. 11 CIV. 6746 RJH, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011).  "An amicus brief should normally be allowed . . . when the amicus has unique information or perspective that can help the court." *Citizens Against Casino Gambling in Erie County v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007).  District courts "are not bound by Rule 29 [of the Federal Rules of Appellate Procedure], but sometimes look to it for guidance when reviewing a request to file an amicus brief."[2]  *Id.* at *1, n.1.  When a party objects to

---

[1] No party's counsel authored this brief in whole or in part; no party or party's counsel contributed money that was intended to fund preparing or submitting this brief; and no person other than the amicus curiae or its counsel contributed money that was intended to fund preparing or submitting this brief. The NYCLU is a nonprofit organization with no parent corporation and in which no person or entity owns stock.

[2] Under Rule 29, amicus briefs in support of neither party must be filed within 7 days of the principal brief's filing. Here, the applicable principal brief is Plaintiffs' Joint Motion for Summary Judgment as to Liability on All Claims, which was filed on July 29.  ECF No. 213.

1

the filing of an amicus brief by a private party and leave to file a brief is sought, "Rule 29(b) provides that the motion for leave to file must be accompanied by the proposed brief and must state: (1) the movant's interest; and (2) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 130–31 (3d Cir. 2002).

First, consistent with its work protecting New York voters and the health of our state's electoral process, the NYCLU has an interest in the treatment of Section 9 as a robust protection for the free exercise of suffrage. The NYCLU is the New York State affiliate of the American Civil Liberties Union. The NYCLU is a non-profit, non-partisan organization dedicated to the principles of liberty and equality enshrined in the United States and New York State Constitutions. In support of those principles, the NYCLU has appeared before New York courts representing voters and/or voting rights organizations in numerous cases involving protections for the right of electoral suffrage under New York state law, including *Palla v. Suffolk Cnty. Bd. of Elections*, 31 N.Y. 2d 36 (1972); *People by James v. Schofield*, 199 A.D. 3d 5 (N.Y. App. Div. 2021); *Spring Valley Branch of the NAACP v. Rockland County Bd. of Elections et al.*, Index No. 035092/2020 (N.Y. Sup. Ct. Oct. 29, 2020); and *League of Women Voters of N.Y. State v. N.Y. State Board of Elections*, No. 160342/2018, 2019 WL 4899034 (N.Y. Sup. Ct. Oct. 4, 2019).

Second, our proposed *amicus* brief would be helpful to the Court because it will provide elaboration on the scope of protections provided by Section 9 of the New York Civil Rights Law—a claim raised in the principal summary judgment brief, but which received short treatment. ECF No. 213 at 23-24. First adopted in 1787 as part of New York's statutory Bill of Rights and recodified into Article 2 of the Civil Rights Law in 1909, *see People v. Bromwich*, 200 N.Y. 385, 389 (1911), Section 9 is among New York's earliest adopted and most longstanding protections for the fundamental right to vote. However, Section 9 has been rarely litigated and has received little attention from courts or scholars. Our proposed amicus brief would offer the Court more fulsome treatment on the scope of a claim under Section 9, including the persons regulated and protected by the statute, the methods of electoral participation protected, the types of conduct prohibited, and types of injuries sought to be prevented. At this time, Defendants still have an opportunity to file a counterstatement of material facts. Amicus therefore does not take a position on how the Court should rule on the pending motion. However, should the Court find that during the administration of an election, Defendants disseminated false and intimidating information about the voting process with the purpose of hindering or disturbing New Yorkers in their decision to vote by absentee ballot, the Court should find that Defendants violated Section 9.

Accordingly, the NYCLU respectfully requests that this Court grant leave to file an amicus curiae brief in this matter, which is attached.



Request GRANTED.
NYCLU's motion for leave to file a brief as amicus curiae is granted.

SO ORDERED.
8/8/2022
DATE          VICTOR MARRERO, U.S.D.J.

Respectfully submitted,

/ Perry Grossman
Perry Grossman