IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL COALITION ON BLACK CIVIC PARTICIPATION, MARY WINTER, GENE STEINBERG, NANCY HART, SARAH WOLFF, KAREN SLAVEN, KATE KENNEDY, EDA DANIEL, and ANDREA SFERES,<br><br>　　　　Plaintiffs,<br><br>　　　　-and-<br><br>People of the STATE OF NEW YORK, by its attorney general, LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK,<br><br>　　　　Plaintiff-Intervenor,<br><br>　　v.<br><br>JACOB WOHL, JACK BURKMAN, J.M. BURKMAN & ASSOCIATES, LLC, PROJECT 1599, and JOHN and JANE DOES 1–10,<br><br>　　　　Defendants. | **Oral Argument Requested**<br><br>Civil Action No. 20-cv-8668 |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFFS' JOINT MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

Defendants have no response to the record evidence establishing that they planned, created, and disseminated the robocall as part of a self-described voter suppression effort. Nor do Defendants address many arguments in Plaintiffs' motion for summary judgment (D.E. 240), thus conceding them. Indeed, their opposition entirely ignores the Court's previous rulings that the robocall contained threats of "arrest," D.E. 66 at 19, "adverse economic consequences," D.E. 38 at 51, and "bodily harm" if the recipient voted by mail, D.E. 38 at 50. Without discussing any of these rulings or acknowledging the threatening language in their robocall, Defendants repeat two arguments the Court has already rejected—that the robocall was not threatening and that it is protected by the First Amendment. Not only are those arguments barred by the law of the case, they are unsupported by record evidence and legally meritless. Based on the robocall's plain language, the undisputed facts, and the unrebutted arguments in Plaintiffs' motion for summary judgment, Defendants violated the Voting Rights Act ("VRA") and the Ku Klux Klan Act ("KKK Act"), and Plaintiffs are entitled to summary judgment on all their claims.

## ARGUMENT

**I.     Defendants' legal arguments are precluded by the law of the case.**

Defendants' opposition reprises arguments the Court has already considered and rejected, and that alone is reason for granting Plaintiffs' motion. *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009). The Court has already decided that the VRA and KKK Act apply to Defendants' conduct and that the First Amendment does not protect the robocall. D.E. 38 at 30–61; D.E. 66 at 10–28. Defendants neither acknowledge those rulings nor attempt to meet the high bar required for reconsideration. *See* D.E. 240 at 4; *United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009).

## II. Defendants violated the VRA and KKK Act.

Defendants concede that liability under both the VRA and the KKK Act turns on whether the robocall meets an objective test—"namely, whether an ordinary, reasonable recipient who is familiar with the context of the [communication] would interpret it as a threat of injury." D.E. 236 at 14 (quoting *United States v. Turner*, 720 F.3d 411, 420 (2d Cir. 2013)). Yet they do not address Plaintiffs' arguments—and the Court's prior rulings—that there is no reasonable interpretation of the robocall except as intimidation. Indeed, there is no dispute as to the call's content or that Defendants are responsible for sending it. The call was not satire; it warned of serious economic, legal, and physical harm if recipients exercised their legal right to vote by mail. D.E. 240 at 13–14. Defendants do not cite a single piece of evidence in the record suggesting that the robocall did not mean exactly what it says.[1]

Ignoring all this, Defendants mischaracterize Plaintiffs' testimony to give the false impression that the individual Plaintiffs did not personally find the robocall threatening. That is incorrect and inconsistent with the record, and has little bearing "when assessing whether a *reasonable person* would *objectively* perceive the Robocall to be intimidating, threatening, or coercive." D.E. 236 at 18 (emphasis in original). Even so, every individual Plaintiff described or testified about the threatening and intimidating nature of the call. Winter testified she found the call "very scary and threatening" and that she was "personally intimidated by the robocall." D.E. 241 ¶ 12. Steinberg said he felt "intimidated" by the robocall and that the robocall caused him

---

[1] Defendants also repeat several arguments that they made in their own motion for summary judgment and that Plaintiffs responded to in their opposition and will not repeat here. For instance, Defendants again claim that the VRA requires a specific intent to intimidate. D.E. 236 at 17. Plaintiffs have explained why that's wrong. D.E. 240 at 8–11. Defendants also suggest that they did not proximately cause Plaintiff Gene Steinberg's trauma. D.E. 236 at 17–18. That is also incorrect. *See* D.E. 240 at 11. And Defendants again insist they did not violate the KKK Act or VRA because the individual Plaintiffs are not Black. D.E. 236 at 2–3, 16. Those arguments are irrelevant because the relevant provisions of the VRA and the KKK Act are silent on race. *See* D.E. 38 at 33–34, 59 (citing *Kush v. Rutledge*, 460 U.S. 719, 726 (1983). The former protects "any person," 52 U.S.C. § 10307(b), while the latter protects any injured "party," 42 U.S.C. § 1985(3). *See also* D.E. 38 at 33–34.

