**epic.org**

Electronic Privacy Information Center
1519 New Hampshire Avenue NW
Washington, DC 20036, USA

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/24/2022
```

**BY ECF**

August 23, 2022

Honorable Victor Marrero
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *National Coalition on Black Civic Participation, et al. v. Wohl et al.*, No. 1:20-cv-8668

Dear Judge Marrero:

The Electronic Privacy Information Center ("EPIC") respectfully moves through this letter for leave to submit an *amicus curiae* brief in support of Plaintiffs' and Plaintiff-Intervenor's Motion for Summary Judgment with respect to the federal law claims in this case.[1] Plaintiffs and Plaintiff-Intervenor consent to this motion. Defendants do not consent to this motion.

There is no applicable rule of civil procedure governing *amicus curiae* briefs, so "[d]istrict courts have broad discretion to permit or deny an appearance as amicus curiae in a case." *In re GLG Life Tech Corporation Securities Litigation*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012) (internal quotation marks omitted). "An *amicus* brief should normally be allowed . . . when an *amicus* has unique information or perspective that can help the court." *Citizens Against Casino Gambling in Erie County v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007). District courts "are not bound by Rule 29 [of the Federal Rules of Appellate Procedure], but sometimes look to it for guidance when reviewing a request to file an amicus brief." *Id.* at *1, n.1. When a party objects to the filing of an amicus brief by a private party and leave to file a brief is sought, "Rule 29(b) provides that the motion for leave to file must be accompanied by the proposed brief and must state: (1) the movant's interest; and (2) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 130–31 (3d Cir. 2002).

EPIC is a nonpartisan, nonprofit organization dedicated to focusing public attention on emerging privacy and civil liberties issues. It regularly produces research, provides policy analysis, submits open records requests, submits amicus briefs, and engages in litigation to protect privacy

---

[1] No party's counsel authored this brief in whole or in part. No party or party's counsel contributed money that was intended to fund preparing or submitting this brief. No person other than the *amicus curiae* or its counsel contributed money that was intended to fund preparing or submitting this brief. EPIC is a nonprofit organization with no parent corporation and in which no person or entity owns stock.

Privacy is a Fundamental Right.

and digital rights. It has published research and submitted *amicus curiae* briefs to protect voter privacy.

EPIC's proposed *amicus curiae* brief would help the Court by providing historical context about the importance of privacy to voter protection in the United States, which is relevant to understanding how to properly characterize the Defendants' actions in this case. EPIC's proposed brief traces how employers, creditors, landlords, party bosses, and other powerful actors have used threats of economic and physical reprisal to control voters in the past. EPIC's brief describes how legislators in the 19th century turned to privacy to address these issues and adopted the secret ballot, which enables voters to exercise the franchise without fear of reprisal. Ballot secrecy and other voter privacy measures have since become immensely popular and are guaranteed in state constitutions and statutes nationwide. EPIC's proposed brief describes why, while this case does not directly implicate the secret ballot, the Defendants' conduct falls into a long line of intimidating behavior that strikes at the heart of privacy and election integrity. The proposed brief also explains why the chosen method of communication in this case—robocalls—is especially invasive.

Accordingly, EPIC respectfully requests that this Court grant leave to file an *amicus curiae* brief in this matter, which is attached.

Respectfully submitted,

/s/ Thomas McBrien
Thomas McBrien
Law Fellow

*Counsel for Amicus Curiae*
*Electronic Privacy Information Center*

cc:    All counsel (via ECF)

**Request GRANTED.**
The Electronic Privacy Information Center's request for leave to file as amicus curiae is granted.

**SO ORDERED.**

8/24/2022
DATE

VICTOR MARRERO, U.S.D.J.

2