

March 28, 2023

**VIA ECF**

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

**orrick.com**

**Franklin Monsour Jr.**

E  fmonsour@orrick.com
D  +1 212 506 3512

Re:   *National Coalition on Black Civic Participation et al.* v. *Wohl et al.*, No. 20-cv-8668

Dear Judge Marrero:

On behalf of all Plaintiffs in the above-referenced action, we write in response to the Court's March 8, 2023 Decision and Order (Dkt. No. 256). Specifically, the Court granted Plaintiffs' motion for summary judgment as to liability on all its causes of action and ordered that Plaintiffs file "a joint letter on the prospective relief sought no later than twenty days from the date of this Order." As discussed below, Plaintiffs intend to seek compensatory and punitive damages, statutory penalties, disgorgement of profits, injunctive relief, and attorney's fees and costs. Plaintiffs request a briefing schedule on the adjudication of remedies and to file their submission on attorney's fees and costs following a decision on remedies.

**Compensatory Damages.** Plaintiffs seek compensatory damages in an amount to adequately compensate them for the violation of their rights by the Defendants and the injuries they incurred, including out of pocket loss and other monetary harms, as well as such injuries as impairment of reputation, personal humiliation, and mental anguish and suffering.

**Statutory Penalties.** The Court found that Defendants violated New York Civil Rights Laws § 40-c, and the Office of the Attorney General ("OAG") will seek statutory damages under Civil Rights Law § 40-d of $500 for each of the 5,494 calls made to New York phone numbers. *See, e.g.*, *People by Abrams v. Hamilton*, 125 A.D.2d 1000, 1001 (4th Dep't 1986) (holding that § 40-d must be "liberally construed" and authorizing OAG to seek penalties for every violation of § 40-c).

**Punitive Damages.**  Plaintiffs seek punitive damages based on the egregious nature of Defendants' conduct.  The Court found that Defendants' actions were intentional and that they sought to deprive Black citizens of their right to vote through deception and threats. The evidence showed that Defendants invested significant time and money into a deliberate plan to target zip codes with large Black populations with a message that, they hoped, would dissuade recipients from voting. They celebrated the chaos they unleashed after distributing the robocall. Plaintiffs

will present further evidence showing that Defendants' motivations were malicious, that they did not take seriously the harmful consequences of their actions, and that they showed no remorse—even after the Court issued its temporary restraining order, the FCC proposed to fine them, and multiple jurisdictions criminally indicted them.

**Disgorgement of Profits.** The OAG seeks disgorgement of any profits obtained by Defendants as a result of their unlawful conduct under New York Executive Law § 63(12).

**Injunctive Relief.** Because Defendants show little remorse and pose a danger of further attempting to interfere with Americans' right to vote, Plaintiffs will seek injunctive relief, with additional detail forthcoming, in the following form:

(1) A permanent injunction preventing Defendants' further violations of New York Civil Rights Laws;

(2) A notification requirement where, prior to initiating any election-related mass communication, Defendants give Plaintiffs advance notice so that Plaintiffs, if necessary, can request an emergency order enjoining any unlawful communication before it causes harm; and

(3) Plaintiffs will ask the court to retain jurisdiction as to this relief.

**Fees and Costs.** Finally, Plaintiffs will seek attorney's fees and costs. Plaintiffs request that submissions as to attorney's fees and costs be held in abeyance until thirty days after the Court's decision on remedies.

**Briefing Schedule.** Plaintiffs are willing to waive a jury trial and request a briefing schedule to present evidence and legal argument for the adjudication of remedies. Plaintiffs propose 90 days for Plaintiffs' opening brief on remedies, 45 days for Defendants' response, and 30 days for Plaintiffs' reply.

/s/ *Franklin Monsour Jr.*
Franklin Monsour Jr.

CC: All counsel of record (via ECF)