# <u>DAVID M. SCHWARTZ, ESQ.</u> LLM

546 Fifth Avenue, 6th Floor, New York, NY 10036  c: 516.566.5425  E: david@davidschwartzesq.com

---

May 26, 2023

<u>**VIA ECF**</u>

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   <u>National Coalition on Black Civic Participation et al.</u> v. <u>Wohl et al.</u>, No. 20-cv-8668

Dear Judge Marrero:

  Pursuant to the Court's April 13, 2023 Order (Dkt. No. 263), Plaintiffs and Defendants in the above-referenced submitted a joint letter concerning trial scheduling. For a number of reasons outlined in that letter which still has some currency, Defendants counsel requested that the trial not commence as early as Plaintiffs proposed. Your Honor then calendared this Civil trial to commence on August 4, 2023 (Dkt. No 267).

  As your Honor will recall throughout these proceedings it has been brought to this court's attention that the Defendants herein are dealing with prosecutions in other jurisdictions. It has now come to our attention that one of those criminal trials is set to overlap with the instant civil trial. Attached is a letter from Defendant Wohl's Criminal Defense Attorney, Jeff Moore, who is representing Mr. Wohl in court in Riverside County, California. In that case, the Riverside District Attorney's office is seeking a conviction for a felony financial crime. In said letter Mr. Moore notes that the criminal trial is calendared for July 17th 2023, but anticipates it will actually commence closer to July 27th 2023. His attorney needs Mr. Wohl to be available for trial preparation and for two or three weeks of actual trial and so has asked him to keep his schedule open through mid-August.

  Plaintiffs in the Joint Letter on Scheduling anticipated that the above referenced civil trial would last approximately one week. We, in turn, forecast the trial would last approximately a week and a half to two weeks, based on the number of witnesses the parties expect to call and the time it will take to undertake a proper cross examination. We remind the court that there were almost a dozen depositions and at least two experts to contend with and cross examination will no doubt take time.

In the face of this scheduling conflict, we respectfully propose that the trial be adjourned to at least October 2023 or later. We are asking for some additional leeway so that all concerned can be assured this California matter is put to rest and will not serve as a distraction to Mr. Wohl who deserves to be able to participate in his civil defense here and criminal defense there. "[A]dministrative policy gives priority to the public interest in law enforcement" and that "a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims and liabilities." Driver v. Helms, 402 F.Supp. 683, 685 (D.R.I.1975) quoting Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir.1962). For the foregoing reasons this court is compelled to acknowledge the greater weight of plaintiff's interest in determining the priority of the criminal action….As the Supreme Court has noted, [f]ederal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions, when the interests of justice seemed to require such action, sometimes at the request of the prosecution, ... [citations omitted]; sometimes at the request of the defense, ... [citations omitted]." US v. Hugo Key and Son, Inc., 672 F. Supp. 656 - Dist. Court, D. Rhode Island 1987 citing to US v. Kordel, 397 U.S. 1, 90 S.Ct. 763, 770 n. 27, 25 L.Ed.2d 1 (1970).

Here this is no longer a matter of preference or some abstract tension or even a reiteration of past concerns articulated over 5th Amendment implications. Rather this is a concrete logistical scheduling conflict as Mr. Wohl must physically be on the west coast participating in his criminal defense. He cannot be in New York at the same time. It is axiomatic that "[a] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem to require such action." Keating, 45 F.3d at 324 (quoting United States v. Kordel, 391 U.S. 1, 12 n.27 (1970)). "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made in light of the particular circumstances and compelling interests involved in the case." Id. (quoting Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1980)). In exercising its discretion, a court should consider "the extent to which the defendant's Fifth Amendment rights are implicated." Keating, 45 F.3d at 324 (citing Molinaro, 889 F.2d at 902). In addition, a court generally should consider the following factors: (1) the interests of the plaintiff in proceeding and the potential prejudice to him caused by a delay; (2) the burden that proceeding may place on the defendant; (3) the convenience of the court in managing its case load and the efficient use of judicial resources; (4) the interests of third parties; and (5) the interest of the public in the pending civil and criminal proceedings. Id. at 324-25 (citing Molinaro, 889 F.2d at 903). Cho v. City of San Jose, Dist. Court, ND California 2022

This reasoning attaches herewith equal vigor even though we are no longer asking for a stay, but rather a reasonable adjournment until the Criminal trial is concluded. This court may recall that Defendants, at the inception of this case on the eve of retaining Gerstman Schwartz LLP, were not given additional time to lock down retention of counsel and appeared before this court pro se. The court here should respectfully recognize that the Plaintiffs would not be prejudiced in any way by this reasonable adjournment. If anything, the Plaintiffs may benefit from further development of the public record.

- 3 -

We ask that this court adjourn the commencement of this civil trial on damages to a date that works for all concerned in October 2023 or at a reasonable time thereafter.

Respectfully submitted,

*/s/ David Schwartz*
David M Schwartz, Esq.

*Counsel for Defendants*

cc: All counsel of record (via ECF)