

June 1, 2023

**By ECF**

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142
+1 212-506-5000

**orrick.com**

**Amy Walsh**

E  awalsh@orrick.com
D  +1 212-506-3609
F  +1 212-506-5151

Re: *National Coalition on Black Civic Participation et al. v. Wohl et al.,* No. 20-cv-8668

Dear Judge Marrero:

      Pursuant to the Court's direction and on behalf of all Plaintiffs in the above-captioned case, we write in response to Defendant Wohl's request for an adjournment of the damages trial scheduled for August 7, 2023, until October 2023 or later (Dkt. No. 270).  Plaintiffs oppose this request, and respectfully ask the Court to maintain the current trial date for the following reasons.

      First, Mr. Wohl's criminal trial in California—on which he bases his request for an adjournment—has been calendared for trial six different times since April 2022.  *See* Public Access Criminal Case Report, Case RIF 1903314 (attached).  Given the number of times his trial has been rescheduled, it is not certain that the July 17 trial date will hold.  Moreover, Mr. Wohl has not committed to the Court that he plans to be present during the trial in the instant case, so it is unclear whether there is a meaningful scheduling conflict.

      Second, defense counsel claims—without having consulted with Plaintiffs' counsel—that Plaintiffs will suffer no prejudice from the requested adjournment.  Defense counsel is wrong.  The Plaintiffs in this case scheduled their vacations and other events around the August 7, 2023 trial date and to move the trial to the fall would disrupt their various schedules.  Moreover, for Plaintiff Gene Steinberg, the prospect of waiting several more months before testifying will only exacerbate the anxiety that he originally experienced when he listened to defendants' robocall.  *See* Dkt. No. 256 at 11 (Mr. Steinberg "found the call to be 'particularly traumatic'").

      In addition, the requested adjournment to October or later causes significant prejudice for Plaintiffs' counsel.  One attorney from the Lawyers' Committee will be on parental leave likely



Hon. Victor Marrero
June 1, 2023
Page 2

beginning in early October, and the other attorney from the Lawyers' Committee will be getting married and traveling in November. In addition, one of the Assistant Attorneys General is unavailable in October because she is scheduled to begin trial on October 2 in *People v. Trump*, Index No. 452564/2022, in New York State Supreme Court, which is estimated to last approximately one month.

      Mr. Wohl's criminal counsel states in his letter that he needs Mr. Wohl to keep his schedule open through mid-August. (Dkt. No. 270-1). Accordingly, if the Court were inclined to adjourn the trial in this case, we respectfully request that it be postponed to September 5, 2023.[1]

Respectfully submitted,

*/s/ Amy Walsh*

Amy Walsh

---

[1] One of Plaintiffs' witnesses is not available until September 8, 2023, so we respectfully request that if the Court adjourns the trial to September 5, that it set a schedule to ensure that witness's ability to appear.