IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

NATIONAL COALITION ON BLACK CIVIC PARTICIPATION, MARY WINTER, GENE STEINBERG, NANCY HART, SARAH WOLFF, KAREN SLAVEN, KATE KENNEDY, EDA DANIEL, and ANDREA SFERES,

Plaintiffs,

-and-

People of the STATE OF NEW YORK, by its attorney general, LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK

v.

JACOB WOHL, JACK BURKMAN, J.M. BURKMAN & ASSOCIATES, LLC, PROJECT 1599, and JOHN and JANE DOES 1-10,

Defendants.

**[PROPOSED] JOINT PRETRIAL ORDER**

Civil Action No. 20-cv-8668

Pursuant to Fed. R. Civ. P. 16 and ¶ I.A.1 of Attachment 1 to the Court's individual practices, the Parties submit the following Proposed Joint Pretrial Order.

(a) Caption: The caption of the action is as above.

(b) Names, addresses, and telephone and fax numbers of trial counsel:

For Plaintiffs:

David Brody (*pro hac vice*)
Marc Epstein
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW
Suite 900
Washington, D.C. 20005
Tel: 202-662-8600
Fax: 202-783-0857
dbrody@lawyerscommittee.org
mepstein@lawyerscommittee.org

Amy Walsh
Franklin Monsour Jr.
Rene Kathawala
ORRICK HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
(212) 506-5000
awalsh@orrick.com
fmonsour@orrick.com
rkathawala@orrick.com

*Counsel for Plaintiffs*

**LETITIA JAMES**
*Attorney General of the State of New York*
Rick Sawyer
Colleen K. Faherty*
Assistant Attorneys General
New York City Civil Rights Bureau
*Executive Division, Federal Initiatives
New York State Office of the Attorney General
28 Liberty Street, 20th floor
New York, NY 10005
Tel: 212.416.6182, -6046; -8637
Fax: 212.416.6009
Richard.Sawyer@ag.ny.gov
Colleen.Faherty@ag.ny.gov
Yasmin.Dagne@ag.ny.gov

*Attorneys for Plaintiff-Intervenor People, State of New York*

For Defendants:

David Schwartz, Esq.
546 Fifth Avenue, 6th Fl.
New York, NY 10036
(212) 641-0049
david@davidschwartzesq.com

*Attorney for Defendants*

(c) Summary of Claims and Defenses:

For Plaintiffs:

On March 8, 2023, the Court granted Plaintiffs' motion for summary judgment as to liability on all their causes of action against all four remaining Defendants. ECF No. 256.[1] The Court found Defendants intentionally targeted Black voters and others with a robocall as part of a conspiracy to prevent them from voting by mail. The Court found that the robocall included three distinct threats: that voting by mail will expose the call recipients' information to police, credit companies, and the CDC, which would pursue criminal prosecution, credit collection, and mandatory vaccination. The Court considered and rejected Defendants' First Amendment defenses that the robocall was protected speech, either because it was satire or because it was true. The

[1] Plaintiffs entered into a Consent Decree with Defendants Message Communications, Inc., and Robert Mahanian, resolving Plaintiffs' claims against those Defendants prior to summary judgment. *See* ECF 196.

Court concluded that the only reasonable interpretation of the robocall was as a series of threats, that the record showed each of the robocall's claims to be false, and that it was not satirical. This misconduct violated the Voting Rights Act of 1965, the Ku Klux Klan Act of 1871, the Civil Rights Act of 1957, New York Civil Rights Law §§ 9, 40-c, and New York Executive Law Section 63(12).

The only issues remaining to be decided are the proper remedies for these violations. Plaintiffs seek compensatory and punitive damages, statutory penalties (*see* New York Civil Rights Law §§ 40-c, 40-d; *People by Abrams v. Hamilton*, 125 A.D.2d 1000, 1001 (4th Dep't 1986)), disgorgement of profits (N.Y. Exec. L. § 63(12)), injunctive relief, and attorney's fees and costs.

Individual Plaintiffs and NCBCP seek compensatory and punitive damages under 42 U.S.C. § 1985 for the violation of their rights by Defendants and the injuries they incurred, including interference with and/or deprivation of voting rights, out of pocket loss and other monetary harms, and injuries including the impairment of reputation, personal humiliation and mental anguish and suffering. Defendants' conduct was malicious and reprehensible, and punitive damages are necessary and appropriate to punish Defendants and deter future misconduct. Defendants invested significant time and money into a deliberate plan to target ZIP codes with large Black populations in a conspiracy to deprive them of the right to vote. They showed no remorse for their conduct and celebrated the chaos they unleashed.

