IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

NATIONAL COALITION ON BLACK CIVIC
PARTICIPATION, MARY WINTER, GENE
STEINBERG, NANCY HART, SARAH
WOLFF, KAREN SLAVEN, KATE KENNEDY,
EDA DANIEL, and ANDREA SFERES,

　　　　　　　Plaintiffs,

　　　　　　　-and-

People of the STATE OF NEW YORK, by its
attorney general, LETITIA JAMES, ATTORNEY
GENERAL OF THE STATE OF NEW YORK

　　　　　　　v.

JACOB WOHL, JACK BURKMAN, J.M.
BURKMAN & ASSOCIATES, LLC, PROJECT
1599, MESSAGE COMMUNICATIONS, INC.,
ROBERT MAHANIAN, and JOHN and JANE
DOES 1-10,

　　　　　　　Defendants.

Civil Action No. 20-cv-8668

## JOINT PROPOSED REQUESTS TO CHARGE

Pursuant to the Court's order dated May 2, 2023, Plaintiffs National Coalition on Black

Civic Participation, Mary Winter, Gene Steinberg, Nancy Hart, Sarah Wolff, Karen Slaven, Kate

Kennedy, Eda Daniel, Andrea Sferes, and the People of the State of New York, by its Attorney

General Letitia James, and Defendants Jacob Wohl, Jack Burkman, J.M. Burkman & Associates,

LLC, and Project 1599 respectfully submit their proposed and disputed requests to charge.

The Parties respectfully reserve the right to request additional or different charges based

on the Court's rulings, evidence presented, or as appropriate.

Respectfully submitted,

Dated: Washington, DC
June 15, 2023


By: /s/ Marc Epstein

David Brody (admitted *pro hac vice*)
Marc Epstein
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K St. NW, Suite 900
Washington, DC 20005
(202) 662-8600
dbrody@lawyerscommittee.org
mepstein@lawyerscommittee.org

Amy Walsh
Franklin Monsour
Rene Kathawala
ORRICK HERRINGTON & SUTCLIFFE
LLP
51 West 52nd Street
New York, NY 10019-6142
(212) 506-5000
awalsh@orrick.com
fmonsour@orrick.com
rkathawala@orrick.com

*Attorneys for Plaintiffs*

By: /s/ David Schwartz

DAVID SCHWARTZ, ESQ.
546 Fifth Avenue, 6th fl.
New York, NY 10036
(212) 641-0049
david@davidschwartzesq.com

*Attorneys for Defendants*

**LETITIA JAMES**
*Attorney General of the State of New York*

By: /s/ Rick Sawyer
Rick Sawyer
Colleen K. Faherty*
Assistant Attorneys General
New York City Civil Rights Bureau
*Executive Division, Federal Initiatives
New York State Office of the Attorney General
28 Liberty Street, 20th floor
New York, NY 10005
Tel: 212.416.6182, -6046; -8637
Fax: 212.416.6009
Richard.Sawyer@ag.ny.gov
Colleen.Faherty@ag.ny.gov

*Attorneys for Plaintiff-Intervenor People, State
of New York*

# TABLE OF CONTENTS

PART I – GENERAL INSTRUCTIONS .................................................................... 4

    Request No. 1 – Opening Instruction................................................................ 4

    Request No. 2 – Burden of Proof..................................................................... 5

    Request No. 3 – Definition of Evidence .......................................................... 6

    Request No. 4 – Not Evidence ......................................................................... 8

    Request No. 5 – Direct and Circumstantial Evidence...................................... 9

    Request No. 6 – Ruling on Objections............................................................. 10

PART II: DAMAGES............................................................................................... 14

    Request No.  9 – Damages Generally ............................................................. 14

    Request No. 10 – Relevant Statute (Ku Klux Klan Act) ................................. 18

    Request No.  11 – Relevant Statute (New York Civil Rights Law) ................. 19

