IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL COALITION ON BLACK CIVIC PARTICIPATION, MARY WINTER, GENE STEINBERG, NANCY HART, SARAH WOLFF, KAREN SLAVEN, KATE KENNEDY, EDA DANIEL, and ANDREA SFERES,<br><br>Plaintiffs,<br><br>-and-<br><br>People of the STATE OF NEW YORK, by its attorney general, LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>JACOB WOHL, JACK BURKMAN, J.M. BURKMAN & ASSOCIATES, LLC, PROJECT 1599, and JOHN and JANE DOES 1-10,<br><br>Defendants. | Civil Action No. 20-cv-8668 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO EXLCUDE EVIDENCE OF THE CURATIVE ROBOCALL**

**I.      Introduction**

Just four days before Election Day 2020, and 66 days after the original Robocall, Defendants complied with this Court's Temporary Restraining Order, D.E. 38 at 65, and sent a Robocall designed to inform the public that the original Robocall constituted voter intimidation and included false statements. The Court's emergency injunction was designed to immediately correct the misinformation spread by Defendants, not as a limitation on Plaintiffs' compensatory, statutory, or punitive damages. By including this call and related documents on their exhibit list,

however, Defendants have signaled that they plan to use the Court-ordered call offensively, by arguing that it somehow mitigated their damages.

The Court should not permit this gamesmanship. Introducing evidence regarding the Court-ordered call, or suggesting that it relieves Defendants of responsibility for the original Robocall, risks confusing the jury by unfairly suggesting that Defendants have made their penance and the Court has absolved their misconduct. The call itself, and any mention of it, should be excluded under Rules 402 and 403 as irrelevant, more prejudicial than probative, and a waste of trial time.

**II.     Argument**

At the start of this litigation, the Court ordered Defendants to issue a robocall stating that the original Robocall included false information designed to intimidate voters. The precise language was Court-mandated: "At the direction of a United States district court, this call is intended to inform you that a federal court has found that the message you previously received regarding mail-in voting from Project 1599 contained false information that has had the effect of intimidating voters and thus interfering with the upcoming presidential election, in violation of federal voting rights laws." D.E. 38 at 65; *see also* D.E. 45; Declaration of Amy Walsh, Ex. I (audio recording). Defendants did not use a voice actor or their own voices for the curative call; they used a computer-generated voice. Defendants confirmed their compliance with the Court's order on October 31, 2020—just days before Election Day. *See* D.E. 50. Nothing suggests that Defendants would have undertaken this curative call had the Court not required them to do so.

The call is irrelevant to this damages trial. First, punitive damages serve the dual functions of "deterrence" and "retribution." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003). They are appropriate when "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Defendants do not dispute this

understanding. *See* D.E. 283 (Joint Proposed Requests to Charge) at 25. A court-ordered curative call does not reflect Defendants' motive or intent when they organized the original Robocall, punish Defendants, or speak to whether others will be deterred from similar conduct. It is thus irrelevant to anything the jury must consider in deciding whether to award punitive damages. *See* Fed. R. Evid. 401, 402.

The same is true of statutory penalties under New York law. Those penalties must be awarded for every violation of New York Civil Rights Law § 40-c: Each time a person is "subjected to any discrimination in his or her civil rights" based on a protected characteristic. N.Y. Civ. Rights Law § 40-c. Logically, Defendants' violations—for which the Court has already found them liable—do not rise or fall based on any involuntary action in response to the violation. Rule 402 therefore precludes admitting the curative call or related evidence for the jury to consider in connection with statutory penalties. *See* Fed. R. Evid. 402.

Nor is the curative call relevant to Plaintiffs' compensatory damages. Plaintiffs were harmed when they experienced voter intimidation, whether or not they later learned that the original Robocall was false. Like a ringing bell, the original call cannot be unheard. Suggesting that the Court's intervention absolved Defendants of liability—that it unrung the bell—unfairly credits Defendants with the corrective action they were ordered to take. Even if the call did lessen any Plaintiff's emotional distress—and Defendants have not developed any evidence showing that it did—this was entirely due to the Court's intervention, not Defendants' volition. The call should therefore be excluded in its entirety as wholly irrelevant under Rule 402 or as more prejudicial than probative under Rule 403.

3

### III. Conclusion

For these reasons, Plaintiffs ask the Court to exclude evidence of the Court-ordered curative call.

Dated: New York, New York
       June 22, 2023                                    Respectfully submitted,

**LETITIA JAMES**
*Attorney General*
*State of New York*

By: /s/ Rick Sawyer                              By:   /s/ Amy Walsh

Rick Sawyer, Special Counsel                     Amy Walsh
Colleen Faherty, Assistant Attorney General      Franklin Monsour Jr.
28 Liberty St., 20th Floor                       Rene Kathawala
New York, NY 10005                               ORRICK HERRINGTON & SUTCLIFFE LLP
(212) 416-8252                                   51 West 52nd Street
Richard.Sawyer@ag.ny.gov                         New York, NY 10019-6142
Colleen.Faherty@ag.ny.gov                        (212) 506-5000
                                                 awalsh@orrick.com
                                                 fmonsour@orrick.com
                                                 rkathawala@orrick.com

                                                 By: /s/ Marc Epstein

                                                 David Brody (admitted *pro hac vice*)
                                                 Marc Epstein
                                                 LAWYERS' COMMITTEE FOR CIVIL
                                                 RIGHTS UNDER LAW
                                                 1500 K St. NW, Suite 900
                                                 Washington, DC 20005
                                                 (202) 662-8600
                                                 dbrody@lawyerscommittee.org
                                                 mepstein@lawyerscommittee.org

                                                 *Attorneys for Plaintiffs*