IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL COALITION ON BLACK CIVIC PARTICIPATION, MARY WINTER, GENE STEINBERG, NANCY HART, SARAH WOLFF, KAREN SLAVEN, KATE KENNEDY, EDA DANIEL, and ANDREA SFERES,<br><br>Plaintiffs,<br><br>-and-<br><br>People of the STATE OF NEW YORK, by its attorney general, LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>JACOB WOHL, JACK BURKMAN, J.M. BURKMAN & ASSOCIATES, LLC, PROJECT 1599, and JOHN and JANE DOES 1-10,<br><br>Defendants. | Civil Action No. 20-cv-8668 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO LIMIT DEFENDANTS' CROSS EXAMINATION OF PLAINTIFFS**

Plaintiffs move to preclude Defendants from questioning Plaintiffs about three irrelevant topics that either call for hearsay or go beyond Plaintiffs' personal knowledge: (i) Plaintiffs' political affiliations and opinions, (ii) other people's reactions to the Robocall or their views on Black people, or (iii) their own races. The Court has already determined that Defendants violated the Voting Rights Act, the Ku Klux Klan Act, the Civil Rights of 1957, and New York state laws. The only issue for a jury to decide is the quantum of damages that Defendants inflicted on Plaintiffs. For the reasons set forth below, these three categories of evidence are irrelevant to that

determination. Accordingly, Plaintiffs request that the Court preclude Defendants from attempting to elicit evidence related to these topics at trial.

## I. Legal Standard

Evidence must be relevant to be admissible. Fed. R. Evid. 402. To be relevant, evidence must tend to "make a fact more or less probable than it would be without the evidence" and the fact must be "of consequence in determining the action." Fed. R. Evid. 401. The Court may still exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. A witness also must have personal knowledge of a matter in order to testify about it. Fed. R. Evid. 602. "[O]ff-the-cuff speculation" is not admissible. *Jeanty v. Cerminaro*, No. 6:16-cv-00966 (BKS/TWD), 2021 WL 2778572, at *11 (N.D.N.Y. July 2, 2021). Even with personal knowledge, hearsay evidence is inadmissible unless it falls into a hearsay exception. *See* Fed. R. Evid. 802.

## II. Argument

Plaintiffs respectfully request that the Court preclude Defendants from offering evidence about (i) Plaintiffs' political affiliations and opinions, (ii) other people's reactions to the Robocall or their views on Black people, or (iii) their own races.

First, the Court should preclude Defendants from introducing evidence related to Plaintiffs' political affiliations and opinions. At Plaintiffs' depositions, Defendants asked Plaintiffs their party affiliations, Declaration of Amy Walsh ("Walsh Decl.") Ex. A ("Steinberg Dep.") at 24, whom they voted for in the 2020 presidential election, and whether they were "happy with the outcome of the election." Walsh Decl. Ex. B ("Kennedy Dep.") at 11, Ex. C ("Slaven Dep.") at 12–14, Ex. D ("Hart Dep.") at 17. They also asked whether Plaintiffs were members of the communist party or involved with the democratic socialists, Kennedy Dep. at 13, believed "that police departments

should be defunded," Kennedy Dep. at 64, supported law enforcement, Hart Dep. at 62, and what their opinions were on the Constitution and censorship of political opinions, Walsh Decl. Ex. H ("Winter Dep.") at 44–49. Evidence of Plaintiffs' political affiliations and opinions is wholly irrelevant to the quantum of harm that Defendants inflicted on the Plaintiffs. Accordingly, such evidence should be excluded.

Second, the Court should preclude Defendants from introducing evidence related to Plaintiffs' knowledge of other people who received the Robocall and their speculation about others' reactions to the Robocall. Defendants asked Plaintiffs at their depositions whether they knew Black people who received the Robocall, *see, e.g.*, Kennedy Dep. at 37; Slaven Dep. at 37; Walsh Decl. Ex. E ("Daniel Dep.") at 50, Ex. F ("Wolff Dep.") at 45, whether they belonged to any "civic organizations" that do "outreach or participation in the Black community," Daniel Dep. at 19, and what they "do to support the Black community," Slaven Dep. at 14. Defendants then asked Plaintiffs to speculate whether "members of the Black community would not be able to see through this alleged intimidation," Daniel Dep. at 59; *see also, e.g.*, Kennedy Dep. at 36; Walsh Decl. Ex. G ("Sferes Dep.") at 41; Wolff Dep. at 41, they were "more intelligent," "smarter," or have "more insight" than members of the Black community," Slaven Dep. at 43; Daniel Dep. at 74–75, and whether their "opinion on how [the Robocall] would affect the Black community is based on [their] own racial biases," Daniel Dep. at 51–52.

Whether Plaintiffs knew of other people who received the Robocall is irrelevant to whether and to what extent Defendants' conduct inflicted damage on each of them, and any such questioning would be more prejudicial than probative, a waste of time, and likely to confuse the jury. Plaintiffs' relationships with Black people and Black community groups and their views on Black people should be precluded for the same reasons and because they call for speculation and

3

racial stereotyping and likely will elicit impermissible hearsay. *See, e.g.*, *Tokio Marine & Nichido Fire Ins. Co. v. Calabrese*, No. 07-CV-2514 JS AKT, 2013 WL 752259, at *18 (E.D.N.Y. Feb. 26, 2013) (precluding testimony that was based either on inadmissible hearsay or speculation). Nor do the individual Plaintiffs have the necessary credentials to opine on the Robocall's effects on Black listeners. Indeed, Plaintiffs will be exploring that question through expert testimony. Accordingly, such evidence should be excluded.

Third, Defendants should be precluded from questioning Plaintiffs about their races. As the Court has previously held, Plaintiffs' own races are irrelevant to their Section 1985 claims. *See* D.E. 256 at 88. Because Plaintiffs' races have no bearing on the issues before the jury, questioning concerning their racial identification should be precluded as irrelevant, more prejudicial than probative, and as a waste of time.

**III.   Conclusion**

For the foregoing reasons, Plaintiffs request that the Court preclude Defendants from introducing the aforementioned evidence.

Dated: New York, New York
June 22, 2023

Respectfully submitted,

**LETITIA JAMES**
*Attorney General*
*State of New York*

By: /s/ Rick Sawyer
Rick Sawyer, Special Counsel
Colleen Faherty, Assistant Attorney General
28 Liberty St., 20th Floor
New York, NY 10005
(212) 416-8252
Richard.Sawyer@ag.ny.gov
Colleen.Faherty@ag.ny.gov

By: /s/ Amy Walsh

Amy Walsh
Franklin Monsour Jr.
Rene Kathawala
ORRICK HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
(212) 506-5000
awalsh@orrick.com

fmonsour@orrick.com
rkathawala@orrick.com

By: /s/ Marc Epstein

David Brody (admitted *pro hac vice*)
Marc Epstein
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K St. NW, Suite 900
Washington, DC 20005
(202) 662-8600
dbrody@lawyerscommittee.org
mepstein@lawyerscommittee.org

*Attorneys for Plaintiffs*