IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL COALITION ON BLACK CIVIC PARTICIPATION, MARY WINTER, GENE STEINBERG, NANCY HART, SARAH WOLFF, KAREN SLAVEN, KATE KENNEDY, EDA DANIEL, and ANDREA SFERES,<br><br>    Plaintiffs,<br><br>-and-<br><br>People of the STATE OF NEW YORK, by its attorney general, LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK<br><br>    Plaintiff-Intervenor,<br><br>  v.<br><br>JACOB WOHL, JACK BURKMAN, J.M. BURKMAN & ASSOCIATES, LLC, PROJECT 1599, and JOHN and JANE DOES 1-10,<br><br>    Defendants. | Civil Action No. 20-cv-8668 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO PROHIBIT DEFENDANTS FROM INTRODUCING EVIDENCE ON ISSUES DECIDED AT SUMMARY JUDGMENT**

  Plaintiffs seek an order prohibiting Defendants from introducing evidence, eliciting testimony, or making arguments at trial concerning issues the Court decided at summary judgment. The Court has already granted judgment on liability to Plaintiffs for every claim brought in this case. Allowing evidence or testimony inconsistent with that judgment is foreclosed by the law of

the case, would waste time at trial on irrelevant issues, and risks confusing the jury concerning the narrow issues remaining to be decided.[1]

## I. Legal Standard

Courts routinely exclude evidence from trial that conflicts with a summary judgment order on multiple grounds. *See, e.g.*, *NIC Holding Corp. v. Lukoil Pan Ams.*, No. 05-CV-093772MEA, 2009 WL 996408, at *2 (S.D.N.Y. Apr. 14, 2009) (collecting cases). Issue preclusion forecloses such evidence. *See, e.g.*, *Chavez v. Metro. Dist. Comm'n*, No. 3:02-cv-458, 2005 WL 8166060, at *2 (D. Conn. Apr. 28, 2005). Presenting evidence that would circumvent local rules concerning reconsideration motions also justifies exclusion. *See, e.g.*, *U.S. Underwriters Ins. Co. v. Falcon Constr. Corp.*, No. 02-cv-4182, 2006 WL 3146422, at *3 (S.D.N.Y. Oct. 30, 2006). So does the law of the case doctrine. *See, e.g.*, *Republic of Turkey v. Christie's Inc.*, 527 F. Supp. 3d 518, 521–22 (S.D.N.Y. 2021) (precluding evidence trial at trial); *MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 571 (S.D.N.Y. 2017) (Marrero, J.) (same); *Cary Oil Co. v. MG Ref. & Mktg., Inc.*, 257 F. Supp. 2d 751, 765 (S.D.N.Y. 2003) (Marrero, J.) (same). Some courts exclude evidence about an "issue . . . decided on summary judgment" because it is no longer relevant. *Shlikas v. Sallie Mae, Inc.*, No. 06-cv-2106, 2010 WL 3385477, at *3 (D. Md. Aug. 26, 2010), *aff'd sub nom. Shlikas v. Arrow Fin. Servs.*, 487 F. App'x 68 (4th Cir. 2012); *see also, e.g.*, *Lima*, 2020 WL 4731418, at *5 (excluding testimony that went to liability as it would "likely mislead the jury"). Under each of these rationales, the Court may preclude Defendants from relitigating questions already resolved at summary judgment.

---

[1] As noted in Plaintiffs' pretrial memorandum, D.E. 284 at 2–3, Plaintiffs reserve the right to request that the Court instruct the jury "based on the facts on which summary judgment was granted." *Doe v. Lima*, No. 14 CIV. 2953 (PAE), 2020 WL 4731418, at *5 (S.D.N.Y. Aug. 14, 2020).

## II.     Argument

Defendants have signaled that they intend to present evidence or suggest to the jury that Plaintiffs suffered no injury and argue or suggest that the Robocall was satire or otherwise protected by the First Amendment. The Court should not permit testimony or evidence inconsistent with its summary judgment findings on these issues, nor on any other issue previously decided by the Court on which Defendants attempt to offer evidence.

### A.     Defendants should be precluded from questioning or argument suggesting Plaintiffs suffered no injury.

Defendants have signaled that they plan to improperly renew their challenge to Plaintiffs' standing—a question the Court definitively resolved at summary judgment. *See* D.E. 256 at 46–56. Defendants indicate that they will attempt to prove that the individual Plaintiffs suffered "no cognizable injuries" and that Plaintiff NCBCP was not required to divert resources to combat the Robocall. D.E. 260 at 2–3. But the Court already decided both questions in Plaintiffs' favor. In granting summary judgment, the Court concluded that each Plaintiff had suffered a cognizable injury either because they received the robocall, they suffered emotional harm from hearing it, or both. D.E. 256 at 48–50. And the Court concluded that NCBCP had both suffered a pecuniary injury and had been required to divert resources to combat the Robocall—each independent bases for the organization's standing. *Id.* at 55–56.

