IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL COALITION ON BLACK CIVIC PARTICIPATION, MARY WINTER, GENE STEINBERG, NANCY HART, SARAH WOLFF, KAREN SLAVEN, KATE KENNEDY, EDA DANIEL, and ANDREA SFERES,<br><br>Plaintiffs,<br><br>-and-<br><br>People of the STATE OF NEW YORK, by its attorney general, LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>JACOB WOHL, JACK BURKMAN, J.M. BURKMAN & ASSOCIATES, LLC, PROJECT 1599, and JOHN and JANE DOES 1-10,<br><br>Defendants. | Civil Action No. 20-cv-8668 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF THE SUBJECT MATTER OF PLAINTIFF'S PRIOR CONVICTION**

Plaintiffs move to preclude Defendants from introducing evidence about the subject matter of Plaintiff Gene Steinberg's prior conviction during the damages phase trial scheduled to begin on December 11, 2023. D.E. 286.

**I.    Introduction**

Plaintiff Gene Steinberg has a prior conviction from 2002 for a nonviolent offense. D.E. 16 ¶ 13. As the Court previously held, the fact of this conviction is important because it made the Robocall "particularly traumatic" for Mr. Steinberg, D.E. 256 at 11, given the threat that voting by

mail would allow his personal information to be "used by police to track down old warrants," *id*. at 8. He ultimately "requested to be removed from the Board of Elections after he moved because he did not want anyone else to use his information to intimidate him." *Id*. at 11 (internal quotation marks omitted). Moreover, "that the Robocall could—and was designed to—reach voters who might share experiences or worries similar to those of Steinberg and induced such a response from its recipients lend credence to the insidious nature of Defendants' voter suppression operation." *Id*. at 50-51 n. 19. Because of its relevance to damages, Plaintiffs intend to elicit the fact of Mr. Steinberg's conviction for a nonviolent offense during his direct testimony. However, there is no basis to admit the subject matter or details concerning his prior conviction, and accordingly, the Court should prohibit Defendants from eliciting that information on cross examination.

**II.    Legal Standard**

"Generally, evidence of 'other crimes, wrongs, or acts' is not admissible under Rule 404(b) to prove character or criminal propensity." *Daniels v. Loizzo*, 986 F. Supp. 245, 248 (S.D.N.Y. 1997) (internal citation omitted). Prior bad act evidence may be admissible only for the limited purposes of proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). In addition, even if the prior bad act evidence fits into one of these categories, it is still subject to Rule 403's balancing of its probative value against its unfair prejudice. *See Berkovich v. Hicks*, 922 F.2d 1018, 1022–23 (2d Cir. 1986); *see also Pettijohn v. Wusinich*, 705 F. Supp. 259, 260–61 (E.D Pa. 1989) (granting motion to exclude because evidence of plaintiff's "old convictions might seriously and unjustly prejudice his credibility in the eyes of the jury, in effect depriving him of an opportunity for a fair trial.'"). Moreover, a conviction older than ten years may only be used to impeach if its "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed R. Evid. 609(b)(1). Rule "'609(b) creates, in effect, a rebuttable presumption that convictions over

ten years old are more prejudicial than helpful and should be excluded.'" *Lenard v. Argento*, 699 F.2d 874, 895 (7th Cir. 1983) (quoting *United States v. Sims*, 588 F.2d 1145, 1150 (6th Cir.1978)).

## III.   Argument

While the fact of Mr. Steinberg's prior conviction for a nonviolent offense is important to his case—both to show the Robocall was "particularly traumatic" for him, and "the insidious nature of Defendants' voter suppression operation," the details of that conviction are wholly irrelevant, particularly in a trial concerning damages only. Such details would have no probative value, while potentially "seriously and unjustly prejudic[ing plaintiff's] credibility in the eyes of the jury." *Pettijohn*, 705 F. Supp. at 260.[1] Moreover, given that the conviction occurred over twenty years ago, the conviction may only be used to impeach if its "probative value . . . substantially outweighs its prejudicial effect." Fed R. Evid. 609(b)(1)(d). There is simply no basis for that conclusion here.

## IV.   Conclusion

For the foregoing reasons, the Court should grant Plaintiffs' motion *in limine* and bar Defendants from introducing evidence at trial about the subject matter of Mr. Steinberg's prior conviction.

---

[1] While the fact of Mr. Steinberg's conviction must be admitted into evidence given its relevance to damages, the lone qualification that it was a conviction for a nonviolent offense will help mitigate any potential prejudice.

Dated: New York, New York
       June 22, 2023

Respectfully submitted,

**LETITIA JAMES**
*Attorney General*
*State of New York*

By: /s/ Rick Sawyer

Rick Sawyer, Special Counsel
Colleen Faherty, Assistant Attorney General
28 Liberty St., 20th Floor
New York, NY 10005
(212) 416-8252
Richard.Sawyer@ag.ny.gov
Colleen.Faherty@ag.ny.gov

By: /s/ *Amy Walsh*

Amy Walsh
Franklin Monsour Jr.
Rene Kathawala
ORRICK HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
(212) 506-5000
awalsh@orrick.com
fmonsour@orrick.com
rkathawala@orrick.com

By: /s/ Marc Epstein

David Brody (admitted *pro hac vice*)
Marc Epstein
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K St. NW, Suite 900
Washington, DC 20005
(202) 662-8600
dbrody@lawyerscommittee.org
mepstein@lawyerscommittee.org

*Attorneys for Plaintiffs*