IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL COALITION ON BLACK CIVIC PARTICIPATION, MARY WINTER, GENE STEINBERG, NANCY HART, SARAH WOLFF, KAREN SLAVEN, KATE KENNEDY, EDA DANIEL, and ANDREA SFERES,<br><br>Plaintiffs,<br><br>-and-<br><br>People of the STATE OF NEW YORK, by its attorney general, LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>JACOB WOHL, JACK BURKMAN, J.M. BURKMAN & ASSOCIATES, LLC, PROJECT 1599, and JOHN and JANE DOES 1-10,<br><br>Defendants. | Civil Action No. 20-cv-8668 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PLAINTIFFS' SETTLEMENT WITH THE MESSAGE DEFENDANTS**

Plaintiffs move for an order prohibiting Defendants from introducing evidence concerning the liability of their settling co-Defendants Message Communications and Robert Mahanian, or making any mention of the settlement agreement between the settling Defendants and Plaintiffs. Plaintiffs brought claims against Message and Mahanian that survived a motion to dismiss, D.E. 140, and the parties settled mid-discovery, before summary judgment, D.E. 196. Message and Mahanian did not admit to wrongdoing but did consent to payment of damages and injunctive relief, to be overseen by the Court. *Id.* Defendants have signaled that they may try to shift blame

from themselves to Message and Mahanian in an attempt to limit their damages. This is improper and should be prohibited.

First, the question of Message and Mahanian's liability is not at issue in this damages trial. The Court awarded summary judgment on all claims against the current Defendants, and this trial is strictly limited to assessing *Defendants' conduct* (for punitive and statutory damages) and *Plaintiffs' harms* (for compensatory damages). Whether Message and Mahanian bear any responsibility for the Robocall is not relevant to either question. Indeed, Plaintiffs have already obtained damages and other relief from Message and Mahanian, so evidence of their liability at this damages-trial stage is superfluous. Any attempt to shift blame from Defendants to Message and Mahanian should therefore be excluded under Rules 402 and 403 as irrelevant, more prejudicial than probative, and a waste of trial time.

Second, Message and Mahanian already settled Plaintiffs' claims in full. Under Rule 408, settlements and settlement negotiations are not admissible evidence to "prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408. This rule "applies with equal force whether the settlement involves the litigants or a litigant and a third party." *Crigger v. Fahnestock & Co., Inc.*, No. 01-cv-781, 2005 WL 857368, at *1 (S.D.N.Y. Apr. 14, 2005). Here, there is no permissible use of the Message settlement. Any attempt to call into question Defendants' liability for damages—which the Court has already established—or to offset any damages by referencing the Message settlement should therefore also be excluded under Rule 408.

Dated: New York, New York
       June 22, 2023

Respectfully submitted,

**LETITIA JAMES**
*Attorney General*
*State of New York*

By: /s/ Rick Sawyer
Rick Sawyer, Special Counsel
Colleen Faherty, Assistant Attorney General
28 Liberty St., 20th Floor
New York, NY 10005
(212) 416-8252
Richard.Sawyer@ag.ny.gov
Colleen.Faherty@ag.ny.gov

By:   /s/ *Amy Walsh*

Amy Walsh
Franklin Monsour Jr.
Rene Kathawala
ORRICK HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
(212) 506-5000
awalsh@orrick.com
fmonsour@orrick.com
rkathawala@orrick.com

By: /s/ Marc Epstein
David Brody (admitted *pro hac vice*)
Marc Epstein
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K St. NW, Suite 900
Washington, DC 20005
(202) 662-8600
dbrody@lawyerscommittee.org
mepstein@lawyerscommittee.org

*Attorneys for Plaintiffs*