IN THE UNITED STATES DISTRICT COURT  FOR
THE SOUTHERN DISTRICT OF NEW YORK

NATIONAL COALITION ON BLACK CIVIC
PARTICIPATION, MARY WINTER, GENE
STEINBERG, NANCY HART, SARAH
WOLFF, KAREN SLAVEN, KATE KENNEDY,
EDA DANIEL, and ANDREA SFERES,

          Plaintiffs,

-and-

People of the STATE OF NEW YORK, by its
attorney general, LETITIA JAMES, ATTORNEY
GENERAL OF THE STATE OF NEW YORK

          Plaintiff-Intervenor,

     v.

JACOB WOHL, JACK BURKMAN, J.M.
BURKMAN & ASSOCIATES, LLC, PROJECT
1599, and JOHN and JANE DOES 1-10,

          Defendants.

Civil Action No. 20-cv-8668

Answers to Documents 291 and 293

**NOTICE OF DEFENDANTS' MOTION *IN LIMINE* TO PROHIBIT PLAINTIFFS
FROM INTRODUCING EVIDENCE ON ISSUES DECIDED AT SUMMARY
JUDGMENT AND GENERALLY IN OPPOSITION TO PLAINTIFFS MOTION
WHICH SEEKS TO EXCLUDE CROSS EXAMINING PLAINTIFFS ON ACTUAL
DAMAGES**

For the reasons set forth in Defendants' accompanying Memorandum of Law, and based on the

Declaration of David Schwartz in support of Defendants' Motions *In Limine*, together with attached

exhibits, and the record and pleadings on file in this case, Defendants respectfully ask the Court to

prohibit Plaintiffs from introducing evidence or argument that would effectively rehash and relitigate

the Court's decisions at summary judgment and deny Plaintiffs motion seeking to exclude inquiries into

the extent of actual damages actually suffered by Plaintiffs.

IN THE UNITED STATES DISTRICT COURT  FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL COALITION ON BLACK CIVIC PARTICIPATION, MARY WINTER, GENE STEINBERG, NANCY HART, SARAH WOLFF, KAREN SLAVEN, KATE KENNEDY, EDA DANIEL, and ANDREA SFERES,<br><br>　　　　　　　Plaintiffs,<br><br>-and-<br><br>People of the STATE OF NEW YORK, by its attorney general, LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK<br><br>　　　　　　Plaintiff-Intervenor,<br><br>　　　v.<br><br>JACOB WOHL, JACK BURKMAN, J.M. BURKMAN & ASSOCIATES, LLC, PROJECT 1599, and JOHN and JANE DOES 1-10,<br><br>　　　　　　　Defendants. | Civil Action No. 20-cv-8668 |

Answers to Documents 292 and 294

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PROHIBIT PLAINTIFFS FROM INTRODUCING EVIDENCE ON ISSUES DECIDED AT SUMMARY JUDGMENT AND GENERALLY IN OPPOSITION TO PLAINTIFFS MOTION WHICH SEEKS TO EXCLUDE CROSS EXAMINING PLAINTIFFS ON ACTUAL DAMAGES**

Defendants seek an order prohibiting Plaintiffs from introducing evidence, eliciting

testimony, or making arguments at trial concerning issues the Court decided at summary judgment.

The Court has already granted judgment on liability to Plaintiffs for every claim brought in this

case. Yet Plaintiffs are set to use the same experts who offered opinions regarding liability and have no

special expertise regarding the human psyche or trauma. Allowing evidence or testimony that is

effectively cumulative even though liability has already been established and amounts to retreading the

fact that violation has been established, would waste time at trial on irrelevant issues, and risks confusing the jury concerning the narrow issues remaining to be decided.

## I.  Legal Standard

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence."[1]

