IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL COALITION ON BLACK CIVIC PARTICIPATION, MARY WINTER, GENE STEINBERG, NANCY HART, SARAH WOLFF, KAREN SLAVEN, KATE KENNEDY, EDA DANIEL, and ANDREA SFERES,<br><br>Plaintiffs,<br><br>-and-<br><br>People of the STATE OF NEW YORK, by its attorney general, LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>JACOB WOHL, JACK BURKMAN, J.M. BURKMAN & ASSOCIATES, LLC, PROJECT 1599, and JOHN and JANE DOES 1-10,<br><br>Defendants. | Civil Action No. 20-cv-8668 |

Answer to Document 295

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF THE SUBJECT MATTER OF PLAINTIFF'S PRIOR CONVICTION**

  Defendants move to dismiss the Plaintiff's motion to preclude Defendants from not introducing evidence about the subject matter of Plaintiff Gene Steinberg's prior conviction during the damages phase trial scheduled to begin on December 11, 2023. D.E. 286.

I. Introduction

  Plaintiff Gene Steinberg is alleging that his "trauma" from the robocall on August 26, 2020, can be attributed to his prior conviction. He spoke extensively about the "trauma and harm that it caused to [him] as a result of [his] prior past." Steinberg Dep. 27:7-8. Mr. Steinberg also

mentioned that hearing how "law enforcement may come after you" caused trauma. Steinberg Dep. 45:7-8. This is highly relevant towards damages. On the basis of rule 404(b) and 611(b), the Court should allow us to question Mr. Steinberg about his prior conviction on cross examination. The probative value far outweighs the prejudicial value.

## II. Legal Standard

Prior bad act evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404b. Gene Steinberg's past conviction clearly focuses on knowledge and identity. Mr. Steinberg has a past with law enforcement and is stating that his "trauma" from the phone call was because of this past. Since much of his "trauma" can be attributed to his prior conviction, it is vital for the Court to hear about this to learn the full story. The prejudicial value is outweighed by the probative value. The purpose of entering his prior conviction is not to attack character or taint the jury's opinion of Mr. Steinberg - rather it is for them to understand where the "trauma" is coming from. Additionally, this prior conviction has led to many changes in his life, shaping his identity. He has "been seeing a therapist as a result." Steinberg Dep. 31:4-5. This prior act has shaped his life to the point where he has needed therapy for many years (he has been seeing his current therapist for six years). Additionally, matters brought up on direct examination are allowed to be questioned in cross examination. "Rule 611(b) provides that 'a witness may be cross-examined on any matter relevant to any issue in the case, including credibility.'" *Martinez v. State*, 17 S.W.3d 677, 688 (Tex. Crim. App. 2000).

### III. Argument

Mr. Steinberg's prior conviction is entirely relevant, so the Court gets the whole truth and nothing but. Hearing vaguely about an act from the past will not allow the Court to achieve the full story. Mr. Steinberg's prior conviction is to show his knowledge and identity as a result of his prior conviction. The standard under rule 404(b) is "…whether that evidence is probative of a material issue other than character." *Huddleston v. United States*, 485 U.S. 681, 686 (1988). The exception of this rule– specifically identity and knowledge, coupled with its probative value– allows it to be admissible in Court. "In the absence of a significant showing of unfair prejudice, evidence with substantial probative value should not be excluded." *United States v. Benjamin Jamil*, 707 F.2d 638, 644 (2d Cir. 1983). There is no unfair prejudice.

### IV. Conclusion

On the aforementioned grounds, the Court should deny the Plaintiffs' motion *in limine* and bar Defendants from introducing evidence at trial about the subject matter of Mr. Steinberg's prior conviction.

Dated: New York, New York
July 7, 2023

Respectfully submitted,

By: /s/ *David M. Schwartz*

David M. Schwartz, Esq.
546 Fifth Avenue, 6th Fl.
New York, NY 10036
(212) 641-0049
david@davidschwartzesq.com