IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

NATIONAL COALITION ON BLACK CIVIC
PARTICIPATION, MARY WINTER, GENE
STEINBERG, NANCY HART, SARAH
WOLFF, KAREN SLAVEN, KATE KENNEDY,
EDA DANIEL, and ANDREA SFERES,

        Plaintiffs,

        -and-

People of the STATE OF NEW YORK, by its
attorney general, LETITIA JAMES, ATTORNEY
GENERAL OF THE STATE OF NEW YORK

        Plaintiff-Intervenor,

    v.

JACOB WOHL, JACK BURKMAN, J.M.
BURKMAN & ASSOCIATES, LLC, PROJECT
1599, and JOHN and JANE DOES 1-10,

        Defendants.

Civil Action No. 20-cv-8668

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO PROHIBIT DEFENDANTS FROM INTRODUCING EVIDENCE ON ISSUES DECIDED AT SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANTS' CROSS-MOTION *IN LIMINE***

There is little for the Court to decide to grant Plaintiffs the relief they seek in the instant motion. Plaintiffs moved for an order prohibiting Defendants from introducing evidence, eliciting testimony, or making arguments at trial inconsistent with the Court's binding summary judgment ruling. D.E. 293–94. Defendants do not dispute that premise in any way and even adopted

Plaintiffs' own legal citations as their own. *See* D.E. 303 at 3.[1] Defendants even purport to seek the same remedy against Plaintiffs—precluding Plaintiffs from relitigating the issues we won at summary judgment, which we do not intend to do. *See* D.E. 303 at 1. The Court should reject Defendants' arguments, grant Plaintiffs' motion, and grant Defendants' belated cross-motion to the extent it precludes both sets of parties from contravening the Court's summary judgment findings.

Defendants agree that multiple rationales prevent them from contesting the findings the Court made at summary judgment and that the Court "may issue instructions to guide the jury on . . . the law of the case." D.E. 303 at 4–5. And Defendants do not mention, let alone dispute, that Defendants' guilty pleas to felony fraud preclude them—through the doctrines of judicial and collateral estoppel—from arguing that their conduct was innocent or that the Robocall was truthful or protected by the First Amendment. *See* D.E. 293 at 4–5.

To the extent Defendants object to Plaintiffs' motion, it is because they misconstrue it. Defendants assert they need to present evidence regarding the extent of damages suffered by Plaintiffs and Defendants' "actual beliefs," which they claim are relevant to assessing punitive damages. D.E. 303 at 5. Plaintiffs agree that Defendants can present evidence contesting the *extent* of compensatory damages and whether their conduct "was motivated by evil motive or intent" or "involved reckless or callous indifference to the plaintiff[s'] federal constitutional rights." *See* D.E. 283 (Joint Proposed Requests to Charge) at 25. Nor does anything prohibit Defendants from presenting evidence of "mixed motives." D.E. 303 at 5.

---

[1] In citing Defendants' memorandum of law, D.E. 303, Plaintiffs refer to the page numbers at the top of the page inserted by the Electronic Case Filing system.

But Defendants cannot dispute the Court's specific summary judgment findings. They cannot argue (i) that Plaintiffs have not suffered a cognizable injury (as opposed to disputing the extent of damages suffered); (ii) that the Robocall was satire or otherwise protected by the First Amendment; (iii) that they did not intend to suppress voter turnout, knowingly agree to or engage in a conspiracy to disseminate the Robocall, seek to disrupt the election, or deliberately target the Black community; or (iv) that their conduct was not racially motivated. Nor can Defendants dispute any of the other specific findings the Court made at summary judgment. *See* D.E. 294 at 5. That is because—as Defendants concede—issue preclusion, law of the case, and upholding local rules concerning reconsideration foreclose such evidence. *See* D.E. 294 at 2; D.E. 303 at 2.

As for Defendants' cross-motion, it is not clear what relief they are seeking. To the extent Defendants request an order preventing Plaintiffs from disputing issues decided at summary judgment, Plaintiffs have no intention of doing so.[2]

To the extent Defendants are requesting that the Court preclude Plaintiffs' experts from testifying, that request should be denied. Defendants' only argument for exclusion is a single conclusory sentence without analysis or legal citation. *See* D.E. 303 at 2. Plaintiffs' experts will present evidence on issues crucial to the amount of statutory penalties and punitive damages, including the pernicious methods Defendants relied upon to carry out their voter suppression campaign and the harmful impact of the Robocall's use of stereotypes on Black recipients. There is no basis for the Court to exclude such testimony.

---

[2] Defendants' cross-motion violates the Court's June 22, 2023 deadline for motions *in limine*. D.E. 267. Even so, should the Court grant the relief Plaintiffs seek, Plaintiffs agree that they should likewise be precluded from seeking to contravene the Court's summary judgment findings.

For the foregoing reasons, the Court should grant the relief requested in Plaintiffs' motion *in limine*, D.E. 293–94, and grant Defendants' cross-motion to the extent that both sets of parties should be precluded from presenting argument or evidence contravening the Court's summary judgment decision.

Dated: New York, New York
         July 14, 2023                                  Respectfully submitted,

**LETITIA JAMES**
*Attorney General*
*State of New York*

By: */s/ Rick Sawyer*                          By:   */s/ Amy Walsh*
Rick Sawyer, Special Counsel
Colleen Faherty, Assistant Attorney General    Amy Walsh
28 Liberty St., 20th Floor                     Franklin Monsour Jr.
New York, NY 10005                             Rene Kathawala
(212) 416-8252                                 ORRICK HERRINGTON & SUTCLIFFE LLP
Richard.Sawyer@ag.ny.gov                       51 West 52nd Street
Colleen.Faherty@ag.ny.gov                      New York, NY 10019-6142
                                               (212) 506-5000
                                               awalsh@orrick.com
                                               fmonsour@orrick.com
                                               rkathawala@orrick.com

                                               By: */s/ Marc Epstein*

                                               David Brody (admitted *pro hac vice*)
                                               Marc Epstein
                                               LAWYERS' COMMITTEE FOR CIVIL
                                               RIGHTS UNDER LAW
                                               1500 K St. NW, Suite 900
                                               Washington, DC 20005
                                               (202) 662-8600
                                               dbrody@lawyerscommittee.org
                                               mepstein@lawyerscommittee.org

                                               *Attorneys for Plaintiffs*