IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL COALITION ON BLACK CIVIC PARTICIPATION, MARY WINTER, GENE STEINBERG, NANCY HART, SARAH WOLFF, KAREN SLAVEN, KATE KENNEDY, EDA DANIEL, and ANDREA SFERES,<br><br>　　　　　Plaintiffs,<br><br>　　　　　-and-<br><br>People of the STATE OF NEW YORK, by its attorney general, LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK<br><br>　　　　　Plaintiff-Intervenor,<br><br>　v.<br><br>JACOB WOHL, JACK BURKMAN, J.M. BURKMAN & ASSOCIATES, LLC, PROJECT 1599, and JOHN and JANE DOES 1-10,<br><br>　　　　　Defendants. | Civil Action No. 20-cv-8668 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF THE SUBJECT MATTER OF PLAINTIFF'S PRIOR CONVICTION**

Plaintiffs have moved to preclude Defendants from introducing at trial evidence about the subject matter of Plaintiff Gene Steinberg's prior conviction. D.E. 296. As Plaintiffs explained in their motion, Mr. Steinberg was convicted in 2002 of a nonviolent offense, and that conviction made the Robocall at the center of this litigation "particularly traumatic for him" because of the threat that the "police" would use vote-by-mail records "to track down old warrants." *Id.* at 1. Plaintiffs recognized in their motion that the fact of Mr. Steinberg's conviction is relevant—indeed "Plaintiffs intend to elicit" it, *id.* at 2—but moved to exclude the subject-matter of that conviction.

Defendants now oppose the motion to exclude the specifics of Mr. Steinberg's conviction. D.E. 305. They argue that his "past conviction clearly focuses on knowledge and identity," *id.* (citing Fed. R. Evid. 404(b)), and that "[t]he purpose of entering his prior conviction is not to attack the character or taint the jury's opinion of Mr. Steinberg" but instead is "for [the jury] to understand where [his] 'trauma' is coming from." *Id.* More generally, Defendants insist that the probative value of this evidence outweighs its prejudicial value. *Id.* at 2–3. Defendants are wrong on each front.

First, evidence about the subject matter of Mr. Steinberg's conviction has nothing to do with his knowledge or identity, nor do Defendants ever explain how it possibly could. The "knowledge" exception to Rule 404(b) typically arises when knowledge is an element of the offense or tort and is therefore relevant. *See, e.g.*, *United States v. Garcia*, 291 F.3d 127, 137–38 (2d Cir. 2002) (collecting cases). Defendants fail to establish the relevance of Mr. Steinberg's knowledge as to a particular fact or circumstance. Mr. Steinberg is not the defendant in this case, and Defendants have not demonstrated how his "knowledge" is relevant. Along similar lines, the "identity" exception is relevant when evidence of other acts would "show the identity of [the defendant] as one of the" people accused of a crime or tort. *United States v. DiGeronimo*, 598

2

F.2d 746, 753 (2d Cir. 1979). There is no question in this case about Mr. Steinberg's identity, nor does the subject matter of his prior conviction clarify any issue about his identity anyway.

Next, the subject matter of Mr. Steinberg's conviction is irrelevant to "understand[ing] where [his] 'trauma' is coming from." D.E. 305 at 2. All parties agree that the *fact* of his conviction is relevant. But the specific offense of which he was convicted, and the details underlying the offense, have no bearing on whether he was fearful that the police may use his voting record to "track down old warrants." *Id.* Defendants never explain how the jury's understanding could change depending on the nature of Mr. Steinberg's offense. On the contrary, no matter how serious or petty the crime was, the salient point is that the Robocall call triggered an acute reaction in Mr. Steinberg because he had a prior conviction.

Finally, Defendants insist that the probative value of this evidence outweighs its prejudicial value. As an initial matter, that argument sets the bar too low because Defendants ignore Federal Rule of Evidence 609. Mr. Steinberg's conviction is over 10 years old, and for that reason the "probative value" of this evidence must "substantially outweigh[] its prejudicial effect" for it to be admissible. Fed R. Evid. 609(b)(1)(d). But no matter the standard, Defendants cannot meet it. Defendants never dispute that evidence of "old convictions might seriously and unjustly prejudice" Mr. Steinberg's "credibility in the eyes of the jury," as Plaintiffs argued in their motion. D.E. 296 at 2–3 (quoting *Pettijohn v. Wusinich*, 705 F. Supp. 259, 260–61 (E.D. Pa. 1989). And on the other side of the ledger, Defendants fail to explain what the probative value is of eliciting the specific nature of Mr. Steinberg's prior offense. The jury will know that he has a criminal past, which is all they need to know to fairly assess the harm the Robocall caused. Any detail beyond that is unfairly prejudicial and carries no probity. It should therefore be excluded.

For the foregoing reasons and those explained in the motion, the Court should grant Plaintiffs' motion *in limine* and bar Defendants from introducing evidence at trial about the subject matter of Mr. Steinberg's prior conviction.

Dated: New York, New York
       July 14, 2023                              Respectfully submitted,

**LETITIA JAMES**
*Attorney General*
*State of New York*

By: /s/ *Rick Sawyer*                             By:   /s/ *Amy Walsh*

Rick Sawyer, Special Counsel                      Amy Walsh
Colleen Faherty, Assistant Attorney General       Franklin Monsour Jr.
28 Liberty St., 20th Floor                        Rene Kathawala
New York, NY 10005                                ORRICK HERRINGTON & SUTCLIFFE LLP
(212) 416-8252                                    51 West 52nd Street
Richard.Sawyer@ag.ny.gov                          New York, NY 10019-6142
Colleen.Faherty@ag.ny.gov                         (212) 506-5000
                                                  awalsh@orrick.com
                                                  fmonsour@orrick.com
                                                  rkathawala@orrick.com

                                                  By: /s/ *Marc Epstein*

                                                  David Brody (admitted *pro hac vice*)
                                                  Marc Epstein
                                                  LAWYERS' COMMITTEE FOR CIVIL
                                                  RIGHTS UNDER LAW
                                                  1500 K St. NW, Suite 900
                                                  Washington, DC 20005
                                                  (202) 662-8600
                                                  dbrody@lawyerscommittee.org
                                                  mepstein@lawyerscommittee.org

                                                  *Attorneys for Plaintiffs*