IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL COALITION ON BLACK CIVIC PARTICIPATION, MARY WINTER, GENE STEINBERG, NANCY HART, SARAH WOLFF, KAREN SLAVEN, KATE KENNEDY, EDA DANIEL, and ANDREA SFERES,<br><br>             Plaintiff,<br><br>             -and-<br><br>People of the STATE OF NEW YORK, by its attorney general, LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK<br><br>             Plaintiff-Intervenor,<br><br>   v.<br><br>JACOB WOHL, JACK BURKMAN, J.M. BURKMAN & ASSOCIATES, LLC, PROJECT 1599, and JOHN and JANE DOES 1-10,<br><br>             Defendants. | Civil Action No. 20-cv-8668 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF THE COURT-ORDERED ROBOCALL**

Defendants did not file an opposition to Plaintiffs' motion to exclude evidence of the Court-ordered robocall disclaiming the original Robocall. At most, they included a stray remark in their opposition to a different motion, suggesting that the Court-ordered call is relevant to mitigating damages and therefore should not be excluded. *See* D.E. 302 at 10–11. Defendants make no attempt to explain that position, and even if they had, they would be unable to rebut Plaintiffs' arguments that such evidence is irrelevant, more prejudicial than probative, and a waste of trial time. *See* Fed. R. Evid. 402, 403.

From the outset, Defendants ignore—and therefore concede—Plaintiffs' argument that mitigation evidence is wholly irrelevant to punitive damages and statutory penalties. *See* D.E. 290 at 2–3. The Court-ordered call is not relevant to the jury's assessment of Defendants' motive or intent in sending the Robocall or of how to deter similar misconduct. Defendants issued the second robocall under Court order, and there is no evidence that Defendants would have done so absent the Court's intervention. Nor have Defendants presented any evidence that the call mitigated the individual Plaintiffs' damages.

Further, the unfair prejudice of the Court-ordered robocall substantially outweighs its probative value. New York Civil Rights Law § 40-c prohibits subjecting any person to racial discrimination in their civil rights. The original robocall constituted a violation under New York State law and caused harm to Plaintiffs. That bell cannot be unrung. The only issue for the jury is the magnitude of the harm. The second, computer-generated robocall explaining that the original robocall contained false election information could not address let alone mitigate the harm caused by the racial stereotypes contained in the original robocall. Introducing evidence of this Court-ordered robocall at this stage risks confusing the jury by falsely suggesting that the Court has absolved Defendants of wrongdoing and unfairly prejudicing Plaintiffs in their damages case by suggesting that Defendants have nothing to account for.

For the reasons stated above and in Plaintiffs' motion, *see generally* D.E. 290, the Court should exclude all evidence of the Court-ordered robocall.

Dated: New York, New York
July 14, 2023

**LETITIA JAMES**
*Attorney General*
*State of New York*

By: */s/ Rick Sawyer*
Rick Sawyer, Special Counsel
Colleen Faherty, Assistant Attorney General
28 Liberty St., 20th Floor
New York, NY 10005
(212) 416-8252
Richard.Sawyer@ag.ny.gov
Colleen.Faherty@ag.ny.gov

Respectfully submitted,

By: */s/ Amy Walsh*
Amy Walsh
Franklin Monsour Jr.
Rene Kathawala
ORRICK HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
(212) 506-5000
awalsh@orrick.com
fmonsour@orrick.com
rkathawala@orrick.com

By: */s/ Marc Epstein*
David Brody (admitted *pro hac vice*)
Marc Epstein
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K St. NW, Suite 900
Washington, DC 20005
(202) 662-8600
dbrody@lawyerscommittee.org
mepstein@lawyerscommittee.org

*Attorneys for Plaintiffs*