

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/5/23

Defendants are directed to respond to Plaintiffs' letter within three (3) days of the date of this Order.

SO ORDERED.
Dated: 5 October 2023

Victor Marrero
U.S.D.J.

October 4, 2023

**By ECF**

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142
+1 212-506-5000

orrick.com

Amy Walsh

E  awalsh@orrick.com
D  +1 212-506-3609
F  +1 212-506-5151

Re: *National Coalition on Black Civic Participation et al. v. Wohl et al.,* No. 20-cv-8668

Dear Judge Marrero:

Plaintiffs write to ask the Court to order Defendants to disclose by November 4, 2023, whether they intend to testify at trial. During discovery, Plaintiffs were unable to obtain Defendants' testimony during their depositions because Defendants invoked their Fifth Amendment rights in response to nearly every question. However, since that time, Defendants have suggested that they might testify at trial. To prevent unfair surprise at trial, the Court should set a deadline by which Defendants either withdraw their Fifth Amendment assertions or else be barred from testifying. If Defendants choose to withdraw their Fifth Amendment assertions, Plaintiffs should have the opportunity to re-depose them prior to trial on the issue of damages in order to obtain the discovery to which Plaintiffs otherwise would have been entitled in preparation for trial.

*Background.* In their depositions, Defendants Wohl and Burkman declined to answer nearly every substantive question, citing their Fifth Amendment right against self-incrimination. Yet in meeting and conferring about preparing the proposed joint pretrial order (Dkt. No. 281), Defendants' counsel represented on June 14, 2023 that he did not know whether his clients would testify. In addition, in opposing Plaintiffs' motions *in limine*, Defendants contended that the record on summary judgment "included Defendants who were taking the fifth, who had ongoing criminal litigation to contend with. *This is no longer the case.*" Dkt. No. 303 at 5 (emphasis added).

On August 8, 2023, Plaintiffs' counsel asked Defendants' counsel to confirm by August 15, 2023, whether Defendants intended to withdraw their assertions of their Fifth Amendment privilege. Defendants' counsel did not respond. On October 3, 2023, Plaintiffs'



counsel again asked Defendants' counsel the same question. Defendants' counsel again did not respond. *See* Ex. 1.

**Requested Disclosure.** Given the need to prepare for trial with the full view of the prospective evidence that the discovery rules allow, Plaintiffs ask the Court to require Defendants to disclose by November 4, 2023, whether they intend to withdraw their Fifth Amendment assertions and testify at trial.

If Defendants do not disclose whether they intend to withdraw their assertion by that time, the Court should bar them from testifying. *See United States v. Certain Real Prop. & Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y.*, 55 F.3d 78, 84 (2d Cir. 1995) (affirming district court's denial of defendant's withdrawal of Fifth Amendment invocation and barring litigants from testifying). Defendants' "attempt[s] to testify come[] after more than two years of repeatedly invoking [their] Fifth Amendment rights in response to lengthy deposition questions posed to [them] by the [Plaintiffs]." *United States v. Priv. Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 914 F. Supp. 895, 900 (E.D.N.Y. 1996). Their "repeated assertion[s] … [have] undoubtedly given [them] a 'strategic advantage'" over Plaintiffs, *id.*, including by preventing Plaintiffs from obtaining discovery and evidence relevant to this action, *see S.E.C. v. Cassano*, No. 99 CIV. 3822 (LAK), 2000 WL 777930, at *1 (S.D.N.Y. June 19, 2000) (denying request to withdraw invocation of Fifth Amendment where Defendants "prevented the Commission from obtaining discovery"). Without adequate time to prepare, Defendants' testimony would cause Plaintiffs substantial prejudice and give Defendants an unfair advantage. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., Inc.*, No. 04-CV-5045 (ILG) (KAM), 2005 WL 2736558, at *6 (E.D.N.Y. Oct. 24, 2005) (collecting cases in which courts denied requests to withdraw invocation of Fifth Amendment).

