IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL COALITION ON BLACK CIVIC PARTICIPATION et al., <br><br> Plaintiffs, <br><br> -and- <br><br> People of the STATE OF NEW YORK, by its attorney general, LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> JACOB WOHL et al., <br><br> Defendants. | Civil Action No. 20-cv-8668 |

**MEMORANDUM OF LAW IN SUPPORT OF PRIVATE PLAINTIFFS' MOTION TO PERMIT REMOTE TESTIMONY BY PLAINTIFF MARY WINTER**

**I.    Introduction**

In accordance with the minute entry following the February 27, 2024 conference with the Court, Private Plaintiffs move the Court for permission for Plaintiff Mary Winter to testify remotely by video conference at trial. Ms. Winter now lives in Germany with her husband, who is deployed with the United States military. She is the primary caretaker for one child and pregnant with a second. The hardship of international travel given her pregnancy and childcare needs constitute "good cause in compelling circumstances" to allow remote testimony under Federal Rule of Civil Procedure 43(a).

**II.    Factual Background**

Mary Winter and the other plaintiffs initiated this lawsuit in October 2020. *See* Dkt. No. 11. Ms. Winter moved with her husband to Germany in January 2024, where he is stationed as a member of the U.S. Army. Declaration of Mary Winter ¶ 2. Ms. Winter is the primary caregiver for her one-year-old child. *Id.* ¶ 3. She is also due to give birth to another child in September. *Id.* The monetary costs, and logistical hurdles associated with potential travel to New York in April are significant. And as the primary caretaker to her child, she would also need to arrange for appropriate childcare for several days either in Germany or in New York. *See id.* ¶ 4.

**III.    Argument**

Ms. Winter's circumstances constitute good cause to allow her to testify remotely in the upcoming damages trial.

Rule 43(a) gives courts discretion to allow "testimony in open court by contemporaneous transmission from a different location" on a showing of "good cause in compelling circumstances and with appropriate safeguards." Fed. R. Civ. P. 43(a). Courts have found good cause to allow remote testimony when a witness's need to travel internationally would have made live testimony burdensome. *See, e.g.*, *Virtual Architecture, Ltd. v. Rick*, No. 08-cv-5866, 2012 WL 388507, at *2 (S.D.N.Y. Feb. 7, 2012) (collecting cases allowing remote testimony when "the witness would have to face international travel, with its attendant costs of time and money"). Here, absent the requested accommodation, Ms. Winter would have to travel internationally while pregnant, as well as make suitable childcare arrangements for her one-year-old child. Traveling to testify in person would be a significant burden on Ms. Winter and her family.

Nor is there any prejudice to Defendants. Ms. Winter has already been deposed. *Cf. City of Almaty, Kazakhstan v. Ablyazov*, No. 15-cv-5345, 2022 WL 17156623, at *1 (S.D.N.Y. Nov. 21, 2022) (conditioning remote testimony on the witness's being deposed in Russia). And

here, the trial is limited to determining damages. *See Argonaut Ins. Co. v. Manetta Enters., Inc.*, No. 19-cv-0482, 2020 WL 3104033, at * (E.D.N.Y. June 11, 2020) (allowing entirely remote trial limited to the issue of damages).

There are also "appropriate safeguards" in place. Fed. R. Civ. P. 43(a). Courtrooms in this District are equipped with the technology needed for remote testimony by videoconference.[1] Video testimony allows the factfinder to observe the remote witness's demeanor and judge her credibility, so the risk of prejudice is minimal.

**IV.   Conclusion**

For these reasons, Private Plaintiffs ask the Court to allow Ms. Winter to testify remotely at trial by videoconference.

---

[1] *See* https://www.nysd.uscourts.gov/court-tech.

Dated: New York, New York
      March 1, 2024

Respectfully submitted,

By: /s/ *Amy Walsh*

Amy Walsh
Franklin Monsour Jr.
Aaron P. Brecher
ORRICK HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
(212) 506-5000
awalsh@orrick.com
fmonsour@orrick.com
abrecher@orrick.com

By: /s/ *Marc Epstein*

Marc Epstein
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K St. NW, Suite 900
Washington, DC 20005
(202) 662-8600
mepstein@lawyerscommittee.org

*Attorneys for Private Plaintiffs*