IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL COALITION ON BLACK CIVIC PARTICIPATION et al.,<br><br>Plaintiffs,<br><br>-and-<br><br>People of the STATE OF NEW YORK, by its attorney general, LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>JACOB WOHL et al.,<br><br>Defendants. | Civil Action No. 20-cv-8668 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO DISCLOSE WHETHER THEY INTEND TO TESTIFY AT TRIAL**

**I.    Introduction**

In accordance with the minute entry following the February 27, 2024 conference with the Court, Plaintiffs move the Court to order Defendants to disclose immediately whether they intend to testify at trial. During discovery, Plaintiffs could not obtain Defendants' testimony during their depositions because Defendants invoked their Fifth Amendment rights in response to nearly every question. However, since that time, Defendants have suggested that they might testify at trial. To prevent unfair surprise, the Court should order Defendants either to notify Plaintiffs that they intend to withdraw their Fifth Amendment assertions or else be barred from testifying. If Defendants choose to withdraw their Fifth Amendment assertions, Plaintiffs should

have the opportunity to re-depose them before trial on the issue of damages in order to obtain the discovery to which Plaintiffs otherwise would have been entitled in preparation for trial.

**II.    Background**

In their depositions, Defendants Wohl and Burkman declined to answer nearly every substantive question, citing their Fifth Amendment right against self-incrimination. Yet in meeting and conferring about preparing the proposed joint pretrial order (Dkt. No. 281), Defendants' counsel represented on June 14, 2023 that he did not know whether his clients would testify. In addition, in opposing Plaintiffs' motions *in limine*, Defendants contended that the record on summary judgment "included Defendants who were taking the fifth, who had ongoing criminal litigation to contend with. *This is no longer the case*." Dkt. No. 303 at 5 (emphasis added).

On August 8, 2023, Plaintiffs' counsel asked Defendants' counsel to confirm by August 15, 2023, whether Defendants intended to withdraw their assertions of their Fifth Amendment privilege. Defendants' counsel did not respond. On October 3, 2023, Plaintiffs' counsel again asked Defendants' counsel the same question. Defendants' counsel again did not respond. *See* Declaration of Amy Walsh, Ex. 1.

After Judge Marrero compelled a response, Defendants claimed that they "continue to invoke" their Fifth Amendment privilege but insisted that they should be permitted to withdraw their invocation at any time. Dkt. No. 321.

**III.   Argument**

Given the need to prepare for the April 15, 2024 trial with full knowledge of the prospective evidence, Plaintiffs ask the Court to require Defendants to disclose immediately whether they intend to withdraw their Fifth Amendment assertions and testify at trial.

If Defendants do not disclose whether they intend to withdraw their Fifth Amendant invocation, the Court should bar them from testifying. *See United States v. Certain Real Prop.*

2

*& Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y.*, 55 F.3d 78, 85 (2d Cir. 1995) (affirming district court's denial of defendant's withdrawal of Fifth Amendment invocation and barring litigants from testifying). Defendants' attempts to testify would "come[] after more than two years of repeatedly invoking [their] Fifth Amendment rights in response to lengthy deposition questions posed to [them] by the [Plaintiffs]." *United States v. Priv. Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 914 F. Supp. 895, 900 (E.D.N.Y. 1996). Their "repeated assertion[s] . . . [have] undoubtedly given [them] a 'strategic advantage'" over Plaintiffs, *id.*, including by preventing Plaintiffs from obtaining discovery and evidence relevant to this action, *see SEC v. Cassano*, No. 99 CIV. 3822 (LAK), 2000 WL 777930, at *1 (S.D.N.Y. June 19, 2000) (denying request to withdraw invocation of Fifth Amendment where Defendants "prevented the Commission from obtaining discovery"). Without adequate time to prepare, Defendants' testimony would cause Plaintiffs substantial prejudice and give Defendants an unfair advantage. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., Inc.*, No. 04-CV-5045 (ILG) (KAM), 2005 WL 2736558, at *6 (E.D.N.Y. Oct. 24, 2005) (collecting cases in which courts denied requests to withdraw invocation of Fifth Amendment).

By contrast, if Defendants do intend to withdraw their Fifth Amendment assertions and testify substantively, then Plaintiffs ask the Court to re-open discovery for the limited purpose of re-deposing Defendants on the issue of damages, as well as any necessary follow-up discovery from those depositions. The Fifth Amendment cannot be used as both a shield and a sword. The Federal Rules' liberal discovery regime in civil cases would be frustrated if parties could strategically invoke constitutional privileges to deprive opponents of information, and then turn around and testify on the same subjects at a civil trial. *See generally* Fed. R. Civ. P. 26; 30; 33. Plaintiffs thus ask the Court for leave to re-depose Defendants if either one intends to testify at

3

trial about subjects on which they asserted the privilege during discovery. *See* Fed. R. Civ. P. 30(a)(2)(A).

Indeed, even when the Second Circuit has ruled that parties should have been allowed to testify, its reasoning rested largely on the adequate notice the adverse party had to depose the witnesses who had previously invoked their Fifth Amendment rights. *See In re 650 Fifth Ave. & Related Properties*, 934 F.3d 147, 170–71 (2d Cir. 2019) (requiring district court to "explore all possible measures" to accommodate both parties and noting that adverse party had six months after notice of intent to withdraw the Fifth Amendment assertion to depose the witnesses).

At bottom, that is what Plaintiffs seek here. There is no question Defendants have a right to the protections of the Fifth Amendment. And they have a right to testify at trial. But what they may not do is engage in "a manipulative, 'cat-and-mouse approach' to the litigation" that would give them an unfair strategic advantage over Plaintiffs." *Certain Real Prop.*, 55 F.3d at 84–85. To date, Defendants have insisted on their right to take Plaintiffs by surprise by withdrawing their invocation at any time. If Defendants intend to testify, they should say so, and then sit for depositions to give Plaintiffs the discovery to which they are entitled. Trial is six weeks away, and the need to prepare for potential cross-examination of the Defendants is critical.

## IV.   Conclusion

For these reasons, Plaintiffs ask the Court to order Defendants to disclose immediately whether they intend to withdraw their Fifth Amendment assertions and testify at trial. If they do so intend, the Court should allow Plaintiffs to re-depose Defendants in advance of the April 15, 2024 trial.

Dated: New York, New York
       March 1, 2024                 Respectfully submitted,

| | |
|---|---|
| **LETITIA JAMES**<br>*Attorney General*<br>*State of New York*<br><br>By: */s/ Rick Sawyer*<br>Rick Sawyer, Special Counsel<br>Colleen Faherty, Assistant Attorney General<br>28 Liberty St., 20th Floor<br>New York, NY 10005<br>(212) 416-8252<br>Richard.Sawyer@ag.ny.gov<br>Colleen.Faherty@ag.ny.gov<br><br>*Attorneys for Plaintiff-Intervenor* | By: */s/ Amy Walsh*<br><br>Amy Walsh<br>Franklin Monsour Jr.<br>Aaron P. Brecher<br>ORRICK HERRINGTON & SUTCLIFFE LLP<br>51 West 52nd Street<br>New York, NY 10019-6142<br>(212) 506-5000<br>awalsh@orrick.com<br>fmonsour@orrick.com<br>abrecher@orrick.com<br><br>By: */s/ Marc Epstein*<br><br>Marc Epstein<br>LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW<br>1500 K St. NW, Suite 900<br>Washington, DC 20005<br>(202) 662-8600<br>mepstein@lawyerscommittee.org<br><br>*Attorneys for Private Plaintiffs* |