IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL COALITION ON BLACK CIVIC PARTICIPATION, MARY WINTER, GENE STEINBERG, NANCY HART, SARAH WOLFF, KAREN SLAVEN, KATE KENNEDY, EDA DANIEL, and ANDREA SFERES,<br><br>Plaintiffs,<br><br>-and-<br><br>People of the STATE OF NEW YORK, by its attorney general, LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>JACOB WOHL, JACK BURKMAN, J.M. BURKMAN & ASSOCIATES, LLC, PROJECT 1599, and JOHN and JANE DOES 1-10,<br><br>Defendants. | Civil Action No. 20-cv-8668 |

**NOTICE OF DEFENDANTS' RESPONSE TO PLAINTIFFS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PLAINTIFFS' SETTLEMENT WITH THE MESSAGE DEFENDANTS AND MEMORANDUM AND SUPPORT OF CROSS MOTION TO ENSURE MAHANIAN'S ATTENDENCE**

Defendants urge that this court deny the Plaintiffs' motion to preclude Defendants from introducing evidence concerning the liability of settling co-Defendants Message Communications and Robert Mahanian, and from barring Defendants from making any mention of the settlement agreement between the settling Defendants and Plaintiffs. Defendants also cross move for an order requiring Robert Mahanian's physical or remote attendance at trial.

I. **Introduction**

Despite the Plaintiffs' already settling with Message Communications and Robert Mahanian (collectively "Message"), evidence of their liability and their role remains acutely relevant. Respectfully, Message was brought into this case by the powerful and influential Attorney General ("the People" or simply the "AG") and presumptively let out of this case for a nominal settlement or simply for cooperation, and a Jury could properly deduce that Message was thereby induced to lean inward and cooperate with the People. Message could have faced the chilling verdicts and penalties imposed upon their co-Defendants and former clients by DA's and the FCC, but for, as such, in deciding what weight to attach to the testimony of Message, who is on the witness list, the Jury should properly be allowed to factor this in. The Jury also can properly weigh how to apportion damages for all the Defendants, given their respective roles to establish how to parcel out damages and assure proportionality and again ascertain credibility.

As to why Mahanian should be ordered to attend the trial and not some subordinate substitute without actual knowledge, Mahanian's deposition testimony cannot be cross examined and, in an age, where remote attendance is now normative to allow otherwise what would be an injustice. In addition, notwithstanding the specter of bias, Mahanian has first person knowledge and a superior understanding of the technology and how to read Message's call data sheets and what they mean. His testimony is uniquely relevant to the damages phase.

II. **Legal Standard**

According to Rule 401 of the Fed. R. Evid., "[e]vidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. In this case, this evidence satisfies both elements and therefore is deemed relevant. In some cases, the court may exclude relevant evidence

when "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Because the evidence does not meet these criteria, it may not be excluded.

### III. Argument

Because looking at the evidence of Message's involvement satisfies both (a) and (b) of Rule 401 in that it helps establish what the Defendants are specifically liable for in order to appropriately determine the appropriate damages which is the essence of this case such is both admissible and necessary. It is clear that this relevant information is necessary in deciding the damages which can be fairly bestowed onto the Defendants. Because bringing up this evidence is probative, does not cause any danger by bringing about unfair prejudice, confusing the issues at hand, misleading the jury cause undue delays or waste time, it is admissible and should be brought up.

### IV. Conclusion

For the foregoing reasons, the Court should not grant Plaintiffs' Motion *In Limine* and should not preclude Defendants from introducing evidence concerning the liability of settling co-Defendants Message Communications and Robert Mahanian and should not bar Defendants from making any mention of the settlement agreement between the settling Defendants and Plaintiffs. In addition, this court should order that Robert Mahanian himself attend the trial and give witness testimony when called upon to do so.

Dated: New York, New York
       March 28, 2024

Respectfully submitted,

By:   /s/ *David M. Schwartz*

David M. Schwartz, Esq.
546 Fifth Avenue, 6th Fl.
New York, NY 10036
(212) 641-0049
david@davidschwartzesq.com