# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

NATIONAL COALITION ON BLACK
CIVIC PARTICIPATION, et al.,

        *Plaintiffs,*

    -and-

PEOPLE OF THE STATE OF NEW YORK,
by LETITIA JAMES, ATTORNEY
GENERAL OF THE STATE OF NEW
YORK,

        *Plaintiff-Intervenor,*

    v.

JACOB WOHL, et al.,

        *Defendants.*

Civil Action No: 1:20-cv-08668-JSR

## [Proposed] Consent Decree

WHEREAS, Plaintiffs National Coalition on Black Civic Participation, Mary Winter,

Gene Steinberg, Nancy Hart, Sarah Wolff, Karen Slaven, Kate Kennedy, Eda Daniel, and

Andrea Sferes (collectively, "Private Plaintiffs") and the New York State Office of the Attorney

General ("OAG") brought this action seeking to enforce voting protections provided by 42

U.S.C. § 1985(3) (the Ku Klux Klan Act), 52 U.S.C. § 10307(b) (Section 11(b) of the Voting

Rights of 1965), 52 U.S.C. § 10101(b) (Section 131(b) of the Civil Rights Act of 1957), New

York Civil Rights Law §§ 9, 40-c and 40-d, and otherwise prevent fraud and illegality under

New York's Executive Law § 63(12);

WHEREAS, the Private Plaintiffs and OAG sued Jacob Wohl, Jack Burkman, Burkman and Associates, and Project 1599 (collectively, "Defendants") for violating the above-enumerated laws;

WHEREAS, on March 8, 2023, this Court awarded all Plaintiffs summary judgment on liability on all claims;

WHEREAS, the parties agree that the record showed that, in August 2020, Defendants created, recorded, and caused to be transmitted a robocall that included "misleading and false messages carefully crafted to dissuade…voters … from voting by mail." D.E. 256. Defendants targeted "black neighborhoods" and caused the call to be autodialed  to 85,307 phone numbers across the country, including 5,494 phone numbers with New York area codes;

WHEREAS, the August 2020 robocall made  false and threatening claims about mail-in voting. "contain[ing] racially coded language." This robocall "was imbued with numerous harmful racial stereotypes about the Black community." *Id.* At 96;

WHEREAS, in written communications, Defendants referred to the call "as the 'black robo'…and used terms like…'HIJACK' the election to refer to their operation." *Id.*;

WHEREAS, this Court ruled that, by sending the August 2020 robocall to voters across the United States and the State of New York, Defendants violated 42 U.S.C. § 1985(3) (the Ku Klux Klan Act), 52 U.S.C. § 10307(b) (Section 11(b) of the Voting Rights of 1965), 52 U.S.C. § 10101(b) (Section 131(b) of the Civil Rights Act of 1957), New York Civil Rights Law §§ 9, 40-c and 40-d, and New York's Executive Law § 63(12);

WHEREAS, the August 2020 robocall harmed Private Plaintiffs, and caused Plaintiff Gene Steinberg to experience severe anxiety and emotional distress, which was so acute that it

caused Mr. Steinberg to withdraw his name from the voter rolls and to forgo exercising his right to vote;

WHEREAS, the August 2020 robocall harmed the National Coalition on Black Civic Participation, including causing it to divert resources to address the assertions in the robocall;

WHEREAS, the People of the State of New York were harmed by Defendants' deliberate and unlawful misconduct in targeting voters perceived to be Black, and transmitting false and threatening messages related to voting within the State of New York;

WHEREAS, Plaintiffs and Defendants (the "Parties") share the mutual desire to settle this action and to avoid protracted, expensive, and unnecessary litigation;

NOW, THEREFORE, subject to the approval of the Court, it is hereby stipulated and agreed by and between the undersigned, attorneys of record for the OAG, the Private Plaintiffs, and the Defendants in the above-entitled action (the "Action"), as follows:

## IMPLEMENTATION

1.      Immediately upon entry of this order, unless otherwise set forth herein, Defendants shall implement and comply with the following terms and conditions.

## TERM AND SCOPE

2.      The duration of the Consent Decree shall be eight (8) years from the Effective Date.  The Effective Date is the date this Consent Decree is signed by this Court.