trauma. *Id.* ¶ 13. The robocall caused Daniel to feel "scared" and "frightened. *Id.* ¶ 14. To Sferes, the robocall was "highly persuasive," and it left her "shocked," "furious," "sickened," and "scared." *Id.* ¶ 15. Slaven felt that the robocall "was threatening that the police would come after you" and that "[y]our credit card company would come after you and the CDC would target you for mandatory vaccinations," and that it was "designed to be threatening." *Id.* ¶ 16. Kennedy "knew it was someone trying to scare me into not voting or at least not voting by mail." *Id.* ¶ 17. And Wolff knew when she picked up the phone that the senders of the robocall were "trying to intimidate" her and "wanted people to be afraid to vote by mail." *Id.* ¶ 18. Even viewed from these Plaintiffs' perspectives, the robocall was objectively threatening, intimidating, or coercive.[2]

Defendants also miss that Plaintiffs prevail at summary judgment even if Defendants *failed* to actually threaten or intimidate them. That is because the VRA prohibits even an "attempt" to threaten, intimidate, or coerce, 52 U.S.C. § 10307(b), and the KKK Act prohibits "conspir[ing]" to threaten, intimidate, or use force, 42 U.S.C. § 1985(3)—analyses that do not depend at all on Plaintiffs' testimony. It is undisputed that Defendants, at the very least, attempted to threaten or intimidate people into not voting by mail. Defendants admit that they drafted the robocall and paid to have it disseminated. D.E. 237 (admitting paragraphs 7–17). Plaintiffs explained the basis for attempt liability in their motion, *see* D.E. 213 at 16, and Defendants concede the issue by not responding. *See Cole v. Blackwell Fuller Music Publ'g, LLC*, No. 16-CV-7014, 2018 WL 4680989, at *7 (S.D.N.Y. Sept. 28, 2018) ("Numerous courts have held that a plaintiff's failure to address an issue in its opposition raised by its adversary amounts to a concession or waiver of the

---

[2] Defendants' only support for their claim that the individual Plaintiffs conceded they were not intimidated or harmed by the robocall is a single footnote that includes a string citation—without any explanation—for five separate arguments. *See* D.E. 236 at 16 n.10. And, contrary to Defendants' argument, even the deposition pages they cite support that Plaintiffs believed the call to be intimidating and threatening. *See, e.g.*, D.E. 238-01 (Ex. A) at 28:15; D.E. 238-02 (Ex. B) at 54:06-18; D.E. 238-04 (Ex. D) at 25:03-22, 38:14-25; D.E. 238-05 (Ex. E) at 27:15-19, 35:22-36:03, 43:02-05, 68:04-12; D.E. 238-06 (Ex. F) at 30:06-31:06; D.E. 238-08 (Ex. H) at 40:02-06, 45:11-16, 48:02-13.

3

argument."). It is similarly undisputed that Defendants conspired to use threats and intimidation to suppress votes—they drafted a prospectus detailing the plan and then jointly planned the robocall. *See* D.E. 213 at 19–20, 22. Here again, Defendants entirely ignore the argument that Plaintiffs detailed in their motion and therefore concede the issue. *Cole*, 2018 WL 4680989, at *7. Thus, even if the robocall was unsuccessful in intimidating or threatening its recipients, Defendants are still liable for their conspiracy and attempt.

Defendants' final argument is that all the Plaintiffs voted in the November 2020 election, but this misunderstands both the rights protected by the VRA and KKK Act and the bases for liability.[3] Neither the KKK Act nor the VRA provide a remedy only if votes are actually suppressed. *See* D.E. 215-1 at 11–12; D.E. 235 at 13. Indeed, even the KKK Act, which has an injury element, expressly permits recovery for any "injury" to "person or property" that results from a conspiracy to prevent people from voting through physical force, intimidation, or threat. 42 U.S.C. § 1985(3). Defendants do not dispute Plaintiffs' arguments that they suffered an injury by receiving the robocall—nor do they address settled precedent across numerous jurisdictions holding that unlawful robocalls cause inherent injury.[4] D.E. 213 at 21; D.E. 240 at 23–24.[5] They therefore concede this point. *See Cole*, 2018 WL 4680989, at *7. Defendants' argument goes only to damages, not liability, and Plaintiffs are entitled to summary judgment on the latter.

---

[3] Defendants are also wrong to claim the robocall did not suppress any votes. The call indisputably accomplished its mission as to both Winter and Steinberg, both of whom changed their plans to vote by mail and instead voted in person. D.E. 214 ¶¶ 19–20. And it had the further effect of suppressing Steinberg's right to vote on an ongoing basis—he has given up his voter registration because of the fear instilled by the robocall, has not voted in any elections since giving up his voter registration, and has no plans to vote in the future. *Id.* ¶ 20.