The Attorney General seeks statutory penalties. Under New York Civil Rights Law § 40-d, statutory damages of between $100 and $500 must be made for every violation of New York Civil Rights Law § 40-c. The Office of the Attorney General seeks the full statutory damages of $500 for each of the at least 5,494 calls made to New York phone numbers.

Plaintiffs also seek two additional forms of relief: a permanent injunction and attorney's fees. The parties respectfully request that the Court decide those requests following post-trial briefing.

Plaintiffs previously asserted claims against Defendant Project 1599, Robert Mahanian, Message Communications, and John Does 1–10, Plaintiffs will not be pursuing damages against Project 1599 at trial. Plaintiffs settled all claims against Robert Mahanian and Message Communications, and those Defendants have been dismissed from the case. Plaintiffs will not pursue any claims against John Does 1–10 at trial and release any remaining claims against the Doe Defendants. Finally, the Office of the Attorney General will not pursue claims for disgorgement of profits under New York Executive Law § 63(12).

For Defendants:

On March 8, 2023, the Court granted Plaintiffs' motion for summary judgment as to liability on all their causes of action against all four remaining Defendants. ECF No. 256.[2] The Court found Defendants intentionally facilitated a robocall as part of a conspiracy to discourage them from voting by mail by fabricating or exaggerating negative consequeces. The Court found that the robocall included three distinct threats: that voting by mail exposed *the call recipients'* information to police, credit companies, and the CDC, which could pursue criminal prosecution, credit collection, and mandatory vaccination. The Court considered and rejected Defendants' First Amendment defenses that the robocall was protected speech, either because the Defendants' were simply "goofballs and political hucksters with an irreverent sense of humor" and the call itself was "mere hyperbole" or because it was true. The Court concluded that the only reasonable interpretation of the robocall was as a series of threats, that the record showed each of the robocalls'

[2] Plaintiffs entered into a Consent Decree with Defendants Message Communications, Inc., and Robert Mahanian, resolving Plaintiffs' claims against those Defendants prior to summary judgment. *See* ECF 196.

claims to be false, and that it was not satirical. This misconduct violated the Voting Rights Act of 1965, the Ku Klux Klan Act of 1871, the Civil Rights Act of 1957, New York Civil Rights Law §§ 9, 40-c, and New York Executive Law Section 63(12).

The only issues remaining to be decided are the proper remedies for these violations. Plaintiffs seek compensatory and punitive damages, statutory penalties (*see* New York Civil Rights Law §§ 40-c, 40-d; *People by Abrams v. Hamilton*, 125 A.D.2d 1000, 1001 (4th Dep't 1986)), disgorgement of profits (N.Y. Exec. L. § 63(12)), injunctive relief, and attorney's fees and costs.

Individual Plaintiffs and NCBCP seek compensatory and punitive damages under 42 U.S.C. § 1985 for the violation of their rights by Defendants and the injuries they incurred, including interference with and/or deprivation of voting rights, out of pocket loss and other monetary harms, and injuries including the impairment of reputation, personal humiliation and mental anguish and suffering. In the even a jury finds that Defendants' conduct was malicious and reprehensible, punitive damages may be necessary and appropriate to punish Defendants and deter future misconduct. Defendants invested time and money into a deliberate plan to "Hijack the Election" and participated in a conspiracy to discourage reasonable recipients of the right to vote by mail.[3] Defendants continually asserted that their conduct was protected by the First Amendment but this court found that they showed no remorse for their conduct and celebrated the chaos they unleashed and that they were not shield by the First Amendment.

The Attorney General seeks statutory penalties. Under New York Civil Rights Law § 40-d, statutory damages up to $500 for every violation of New York Civil Rights Law § 40-c. The Office of the Attorney General seeks the full statutory damages of $500 for each of the calls proven to have been successfully made to New York phone numbers in New York.

[3] Page 92 Further, there is no dispute that voting by mail is a lawful activity related to voting in federal elections. The court does not actually reach the rest or see the need to do so.

Plaintiffs also seek two additional forms of relief: a permanent injunction and attorney's fees. The parties respectfully request that the Court decide those requests following post-trial briefing.

Plaintiffs previously asserted claims against Defendant Project 1599, Robert Mahanian, Message Communications, and John Does 1–10, Plaintiffs will not be pursuing damages against Project 1599 at trial. Plaintiffs settled all claims against Robert Mahanian and Message Communications, and those Defendants have been dismissed from the case. Plaintiffs will not pursue any claims against John Does 1–10 at trial and release any remaining claims against the Doe Defendants. Finally, the Office of the Attorney General will not pursue claims for disgorgement of profits under New York Executive Law § 63(12).