    Request No. 12 – Types of Damages .............................................................. 20

        a.    Compensatory Damages............................................................... 20

        b.    Nominal Damages ........................................................................ 21

        c.    Statutory Damages ....................................................................... 21

        d.    Punitive Damages ........................................................................ 25

PART III: DELIBERATIONS ON DAMAGES ....................................................... 27

    Request No. 13 – Jury Deliberations .............................................................. 27

    Request No. 14 – Use of Notes ....................................................................... 29

## PART I – GENERAL INSTRUCTIONS

### Request No. 1 – Opening Instruction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**Authority:**

3 Fed. Jury Prac. & Instr. § 103:01 (6th ed.).

**Request No. 2 – Burden of Proof**

This is a civil case. The plaintiffs are the parties who brought this lawsuit. The defendants are the parties against whom the lawsuit was filed. The plaintiffs have the burden of proving their case by what is called the preponderance of the evidence. That means the plaintiffs have to prove to you, in light of all the evidence, that what they claim is more likely so than not so. To say it differently: if you were to put the evidence favorable to the plaintiffs and the evidence favorable to the defendants on opposite sides of the scales, the plaintiffs would have to make the scales tip only somewhat toward their side. If the plaintiffs fail to meet this burden, the verdict must be for the defendants. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have introduced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put that higher standard  out of your mind.

**Authority:**

Adapted from 3 Fed. Jury Prac. & Instr. § 101:41 (6th ed.).

**Request No. 3 – Definition of Evidence**

The evidence in the case consists of the following:

1. The sworn testimony of the witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who may have introduced the exhibits.

3. All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may have taken judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustained an objection to any evidence or if I ordered evidence stricken, that evidence must be entirely ignored.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you

find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

**Authority:**

Adapted from 3 Fed. Jury Prac. & Instr. § 101:40 (6th ed.).

**Request No. 4 – Not Evidence**

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

The law permits me to comment on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you, as jurors are the sole judges of the facts and are not bound by my comments or opinions.

**Authority:**

3 Fed. Jury Prac. & Instr. §§ 101:44, 103:33 (6th ed.).

**Request No. 5 – Direct and Circumstantial Evidence**

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did.

"Circumstantial evidence" is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence. An example of direct evidence that it was raining would be testimony from a witness who said she was outside and saw it raining.  An example of circumstantial evidence that it was raining would be testimony that a witness observed someone carrying a wet umbrella.

**Authority:**

3 Fed. Jury Prac. & Instr. § 101:42 (6th ed.); Fed. Crim Jury Instr. 7th Cir. 10.06 (2022)

**Request No. 6 – Ruling on Objections**

When a lawyer asked a question or offers an exhibit into evidence and a lawyer on the other side believed the question or exhibit is not admissible under the rules of evidence, that lawyer may have objected. If I overruled the objection, the question was answered or the exhibit received into evidence. If I sustained the objection, the question was not  answered and the exhibit cannot be received into evidence.

If I sustained an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

**Authority:**

Adapted from 3 Fed. Jury Prac. & Instr. § 101:49 (6th ed.).

## Request No. 7 – Credibility of Witnesses

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

**Authority:**

3 Fed. Jury Prac. & Instr. § 101:43 (6th ed.).

### Request No. 8—Adverse Inference from Invocation of Fifth Amendment

**Plaintiffs' Proposal:**

In their deposition and live testimony, defendants Jacob Wohl and Jack Burkman invoked their Fifth Amendment right against self-incrimination. A witness has a right under the Fifth Amendment to the United States Constitution to decline to answer questions on the ground that doing so may tend to incriminate him. You may, but are not required to, infer from such a refusal that the answer would have been adverse to the witness' interest and the interest of any parties in the case who are closely associated with the witness. You should consider any inference you may or may not choose to draw from a refusal to testify on Fifth Amendment grounds together with all other evidence in the case.