Those conclusions are the law of the case. Defendants should be prohibited from presenting evidence or suggesting to the jury that the individual Plaintiffs suffered no injury or that NCBCP was not required to divert resources. Of course, Defendants may dispute the amount of compensatory damages each Plaintiff claims, but the Court has already decided that each Plaintiff suffered some injury and that NCBCP was required to divert some resources.

3

**B.   Defendants should be precluded from arguing the Robocall was satire or otherwise protected by the First Amendment.**

Defendants have argued that Plaintiffs' request for punitive damages will somehow reopen the door for Defendants' failed First Amendment defense. *See* D.E. 260 at 5–6. But the Court was clear that the First Amendment does not protect Defendants' Robocall. In awarding summary judgment to Plaintiffs, the Court found that the Robocall overstepped the bounds of "mere 'political speech' and cross[ed] into the territory of conduct constituting true threats." D.E. 256 at 75. The Court emphasized that the First Amendment would not shield the Robocall even if it were not a true threat because proscription of Defendants' "expressions" would survive both intermediate and strict scrutiny. *Id.* at 79–80, 81 n.29. Those findings are law of the case.

Accordingly, Defendants should be precluded from eliciting testimony or engaging in argument concerning the First Amendment. Because the Court has already concluded that the First Amendment does not immunize Defendants' misconduct, such evidence and argument are irrelevant, more unfairly prejudicial than probative, and will lead to jury confusion. Defendants should also be precluded from arguing that their Robocall was mere "satire" or "rhetorical hyperbole" because the Court has already found that nothing in the record "suggests that the Robocall was 'mere hyperbole.'" *Id.* at 84–85. Such argument, therefore, would exceed the bounds of permissible comment on the evidence and conflict with the Court's previous ruling.

Defendants are also precluded by both judicial estoppel and collateral estoppel from arguing that their conduct was innocent or that the Robocall was truthful or protected by the First Amendment. Wohl and Burkman pleaded guilty in Ohio criminal court to felony fraud charges arising from the Robocall. Having admitted their guilt in Ohio, they cannot now assert their innocence—or that the contents of the call were true and not fraudulent. *See, e.g.*, *Frost v. New York Police Dep't*, 980 F.3d 231, 255–56 (2d Cir. 2020) (holding that judicial estoppel prevents a

4

party from arguing factual positions inconsistent with their guilty plea). And having been convicted of fraud in Ohio—where they could have and did present their First Amendment defense—they are collaterally estopped from making arguments inconsistent with their conviction. *See, e.g.*, *United States v. Gregg*, 463 F.3d 160, 164 (2d Cir. 2006) (holding "a guilty plea does not 'waive' constitutional challenges so much as it resolves the question of factual guilt supporting the conviction").

### C. Defendants should be precluded from presenting evidence contradicting other findings from the Court's summary judgment decision.

The Court should not permit Defendants to introduce evidence or make arguments inconsistent with any other issue previously decided by the Court. Indeed, the Court made numerous other findings in its summary judgment decision, including, but not limited to:

- Defendants "intended to suppress voter turnout in the 2020 Election through intimidation tactics." D.E. 256 at 69.

- Defendants "knowingly agreed to and engaged in the conspiracy to disseminate the Robocall." *Id.* at 89.

- Each individual Plaintiff "received the Robocall" and was "registered" to vote and "planning to vote in the 2020 election" by mail, which "is a lawful activity related to voting in federal elections." *Id.* at 92.

- Defendants "sought to disrupt the election," and therefore acted "for the purpose of interfering with the right to vote." *Id.* at 93 (internal quotation marks omitted).

- "Defendants' conduct in designing and executing the Robocall was racially motivated." *Id.* at 95.

- "The Robocall script . . . contained racially coded language and was imbued with numerous harmful racial stereotypes about the Black community in an effort to target Black voters." *Id.* at 96.

- "Defendants deliberately targeted the Black community to reduce their turnout in the 2020 Election." *Id.* at 97.

Defendants should not be permitted to relitigate these findings.

### III. Conclusion

For the foregoing reasons, the Court should grant Plaintiffs' motion *in limine* and bar Defendants from introducing evidence or argument conflicting with issues the Court already resolved.

Dated: New York, New York
      June 22, 2023

Respectfully submitted,

**LETITIA JAMES**
*Attorney General*
*State of New York*

By: */s/* Rick Sawyer

Rick Sawyer, Special Counsel
Colleen K. Faherty, Assistant Attorney General
Yasmin Dagne, Assistant Attorney General
28 Liberty St., 20th Floor
New York, NY 10005
(212) 416-6182
Richard.Sawyer@ag.ny.gov
Colleen.Faherty@ag.ny.gov
Yasmin.Dagne@ag.ny.gov

By: */s/ Amy Walsh*

Amy Walsh
Franklin Monsour Jr.
Rene Kathawala
ORRICK HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
(212) 506-5000
awalsh@orrick.com
fmonsour@orrick.com
rkathawala@orrick.com

By: */s/ Marc Epstein*

David Brody (admitted *pro hac vice*)
Marc Epstein
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K St. NW, Suite 900
Washington, DC 20005
(202) 662-8600
dbrody@lawyerscommittee.org
mepstein@lawyerscommittee.org

*Attorneys for Plaintiffs*