Plaintiff correctly notes that courts routinely exclude evidence from trial that conflicts with a summary judgment order on multiple grounds. See, e.g., NIC Holding Corp. v. Lukoil Pan Ams., No. 05-CV-093772MEA, 2009 WL 996408, at *2 (S.D.N.Y. Apr. 14, 2009) (collecting cases). Issue preclusion forecloses such evidence. See, e.g., Chavez v. Metro. Dist. Comm'n, No. 3:02-cv-458, 2005 WL 8166060, at *2 (D. Conn. Apr. 28, 2005). Presenting evidence that would circumvent local rules concerning reconsideration motions also justifies exclusion. See, e.g., U.S. Underwriters Ins. Co. v. Falcon Constr. Corp., No. 02-cv-4182, 2006 WL 3146422, at *3 (S.D.N.Y. Oct. 30, 2006). So does the law of the case doctrine. See, e.g., Republic of Turkey v. Christie's Inc., 527 F. Supp. 3d 518, 521– 22 (S.D.N.Y. 2021) (precluding evidence trial at trial); MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP, 232 F. Supp. 3d 558, 571 (S.D.N.Y. 2017) (Marrero, J.) (same); Cary Oil Co. v. MG Ref. &amp; Mktg., Inc., 257 F. Supp. 2d 751, 765 (S.D.N.Y. 2003) (Marrero, J.) (same). Some courts exclude evidence about an "issue . . . decided on summary judgment" because it is no longer relevant. Shlikas v. Sallie Mae, Inc., No. 06-cv-2106, 2010 WL 3385477, at *3 (D. Md. Aug. 26, 2010), aff'd sub nom. Shlikas v. Arrow Fin. Servs., 487 F. App'x 68 (4th Cir. 2012); see also, e.g., Lima, 2020 WL 4731418, at *5 (excluding testimony that went to liability as it would "likely mislead the jury").

---

[1] The Supreme court cited to Delaware Rule of Evidence 403, which is virtually identical to Federal Rule of Evidence 403, provided in Delaware v. Van Arsdall, 475 US 673 - Supreme Court 1986

Under each of these rationales, the Court may preclude all parties from relitigating questions already resolved at summary judgment. However, Plaintiffs appear to want to have it both ways. Plaintiffs seem to want to raise issues on direct and then exclude and cross once the issue has been put at issue. Allowing this approach would be both erroneous and unjust.

## II. Argument

For the record, Plaintiff's speculate as to what tact Defendants may take to contextualize their actions or minimize any alleged harms that may have befallen Plaintiffs, but what Plaintiffs are actually seeking to do with this motion is to preemptively shift their burden of establishing damages away from themselves and onto Defendants, effectively short-circuiting the need for a damages phase.

Your Defendants do not intend to disclaim liability. However, if Plaintiffs articulate a basis for damages including their perceptions and feelings, Defendants must be allowed to test the reasonableness of those perceptions and feelings. Plaintiffs also argue that Defendants should be precluded from questioning or argument suggesting Plaintiffs suffered no injury.

Plaintiffs might as well argue that there is no need for a damage phase of the trial. Violation has been established, but damages for each Individual Plaintiff each who articulate different claims and purport different affects. This is more so for our Not-For-Profit Plaintiff, as well as the People. Just because your honor established there was a violation of law does not mean that the work of establishing specific monetary damages has been done. A reasonable Jury might award one Individual Plaintiff a dollar based on his claims and testimony and yet another Individual $10,000 because the Jury finds her claims more credible or more salient. In the same vein, the jury may determine after a forensics-oriented review that NCBCP is due X or Y or Z, weighing innumerable facets in their determination.

Defendants in turn wish to foreclose any defenses rooted in the Defendants actual beliefs, however erroneous, and as such, seek an order precluding any such contextualizing even though this could certainly be relevant in assessing punitive damages.

If a miscreant wrongly believes she has some kind of justification rooted in the constitution for improper behavior, that can be relevant to the imposition of the level of damages and the species of damages. Certainly, this Court may issue instructions to guide the jury on points of law and the law of the case, but precluding the Jury from getting the complete picture in order to assess damages undercuts the rights and prerogatives of a Jury Trial.

Finally, this court made certain findings for the purpose of determining liability based on the record before them. This included Defendants who were taking the fifth, who had ongoing criminal litigation to contend with. This is no longer the case.

Plaintiffs now would have every jot of dicta in your Honor's decision elevated to the point of immutability as if each and every jot was attached the same weight and in any case was alluded to for purposes of a determination regarding liability.

While violation of law has been established which resulted in a decision on liability, it is not inconsistent to revisit Plaintiffs perceptions to establish the reasonableness of those perceptions and the reasonableness of their action, as well as Defendants perceived excuses.

We do live in the real world where one can have mixed motives which may at the very least provide historical context which a jury may properly weigh when dispensing damages and a just verdict.

### III.  Conclusion

For the foregoing reasons, the Court should not grant Plaintiffs' Motion *In Limine* and should not bar Defendants from introducing evidence or argument conflicting with issues the Court already resolved. A more nuanced approach is necessary. As issues are raised on direct, this court is best positioned to provide instructions. The blanket approach urged by Plaintiffs is neither necessary nor proper.

Dated: New York, New York
        July 7, 2023

Respectfully submitted,

By:  _/s/ David M. Schwartz_____

David M. Schwartz, Esq.
546 Fifth Avenue, 6th Fl.
New York, NY 10036
(212) 641-0049
david@davidschwartzesq.com