By contrast, if Defendants do intend to withdraw their Fifth Amendment assertions and testify substantively, then Plaintiffs ask the Court to re-open discovery for the limited purpose of re-deposing Defendants on the issue of damages, as well as any necessary follow-up from those depositions. The Fifth Amendment cannot be used as both a shield and a sword. The Federal Rules' liberal discovery regime would be frustrated if parties could strategically invoke constitutional privileges to deprive opponents of information, and then turn around and testify on the same subjects at a civil trial. *See generally* Fed. R. Civ. P. 26; 30; 33. Plaintiffs thus ask the Court for leave to re-depose Defendants if either one intends to testify at trial about subjects on which they asserted the privilege during discovery. *See* Fed. R. Civ. P. 30(a)(2)(A).



    Indeed, even when the Second Circuit has ruled that parties should have been allowed to testify, its reasoning rested largely on the adequate notice the adverse party had to depose the witnesses who had previously invoked their Fifth Amendment rights. *See In re 650 Fifth Ave. & Related Properties*, 934 F.3d 147, 170–71 (2d Cir. 2019) (requiring district court to "explore all possible measures" to accommodate both parties and noting that adverse party had six months after notice of intent to withdraw the Fifth Amendment assertion to depose the witnesses).

    At bottom, that is what Plaintiffs seek here. Defendants have a right to the protections of the Fifth Amendment. And they have a right to testify at trial. But what they may not do is engage in "a manipulative, 'cat-and-mouse approach' to the litigation" that would give them an unfair strategic advantage over Plaintiffs." *Certain Real Prop.*, 55 F.3d at 84–85. If Defendants intend to testify, they should say so, and then sit for depositions to give Plaintiffs the discovery to which they are entitled. In order to avoid delay or unfair prejudice to Plaintiffs, Plaintiffs respectfully request the Court to order Defendants make their choice by November 4, 2023.

Respectfully submitted,

*/s/ Amy Walsh*

Amy Walsh

CC: All Counsel of Record (via ECF)

# EXHIBIT 1

| | |
|---|---|
| **From:** | Walsh, Amy |
| **Sent:** | Tuesday, October 3, 2023 8:16 AM |
| **To:** | Marc Epstein; David Schwartz; Jacquie Téllez |
| **Cc:** | Monsour, Franklin; Brecher, Aaron; Sawyer, Richard; Faherty, Colleen; Dagne, Yasmin; D Brody; Adarsh Patel; Church, Melinda |
| **Subject:** | RE: NCBCP v. Wohl, 20 Civ. 8668 |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

David,
Following up on Marc's email below, please let us know if either of your clients in the above-referenced case intends to withdraw his previous invocation of his Fifth Amendment rights and testify at trial.

Best regards,
Amy

**Amy Walsh**
Partner
White Collar Litigation, Investigations & Compliance

Orrick
New York
T +1 212 506 3609
M +1 347 614 6611
Bio: https://www.orrick.com/People/4/0/A/Amy-Walsh
awalsh@orrick.com



---

**From:** Marc Epstein <mepstein@lawyerscommittee.org>
**Sent:** Tuesday, August 8, 2023 3:50 PM
**To:** David Schwartz <david@davidschwartzesq.com>; Jacquie Téllez <jtellez@davidschwartzesq.com>
**Cc:** Walsh, Amy <awalsh@orrick.com>; Monsour, Franklin <fmonsour@orrick.com>; Brecher, Aaron <abrecher@orrick.com>; Aiken, Ben <baiken@orrick.com>; Sawyer, Richard <richard.sawyer@ag.ny.gov>; Faherty, Colleen <colleen.faherty@ag.ny.gov>; Dagne, Yasmin <Yasmin.Dagne@ag.ny.gov>; D Brody <dbrody@lawyerscommittee.org>; Adarsh Patel <apatel@lawyerscommittee.org>
**Subject:** NCBCP v. Wohl, 20 Civ. 8668

David,

I hope your summer is going well. In your opposition to Plaintiffs' motion in limine to preclude evidence controverting issues decided on summary judgment, you indicated that your clients may withdraw their assertion of their Fifth Amendment privilege. Dkt. 303 at 5. We will not oppose withdrawal of the invocation so long as you inform us on or before August 15 so that we can take timely action to preserve our rights. Any attempt after August 15, however, would be unfairly prejudicial and we will seek to oppose. If you do not let us know by August 15, we will take appropriate steps with the Court.

1

Regards,

Marc

Marc Epstein (he/him/his)
Counsel, Digital Justice Initiative
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, 9th Floor
Washington, DC 20005
www.lawyerscommittee.org

2