3.      Jacob Wohl, Jack Burkman, Burkman and Associates, Project 1599, and any other successor company or entity controlled or operated by Defendants are bound by the terms of this Consent Decree. The Consent Decree shall extend to each Defendant and their legal successors and assigns. Defendants shall be liable and accountable under this Consent Decree for any employee, independent contractor, or agent who violates this Consent Decree.

## DEFINITIONS

4.     "Court" means the United States District Court for the Southern District of New York presiding over *National Coalition of Black Civic Participation v. Wohl*, 20-cv-8668 (JSR).

5.     "Plaintiffs" means Plaintiff-Intervenor, People the State of New York, by its Attorney General, Letitia James, and Private Plaintiffs, National Coalition on Black Civic Participation, Mary Winter, Gene Steinberg, Nancy Hart, Sarah Wolff, Karen Slaven, Kate Kennedy, Eda Daniel, and Andrea Sferes.

6.     "Private Plaintiffs" means National Coalition on Black Civic Participation, Mary Winter, Gene Steinberg, Nancy Hart, Sarah Wolff, Karen Slaven, Kate Kennedy, Eda Daniel, and Andrea Sferes.

7.     "OAG" means the New York State Office of the Attorney General.

8.     "Mass communication" means any communication sent to more than one person's phone number, email address, postal address, direct message inbox, instant message account, or other personalized address, whether simultaneously or separately, by any means, including without limitation telephone calls, emails, instant messages, and bulk postal mail.

9.     "Unsolicited mass communication" means any mass communication sent to any recipient without that recipient's prior, written authorization to Defendants that the recipient would like to receive such a communication.

## COMPLIANCE WITH LAWS AND REGULATIONS

10.     Defendants shall not engage, or attempt to engage, in conduct that violates any applicable laws, including but not limited to the Ku Klux Klan Act of 1871, the Civil Rights Act

of 1957, the Voting Rights Act of 1965, New York Civil Rights Law § 9, New York Civil Rights Law § 40-c, and New York Executive Law § 63(12).

## DAMAGES

11.     Defendants shall pay $1,000,000.00 to the Plaintiffs in resolution of Plaintiffs' monetary claims against them. The funds shall be paid directly to Plaintiffs, with 50% of the funds going to Private Plaintiffs and 50% of the funds going to OAG. The funds owing to OAG will be used for distribution as restitution to New York-based recipients of the August 2020 Robocall for violations of laws specified in this Consent Decree.

12.     In reliance upon representations made by Defendants in financial statements and related disclosures provided to the Plaintiffs, the Plaintiffs agree to suspend payment of the full balance of $1,000,000.00 provided Defendants make the following payments:

> a.   A payment of $20,000 within 20 days of the Effective Date of this Consent Decree;
>
> b.   A payment of $30,000 by September 1, 2024;
>
> c.   A payment of $55,000 by December 31, 2024; and
>
> d.   Payments of $6,000 per month for 48 months beginning March 1, 2025.

13.     If each payment is made within the time periods described above, Plaintiffs will not seek payment of the suspended balance.

14.     If Defendants fail to timely and properly make payments as required by ¶ 12, the Plaintiffs shall provide Defendants written notice of such failure. If Defendants do not cure such failure within 30 days of receipt of such  written notice, the Plaintiffs may immediately collect the full balance owed at the time of default, including any suspended amounts, less any payments made prior to default, plus the collection fees and statutory costs described above. Defendants

must notify the OAG and counsel for Plaintiffs in writing within 10 days of any change of address or change of counsel to ensure that Plaintiffs have current information about where to direct notices under this Consent Order.

15.     If Defendants fail to pay a total of $105,000 by December 31, 2024, Plaintiffs shall provide Defendants written notice of such failure. If Defendants fail to cure such failure within 30 days of written notice, their total monetary liability shall increase to $1,250,000.00, and Plaintiffs may immediately seek the full balance owed consistent with ¶ 14.