[4] Plaintiffs have also explained why Defendants are wrong to claim that emotional distress damages cannot be recovered under the VRA (or the other laws at issue here). D.E. 240 at 24–25.

[5] Defendants do not contest that the People of the State of New York were harmed. D.E. 240 at 21. And as they did in their own motion, Defendants concede that NCBCP suffered an injury from the robocall, and yet suggest this injury is not "significant." D.E. 236 at 20. Plaintiffs have explained why this argument is a concession that NCBCP was injured. *See* D.E. 240 at 22.

4

### III.     The First Amendment Does Not Protect Defendants.

The First Amendment does not apply to Defendants' robocall for the four reasons detailed in Plaintiffs' opposition to Defendants' motion for summary judgment, and incorporated by reference here. *See* D.E. 240 at 12–18. First, the robocall contained true threats of legal, economic, and physical adverse consequences if a call recipient exercised their right to vote by mail. *Id.* at 12–14; D.E. 38 at 37–43. Second, Defendants used knowing or reckless falsehoods about voting by mail to infringe a cognizable legal right—the right to vote. D.E. 240 at 15–16. Third, the robocall was speech integral to unlawful conduct. *Id.* at 16. And finally, even if none of those reasons applied, the application of the VRA and KKK Act to this case survives strict scrutiny because there is a compelling governmental interest in protecting the right to vote free from intimidation and the application of the statutes here is narrowly tailored to such purpose. D.E. 240 at 17–18; D.E. 38 at 56 n.29. The remainder of Defendants' First Amendment argument is empty rhetoric disconnected from the facts of this case and representations by defense counsel unsupported by any evidence. Such smuggled facts must be disregarded. *See, e.g.*, *Est. of Hennis v. Balicki*, No. CV 16 4216, 2019 WL 7047205, at *5 (D.N.J. Dec. 23, 2019) (holding that "counsel's unsubstantiated assertions of 'fact' do not constitute evidence for the purpose of summary judgment").

### IV.     Defendants' cursory statements in opposition to the remaining claims are inadequate to stave off summary judgment.

Defendants argue they are not liable on the People of the State of New York's claim under 52 U.S.C. § 10101(b) (the Civil Rights Act of 1957) because "there was no intimidation, threats or coercion" and "there is no evidence that Defendants[] *intended* to interfere with any citizens['] right to vote." D.E. 236 at 21. The first rationale is flawed in the same way that Defendants' responses to the VRA and KKK Act claims are flawed. There was indeed intimidation, threats, or

coercion, and even if there was not, the Civil Rights Act of 1957 provides liability even for "attempt[s]." *See* 52 U.S.C. § 10101(b). The second rationale is wrong for all the same reasons offered in Plaintiffs' motion, which Defendants again ignore. There is indisputable evidence that Defendants intended to interfere with the robocall recipients' right to vote, and zero evidence to the contrary. *See* D.E. 213 at 22.

Defendants make no meaningful effort to contest liability under New York's three state law claims, relying only on a single sentence disputing each claim. D.E. 236 at 21. It is "well established that issues mentioned in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Lima v. Hatsuhana of USA, Inc.*, No. 13-CV-3389, 2014 WL 177412, at *1 (S.D.N.Y. Jan. 16, 2014) (cleaned up). New York is therefore entitled to summary judgment on each of these claims, for both this reason and the arguments offered in the motion for summary judgment. D.E. 213 at 23–25.

## CONCLUSION

For the reasons set forth above, the Court should grant Plaintiffs' motion for summary judgment.

Dated: New York, New York  
       August 19, 2022

**LETITIA JAMES**  
*Attorney General*  
*State of New York*

By: /s/ *Rick Sawyer*  
Jessica Clarke, Chief, Civil Rights Bureau  
Rick Sawyer, Special Counsel  
Colleen Faherty, Assistant Attorney General  
28 Liberty St., 20th Floor  
New York, NY 10005  
(212) 416-8252  
Jessica.Clarke@ag.ny.gov  
Richard.Sawyer@ag.ny.gov  
Colleen.Faherty@ag.ny.gov

Respectfully submitted,

By: /s/ *Franklin Monsour Jr.*

Amy Walsh  
Franklin Monsour Jr.  
Rene Kathawala  
Brittany Roehrs  
ORRICK, HERRINGTON & SUTCLIFFE LLP  
51 West 52nd Street  
New York, NY 10019-6142  
(212) 506-5000  
awalsh@orrick.com  
fmonsour@orrick.com  
rkathawala@orrick.com  
broehrs@orrick.com

By: /s/ *David Brody*

David Brody (admitted *pro hac vice*)  
Marc Epstein  
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW  
1500 K St. NW, Suite 900  
Washington, DC 20005  
(202) 662-8600  
dbrody@lawyerscommittee.org  
mepstein@lawyerscommittee.org

*Attorneys for Plaintiffs*