(d) Trier of Fact and Expected Length of Trial: The compensatory, statutory, and punitive damages claims are to be tried to a jury of eight. The parties request that the Court issue injunctive relief and award attorney's fees following post-trial briefing. The parties expect that the trial will take between three and five trial days. One or both parties have not consented to a verdict by less than a unanimous jury.

(e) Trial by Magistrate Judge: One or both parties have not consented to trial by magistrate judge.

vii. Stipulations: The parties have stipulated that:

1. Jacob Wohl and Jack Burkman drafted the ACPI Prospectus produced in discovery as DEF004335–DEF004351.

2. On August 26, 2020, a robocall was placed in a Robocall Dialer by Message Communications containing 85,307 phone numbers across the United States, including 5,494 phone numbers with New York area codes.

3. The Robocall Excel spreadsheet, NYOAG0004848, is an accurate list of the 85,307 numbers dialed in sending the August 26, 2020 robocall.

4. The August 26 2020 robocall contained the following message:

> "Hi, this is Tamika Taylor from Project 1599, the civil rights organization founded by Jack Burman and Jacob Wohl. Mail-in-voting sounds great, but did you know that if you vote by mail, your personal information will be part of a public database that will be used by police departments to track down old warrants and be used by credit card companies to collect outstanding debts? The CDC is even pushing to use records for mail-in voting to track people for mandatory vaccines. Don't be finessed into giving your private information to the man, stay safe and beware of vote by mail."

5. Defendants Jacob Wohl and Jack Burkman drafted the script of the robocall, hired the voice actress who recorded it, and caused it to be sent. The robocall was paid for by JM Burkman and Associates.

6. Jacob Wohl and Jack Burkman advertised on Craigslist seeking a "black female voice over" to record the robocall.

7. Each individual Plaintiff alleges he or she received the robocall, was registered to vote, and was planning to vote in the 2020 presidential election. Some planned to by mail, which is a lawful activity related to voting in federal elections. All voted in one form or another.

8. This court has held Defendants' conduct was intimidating, threatening, or coercive towards voters by warning of several specific and foreboding consequences of voting by mail.

9. Defendants knowingly agreed to hire a robocall company to disseminate the robocall.

10. The July 4, 2019 Washington Post article in the parties' exhibit list is a true and correct copy of an article.

viii. Witnesses in Likely Order of Appearance:

For Plaintiffs (* Designates witnesses Defendants plan to object to.):

1. Plaintiff Eda Daniel will testify in person about her experience with the robocall and the injury she incurred as a result.

2. Expert Professor Justin Grimmer will testify in person about the expert opinions he described in his expert disclosure.*

3. Expert Douglas A. Kellner, co-chair of the New York State Board of Election, will testify in person concerning the scope of the harm to the administration of New York's 2020 presidential election.*

4. Plaintiff Karen Slaven will testify in person about her experience with the robocall and the injury she incurred as a result.

5. Plaintiff Kate Kennedy will testify in person about her experience with the robocall and the injury she incurred as a result.

6. Tameka Brown (formerly Tameka Ramsey), representative of Plaintiff National Coalition on Black Civic Participation, will testify in person about the organization's diversion of resources to respond to the robocall.

7. Plaintiff Andrea Sferes will testify in person about her experience with the robocall and the injury she incurred as a result.

8. Plaintiff Nancy Hart will testify in person about her experience with the robocall and the injury she incurred as a result.

9. Defendant Jack Burkman will testify in person about his role in conceiving of, creating, and disseminating the robocall. Defendant Burkman will also testify concerning the role his corporation, J.M. Burkman and Associates, played in the robocall conspiracy.

10. Defendant Jacob Wohl will testify in person about his role in conceiving of, creating, and disseminating the robocall.

11. Plaintiff Mary Winter will testify in person about her experience with the robocall and the injury she incurred as a result.

12. Plaintiff Gene Steinberg will testify in person about his experience with the robocall and the injury he incurred as a result.

13. Custodian of documents, Message Communications: Plaintiffs reserve the right to call a custodian of documents in the employ of Message Communications to establish the authenticity and admissibility of Message Communications documents.

14. Plaintiffs reserve the right to call a witness to read social media posts, communications, and other writings by Defendants if Defendants are not called to testify.

15. Expert Dr. Ange-Marie Hancock Alfaro will testify in person about the expert opinions described in her expert disclosure.

Plaintiffs reserve the right to move to testify remotely if the trial is adjourned.