**Authority:** *Mirlis v. Greer*, 952 F.3d 36, 42–45 (2d Cir. 2020).

Plaintiffs' request tracks the exact language used in the jury instruction the Second Circuit approved in *Mirlis v. Greer*, 952 F.3d 36, 42–43 (2d Cir. 2020). Defendants argue that "*Mirlis* was reversed" and that "a similar request to draw an[] inference was ultimately denied in 2022." But Defendants do not cite any decision reversing *Mirlis*, and, after a thorough review of Westlaw and the Second Circuit's docket, Plaintiffs did not find any. Nor have Plaintiffs found a single example of a request to draw a Fifth Amendment inference being denied in 2022 after a thorough search of *Mirlis*'s district court docket.  Plaintiffs requested copies of the orders purportedly "revers[ing] *Mirlis*" and denying a Fifth Amendment inference, but Defendants did not respond.

 Granting an adverse inference here will not be unduly prejudicial. As Plaintiffs will argue more fully in a forthcoming motion in limine, Defendants' refusal to answer "basic questions" going to the merits of the case is highly probative, and there is substantial evidence to corroborate any inferences. *Mirlis*, 952 F.3d at 47.

**Defendants' Proposal:**

In their deposition and live testimony, defendants Jacob Wohl and Jack Burkman invoked their Fifth Amendment right against self-incrimination. A witness has a right under the Fifth Amendment to the United States Constitution to decline to answer questions on the ground that doing so may tend to incriminate him.

**Authority:** Mirlis was reversed Mirlis v. Greer, 3:16-CV-00678 (KAD) Mirlis is distinguishable and a similar request to draw and inference was ultimately denied in 2022. Moreover Mirlis also stands for the proposition that  "Relevant evidence. . . may be excluded `if its probative value is substantially outweighed by a danger of unfair prejudice or needlessly presenting cumulative evidence.'" Mirlis v. Greer, 952 F.3d 36, 46 (2d Cir. 2020). Bringing this up would be unduly prejudicial.

## PART II: DAMAGES

### Request No. 9 – Damages Generally

**Plaintiffs' Proposal:**

In this case, the plaintiffs have already proven that the defendants violated the Voting Rights Act of 1965, the Ku Klux Klan Act of 1871, the Civil Rights Act of 1957, the New York Civil Rights Law, and the New York Executive Law. Each of the defendants has been found to have violated these statutes for their conduct in August 2020 when they sent a robocall containing false information to tens of thousands of residents throughout the states of New York, Pennsylvania, Michigan, Illinois, and Ohio. Specifically, it has been established that the robocall falsely threatened that voting by mail could result in: "(1) legal consequences, that law enforcement could use vote-by-mail information to make arrests; (2) economic consequences, that debt collectors could use this information to collect outstanding debts; and (3) physical consequences, that by collecting this information, the [Center for Disease Control and Prevention, or] CDC[,] will track individuals for mandatory COVID-19 vaccinations." Each of those claims is false and each violated the law by threatening voters with negative consequences for voting by mail.

It is not your role in this trial to determine whether the defendants' robocalls violated the laws I described. The Court has already resolved that question. Your role in this trial is to determine what damages to award plaintiffs because of these violations of law. I will instruct you on the claims plaintiffs established and the type of damages you may award. The fact that I am instructing you on how to award damages does not mean that I have any opinion on what damages the defendants should pay in this case. I am instructing you about damages only so that you will have guidance in awarding damages to the plaintiffs.

There are ten plaintiffs in this case: eight individual plaintiffs, the National Coalition of Black Civic Participation (which I will refer to as the NCBCP), and the People of the State of New York, by its Attorney General Letitia James (whom I will refer to as the New York Attorney General). You must determine what damages each plaintiff should be awarded.

**Authority:** Adapted from the charge of Judge Kiyo A. Matsumoto in *Santiago v. Fischer et al.*, 12-cv-2137 (E.D.N.Y.) and this Court's March 8, 2023 decision and order at 2–3, 58, 60, 77; *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 431 (2d Cir. 1995).