16.     Defendants' misrepresentation of their financial circumstances shall constitute a default under this Consent Decree and subject to a judicial determination that such a misrepresentation has occurred Plaintiffs may thereafter file and enter judgment pursuant to the process described below. In the event that any Defendant has misrepresented their financial circumstances by making a material misrepresentation in their Financial Statement, or in any other related financial disclosure provided by Defendants, which served as a basis for Defendants' representation of an inability to pay, the Plaintiffs may, on thirty (30) days written notice to Defendants, collect the full balance owed at the time of this default, including the suspended balance, less any payments made prior to default, plus the collection fees and statutory costs..

17.     Each payment made in accordance with ¶ 12 shall be paid directly to the Plaintiffs, with fifty percent (50%) of each payment going to the Private Plaintiffs, and fifty percent (50%) of each payment going to the OAG.

18.     Payments to the Private Plaintiffs must be in the form of a wire transfer, certified check, bank check, money order, or attorney's check to be forwarded to an escrow agent that

Private Plaintiffs will designate in writing to Defendants within 14 days of the Effective Date of this Consent Decree.

19.     Payments to the OAG must be in the form of a wire transfer, certified check, bank check, money order, or attorney's check made payable to "The New York State Department of Law," and forwarded to the New York State Attorney General's Office to the attention of:

Rick Sawyer
Section Chief
Civil Rights Bureau
28 Liberty Street
New York, NY 10005

20.     The OAG has the sole discretion to determine which New York-based call recipients shall be eligible for restitution and damages and to determine the amount of such restitution and damages.

21.     **Unclaimed Funds**

22.     If settlement funds remain unclaimed by New York-based call recipients after one (1) year following the date funds were received by OAG, the OAG shall remit the remaining funds to the National Coalition on Black Civic Participation within a reasonable time upon request, as partial restitution for damages incurred by the National Coalition on Black Civic Participation. The National Coalition on Black Civic Participation can make such requests at any time after one year after the first payment is received by OAG.

**INJUNCTIVE TERMS**

**Prohibited Communications**

23.     Defendants shall refrain from knowingly creating, sponsoring, or transmitting any robocall or other Mass Communication that would intimidate or deter voters from voting by any method in any election. Defendants shall refrain from knowingly creating, sponsoring, or

transmitting any robocalls or other Mass Communication containing any false or fraudulent information concerning voting, the right to vote, or the conduct of elections.

## Prior Notice to Plaintiffs

24.     Thirty (30) days before transmitting any election-related, unsolicited Mass Communication, Defendants must present counsel for Private Plaintiffs and the OAG with a copy of the proposed communication and, if the communication is audio or video, a transcription. If the counsel for Private Plaintiffs and the OAG object to the communication as threatening or intimidating in violation of the law, Defendants shall refrain from sending it. By not objecting to such proposed Mass Communications, neither Plaintiffs nor Plaintiffs' counsel endorse or approve such message, and Defendants agree not to represent that Plaintiffs or their counsel have endorsed or approved of any message submitted under this Consent Decree.

## Lobbying Activity and Political Campaigning

25.     Defendants must alert the OAG before conducting any lobbying activity or political campaigning in the State of New York.

## Documentation

26.     Defendants shall document compliance with this Consent Decree and maintain such documentation throughout the duration of this Consent Decree. If a reasonable dispute concerning compliance with this Consent Decree shall arise, Defendants shall not unreasonably withhold such documents from Plaintiffs.

## Appellate Waiver

27.     Defendants hereby waive their right to appeal this Consent Decree, the Judgment of the Court, or any interlocutory decision by the Court, including but not limited to the Court's October 28, 2020, Order granting Plaintiffs' motion for a temporary restraining order; January

12, 2021 Order denying Defendants' motion to dismiss; and March 8, 2023 Order granting summary judgment to Plaintiffs as to liability on all claims.

## JURISDICTION AND ENFORCEMENT

28.     The Parties consent to the jurisdiction of this Court over the Parties and subject matter of this civil action and stipulate that venue lies in the United States District Court for the Southern District of New York. The Court will retain jurisdiction to enforce any action seeking to enforce the terms of this Consent Decree, whether an action for specific performance, contempt, or any other relief.