For Defendants:

N/A

(h) Deposition Testimony in Case-in-Chief:

For Plaintiffs:

1. Robert Mahanian's testimony will be designated deposition testimony based on his location outside of the 100-mile radius for the exercise of the Court's jurisdiction. He is thus "unavailable" for purposes of trial.[4]

For Defendants:

N/A

(I) Exhibits and Objections:

For Plaintiffs:

| EXHIBIT | DESCRIPTION[5] | GROUNDS FOR OBJECTIONS, IF ANY |
|---|---|---|
| 1. | Robocall excel spreadsheet list, (NYOAG0004848) | |
| 2. | Arlington Center for Political Intelligence ("ACPI") Prospectus (DEF004335-50) | Irrelevant * prejudicial<br><br>FRE 401, 402, 403, 602,701-03,801,802 |
| 3. | Robocall Recording (MESSAGE0000012) | |
| 4. | Robocall Script (DEF005683) | |
| 5. | NCBCP Census Canvass Script (NCBCP001) | FRE 401, 402, 403, 602,701-03,801,802 |
| 6. | NCBCP GOTV Script (NCBCP002) | FRE 401, 402, 403, 602,701-03,801,802 |
| 7. | NCBCP Phone Banking Payment Receipts (NCBCP011-12) | |
| 8. | July 4, 2019 Washington Post article (Dep. Ex. 132) | Irrelevant *<br><br>FRE 401, 402, 403, 602,701-03,801,802 |
| 9. | 8.24.2020 Email from Wohl to Hunt (DEF005560) | |
| 10. | 8.25.2020 Emails between Wohl and Burkman (DEF003283–95) | |
| 11. | Check from JMBA to Message Communications (DEF003635) | |
| 12. | 8.26.2020 Email from Burkman to Wohl (DEF003819) | |
| 13. | 8.28.2020 Text message from Burkman to Wohl (DEF004134) | |

[4] Defendants object to deposition testimony from this witness who is beyond the Court's subpoena power and insist that he testify in person or by teleconference.

[5] Exhibits to which Defendants object are marked with an asterisk (*).

| | | |
|---|---|---|
| 14. | Wohl Gab Posts (Dep. Exs. 121, 122, 126) | |
| 15. | Culttture Video (Dep. Ex. 120) | Irrelevant *<br><br>FRE 401, 402, 403, 602,701-03,801,802 |
| 16. | Message Call Logs (Message 18164–22903) | |
| 17. | Demonstrative Exhibit: New York Numbers Dialed | Irrelevant * Need Demonstrative Exhibit of #s deemed successfully received in NY not supposedly dialed Otherwise FRE 401 or 403 |
| 18. | Email - Message0007723–26 | |
| 19. | Call log – DEF001315–3028 | |
| 20. | Text messages—Plaintiff's Deposition Exhibit 36 | |

For Defendants:

| EXHIBIT | DESCRIPTION[6] | GROUNDS FOR OBJECTIONS, IF ANY |
|---|---|---|
| 1. | Corrective Call Data | FRE 401, 402, 403, 602, 701–03, 801, 802 |
| 2. | Corrective Call Correspondence | FRE 401, 402, 403, 602, 701–03, 801, 802 |
| 3. | Voice Actress Audio Demo | FRE 401, 402, 403, 602, 701–03, 801, 802 |
| 4. | Internet TV Show | FRE 401, 402, 403, 602, 701–03, 801, 802 |

[6] Exhibits to which Plaintiffs object are marked with an asterisk (*).

Dated: Washington, DC
June 15, 2023

/s/ Marc Epstein
David Brody (*pro hac vice*)
Marc Epstein
Lawyers' Committee for Civil Rights Under Law
1500 K St. NW
Suite 900
Tel: 202-662-8600
Fax: 202-783-0857
dbrody@lawyerscommittee.org
mepstein@lawyerscommittee.org

Amy Walsh
Franklin Monsour Jr.
Rene Kathawala
ORRICK HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
(212) 506-5000
awalsh@orrick.com
fmonsour@orrick.com
rkathawala@orrick.com

*Counsel for Plaintiffs*

**LETITIA JAMES**
*Attorney General of the State of New York*
By: /s/ Rick Sawyer
Rick Sawyer
Colleen K. Faherty*
Assistant Attorneys General
New York City Civil Rights Bureau
*Executive Division, Federal Initiatives
New York State Office of the Attorney General
28 Liberty Street, 20th floor
New York, NY 10005
Tel: 212.416.6182, -6046; -8637
Fax: 212.416.6009
Richard.Sawyer@ag.ny.gov
Colleen.Faherty@ag.ny.gov

*Attorney for Plaintiff-Intervenor People, State of New York*

/s/ David Schwartz
David Schwartz, Esq.
546 Fifth Avenue, 6th Fl.
New York, NY 10036
(212) 641-0049
david@davidschwartzesq.com

*Attorney for Defendants*

SO ORDERED:

___________________________
U.S.D.J.

Dated: New York, NY
June __, 2023