Plaintiffs copied language directly from the Court's Summary Judgment decision to instruct the jury on the Court's factual and legal holdings. *See Nat'l Coal. on Black Civic Participation v. Wohl*, No. 20 CIV. 8668 (VM), 2023 WL 2403012, at *20 (S.D.N.Y. Mar. 8, 2023). Defendants' proposed language inverts the meaning of the Court's order, making it appear that the Court endorses the false claims at issue in this lawsuit—that the police, creditors, and the CDC "could and do" use mail-in voting information to track down warrants, debts, and vaccination status. Beyond being prejudicial to Plaintiffs, such language would have the perverse effect of delivering Defendants' false and intimidating message to any registered voters in the venire. Defendants also improperly inserted the passive voice, obscuring the Court's clear findings that they sent the Robocall and that its contents are false.

In addition, Defendants assert that the jury may determine that a Plaintiff is not due any damages. Not so. "A plaintiff who has proven a civil rights violation but has not proven actual compensable injury, is entitled to an award of nominal damages." *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 431 (2d Cir. 1995). Thus, it is plain error for the trial court to instruct a jury that if liability is established "it 'may' award such damages, rather than that it must do so." *Id.*

(quotation omitted). Thus, if the jury finds a Plaintiff has not suffered a compensable injury, the jury must return a verdict for that Plaintiff in the nominal amount of one dollar.

**Defendants' Proposal:**

In this case, the plaintiffs have already proven that the defendants violated the Voting Rights Act of 1965, the Ku Klux Klan Act of 1871, the Civil Rights Act of 1957, the New York Civil Rights Law, and the New York Executive Law. Each of the defendants has been found to have violated these statutes for their conduct in August 2020 when a robocall containing information this Court deemed misleading was received by thousands of residents throughout the states of New York, Pennsylvania, Michigan, Illinois, and Ohio[1]. Specifically, this court has found that the robocall falsely threatened  that voting by mail could result in: "(1) legal consequences, because law enforcement could and do use vote-by-mail information to make arrests; (2) economic consequences, because debt collectors could and do use this information to collect outstanding debts; and (3) physical consequences, because by collecting this information, the [Center for Disease Control and Prevention, or] CDC [ could and] will track individuals for mandatory COVID-19 vaccinations." Each of those claims was deemed false by this Court and this District Court determined each violated the law by threatening voters with negative consequences for voting by mail.

It is not your role in this trial to determine whether the defendants' robocalls violated the laws I described. The Court has already resolved that question. Your role in this trial is to determine whether to award damages to the plaintiffs because of these violations of law. I will instruct you on the claims plaintiffs established and the type of damages you may award. The fact that I am instructing you on how to award damages does not mean that I have any opinion

---

[1] 29,117 is not tens of thousands.

on whether any of the defendants should pay damages in this case. I am instructing you about damages only so that you will have guidance if you decide that a plaintiff is entitled to recover damages.

There are ten plaintiffs in this case: eight individual plaintiffs, the National Coalition of Black Civic Participation (which I will refer to as the NCBCP), and the People of the State of New York, by its Attorney General Letitia James (whom I will refer to as the New York Attorney General).  You must determine whether each plaintiff should be awarded any damages.

You may determine that a particular Plaintiff is due no damages. You may determine that only one Plaintiff is due damages or you may determine no Plaintiff is actually due damages.

**Authority:**

[TBD]

**Request No. 10 – Relevant Statute (Ku Klux Klan Act)**

Each plaintiff has successfully proven their claims against all defendants under a federal statute called the Ku Klux Klan Act. The plaintiffs brought their claims under Section 2 of the Ku Klux Klan Act, known as the "Support or Advocacy Clause," which prohibits conspiracies interfering with federal elections. The Court has already found that all of the defendants violated Section 2 of the KKK Act because they conspired "to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote" from voting in the 2020 U.S. presidential election. That decision must be taken as a given, and you do not need to determine whether the statute has been violated because the Court has already ruled that each defendant violated that statute.

Your role is to decide the amount the individual plaintiffs and NCBCP are entitled to be paid for any injuries that resulted from the defendants' conspiracy to violate the plaintiffs' right to vote. The New York Attorney General does not seek damages under this statute.