29.     The Parties agree that any dispute concerning compliance with this Consent Decree shall first require the disputing party to meet and confer in good faith to resolve the dispute. Should the Parties remain unable to resolve the dispute on their own, the disputing party may request a compliance hearing with the Court to resolve the dispute within thirty (30) days of the meet-and-confer.

## AMENDMENTS AND GENERAL PROVISIONS

30.     The failure to enforce any alleged violation of any term of this Consent Decree by the Plaintiffs shall not constitute or be deemed or construed to constitute any waiver of such violation or any other violation. No amendment to, change of, or suspension or waiver of this Consent Decree shall be binding or of any force or effect unless and until signed by all parties or their authorized counsel and "So Ordered" by the Court.

31.     This Consent Decree sets forth all of the promises, covenants, agreements, conditions and understandings between the parties, and supersedes all prior and contemporaneous agreements, understandings, inducements or conditions, express or implied, between the parties. There are no representations, arrangements, or understandings, oral or

written, between the Parties relating to the subject matter of this Consent Decree that are not fully expressed herein.

32.     Nothing in this Consent Decree shall be construed as relieving Defendants of their obligations to comply with all New York State and federal laws, regulations, and rules, or as granting permission to engage in any acts or practices prohibited by such law, regulation, or rule.

33.     Nothing in this Consent Decree shall be construed as precluding the OAG from investigating or prosecuting Defendants for any unlawful conduct unrelated to the conduct described in the Complaint in Intervention for this Action.

34.     Nothing in this Consent Decree shall be construed as precluding the Private Plaintiffs from initiating any action in state or federal court against Defendants for any unlawful conduct unrelated to the conduct described in the Amended Complaint for this Action.

**IT IS SO ORDERED** this ___10th___ day of ___April___, 2024.

_____

UNITED STATES DISTRICT JUDGE


By their signatures below, the parties consent to the entry of this Consent Decree.

**For the Office of the Attorney General:**

**LETITIA JAMES**
*Attorney General*
*State of New York*

By: *Richard Sawyer*
Richard Sawyer,
     Section Chief, Civil Rights Bureau
Colleen K. Faherty,
Yasmin Dagne,
     Assistant Attorneys General

28 Liberty St., 20th Floor
New York, NY 10005
(212) 416-6182
Richard.Sawyer@ag.ny.gov
Colleen.Faherty@ag.ny.gov
Yasmin.Dagne@ag.ny.gov

**For the Private Plaintiffs:**

Melanie Campbell (Apr 4, 2024 14:15 EDT)
Melanie Campbell, President/CEO
National Coalition on Black Civic Participation

Eda Daniel (Apr 4, 2024 14:00 EDT)
Eda Daniel

Nancy Hart (Apr 4, 2024 13:36 EDT)
Nancy Hart

Kate Kennedy (Apr 4, 2024 13:46 EDT)
Kate Kennedy

Andrea Sferes

Karen Slaven (Apr 4, 2024 13:48 EDT)
Karen Slaven

*Gene Steinberg*
Gene Steinberg (Apr 4, 2024 13:47 EDT)

Gene Steinberg


Mary Winter (Apr 4, 2024 20:48 GMT+3)

Mary Winter


*Sarah Wolff*
Sarah Wolff (Apr 4, 2024 16:08 EDT)

Sarah Wolff


*Marc Epstein*

Marc Epstein
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW
Suite 900
Washington, D.C. 20005
mepstein@lawyerscommittee.org
(202) 662-8318

*Amy Walsh*
Amy Walsh (Apr 4, 2024 17:13 EDT)

Amy Walsh
Orrick, Herrington & Sutcliffe, LLP
51 West 52nd Street
New York, NY 10019
(212) 506-3609
awalsh@orrick.com

DocuSign Envelope ID: 7982A991-9685-4F06-AC68-CB73C71E323B

**For Defendants:**

_____ 4/7/2024

Jacob Wohl

_____ 4/7/2024

Jack Burkman

_____ 4/7/2024

JM Burkman & Associates, LLC

_____

David Schwartz
Aidala, Bertuna & Kamins, PC
546 Fifth Avenue, 6th Floor
New York, NY 10036
dscwartz@aidalaw.com
212.468.0011