**Authority:**

Adapted from the charge of Judge Kiyo A. Matsumoto in *Santiago v. Fischer et al.*, 12-cv-2137 (E.D.N.Y.) and this Court's March 8, 2023 decision and order at 86–92.

**Request No.  11 – Relevant Statute (New York Civil Rights Law)**

The New York Attorney General has proven her claims under New York Civil Rights Law § 40-c against all defendants.

The defendants violated § 40-c by subjecting New Yorkers to discrimination in their civil rights based on their race or their perceived race. The Court has determined that all defendants had a racially biased motivation for creating and disseminating the robocall and that the robocall was intended to prevent New Yorkers from voting, thereby subjecting them to discrimination in their civil right to vote.

I again stress that each of the elements of this claim have already been established against each of the defendants, and the defendants have been found to have violated Section 40-c of the New York Civil Rights Law. The New York Attorney General now seeks statutory damages on behalf of all New Yorkers who may have been injured by the call. The individual plaintiffs and the NCBCP do not seek damages under this provision. I will explain the dollar amounts of statutory damages that the law allows later in my instructions.

**Authority:**

Adapted from the charge of Judge Kiyo A. Matsumoto in *Santiago v. Fischer et al.*, 12-cv-2137 (E.D.N.Y.) and this Court's March 8, 2023 decision and order at 97–99.

**Request No. 12 – Types of Damages**

I will now define the types of damages you may award.

**a.   Compensatory Damages**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for any loss resulting from a defendant's violation of a plaintiff's rights.  These are known as "compensatory damages." Compensatory damages seek to compensate the plaintiff for the damage they have suffered and are reasonably certain to sustain in the future.

With respect to the individual plaintiffs, this might include damages resulting from a plaintiff's pain and suffering, mental anguish, shock, discomfort, or reputational harm they have suffered as a result of a defendants' conduct. It also may include damages from the deprivation of the right to vote in a particular election. No evidence of the dollar value of mental or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering or of the deprivation of the right to vote. You are to determine an amount that will fairly compensate the individual plaintiffs for the injuries they have sustained.

With respect to NCBCP, compensatory damages means any diversion of resources away from its activities and for any other opportunity costs it incurred as a result of defendants' unlawful actions. Opportunity costs include attention, time, and personnel that could have been spent advancing the organization's mission.

You shall award compensatory damages only for those injuries which you find that plaintiffs have proven by a preponderance of the evidence. Moreover, you may award compensatory damages only for those injuries which you find defendants' violations of civil rights laws proximately caused. An act is a proximate cause of an injury if it was a substantial

factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the defendant's act.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that a plaintiff prove the exact amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

Sources: Modern Federal Jury Instructions, Nos. 77-3, 87-79; *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307, 312 n.14 (1986); *Connecticut Parents Union v. Russell-Tucker*, 8 F.4th 167, 173 (2d Cir. 2021); *Moya v. United States Dep't of Homeland Sec.*, 975 F.3d 120, 129 (2d Cir. 2020); *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 111 (2d Cir. 2017); *Nnebe v. Daus*, 644 F.3d 147, 157 (2d Cir. 2011); *Crews v. Cnty. of Nassau*, 149 F. Supp. 3d 287, 299 (E.D.N.Y. 2015).

### b.  Nominal Damages

If you find that any plaintiff's monetary damages have no value, then you must return a verdict for that plaintiff in the nominal amount of one dollar.

Authority: 3B Federal Jury Practice & Instructions (6th ed.) § 167:51.

### c.  Statutory Damages

**Plaintiffs' Proposal:**

The New York Attorney General seeks statutory damages, or damages that are mandated by New York law. The Attorney General seeks these damages on behalf of each and every violation of the New York Civil Rights Law on behalf of individual New Yorkers, as she is

authorized to do by law. The New York Civil Rights Law requires you to assess a penalty of between $100 and $500 for "each and every violation" of Civil Rights Law § 40-c. The Court has ruled as a matter of law that each defendant violated that statute. Under the law, each robocall to a New York number can be considered a separate violation. The Court has ruled as a matter of law that there were _____ "violations" of the statute. Your job will be to determine what amount, between $100 and $500, to award per violation.

Authority: New York Civil Rights Law §§ 40-c, 40-d; *People by Abrams v. Hamilton*, 125 A.D.2d 1000, 1001 (4th Dep't 1986).

Defendants argue that the Attorney General may not bring § 40-c claims on behalf of individuals who are not parties to this lawsuit, but New York courts definitively rejected this position. *See People by Abrams v. Hamilton*, 125 A.D.2d 1000, 1001–02 (4th Dep't 1986) ("We see no reason why the Attorney-General may not seek penalties on behalf of individual victims[.]"). Defendants further argue that the Attorney General must put on damages evidence for every injured person, but this expands Plaintiffs' burden beyond what is required by statute. As *Hamilton* counsels, § 40-d does not require individual litigants and the courts to take on the "burden" of presenting evidence from potentially thousands of New Yorkers. *Id.* Plaintiffs will argue in a forthcoming motion in limine that the Court should establish the number of statutory violations as a matter of law. The jury should then choose between $100 and $500 per violation based on Plaintiffs' expert evidence concerning the harmful content of the Robocall.

**Defendants' Proposal:**

The New York Attorney General seeks statutory damages, or damages that are available under New York law. The Attorney General seeks these damages on behalf of each and every actual violation of the New York Civil Rights Law on behalf of individual New Yorkers, as she

is authorized to do by law. The New York Civil Rights Law allows for an assessment if a penalty of between $0 and $500 for "each and every violation" of Civil Rights Law § 40-c. The Court has ruled as a matter of law that each defendant violated that statute but has left it to the trier of fact to establish the number of actual violations. Under the law, each robocall to a New York number can be considered a separate violation. It is undisputed that at least 5 individual Plaintiffs have claimed to have received a call sent to a New York area codes. In addition, Message Communications has produced excel schedules with telephone numbers with New York area codes over and above the named individual Plaintiffs. None of these telephone number owners have joined this suit. No testimony has established that any of these individuals actually received a call and as such it will be up to the Jury to listen the evidence to determine how many were successfully received, if any and whether to assess and penalties for same. Judge Victor Marrero, has determined that "reasonable "recipients" may have been threatened or intimated and therefore may be eligible for damages.[2] Your job will be to determine how many violations took place and what amount, between $0 and $500, to award per violation, if any.

**Authority:**

NY Civil Rights Law § 40-D is included below and states in pertinent part:

Section 40-D - Penalty for violation

Any person who shall violate any of the provisions of the foregoing section, or subdivision three of section 240.30 or section 240.31 of the penal law, or who shall aid or incite the violation of any of said provisions shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, *to be recovered by the person aggrieved thereby in any court of competent jurisdiction* in the county in which the defendant shall reside. In

---

[2] "[T]he Court determined that intimidation includes messages that *a reasonable recipient*, familiar with the context of the communication, would view as a threat of injury to deter individuals from exercising their right to vote. See NCBCP II, 512 F. Supp. 3d at 509. Case 1:20-cv-08668-VM-OTW Document 256 Filed 03/08/23 Page 59 of 111 "[T]he Robocall could easily be perceived as threatening or intimidating to a reasonable recipient .." Supra Page 61 "The message pertaining to debt collection could instill fear in reasonable recipients of the call Page 62 A true threat is speech that "an ordinary, reasonable recipient who is familiar with the context of the [communication] would interpret [] as a threat of injury." United States v. Turner, 720 F.3d 411, 420 (2d Cir. 2013); see also NCBCP I, 498 F. Supp. 3d at 478. Supra Page 72

addition … At or before the commencement of any action under this section, notice thereof shall be served upon the attorney general.

N.Y. Civ. Rights Law § 40-D

Under a plain reading of the statute and giving effect to each word as is necessary under the canons of statutory construction this means that the Attorney General can only assert this statutory penalty on behalf of the individual Plaintiffs who having lent their names to this suit [i.e. to be recovered by the person] and who articulated a grievance in a court of competent jurisdiction.

Blacks Law Dictionary defines Aggrieved as ...

*Having suffered loss or injury; damnified; Injured*

In addition, Blacks Law informs us that a

A Party Aggrieved is "*the term that is applied to the person who feels he has been treated wrongly in a court action with their legal rights damaged."*

Similarly, an Aggrieved Party is defined as follows:

Under statutes granting the right of appeal to the party aggrieved by an order or judgment, the party aggrieved is one whose pecuniary interest is directly affected by the adjudication; one whose right of property may be established or divested thereby. Ruff v. Montgomery, 83 Miss. 185. 30 South. 07; McFarland v. Pierce, 151 Ind. 540. 45 X. E. 700; Lamar v. Lamar, 118 Ga. 084. 45 S. E. 498; Smith v. Bradstreet. 10 Pick. (Mass.) 204; Bryant v. Allen, 0 X. H. 110: Wiggin v. Swett, 6 Mete. (Mass.) 194. 39 Am. Dec. 710; Tillinghast v. Brown University, 24 R. I. 179, 52 Atl. 891; Lowery v. Lowery, 04 X. C. 110; Raleigh v. Rogers, 25 X. J. Eq. 500. Or one against whom error has been committed. Kinealy v. Macklin, 07 Mo. 95.

As such the Attorney General's attempt to assert penalties on behalf of theoretically aggrieved persons who may have been recipients of a robocall but who have not complained of same in a court of competition or confirmed receipt or articulated any harm or grievance is over reach and unauthorized by the statute.

In order to determine damages under Section 40-c of the New York Civil Rights Law, the court would need evidence of each unsolicited call successfully made in violation of the law. The plaintiff would need to provide evidence that they received the calls and that the calls were made

using an automatic dialing system or a pre-recorded voice.  In addition, the plaintiff would need to provide evidence of the harm they suffered as a result of the calls. This could include evidence of the time and inconvenience caused by the calls, as well as any emotional distress or other harm suffered.

It stands to reason that attaching a statutory penalty for an uncompleted act is not what is contemplated by the statute. Treating an attempt the same as a completion of an undesirable would make little sense. Common sense dictates a different outcome.

### d.  Punitive Damages

Whether or not you award the individual plaintiffs or NCBCP nominal or compensatory damages, you may separately make an award of punitive damages.

You may, but are not required to, award punitive damages only if you find that a particular defendant's conduct (1) was motivated by evil motive or intent, or (2) the defendant's conduct involved reckless or callous indifference to the plaintiff's federal constitutional rights. An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

The purpose of punitive damages is not to compensate plaintiffs but rather to punish defendants and to deter defendants and others from committing similar acts in the future. You should also consider whether compensatory damages standing alone are likely to deter or prevent a defendant from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those a defendant may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate amount of money to be awarded as punitive damages. That is, in fixing the amount to be awarded, you should consider whether a particular defendant should pay punitive damages at all, and if so, the degree to which each particular defendant should be punished for his wrongful conduct, and the degree to which an amount of punitive damages will deter the defendant or others like him from committing wrongful acts in the future.

Adapted from the charge of Judge Kiyo A. Matsumoto in *Santiago v. Fischer et al.*, 12-cv-2137 (E.D.N.Y.) and this Court's March 8, 2023 decision and order.

**PART III: DELIBERATIONS ON DAMAGES**

**Request No. 13 – Jury Deliberations**

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors. Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. *[The form reads: [quote]].* You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

**Authority:**

3 Fed. Jury Prac. & Instr. § 103:50 (6th ed.).

### Request No. 14 – Use of Notes

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

**Authority:**

3 Fed. Jury Prac. & Instr. § 103:02 (6th ed.).